

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION | Master File No. 02-CV-1138 (AWT) |
| | CLASS ACTION |
| This Document Relates to: | OCTOBER 27, 2003 |
| ALL ACTIONS | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Defendants argue that Judge Cohn's decision in *Rankin v. Rots*, No. 02-CV-71045, -- F. Supp. 2d --, 2003 U.S. Dist. LEXIS 14507 (E.D. Mich. August 20, 2003) ("*Kmart*") and the Department of Labor Amicus Brief (the "DOL Monitoring Brief") filed in *In re Williams Companies ERISA Litigation*, 2003 WL 21666555 (N.D. Okla. July 14, 2003), will not assist the Court in deciding Defendants' motion to dismiss because the *Xerox* case involves unique facts and legal arguments. This is false. The *Kmart* and *Williams* cases are based on several claims that are nearly identical to those asserted in this case. In addition, the legal arguments made by the *Kmart* and *Williams* fiduciaries, which were either rejected by the *Kmart* court and/or the DOL, are in many respects identical to arguments made by Defendants in this case. In short, the *Kmart*

decision and DOL Monitoring Brief undermine Defendants' motion to dismiss in this case.[1]

## II. DISCUSSION

**A.   Defendants had a Duty to Offer Prudent Investment Alternatives.**

    **1.   Defendants' "ESOP" Argument Turns ERISA Fiduciary Duty of Prudence on its Head.**

For the first time, Defendants argue that because the Xerox Plans are not ESOPs, none of the Defendants were fiduciaries with respect to the Plans' investments in the Xerox stock fund. The Defendants explain that in an ESOP, where there is no participant direction as to buying and selling company stock, there is a fiduciary with responsibility for the investment in company stock. Thus, under Defendants' "theory," only participants in an ESOP can bring a claim for imprudent investment of plan assets. This argument is wrong.

As stated in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint ("Opposition Memorandum"), plans such as the Xerox Plans that are authorized to invest in employer securities are not exempt from the *prudence* requirements of ERISA: plan fiduciaries have a fiduciary duty to refrain from offering plan participants imprudent investment alternatives.[2] Even in

---

[1] It is important to note that in Plaintiffs' Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss (hereinafter "Notice"), since the Court already had ample briefing on the issues in this case, Plaintiffs merely referred the Court to sections of the *Kmart* opinion and the DOL Monitoring Brief that rejected specific arguments made by Defendants in this case. In Defendants' response, however, Defendants repeat arguments made in their motion to dismiss briefing and make arguments that are neither based on *Kmart* and the DOL Monitoring Brief nor responsive to arguments made in Plaintiffs' Notice. Out of respect for the Court, Plaintiffs will keep this Reply as short as possible.

[2] *See* Opposition Memorandum at 11, 13-15.

2

ESOPs, which must (as Defendants correctly state) be designed to invest primarily in qualifying employer securities, the plan fiduciaries must still act prudently and only in the participants' interest in deciding whether to purchase or retain employer securities.[3]

Thus, contrary to Defendants' claim, *Kuper*[4] and *Kmart* reinforce that Plaintiffs have stated a valid claim for imprudent investment of the Plans' assets:[5] if fiduciaries of an ESOP, who are entitled to a "presumption of prudence" regarding plan investments, are not relieved of their fiduciary obligations to prudently invest plan assets, then fiduciaries of a 401(k) plan with no ESOP component, such as the Xerox Plans, who are entitled to no presumption of prudence, are likewise not relieved of their fiduciary obligations to prudently invest plan assets.

### 2. Defendants' Plan Design Argument Fails *Again*.

Next, Defendants repeat their flawed mantra that they did not have any authority or control with respect to investments in company stock under the Plans and were not fiduciaries for that purpose, and they again attempt to confuse the issue by stating that they are not relying on section 404(c) to support their position. Defendants' argument, however, which speaks volumes about the cause of the Plans' enormous losses, is contrary to the Plan Documents, and the *Kmart* decision itself.

To begin, as explained in Plaintiffs' Opposition Memorandum, ERISA does not permit an employer-sponsored, tax-advantaged retirement plan to function in a

---

[3] *See* Opposition Memorandum at 15.
[4] *Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995).
[5] As explained herein and in Plaintiffs' Opposition Memorandum at 14, *Kuper* and its progeny are relevant to and support Plaintiffs' claim for the Imprudent Investment of the Plans' Assets.

