UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) ) ) Master File No. 02-CV-1138 (AWT) ) ) CLASS ACTION ) ) NOVEMBER 21, 2003 ) ) |
| This Document Relates to: | |
| ALL ACTIONS. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING *ENRON ERISA LITIGATION*
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants' main argument in support of their motion to dismiss – that there can be no liability under ERISA for imprudently investing plan assets in company stock because the Plan required investment in Xerox stock – has been struck down by yet another district judge in a case with legal claims very similar to those in this one. In *In re Enron Corporation Securities, Derivative, and ERISA Litigation*, --- F. Supp. 2d ---, 2003 WL 22245394 (S.D. Tex. Sept. 30, 2003) ("*Enron*") (Tab A), Judge Harmon forcefully denied the motions to dismiss by the Enron defendants, and directly rejected the Xerox Defendants' main argument and other positions taken by the Xerox Defendants in this case. Because of the similarities between the legal claims in this case and *Enron*, Plaintiffs respectfully request leave to file *Enron* as supplemental authority in opposition to Defendants' motion to dismiss.

In *Enron*, Judge Harmon found that plaintiffs stated ERISA breach of fiduciary and co-fiduciary claims against the Enron fiduciaries for, *inter alia*, (1) imprudently

investing Plan assets in Enron stock; (2) failing to disclose truthful and accurate information to participants regarding the financial condition of Enron; and (3) failing to monitor fiduciaries and provide them with information regarding Enron's financial condition that they needed to adequately protect the Plans. *Id.* at *100-104, *106. Because the Court already has ample briefing on the legal issues in this case, Plaintiffs refer the Court to pertinent sections of *Enron*, and to the pages in Defendants' Brief ("Defs. Br.") at which Defendants' arguments are found, without argument:

    1.    The *Enron* court discussed the prudence standard and duty to disregard directions to invest in company stock when such stock no longer is a prudent investment option for the Plan. *Id.* at *8-12, and at *114.[1] The *Enron* court held:

> [T]he fiduciary must meet a "prudent man" standard under 29 U.S.C. § 1104(a)(1)(B), to act…with single-minded devotion to these plan participants and beneficiaries…..[T]he prudence standard focuses on whether the fiduciary utilized appropriate methods to investigate and evaluate the merits of a particular investment….

*Id.* at *10.

> [A]n investment fiduciary must disregard plan documents if following their terms would be imprudent.

*Id.* at *114.

    2.    The *Enron* court rejected argument that a breach of fiduciary duty claim based on imprudent investment in company stock is an impermissible attack on Plan design. *Id.* at *101-02.[2]

    3.    The *Enron* court found that persons with the power to appoint, remove, or replace fiduciaries are fiduciaries under ERISA, have a duty to monitor their appointees, and have a duty to provide their appointees with information they need to protect the Plan. *Id.* at *14-15, and at *104-106.[3] The *Enron* court held:

---

[1] Defs. Br. at 10-11.
[2] Defs. Br. at 8, 10-11, 11-13.
[3] Defs. Br. at 15-17.

> [Defendants] were expressly charged by the plans to perform the selection, and therefore the monitoring, of the Administrative Committee with respect to its control over Plan investment and the prudence of investing in Enron stock as one of the Savings Plan's investment options. As such, they had a duty to insure that the selected fiduciaries in turn complied with their fiduciary duties.

*Id.* at *106.

4. The *Enron* court found that fiduciaries must disclose adverse information regarding company stock to other fiduciaries, participants, and the market as a whole, when they know or should know that the information will have an extreme impact on the Plan; rejecting argument that such disclosures would violate insider trading laws; finding that *In re McKesson HBOC, Inc. ERISA Litigation*, No. C00-2003RMW, 2002 WL 31431588 (N.D. Cal. Sept. 30, 2002) is "misguided." *Enron ERISA Decision*, 2003 WL 22245394, at *15-24, *102-04.[4] The *Enron* court ruled:

> This Court does not believe that Congress, ERISA or the federal securities statutes sanction such conduct or such a solution, i.e., violating all the statutes and conning the public. As a matter of public policy, the statutes should be interpreted to require that persons follow the laws, not undermine them. They should be construed not to cancel out the disclosure obligations under both statutes or to mandate concealment, which would only serve to make the harm more widespread….

*Id.* at *22.

