# Enron Cash Balance Plan
## Benefit Examples - Calculation of Regular and Transition Benefits

### Calculation of Transition Minimum

#### Special Sub-Account Stock Releases

Number of Shares as of 12/31/95:  83.5 - to be released over 5 years
Number of Shares Allocated, 12/31/96: 14.2 - to be released over 4 years
97.7

#### History of Special Sub-Account ESOP Releases

|  | Date of Release | # of Shares Released | Share Price at Release | Market Value of Release |
|---|---|---|---|---|
| Release 1: | 01/01/96 | 16.7 | $31.00 | $517.70 |
| Release 2: | 01/01/97 | 20.3 | $34.00 | $688.50 |
| Release 3: | 01/01/98 | 20.3 | $34.00 | $688.50 |
| Release 4: | 01/01/99 | 20.3 | $37.00 | $749.25 |
| Release 5: | 01/01/2000 | 20.3 | $39.00 | $789.75 |
|  |  | 97.7 |  |  |

#### Offset Associated with Special Sub-Account ESOP Releases

|  | (a) Age (CM) at Release | (b) Actuarial Equiv. Annuity Factor | (c) Market Value of Release | (c) / (b) ESOP Offset Amount |
|---|---|---|---|---|
| Release 1: | 54 and 7 months | 3.478833 | $517.70 | $148.81 |
| Release 2: | 55 and 7 months | 3.774534 | $688.50 | $182.41 |
| Release 3: | 56 and 7 months | 4.095370 | $688.50 | $168.12 |
| Release 4: | 57 and 7 months | 4.443476 | $749.25 | $168.62 |
| Release 5: | 58 and 7 months | 4.821171 | $789.75 | $163.81 |

Special Sub Account ESOP Offset Amount:  $831.77

### Calculation of Transition Old Plan Benefit, as if Old Plan Continued to Date of Retirement

Service at Retirement: 37.0
Final Average Pay at Retirement: $89,300.00
Integration Level at Retirement: $46,130.00

Benefit as if Old Plan had continued to Retirement  $44,975.03

### Calculation of Transition Old Plan Benefit after ESOP Offset

Offset Associated with Retirement Account: $13,402.20
Offset Associated with Special Sub-Account: $831.77
Total Offset for Transition Benefit: $14,233.97

|  | (1) Non-Offsetable Benefit | (2) Offsetable Benefit | (3) Total ESOP Offset Amount |
|---|---|---|---|
| Components at Normal Retirement: | $27,432.00 | $17,543.03 | $14,233.97 |
| Early Commencement Factors: | 90.0000% | 90.0000% | 60.1759% |
| Components at for Age 60 Commencement: | $24,688.80 | $15,788.72 | $8,565.42 |

Final Average Pay Benefit at Age 60:  (1) + [ (2) - (3), but not less than zero ]

= $31,912.10 = Transition Minimum Benefit

### Calculation of Total Qualified Cash Balance Plan Benefit, after Transition Minimum

Qualified CB Plan Benefit, before Transition: $27,425.89

Qualified Plan Transition Minimum: $31,912.10

Qualified CB Plan Benefit, After Transition: $31,912.10

Increase in Benefit due to Transition Minimum:    $4,486.21   to be added to the net FAP Benefit for administrative purposes

Page 2 of 2

Enron Corp   Balance Plan

# Floor Plan Benefit Early Commencement Factors

(Multiply Age 65 Floor Plan Benefit by Factor at Age of Commencement to get Floor Plan Benefit at Commencement)

| Age Years | Completed Months |||||||||||
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 55 | 0.600000 | 0.605000 | 0.610000 | 0.615000 | 0.620000 | 0.625000 | 0.630000 | 0.635000 | 0.640000 | 0.645000 | 0.650000 |
| 56 | 0.660000 | 0.665000 | 0.670000 | 0.675000 | 0.680000 | 0.685000 | 0.690000 | 0.695000 | 0.700000 | 0.705000 | 0.710000 |
| 57 | 0.720000 | 0.725000 | 0.730000 | 0.735000 | 0.740000 | 0.745000 | 0.750000 | 0.755000 | 0.760000 | 0.765000 | 0.770000 |
| 58 | 0.780000 | 0.785000 | 0.790000 | 0.795000 | 0.800000 | 0.805000 | 0.810000 | 0.815000 | 0.820000 | 0.825000 | 0.830000 |
| 59 | 0.840000 | 0.845000 | 0.850000 | 0.855000 | 0.860000 | 0.865000 | 0.870000 | 0.875000 | 0.880000 | 0.885000 | 0.890000 |
| 60 | 0.900000 | 0.904167 | 0.908333 | 0.912500 | 0.916667 | 0.920833 | 0.925000 | 0.929167 | 0.933333 | 0.937500 | 0.941667 |
| 61 | 0.950000 | 0.954167 | 0.958333 | 0.962500 | 0.966667 | 0.970833 | 0.975000 | 0.979167 | 0.983333 | 0.987500 | 0.991667 |
| 62 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 |
| 63 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 |
| 64 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 | 1.000000 |
| 65 | 1.000000 | | | | | | | | | | |

