## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) ) ) |
| | ) Master File No. 02-CV-1138 (AWT) |
| | ) |
| This Document Relates to: | ) <u>CLASS ACTION</u> |
| | ) |
| | ) |
| ALL ACTIONS. | ) FEBRUARY 11, 2004 |
| | ) |

## <u>PLAINTIFFS' REPLY IN SUPPORT OF THEIR NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING *ENRON ERISA LITIGATION* IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>

Plaintiffs hereby reply to Defendants' Response to Notice of Supplemental Authority Regarding *Enron ERISA Litigation* in Opposition to Defendants' Motion to Dismiss (hereinafter "Response").

In Plaintiffs' Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss (hereinafter "Notice"), because the Court already had ample briefing on the issues in this case, Plaintiffs merely referred the Court to sections of the *Enron* opinion that rejected specific arguments made by Defendants in this case. In Defendants' Response, however, Defendants repeat arguments made in their motion to dismiss briefing and make arguments that are neither based on *Enron* nor responsive to arguments made in Plaintiffs' Notice. Out of respect for the Court, Plaintiffs will keep this Reply short, and will not respond to Defendants' last three arguments. Instead, Plaintiffs refer the Court to the following, where these points have already been dealt with: for Plaintiffs' response to Defendants' "Monitoring" argument (Response at 4), see

Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint ("Opposition Memorandum") at 20-22 and Plaintiffs' Reply to Defendants' Response to Notice of Supplemental Authorities in Opposition to Defendants Motion to Dismiss ("*Kmart* and *DOL Reply*") at 7-8; for Plaintiffs' response to Defendants' "Disclosure" argument (Response at 5), see Plaintiffs' Opposition Memorandum at 25-26 and *Kmart* and *DOL Reply* at 6-7; and for Plaintiffs' response to Defendants' "404(c)" argument (Response at 6), see *Kmart* and *DOL Reply* at 3-6 and the cites therein.

Turning to the one issue Plaintiffs will discuss, in their Response, Defendants once again argue that there is no fiduciary with respect to the Xerox Stock Fund. As Plaintiffs have demonstrated, and as confirmed by the *Enron* decision, however, ERISA does not allow fiduciary-less retirement plans, nor does it permit retirement plans to function in a "fiduciary-less" manner; rather, ERISA requires plans to have fiduciaries who have the responsibility for the prudent investment of plan assets. Nowhere in the *Enron* opinion does the court support the Defendants' argument that a tax-qualified retirement plan can exist or function without the statutorily required fiduciaries, accountable for the investment of plan assets in company stock. Defendants' somewhat confusing argument to the contrary, if accepted, leads to the conclusion that the plans are and were unlawfully constituted, which Defendants know is not the case. Thus, Defendants' attempt to turn *Enron* to their favor must fail.

Defendants also attempt to add a "twist" to their ill-conceived theory – Defendants argue that in the Xerox Plans the Company stated: "Fiduciaries, you pick the specific investments for each category we have specified, but when it comes to Company

2

stock, you have no choice to make.  It is to be Xerox stock."[1]   This statement, however, is *nowhere* in any of the Plans' documents.  Thus, the "clear manifestation of the intent of Xerox Corporation" on which Defendants rely, simply does not exist anywhere.[2] Defendants' attempt to re-write the Plans' documents to relieve them of fiduciary responsibility must be rejected.

And even if Defendants *could* revise the Plans' documents, the revision they propose is impossible because it would create a situation where plans accumulate retirement monies from participants with no fiduciary in charge, a situation which ERISA prohibits by placing the Defendants under fiduciary responsibilities by operation of law whether or not they want to be, or even know they are, fiduciaries. [3]

Moreover, contrary to Defendants' assertion,[4] the Xerox Plans' documents, like the *Enron* plan documents, specifically provide for Defendants' fiduciary involvement in and management of "the assets of the Plan[s]," which includes the assets in the Xerox Stock Fund.[5] For example, the Salaried Plan document provides that:

> The Board of Directors of the Employer or any committee of the Board to which the Board delegates responsibilities under this Plan . . . *shall be a named fiduciary of the Plan and shall have the*

---

[1] *See* Response at 3.

[2] *See id.*

[3] *See* Opposition Memorandum at 5-10 and *Kmart* and *DOL Reply* at 3-4.

[4] *See* Response at 1-2.

[5] Defendants citation to *Tatum v. R.J.Reynolds Tobacco Co.*, 2003 WL 22940558 (M.D.N.C. Dec. 10, 2003) provides no support to Defendants' argument.  In that case, the district court in North Carolina held that based on a plain reading of the plan amendments, the defendants had no discretion over the freezing and liquidation of stock that had been company stock before the plan was amended as part of a company restructuring.  For example, the plan amendment at issue specifically stated that "the [former company stock funds] are hereby frozen and…Participants are prohibited from investing contributions or reallocating amounts held under the Plan to such Funds."  *Id.* at *6.  Here, there is no such plain language that the Defendants had no discretion over the assets in the Xerox Stock Fund; instead, the Xerox Plans' documents specifically provide for the Defendants' fiduciary involvement in and management of all of the Plans' assets.

> *authority to control and manage the assets of the Plan.* The Board
> shall also have the authority to appoint another named fiduciary or
> fiduciaries or an investment manager or managers . . . to manage
> (including the power to acquire and dispose of) all or any part of
> the assets of the Plan.

