UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re XEROX CORPORATION
ERISA LITIGATION

Master File No. 02-CV-1138 (AWT)

CLASS ACTION

This Document Relates To:

ALL ACTIONS

February 19, 2004

**DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR
NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING *ENRON ERISA
LITIGATION* IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs' Reply is focused in part on defendants' argument that none of the
defendants are fiduciaries under the Xerox Plans with respect to investment in the Xerox
Stock Fund. This is one of defendants' central arguments in their Motions to Dismiss. As
plaintiffs continue to misinterpret this argument, defendants' are seeking leave to file this
short Surreply to insure that the there is no confusion on Defendants' position regarding this
issue.

I.      **Defendants Not Responsible for Participants' Investments in Xerox Stock Fund.**

Defendants do not contend that there is no fiduciary with respect to the Xerox Stock
Fund. Rather defendants contend that none of the defendants are fiduciaries *with respect to
investment in the Xerox Stock Fund* because 1) that Fund is required by the Plans to be offered
to the participants, reflecting a "settlor" decision, not a fiduciary decision and 2) each
participant decides the extent to which assets in his or her account are invested in the Xerox
Stock Fund. These features of the Plans are important and distinguish the Plans from those in
*Enron and in WorldCom* (the terms of the plans at issue in those cases did not require

inclusion of an company stock fund as an investment option - that option, like all others offered under those plans - was chosen by a plan fiduciary, acting in a fiduciary capacity), as has been discussed at length in defendants' prior briefs.[1]  *See* Defendants' Memorandum in Support of Motion to Dismiss Consolidated Amended Complaint, pp. 12-13, 15-17; Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss Consolidated Amended Complaint, pp. 2-4; Defendants' Response to notice of Supplemental Authority Regarding *In re WorldCom, Inc. ERISA Litigation* in Opposition to Defendants' Motion to Dismiss, pp. 1-3, 4; Defendants' Response to Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss, pp. 3-4, 6-8; and Defendants' Response to Plaintiffs' Notice of Supplemental Authority Regarding *Enron ERISA Litigation* in Opposition to Defendants' Motion to Dismiss, pp. 1-4.  Defendants respectfully direct the Court to these briefs for a complete articulation of defendants' position.

## II.    The General Authority of the Xerox Board's Finance Committee (Salaried Plan) and the JAB (Union Plan) Regarding Plan Assets Does Not Extend to the Xerox Stock Fund.

Plaintiffs' Reply also has to do with Plan interpretation.  In determining the meaning of an employee benefit plan that is subject to ERISA, all documents and instruments

---

[1]    In the third case plaintiffs have Noticed to this Court's attention, *Kmart* ("*Rankin v. Rots*") a company stock fund was required by the terms of the plan, but it was in the form of an ESOP - a type of plan in which there is always a fiduciary responsible for managing investment in company stock - that featured a match in the form of company stock that a participant could not diversify before age 55. Under the Xerox Plans, by contrast, the match is in cash, to be invested in each participant's discretion.  Consequently, the only participants who owned Xerox stock under the Xerox Plans were those who affirmatively chose to invest in the Xerox Stock Fund.  *See* Defendants' Response to Plaintiffs' *Kmart* Notice, pp. 3-4.

governing the plan (the Plan Documents) must be consulted.[2]   In this case, those Documents

include the Plans themselves and also the summary plan description ("SPD") for each plan

and the trust instrument (which applied to both Plans).  Reading these documents together, it

is clear that the general "authority to control and manage plan assets" in the Finance

Committee of the Board (Salaried Plan) and the Joint Administrative Board ("JAB," - Union

Plan) does not extend to investment in the Xerox Stock Fund.  For example, the Salaried Plan

SPD explains that "the Trustee . . . invests . . . for all funds *except the Xerox Stock Fund*

pursuant to instructions from the investment managers and the Company" (emphasis

supplied).[3]  Similarly, "the investments for each fund *other than the Xerox Stock Fund* are

selected by professional fund managers."[4]  The prospectus (supplied to each participant and

incorporated into the SPD for each Plan) makes clear that the Xerox Stock Fund is not

actively managed, and that price and investment outlook will not be determinative regarding

investment therein.[5]  Thus, the Board/JAB authority regarding plan assets exists side-by-side

with Plan Document provisions that "mandate the existence of the Xerox Stock Fund and

require its investment in Xerox stock,[6] require participant direction, and

inform participants that no defendant will exercise that authority with respect to investment in

Xerox stock."[7]

---

[2]    *See, e.g., Chiles v. Ceridian Corp.,*95 F.3d 1505, 1511 (10th Cir. 1996) (SPDs are plan documents under ERISA; when interpreting the terms of an ERISA plan, courts examine the plan documents as a whole).

[3]    *See* Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss, n. 7.

[4]    *Id*, n. 10.

[5]    *Ibid.*

[6]    Defendants' Response to Plaintiffs *Enron* Notice, pp. 2-3, Memorandum in Support of Motion to Dismiss, p. 2.

[7]    Defendants' Reply to Plaintiffs Opposition to Motion to Dismiss, p. 3.

This surreply is respectfully submitted to the Court by the Defendants this 19th day of February, 2004.

Respectfully submitted,

Benjamin H. Green (ct2332)
William J. Egan (ct07975)
Brown Raysman Millstein
Felder & Steiner LLP
Cityplace II
185 Asylum Street
Hartford, CT  06103
(860) 275-6400

Steven J. Sacher (ct 24024)
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, DC  2005-2018
(202) 508-5800
Attorneys for all Defendants
Except Ms. Myra Drucker

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all counsel of record on this 19th day of February, 2004, postage prepaid and properly addressed to:

John F. McKenna
**Goodman, Rosenthal & McKenna, PC**
68 South Main Street
West Hartford, CT  06106
**Liaison Counsel for Plaintiffs**

Charles R. Watkins
John R. Wylie
**Susman & Watkins**
Two First National Plaza, Suite 600
Chicago, IL  60603
**Co-Lead Counsel for Plaintiffs**

Daniel M. Harris
**Law Offices of Daniel M. Harris**
150 North Wacker Drive, Suite 3000
Chicago, IL  60606
**Co-Counsel for Plaintiffs**

Gary Gotto
Laurie Ashton
**Dalton, Gotto, Samson & Kilgard**
3101 North Central Avenue, Suite 900
Phoenix, AZ  85012-2600
**Co-Counsel for Plaintiffs**

Joseph H. Meltzer
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
**Co-Counsel for Plaintiffs**

Sherrie R. Savett
Stuart Guber
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA  19103-6365
**Co-Counsel for Plaintiffs**

Michael D. Ryan
Senior Counsel
**Xerox Corporation**
800 Long Ridge Road
Stamford, CT 06904
**In-House Counsel for Xerox**

Derek W. Loeser
Lynn Sarko
Erin Riley
**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
**Co-Lead Counsel for Plaintiffs**

J. Brian McTigue
Bruce F. Rinaldi
**McTigue Law Firm**
5513 Connecticut Avenue, Suite 220
Washington, D.C. 20014
**Counsel for Plaintiff**

Steven J. Sacher
**Kilpatrick Stockton LLP**
607 – 14th Street, N.W.
Suite 900
Washington, DC 20005-2018
**Counsel for Defendants**

Michael T Hannafan
**Michael T. Hannafan & Associates, Ltd.**
One East Wacker Drive, Suite 1208
Chicago, Il 60601
(312)527-0055
**Counsel for Defendant Myra R. Drucker**

William J. Egan