## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) ) ) | Master File No. 02-CV-1138 (AWT) |
| This Document Relates to: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) ) | MARCH 4, 2004 |

### PLAINTIFFS' SURSURREPLY TO DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING *ENRON ERISA LITIGATION* IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants' Surreply attempts once again to show that the Defendants somehow exempted themselves from their statutory fiduciary duties with respect to the Xerox Stock Fund. Since Defendants continue to misconstrue Plaintiffs' argument, Plaintiffs submit this short Sursurreply.

**I.    Defendants' "Plan Interpretation" Argument Is Wrong: Plan Fiduciaries Cannot Exempt Themselves From Their Duties Under ERISA and The Governing Plan Instruments.**

Defendants contend that "none of the defendants are fiduciaries under the Xerox Plans with respect to investment in the Xerox Stock Fund."[1]    (Emphasis added) Although Defendants nowhere explain, nor is there any explanation in ERISA or the

---

[1] See Defendants' Surreply to Plaintiffs' Reply in Support of Their Notice of Supplemental Authority Regarding *Enron ERISA Litigation* in Opposition to Defendants' Motion to Dismiss (hereinafter Enron Surreply), at 1.

Plan, what this phrase "with respect to investment in the Xerox Stock Fund" means, Defendants apparently mean that they had no statutory or plan duty to provide the participants with "investment advice" concerning Xerox stock. This, however, always has been and continues to be completely beside the point. Plaintiffs have never claimed that Defendants are liable because they breached their duty to provide investment advice. They contend, as set forth in the Amended Complaint, that Defendants breached their duties by failing to prudently invest the Plan's assets, providing misinformation about the Xerox Stock Fund, failing to divulge crucial facts about Xerox stock, failing to monitor the information provided to participants, failing to select and implement proper monitoring procedures, and failing to do anything to avert or mitigate disaster in the Xerox Stock Fund after they knew or should have known it became imminent. Defendants' repeated, willful effort to ignore the true subject of this lawsuit is, at this point, simply bizarre.

Equally inexplicable is the fact that Defendants make their argument while simultaneously conceding, as they must, that, the Finance Committee of the Board (Salaried Plan) and the Joint Administrative Board (Union Plan) had statutory and Plan-based "authority to control and manage the assets of the Plan."[2] The "assets of the Plan" are Xerox stock in the Xerox Stock Fund! In an attempt to sidestep this problem, the Defendants point to statements in the Plans' Summary Plan Descriptions (SPDs) and prospectus to the effect that the Xerox Stock Fund is not actively managed, nor are its investments selected by a professional fund manager (because it only has a single stock—Xerox stock). This language does not, and legally could not, absolve the fiduciaries'

---

[2] *See id.* at 3. *See also* Plaintiffs' Reply in Support of Their Notice of Supplemental Authority Regarding *Enron ERISA Litigation* in Opposition to Defendants' Motion to Dismiss (hereinafter "Enron Reply"), at 3-4.

statutory and plan duties to prudently manage the assets of the Plan.  It is, plainly, a red herring.

Even if the SPDs somehow had said *"be careful if you invest in the Xerox Stock Fund because even if the fiduciaries find out that it has become an utterly imprudent investment, they are not responsible to take any action with respect thereto,"* the SPD still could not lawfully relieve the fiduciaries of their statutory duties of prudence.[3]  To allow fiduciaries to eliminate their responsibility by unilaterally inserting language into an SPD would make a mockery of ERISA.[4]

## II.    As in the Worldcom and Enron Plans, the Continued Offering of Xerox Stock in the Plans Was a Fiduciary Decision, Not a Settlor Decision.

Defendants' Surreply also misinterprets the WorldCom and Enron retirement plans.[5]  In WorldCom and Enron, the terms of the plans at issue provided for the offering of company stock in a similar way that the Xerox Plans do, and the defendants in those cases made, and lost, the same "settlor" arguments that the Xerox defendants are proffering.

In the WorldCom plan document, the Investment Fiduciary's duties include "the power and discretion to: (a) Establish and change the investment alternatives among which Participants may direct the investment of their accounts."  *See In re WorldCom,*

---

[3] As Plaintiffs have stated previously, the Xerox Plans' documents specifically provide for Defendants' fiduciary involvement in and management of the assets of the Plans, including the assets of the Xerox Stock Fund.  *See Enron* Reply at 3-4 & n.6.

[4] Moreover, Defendants' argument would make a mockery of ERISA in that 1) ERISA does not allow retirement funds to function in a "fiduciary-less" manner (*See Enron* Reply at 2-3 & n.3), and 2) the Xerox Plans were not exempt from the **prudence** requirements of ERISA (*See* Plaintiffs' Reply to Defendants' Response to Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss [*Kmart* and *DOL* Reply] at 2 and 5 & nn. 2, 12 & 13).

[5] *See* Enron Surreply at 1-2.

*Inc. ERISA Litigation*, No. 02-Civ. 4816 (DLC), 2003 WL 21385870 (S.D.N.Y. June 17, 2003), at *3. Thus, the WorldCom Investment Fiduciaries, like the Xerox Finance Committee and JAB, had investment authority over plan assets.

As in this case, the WorldCom defendants claimed that the terms of the WorldCom plan required inclusion of company stock as an investment option because "the SPD advised WorldCom employees that one of their investment options was to invest in WorldCom stock." *See id*. at *12. The WorldCom court rejected this argument, adding:

> Even in the context of an ESOP, which is designed to offer employees the opportunity solely to invest in the employer's stock, a fiduciary may be liable for continuing to offer an investment in the employer's securities….