"fiduciary-less" manner.[6] As the court explained in *Kmart*, "[t]o accept defendants' positions that they are not fiduciaries would mean that there was no one responsible for discretionary decision making. Their position is reminiscent of the 'old shell game.'"[7]

Additionally, the Plans' documents specifically provide for Defendants' fiduciary involvement in and management of the Xerox Stock Fund.[8] The Board of Directors had discretionary authority over the Xerox Stock Fund in both the Salaried Plan (the Board had "authority to control and manage the assets of the Plan" and also "the authority to appoint another named fiduciary or fiduciaries or an investment manager or managers…to manage…all or any part of the assets of the Plan") and the Union Plan (the Board had the authority to establish the Xerox Stock Fund and the authority to adopt guidelines under which the Xerox Stock Fund would be invested).[9] The Defendant members of the Finance Committee of the Board of Directors had discretionary authority over the Xerox Stock Fund because they approved "the overall investment strategy for the Master Trust investments, including the broad guidelines under which they are managed;" the Defendant members of the Fiduciary Investment Review Committee had discretionary authority over the Xerox Stock Fund because they oversaw "the management of the funds on a regular bases;" and Xerox had discretionary authority over the Xerox Stock Fund because it had the obligation to "at least annually establish and

---

[6] *See* Opposition Memorandum at 5.
[7] *Kmart* at *70.
[8] *See* Opposition Memorandum at 5-10.
[9] *See* Opposition Memorandum at 7, 9-10 and *Kmart* at *15, *46-47 (finding that Kmart's Board of Directors possessed discretionary authority for, *inter alia*, making decisions relating to the management and investment of Plan assets *or* by delegating these duties).

review the investment guidelines of the Plan."[10] The Plan Administrator Defendants had discretionary authority over the Xerox Stock Fund because the Salary Plan documents expressly authorized them "to have full authority to control and manage the operation and administration of the Plan;" similarly, the JAB Defendants had discretionary authority over the Xerox Stock Fund because the Union Plan documents expressly authorized the JAB to "have the authority to control and manage the assets of the [Union] Plan."[11]

Furthermore, as explained above and in Plaintiffs' Opposition Memorandum, irrespective of who controlled the investments in Xerox stock under the Plans, Defendants had a fiduciary duty to refrain from offering plan participants *imprudent* investment alternatives.[12] Thus, even if Defendants *could* establish factually that participants exercised control over their accounts, which is premature in a motion to dismiss, the fiduciaries are still responsible for the prudence of continuing to offer each investment alternative.[13]

As the court explained in *Kmart*, "the fact that the Plan requires investment in Kmart stock will not *ipso facto* relieve the Outside Directors of their fiduciary obligations to prudently invest or diversity."[14] If company stock is an imprudent investment option,

---

[10] *See* Opposition Memorandum at 7-8 and *Kmart* at *46-47 (finding that Kmart's Board of Directors possessed discretionary authority for, *inter alia*, making decisions relating to the management and investment of Plan assets, selecting investment options, allocating assets and contributions, and generally operating the plan).

[11] *See* Opposition Memorandum at 6-7 and *Kmart* at *33-37 (finding that the Kmart Plan administrators – members of the Employee Benefit Plan Investment Committee – failed to, *inter alia*, take steps to eliminate or reduce the amount of Kmart stock in the plan).

[12] *See* Opposition Memorandum at 11, 13-15.

[13] *See* Opposition Memorandum at 11.

[14] *Kmart* at *68-69.

as Plaintiffs' allege here, ERISA does not allow fiduciaries to "blindly follow the Plan's terms."[15] In this case, Plaintiffs have stated a claim that Xerox stock ceased to be a prudent investment for the Plans, and the Defendants breached their fiduciary duties under ERISA by continuing to make and maintain such investments. Whether or not Plaintiffs ultimately will prevail on this claim is "another matter to be determined later."[16] Just as in *Kmart*, Defendants' "veiled attempt to obtain summary judgment at the pleading stage" should be rejected.[17]

**B.     Defendants had a Duty to Provide Complete and Accurate Information Concerning The Xerox Stock Fund as a Retirement Investment Option.**

Contrary to the Defendants' assertion, Plaintiffs did *not* claim that the Defendants should have provided investment advice; rather, as explained in Plaintiffs' Opposition Memorandum, Plaintiffs alleged that the Defendants had a duty to speak truthfully, to not mislead participants and to disclose truthful information on their own initiative when participants needed such information to exercise their rights under the Plans.[18] Defendants are attempting to distract the Court from the true issue – that the Defendants breached their duty to disclose and inform by failing to disclose significant information bearing on Xerox stock in the Plans.