5. The *Enron* court ruled that ERISA § 404(c), which protects fiduciaries from liability for losses when participants exercise control over investment decisions, does not apply to the ***selection*** of investment options by Plan fiduciaries, nor does it apply to 401(k) plans where participants are not provided complete and accurate information about investment alternatives, including company stock; and finding that whether § 404(c) applies is an issue of fact on which defendants carry the burden, and that cannot be resolved on a motion to dismiss. *Id.* at *28-32, *100.[5]

For the foregoing reasons, Plaintiffs' motion for leave to file *Enron* as supplemental authority in opposition to Defendants' motions to dismiss should be granted.

---

[4] Defs. Br. at 13, 18-19.
[5] Defs. Br. at 10-11.

3

DATED this 21ST day of November, 2003.

*[signature]*

GOODMAN, ROSENTHAL & MCKENNA, PC
John F. McKenna, Esq. - ct00104
977 Farmington Avenue, Suite 200
West Hartford, Connecticut 06106
860-231-2800
**Liaison Counsel**

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Laurie B. Ashton
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
206-623-1900 (Seattle)
602-248-0088 (Phoenix)
**Co-Lead Counsel**

SUSMAN & WATKINS
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, Illinois 60603
312-346-3466
**Co-Lead Counsel**

**Steering Committee Counsel:**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
312-960-1802

BERGER & MONTAGUE, P.C.
Todd Collins
1622 Locus Street
Philadelphia, Pennsylvania 19103-6365
(215) 875-3040

        SCHIFFRIN & BARROWAY
        Marc A. Topaz
        Joseph H. Meltzer
        Three Bala Plaza East, Suite 400
        Bala Cynwyd, Pennsylvania 19004
        (610) 667-7706

        MALAKOFF DOYLE & FINBERG, P.C.
        Ellen M. Doyle
        437 Grant Street, Suite 200
        Pittsburgh, Pennsylvania 15219
        (412) 481-8400

        MCTIGUE LAW FIRM
        Brian McTigue
        Bruce Rinaldi
        5513 Connecticut Ave., Suite 2200
        Washington, D.C. 20015
        (202) 364-6900

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re XEROX CORPORATION ERISA LITIGATION,         ) Master File No. 02-CV-1138 (AWT)
                                                  )
                                                  ) CLASS ACTION
                                                  )
This Document Relates to:                         )
                                                  ) NOVEMBER 21, 2003
    ALL ACTIONS                                   )

### CERTIFICATION

This is to certify that a copy of the foregoing, **Plaintiffs' Notice Of Supplemental Authority Regarding Enron ERISA Litigation In Opposition To Defendants' Motion To Dismiss**, was mailed by Keller Rohrback, LLP, 1201 Third Avenue, Seattle, Washington, this 21st day of November, 2003, via U.S. First Class mail, to the following counsel of record:

Charles R. Watkins, Esq.
Susman & Watkins
Two First National Plaza
Suite 600
Chicago, IL 60603

Daniel M. Harris, Esq.
Law Offices of Daniel M. Harris
150 North Wacker Drive
Suite 3000
Chicago, IL 60606

Karlene J. Rogers
Emmet, Marvin & Martin
1351 Washington Boulevard
Stamford, CT 06905

Michael D. Ryan
Senior Counsel
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Lynn Lincoln Sarko
Erin M. Riley
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Gary A. Gotto
Laurie B. Ashton
Keller Rohrback, PLC
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600

Joseph H. Meltzer
Marc A. Topaz
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Sherrie R. Savett
Joy Clairmont
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Ellen M. Doyle
Malakoff Doyle & Finberg, P.C.
437 Grant Street, Suite 200
Pittsburgh, PA 15219

Steven J. Sacher
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, D.C. 20005

William H. Boice
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Benjamin H. Green, Esq.
William J. Egan, Esq.
Brown Raysman Millstein Felder & Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103

Michael T. Hannafan & Associates, Ltd.
One East Wacker Drive, Suite 1208
Chicago, IL 60601

McTigue Law Firm
Brian McTigue
Bruce Rinaldi
5513 Connecticut Ave., Suite 2200
Washington, D.C. 20015

John M. McKenna, Esq.
Goodman, Rosenthal & McKenna, P.C.
Fed. Bar No. ct00104
977 Farmington Avenue, Suite 200
West Hartford, CT 06107-2119
(860) 231-2800/Fax: (860) 236-4824