Table III

## CONSENT OF ENRON CORP.
## TO ADOPTION OF AND PARTICIPATION IN PENSION PLANS

WHEREAS, Clinton Gas Marketing, Inc. ("Company"), desires to adopt, and become a participating Employer in, each of the Enron Corp. Savings Plan and its related trust (the "Savings Plan") and the Enron Corp. Cash Balance Plan and its related trust (the "Cash Balance Plan"), herein collectively referred to as the "Pension Plans";

WHEREAS, the Company desires to adopt, and become a participating Employer in, certain of the employee welfare benefit plans sponsored by Enron Corp., herein collectively referred to as the "Welfare Benefit Plans";

WHEREAS, the Company desires to adopt, and become a participating Employer in, certain of the employee compensation plans sponsored by Enron Corp., herein collectively referred to as the "Compensation Plans";

WHEREAS, subject to the consent of Enron Corp., Company has adopted each of the Pension Plans and certain of the Welfare Benefit Plans and Compensation Plans (collectively referred to as the "Plans") for the benefit of its employees who are eligible to participate therein, as evidenced by the Agreement Of Adoption And Participation In Pension Plans And Welfare Benefit Plans Sponsored By Enron Corp. (the "Agreement") executed by Company and presented to Enron Corp.;

NOW, THEREFORE, in consideration of the terms and provisions of the Agreement and in the Plans, the adoption by Company of, and its participation as an employer in, each of the Plans, effective January 1, 1997, is hereby consented to and approved, and the proper officers of Enron Corp., and its counsel, are hereby authorized, empowered and directed to take all such further action, to execute and deliver all such instruments and documents, for and in the name and on behalf of Enron Corp., under its corporate seal or otherwise, and to pay all such expenses as in their judgment may be necessary, appropriate or advisable in order to carry into effect the purposes and intentions of this Consent.

Dated: _December 20, 1996_

ENRON CORP.

By: _[signature]_
Title:

Company, for the benefit of employees of the Company who are eligible to participate therein;

RESOLVED FURTHER, that, subject to the consent and approval of Enron Corp., the sponsor of each of the Compensation Plans, the Board of Directors of Company hereby adopts and approves Company becoming a participating Employer in certain of the Compensation Plans referenced in the Adoption Agreement attached to this consent, effective on such date as determined by the President of the Company, for the benefit of employees of the Company who are eligible to participate therein; and

RESOLVED FURTHER, that the proper officers of the Company and its counsel be, and each of them hereby is, authorized, empowered, and directed (any one of them acting alone) to take any and all such further action, to amend, execute, and deliver all such further instruments and documents (including, but not limited to, a document substantially in the form of the Adoption Agreement attached to this consent) for and in the name and on behalf of the Company, under its corporate seal or otherwise, and to pay all such expenses as in their discretion appear to be necessary, proper, or advisable to carry into effect the purposes and intentions of this and each of the foregoing resolutions.

Dated effective as of December 23, 1996.

*[signature]*
James V. Derrick, Jr.

*[signature]*
John J. Esslinger

*[signature]*
Lou L. Pai

pbm\h:\uc-cgmi

-2-

adopted each of the Plans and any such amendment thereto, as a separate but identical plan and applicable trust, if any.

3. Enron agrees to cause administrative services for the Plans to be provided on behalf of the Company to the same extent that such administrative services are provided for its affiliated companies that are participating employers in the Plans.

4. The Company agrees to promptly pay, without any right of offset or adjustment of any kind, the Company's contributions for each of said Plans in the amount and at the time required either under the terms and provisions of each of the Plans or the administrative procedures established by Enron for allocation of such contributions to participating employers, as determined by the administrator of the Plans, and if not paid for by the Plans, the Company's allotment for the administrative expenses of each of the Plans as determined by the administrator of the Plans.

5. The Company agrees to promptly furnish all information required by the administrator and by the Trustee, if any, of each of the Plans with respect to employees of the Company who are members or participants in the Plans.

6. The Company agrees to timely and promptly cooperate with Enron to make any amendments to the Plans which Enron determines are necessary to implement the provisions of this Agreement, and to insure compliance by the Plans with applicable law and regulation.

7. The parties agree that the Company's participation in any of the Plans may be terminated by either the Company or Enron according to the applicable provisions of a particular Plan, or if there are no provisions for termination of the Company's participation contained in a particular Plan, then upon not less than sixty days written notice from one party to the other.

8. The parties agree that this Agreement providing for the Company's participation in each of the Plans covered by this Agreement is limited to coverage of the Company's employees who are employed on a U.S. domestic payroll of the Company, unless otherwise specifically provided for in the provisions of the Plans.

9. The parties agree that with respect to the Pension Plans, employees of the Company shall be given credit for past service with the Company, to the extent past service was recognized and credited under the most recent tax qualified pension plan in which the Company was a participating employer, for purposes of eligibility to participate and vesting of accrued benefits, but not benefit accrual or entitlement to employer contributions.