*See* Xerox Corporation Profit Sharing and Savings Plan, 1999 Restatement, Exhibit 4 to

Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated

Amended Class Action Complaint at § 2.04 (emphasis added).

Similarly, the Union Plan document provides:

> The JAB *shall be a named fiduciary of the Plan and shall have the
> authority to control and manage the assets of the Plan.* The JAB
> shall also have the authority to appoint another named fiduciary or
> fiduciaries or an investment manager or managers (as defined in
> Section 3(38) of ERISA or otherwise as provided in the Trust
> Agreement . . .) to manage (including the power to acquire and
> dispose of) all or any part of the assets of the Plan.

*See* The Profit Sharing Plan of Xerox Corporation and The Xerographic Division, Union

of Needletrades, Industrial and Textile Employees, A.F.L.-C.I.O.-C.L.C. (Formerly "The

Xerogaraphic Division, A.C.T.W.U., A.F.K.-C.I.O.") 1998 Restatement, Exhibit E to

Defendants' Memorandum in Support of Motion to Dismiss Consolidated Amended

Complaint at § 2.13 (emphasis added).[6]

In short, there is no support for the Defendants' novel argument that these Plans

are somehow exempt from ERISA's requirement that all aspects of a plan be watched

over by a fiduciary, nor for the equally novel claim that these Plans "carved out" certain

aspects of its operation from ERISA's overriding fiduciary strictures. Defendants argue

repeatedly that their failure to "play a role" with regard to the Xerox Stock Fund renders

them immune from suit. In reality, however, it is their failure to "play a role" and their

failure to do any of the things they could and should have done actually that renders them

---

[6] For additional examples of Xerox Defendants' fiduciary responsibility for investments in the Xerox Stock
Fund, see Opposition Memorandum at 6-10. *See also Kmart* and *DOL Reply* at 4-5.

liable.  A fiduciary cannot stand idly by while his beneficiaries' retirement savings go up in smoke.  Especially when the fiduciary set the fire.

In conclusion, for the reasons stated above, and the reasons cited in Plaintiffs' Notice, *Enron* counsels against dismissing Plaintiffs' claims in this case.

DATED this 11th day of February, 2004.

GOODMAN, ROSENTHAL & MCKENNA, PC
John F. McKenna, Esq. - ct00104
977 Farmington Avenue, Suite 200
West Hartford, Connecticut  06106
860-231-2800/Fax-(860) 523-9235
**Liaison Counsel**

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Laurie B. Ashton
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, Washington  98101-3052
206-623-1900 (Seattle)
602-248-0088 (Phoenix)
**Co-Lead Counsel**

SUSMAN & WATKINS
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, Illinois  60603
312-346-3466
**Co-Lead Counsel**

**Steering Committee Counsel:**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
150 North Wacker Drive, Suite 3000
Chicago, Illinois  60606
312-960-1802

BERGER & MONTAGUE, P.C.
Todd Collins
1622 Locus Street
Philadelphia, Pennsylvania  19103-6365
(215) 875-3040

SCHIFFRIN & BARROWAY
Marc A. Topaz
Joseph H. Meltzer
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

MALAKOFF Doyle & FINBERG, P.C.
Ellen M. Doyle
437 Grant Street, Suite 200
Pittsburgh, Pennsylvania  15219
(412) 481-8400

MCTIGUE LAW FIRM
Brian McTigue
Bruce Rinaldi
5513 Connecticut Ave., Suite 2200
Washington, D.C.  20015
(202) 364-6900

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) ) ) |
| | ) Master File No. 02-CV-1138 (AWT) |
| | ) |
| This Document Relates to: | ) <u>CLASS ACTION</u> |
| | ) |
| | ) |
| ALL ACTIONS. | ) FEBRUARY 11, 2004 |
| | ) |

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing, Plaintiffs' Reply In Support Of Their Notice Of Supplemental Authority Regarding *Enron ERISA Litigation* In Opposition To Defendants' Motion To Dismiss, was mailed this 11th day of February, 2004, via U.S. First Class mail, to the following counsel of record:

Charles R. Watkins, Esq.
Susman & Watkins
Two First National Plaza
Suite 600
Chicago, IL  60603

Brian McTigue, Esq.
Bruce Rinaldi, Esq.
McTigue Law Firm
5513 Connecticut Ave., Suite 2200
Washington, D.C.  20015

Daniel M. Harris, Esq.
Law Offices of Daniel M. Harris
150 North Wacker Drive
Suite 3000
Chicago, IL  60606

Michael D. Ryan
Senior Counsel
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Lynn Lincoln Sarko
Erin M. Riley
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Gary A. Gotto
Laurie B. Ashton
Keller Rohrback, PLC
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600

Joseph H. Meltzer
Marc A. Topaz
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Sherrie R. Savett
Joy Clairmont
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Ellen M. Doyle
Malakoff Doyle & Finberg, P.C.
437 Grant Street, Suite 200
Pittsburgh, PA 15219

Steven J. Sacher
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, D.C. 20005

William H. Boice
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Benjamin H. Green, Esq.
William J. Egan, Esq.
Brown Raysman Millstein Felder &
Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103

Michael T. Hannafan & Associates,
Ltd.
One East Wacker Drive, Suite 1208
Chicago, IL 60601

_____
John M. McKenna, Esq. – ct00104
Goodman, Rosenthal & McKenna, P.C.
977 Farmington Avenue, Suite 200
West Hartford, CT 06107-2119
(860) 231-2800/Fax: (860) 236-4824