*Id*. Therefore, even where a plan *does* require investment in company stock, such as in an ESOP, plan fiduciaries can be liable for following that plan dictate.[6] Thus, the WorldCom court's interpretation of the WorldCom plan fully supports Plaintiffs' argument that the Defendants cannot exempt themselves from fiduciary liability with respect to investments in the Xerox Stock Fund.

Similarly, in Enron, the Enron plan documents bestowed on the Administrative Committee authority over plan assets, and that authority led to liability. *See In re Enron Corporation Securities Derivative & "ERISA" Litigation*, 284 F. Supp. 2d 511 (S.D. Tex. 2003) at 654 (the duties of the Committee include "directing the Trustee 'as to the investment of the Trust Fund in Enron Stock'" and "designat[ing] Investment Funds, such as a Company Stock Investment Fund, and '[authorizing the termination of] the

---

[6] *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint at 14-15; *Kmart* and *DOL* Reply at 2-3.

existing Investment Funds…[and] direct[ing] the Trustee with respect to the allocation of assets to Investment Funds and with respect to transfers among such Investment Funds").

As in this case, the Enron Committee Defendants argued that the Plan documents required Enron stock to be offered as an investment option. *See, e.g.*, Trust Agreement providing that Enron stock will be one of four investment options at Article 4, attached hereto as Exhibit A. In Enron, the court accepted the Committee Defendants "settlor" argument only to a limited extent. The court stated that while some of the claims related to plan design – *i.e.*, "'allowing Savings Plan participants the ability to direct the Plan's fiduciaries to purchase' Enron stock; and 'imposing age and other restriction on the ability of the participants to direct the Savings Plan's fiduciaries to transfer Savings Plan and ESOP assets' out of Enron stock" – the court rejected the argument that a breach of fiduciary duty claim based on imprudent investment in company stock is an impermissible attack on plan design. *Id.* at 655-56. The court held that an investment fiduciary "must disregard plan documents if following their terms would be imprudent." *Id* at 670. Thus, the Enron court's interpretation of the Enron retirement plan provides additional support for Plaintiffs' argument that defendants cannot escape fiduciary liability with their "plan design" argument.

## III.    CONCLUSION

Plaintiffs' claims should not be dismissed.

DATED this 4th day of March, 2004.

GOODMAN, ROSENTHAL & MCKENNA, PC
John F. McKenna, Esq. - ct00104
977 Farmington Avenue, Suite 200
West Hartford, Connecticut  06106
Tel. 860-231-2800/Fax-860-523-9235
**Liaison Counsel**

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Laurie B. Ashton
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, Washington  98101-3052
206-623-1900 (Seattle)
602-248-0088 (Phoenix)
**Co-Lead Counsel**

SUSMAN & WATKINS
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, Illinois  60603
312-346-3466
**Co-Lead Counsel**

**Steering Committee Counsel:**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
150 North Wacker Drive, Suite 3000
Chicago, Illinois  60606

312-960-1802
BERGER & MONTAGUE, P.C.
Todd Collins
1622 Locus Street
Philadelphia, Pennsylvania  19103-6365
(215) 875-3040

SCHIFFRIN & BARROWAY
Marc A. Topaz
Joseph H. Meltzer
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

MALAKOFF Doyle & FINBERG, P.C.
Ellen M. Doyle
437 Grant Street, Suite 200
Pittsburgh, Pennsylvania  15219
(412) 481-8400

MCTIGUE LAW FIRM
Brian McTigue
Bruce Rinaldi
5301 Connecticut Ave. NW, Suite 350
Washington, D.C.  20015
(202) 364-6900

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) Master File No. 02-CV-1138 (AWT) <br> ) <br> ) <u>CLASS ACTION</u> <br> ) |
| _____ | ) |
| This Document Relates to: | ) <br> ) MARCH 4, 2004 <br> ) |
| ALL ACTIONS | ) |
| _____ | ) <br> ) |

### <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing, Plaintiffs' Sursurreply To Defendants' Surreply To Plaintiffs' Reply In Support Of Their Notice Of Supplemental Authority Regarding *ENRON ERISA Litigation* In Opposition To Defendants' Motion To Dismiss, was mailed this 4th day of March, 2004, via U.S. First Class mail, to the following counsel of record:

Charles R. Watkins, Esq.
Susman & Watkins
Two First National Plaza
Suite 600
Chicago, IL  60603

J. Brian McTigue, Esq.
Bruce Rinaldi, Esq.
McTigue Law Firm
5301 Connecticut Ave.,N.W.Ste 350
Washington, D.C.  20015

Daniel M. Harris, Esq.
Law Offices of Daniel M. Harris
150 North Wacker Drive
Suite 3000
Chicago, IL  60606
Lynn Lincoln Sarko

Michael D. Ryan
Senior Counsel
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Erin M. Riley
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Gary A. Gotto
Laurie B. Ashton
Keller Rohrback, PLC
3101 North Central Avenue, Suite 900
Phoenix, AZ  85012-2600

Joseph H. Meltzer
Marc A. Topaz
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Sherrie R. Savett
Joy Clairmont
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Ellen M. Doyle
Malakoff Doyle & Finberg, P.C.
437 Grant Street, Suite 200
Pittsburgh, PA  15219

Steven J. Sacher
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, D.C. 20005

William H. Boice
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309

Benjamin H. Green, Esq.
William J. Egan, Esq.
Brown Raysman Millstein Felder &
Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT  06103

Michael T. Hannafan & Associates,
Ltd.
One East Wacker Drive, Suite 1208
Chicago, IL  60601

_____
John M. McKenna, Esq. – ct00104
Goodman, Rosenthal & McKenna,P.C.
977 Farmington Avenue, Suite 200
West Hartford, CT 06107-2119
860-231-2800/Fax:  860-236-4824