---

[15] *Id.* at *66.
[16] *Kmart* at *69
[17] *Id.*
[18] *See* Opposition Memorandum at 25-26 ("[P]lan fiduciaries are required to provide plan participants with complete and accurate information concerning their investment alternatives, and to advise participants of information that the fiduciary knows or should know would be material to participants. There is probably no principle that is more firmly settled under ERISA."); Complaint ¶ 169.

Additionally, as Defendants admit, neither *Kmart* nor the DOL Monitoring Brief address Defendants' erroneous "investment advice" argument. Thus, Defendants' response is an attempt to re-brief an issue without submitting relevant supplemental authority. Nevertheless, Plaintiffs' "duty to provide complete and accurate information" claim in this case is no more based on investment advice than the claims asserted in *Kmart*, which the court fully endorsed and validated in its denial of defendants' motions to dismiss.

**C.    Defendants' Duty to Monitor Argument Goes Nowhere -- *Again*.**

Defendants next argument is another repeat from their motion to dismiss – Defendants argue that because no Defendant had authority with respect to the investment of the Xerox Stock Fund, no Defendant can be liable for failing to monitor an appointed fiduciary. They are wrong.

First, Defendants' argument is based on the falsity that the Xerox Plan had no fiduciaries. As Plaintiffs explained above and in their Opposition Memorandum, ERISA requires plans to have fiduciaries who have responsibility for the prudent investment of Plan assets, and imposes on those fiduciaries stringent fiduciary duties of prudence, loyalty, and disclosure, which they cannot insulate themselves from and they have not insulated themselves from.[19] Second, since Defendants do not dispute that under ERISA a fiduciary who delegates some of his authority or appoints other fiduciaries has a duty to "monitor appropriately" those delegates or appointees, Defendants' duty to monitor

---

[19] *See* Opposition Memorandum at 5-10 (explaining that (1) ERISA requires Plan Fiduciaries for every plan and (2) Defendants were both named and functional fiduciaries of the Plans).

7

argument fails.[20]   Thus, as explained in Plaintiffs' Notice, *Kmart* and the DOL Monitoring Brief support Plaintiffs' claim that Defendants failed to monitor the Plans' fiduciaries.[21]

**D.   The Complaint Adequately Notifies the Defendants of the Claims Against Them.**

Defendants once again rely on *In re Providian Financial Corp. ERISA Litigation*, No. C 01-05027 CRB (N.D. Cal. 2002) to repeat their argument that Plaintiffs' complaint "lumps all defendants into an undifferentiated mass." As Plaintiffs' explained in their Opposition Memorandum, the *Providian* court did not dismiss the case; rather, it ordered the plaintiffs to file an amended complaint to clarify the fiduciary allegations and breaches alleged of each defendant. The Complaint here does what the original complaint in Providian did not, it identifies the fiduciary status of each set of Defendants, and delineates the claims against them.[22]

As in *Kmart*, Defendants' motion to dismiss is really an attempt to obtain summary judgment and "require [plaintiffs] to state her claims with a level of

---

[20] *See* Opposition Memorandum at 20-22.

[21] *See Kmart* at *45-46, *49 ("[T]he Outside Directors and Conaway argue that they are not fiduciaries with respect to the Plan and that the Second Amended Complaint does not sufficiently allege that they are. They point out that the Plan names Kmart as the Plan Administrator and makes Kmart 'responsible for the administration of the Plan and for carrying out the purposes and provisions of the Plan.' ... This argument misses the mark. Although the Plan names only Kmart as Plan Administrator, [plaintiff] has alleged that both the Outside Directors and Conaway acted as fiduciaries with respect to the Plan because they exercised discretionary authority with respect to the Plan and/or delegated that duty and therefore had a duty to monitor the decisions of those to whom it delegated its authority. Conaway is alleged to have fiduciary status because he appointed members of the [committee] in his capacity as CEO.... While it may turn out that Conaway and/or the Outside Directors were not fiduciaries regarding some aspects of the Plan decisions and operation at issue, this issue is not appropriate for consideration at this early stage in the litigation."); and DOL Monitoring Brief at 2, 9-10.