SCHEDULE I

WELFARE BENEFIT PLANS

1. Enron Corp. Medical and Dental Plan
   - Enron Corp. Prescription Drug Plan
   - Employee Assistance Program
   - Network Mental Health Program

2. Enron Corp. Long Term Disability Plan

3. Enron Corp. Employee Life and AD&D Insurance Plan
   - Spouse Life Insurance Plan
   - Dependent Child Life Insurance Plan

4. Enron Corp. Business Travel Accident Plan

5. Enron Corp. Severance Pay Plan

6. Enron Corp. Flexible Compensation Plan

7. Enron Corp. Educational Assistance Plan

8. Enron Corp. Change of Control Severance Plan

CONTINUANCE OF ADOPTION OF
ENRON CORP. CASH BALANCE PLAN BY
ENRON OIL & GAS COMPANY

WHEREAS, ENRON OIL & GAS COMPANY has heretofore adopted the Enron Corp. Cash Balance Plan; and

WHEREAS, ENRON OIL & GAS COMPANY has ceased to be a part of the Enron Corp. controlled group (within the meaning of Sections 414(b) and (c) of the Internal Revenue Code of 1986, as amended); and

WHEREAS, ENRON OIL & GAS COMPANY has continued its participation in the Plan for the benefit of its employees with the consent of Enron Corp. and now desires to evidence such continuation;

NOW, THEREFORE, the parties hereto agree as follows:

1. Enron Oil & Gas, Company hereby evidences the continuation for the benefit of its employees of its status as an adopter of the Enron Corp. Cash Balance Plan,

2. Enron Corp. hereby evidences its consent to the continued status of Enron Oil & Gas, Company as an adopter of the Enron Corp. Cash Balance Plan,

IN WITNESS WHEREOF, the parties hereto have caused these presents to be executed this 11th day of Dec, 1998,

ENRON OIL & GAS, COMPANY

By _Patricia Edwards_
Title: VP Human Resources & Administration

ENRON CORP.

By _____
Title: VP Compensation & Benefits

IN WITNESS, WHEREOF, the parties hereto have caused these presents to be executed this 8th, day of August, 2000.

EOG RESOURCES, INC.

BY: *Patricia Edwards*
Patricia Edwards
V.P Human Resources, Administration and Corporate Secretary

ENRON CORP.

BY: *Mary K. Joyce*
Mary K. Joyce
Vice-President,
Executive Compensation

2. The phrase 'who terminates employment, for reason other than death and before January 1, 2002' shall be deleted from the first sentence of Paragraph (a) of Section 13.2 of the Plan.

3. Reference to "January 1, 1995" in the fifth line of item (1) of Paragraph (a) of Section 13.2 of the Plan shall be deleted and reference to "January 1, 1995 and before January 1, 2002" shall be substituted therefor.

4. As amended hereby, the Plan is specifically ratified and reaffirmed.

IN WITNESS WHEREOF, the parties hereto have caused these presents to be executed this 9th day of October 2001.

ENRON CORP.

By: *[signature]*
Mary K. Joyce
Vice-President, Executive Compensation

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. 02-CV-1138 (AWT)<br><br><u>CLASS ACTION</u> |

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all counsel of record on this 12th day of January, 2004, postage prepaid and properly addressed to:

John F. McKenna
**Goodman, Rosenthal & McKenna, PC**
68 South Main Street
West Hartford, CT 06106
**Liaison Counsel for Plaintiffs**

Charles R. Watkins
John R. Wylie
**Susman & Watkins**
Two First National Plaza, Suite 600
Chicago, IL 60603
**Co-Lead Counsel for Plaintiffs**

Daniel M. Harris
**Law Offices of Daniel M. Harris**
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
**Co-Counsel for Plaintiffs**

Gary Gotto
Laurie Ashton
**Dalton, Gotto, Samson & Kilgard**
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600
**Co-Counsel for Plaintiffs**

Joseph H. Meltzer
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
**Co-Counsel for Plaintiffs**

Sherrie R. Savett
Stuart Guber
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
**Co-Counsel for Plaintiffs**

HARTFORD 79196v3

| | |
|---|---|
| Michael D. Ryan<br>Senior Counsel<br>**Xerox Corporation**<br>800 Long Ridge Road<br>Stamford, CT 06904<br>**In-House Counsel for Xerox** | Derek W. Loeser<br>Lynn Sarko<br>Erin Riley<br>**Keller Rohrback L.L.P.**<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052<br>**Co-Lead Counsel for Plaintiffs** |
| J. Brian McTigue<br>Bruce F. Rinaldi<br>**McTigue Law Firm**<br>5513 Connecticut Avenue, Suite 220<br>Washington, D.C. 20014<br>**Counsel for Plaintiff** | Steven J. Sacher<br>**Kilpatrick Stockton LLP**<br>607 – 14th Street, N.W.<br>Suite 900<br>Washington, DC 20005-2018<br>**Counsel for Defendants** |

Michael T Hannafan
**Michael T. Hannafan & Associates, Ltd.**
One East Wacker Drive, Suite 1208
Chicago, Il 60601
(312)527-0055
**Counsel for Defendant Myra R. Drucker**

_/s/ Benjamin H. Green_
Benjamin H. Green