[22] *See* Complaint ¶¶ 16-21, 23, 27, 37, 42, 44-49, 159 and Opposition Memorandum at 2, 6-10, 21-22, 39.

particularity ... not within her ability at this stage in the case." *Kmart* at *37. As the *Kmart* court explained:

> [T]he manner in which each defendant, which are in the universe of possible decision makers, operated is for now something of a black box. To expect a plaintiff to be able to turn on the light and point to the particular individuals who exercised decision making authority is simply too much to require at this stage of the case.

*Id.* at *70.[23]

### III. CONCLUSION

The *Kmart* order and DOL Monitoring Brief are on point and dispense with many of the same arguments made by Defendants in this case; therefore, they are further support against dismissing Plaintiffs' claims in this case.

DATED this 27th day of October, 2003.

Respectfully Submitted By

Goodman, Rosenthal & McKenna, PC
John F. McKenna, Esq. - ct00104
68 South Main Street
West Hartford, Connecticut 06106
860-231-2800
**Plaintiffs' Liaison Counsel**

---

[23] If, as Defendants contend, the Complaint is deficient in some material respect, leave to amend is required if there is any possibility that defects identified by Defendants can be corrected. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979).

9

Keller Rohrback, LLP
Lynn Lincoln Sarko
Laurie B. Ashton
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
206-623-1900 (Seattle)
602-248-0088 (Phoenix)
**Plaintiffs' Co-Lead Counsel**

Susman & Watkins
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, Illinois 60603
312-346-3466
**Plaintiffs' Co-Lead Counsel**

**Plaintiffs' Steering Committee Counsel:**

Law Offices of Daniel M. Harris
Daniel M. Harris
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
312-960-1802

Berger & Montague, P.C.
Todd Collins
1622 Locus Street
Philadelphia, PA 19103-6365
(215) 875-3040

Schiffrin & Barroway
Marc A. Topaz
Joseph H. Meltzer
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

Malakoff Doyle & Finberg, P.C.
Ellen M. Doyle
437 Grant Street, Suite 200
Pittsburgh, PA 15219
(412) 481-8400

McTigue Law Firm
Brian McTigue
Bruce Rinaldi
5513 Connecticut Ave., Suite 2200
Washington, D.C. 20015
(202) 364-6900

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) Master File No. 02-CV-1138 (AWT) ) ) <u>CLASS ACTION</u> |
| This Document Relates to: | ) ) OCTOBER 27, 2003 |
| ALL ACTIONS | ) ) |

**CERTIFICATION**

This is to certify that a copy of the foregoing, Plaintiffs' Reply to Defendants' Response to Notice of Supplemental Authorities In Opposition To Defendants' Motion To Dismiss, were mailed this 27th day of October, 2003, via U.S. First Class mail, to the following counsel of record:

Charles R. Watkins, Esq.
Susman & Watkins
Two First National Plaza
Suite 600
Chicago, IL 60603

Daniel M. Harris, Esq.
Law Offices of Daniel M. Harris
150 North Wacker Drive
Suite 3000
Chicago, IL 60606

Karlene J. Rogers
Emmet, Marvin & Martin
1351 Washington Boulevard
Stamford, CT 06905

Michael D. Ryan
Senior Counsel
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Lynn Lincoln Sarko
Erin M. Riley
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Gary A. Gotto
Laurie B. Ashton
Keller Rohrback, PLC
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600

Joseph H. Meltzer
Marc A. Topaz
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Sherrie R. Savett
Joy Clairmont
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Ellen M. Doyle
Malakoff Doyle & Finberg, P.C.
437 Grant Street, Suite 200
Pittsburgh, PA 15219

Steven J. Sacher
David Pickle
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, D.C. 20005

William H. Boice
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Benjamin H. Green, Esq.
William J. Egan, Esq.
Brown Raysman Millstein Felder &
Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103

Michael T. Hannafan & Associates,
Ltd.
One East Wacker Drive, Suite 1208
Chicago, IL 60601

3

McTigue Law Firm
Brian McTigue
Bruce Rinaldi
5513 Connecticut Ave., Suite 2200
Washington, D.C. 20015

_/s/ John M. McKenna_
John M. McKenna, Esq.
Goodman, Rosenthal & McKenna, P.C.
Fed. Bar No. ct00104
68 South Main Street
West Hartford, CT 06107-2445
(860) 231-2800/Fax: (860) 523-9235