a.   **Interest in the Action and Standing**

Defendants contend that the complaints fail to allege ownership of or an interest in Xcel securities and therefore plaintiffs lack standing. However, plaintiff Barday alleges that he is an Xcel 401(k) participant. (Barday Compl. ¶ 4.) Newcome alleges participation in the ESSOP. (Newcome Compl ¶ 5.) Banks alleges participation in the Xcel 401(k) and the ESSOP. (Id. ¶ 6.) The complaints further allege that company matching contributions are made in Xcel stock. (Barday Compl. ¶¶ 11 & 18; Newcome Compl. ¶¶ 13, 20 & 21.) Those allegations are sufficient to meet the minimal notice pleading requirements of Fed. R. Civ. P. 8. Standing and jurisdiction are conferred by ERISA, under 29 U.S.C. § 1132 and by the federal question jurisdiction statute, 28 U.S.C. § 1331.

b.   **Identification of Defendants**

Defendants contend that the complaints fail because they treat all defendants as fiduciaries but do not set forth specific facts identifying which defendants breached which fiduciary duties. It is not improper for plaintiffs to assert that each defendant is a fiduciary, since that assertion is a necessary element of plaintiffs' claims. See 29 U.S.C. § 1109. Plaintiffs allege, in straightforward fashion, that defendants are either named fiduciaries or functional fiduciaries under the

16

applicable ERISA standards. (Barday Compl. ¶¶ 11-16; Newcome Compl. at ¶¶ 13-18.) However, defendants' contention that plaintiffs fail to cite facts showing which defendants breached which duties is well-taken. The court need not accept as true purely conclusory statements in the pleadings. See Moffett v. Halliburton Energy Serv., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

Plaintiffs respond that the plan documents fail to properly identify the named fiduciaries or to identify their fiduciary responsibilities. Plaintiffs also argue that they should be afforded some latitude in pleading because ERISA's assignment of fiduciary duties on the basis of function requires the development of additional facts in discovery. See 29 U.S.C. § 1002(21) (describing as a fiduciary anyone who (1) exercises authority or control over the management of a plan or its assets, (2) renders investment advice concerning the plan, or (3) has discretionary authority to administer a plan).

In this case, the court agrees with plaintiffs. Notice pleading requires only that defendants be put on notice of the claims so that they may respond to the complaint.[4]  See

---

[4] Defendants' claim that plaintiffs cannot aver "that they lack information to plead with specificity ... [because plaintiffs] should have a summary plan for each plan in which they participated...." (Defs.' Mem. Supp. Mot. Dismiss at 15.)
(continued...)

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); see also In re Electronic Data Sys. Corp. ERISA Litig., ___ F. Supp. 2d ___ 2004 WL 253736, at *5 (E.D. Tex. Feb. 2, 2004) (noting that "courts will typically have insufficient facts at the motion to dismiss stage from which to make the law/fact analysis necessary to determine functional or named fiduciary status"). While discovery may reveal that some of the facts apply only to some of the defendants, the complaint sufficiently puts all defendants on notice of the fundamental nature of the claims.[5]

---

[4](...continued)
The court finds no merit in that argument. Defendants' assertion is a correct statement of a duty ERISA places upon them or some of them as plan administrators. 29 U.S.C. § 1021. It is not, however, a correct statement of a relevant undisputed fact.

[5] As is the case here, the court in Electronic Data Sys. was presented with plan documents attached to defendants' brief in support of its motion to dismiss. See In re Elec. Data Sys., 2004 WL 253736, at *4-5. Citing Fifth Circuit case law, the court noted that the inclusion of materials outside the pleadings did not require the court to convert the motion to a Rule 56 summary judgment proceeding because the plan documents were publicly filed, subject to judicial notice, referred to by plaintiffs and necessary to plaintiffs' claims. Id. at *4. The court also noted that it would be "inappropriate at [the motion to dismiss stage] to construe the Plan terms and make factual findings regarding the extent to which the Plan delegates or does not delegate different fiduciary duties among the defendants." Id. at *5. The court also pointed out that plaintiffs had alleged functional fiduciary status, effectively mooting the issue of plan designation for purposes of the Rule 12(b)(6) motion. Id. at *5. This court agrees with and adopts Judge Davis' reasoning in regard to both the appropriateness of appending purported plan documents to a motion to dismiss and
(continued...)

See Swierkiewicz, 534 U.S. at 513-14. On the other hand, discovery might yield no material evidence whatsoever as to some, or even all, of the defendants. Rule 56 provides the appropriate procedural mechanism in that circumstance. See Fed. R. Civ. P. 56(c).

### c. Failure to Plead with Particularity

Defendants next argue that plaintiffs fail to plead their claims with the degree of particularity required by Fed. R. Civ. P. 9(b). Some courts have applied the heightened pleading standards of Rule 9(b) to ERISA claims. See, e.g., Thorton v. Evans, 692 F.2d 1064, 1082 (7th Cir. 1982) (expressly requiring plaintiff meet Rule 9(b) pleading requirements); Shaffer v. Eden, 209 F.R.D. 460, 463 (D. Kan. 2002) (same); Vivien v. Worldcom, Inc., 2002 WL 31640557, at *7 (N.D. Cal. July 26, 2002) (same); Adamczyk v. Lever Bros. Co., 991 F. Supp. 931, 939 (N.D. Ill. 1997) (same); Lockhead v. Alcano, 662 F. Supp. 230, 234 (D. Utah 1987) (same). Other courts have been circumspect in applying Rule 9(b) to ERISA breach of fiduciary duty claims. See, e.g., In re Elec. Data Sys., 2004 WL 253736, at *11 ("not

---

[5](...continued)
the inappropriateness of making factual findings that are unnecessary at this stage of the proceedings. The court notes plaintiffs' objection to the submission of the documents and that plaintiffs do not stipulate that they are the plan instruments that were in effect during the relevant time period.

19

... every breach of a fiduciary duty to inform is a scheme to defraud"); see also, Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995), cert. dismissed, 517 U.S. 1183 (1996); Precision Vascular Sys., Inc., v. Sarcos, L.C., 199 F. Supp. 2d 1181, 1191 (D. Utah 2002) (both holding that Rule 9(b) did not apply to ERISA breach of fiduciary duty claims that involved elements of fraud or misrepresentation).

Plaintiffs are required to plead with particularity when the alleged breach of the fiduciary is the fraudulent act. See Concha, 62 F.3d at 1503. In cases where a fraud, misrepresentation or omission is alleged to have occurred but is not itself the basis of the alleged breach, Rule 9(b) is not applied. See In re Electronic Data Sys., 2004 WL 253736, at *11. Here, plaintiffs' breach of fiduciary duty claims are premised on defendants' failure to act in light of the adverse circumstances that were hidden by the fraudulent conduct. Defendants' duty to act arose as a result of the adverse conditions, not the alleged fraud. Thus, defendants' liability, if any, is based upon a different kind of duty than was owed by the securities fraud defendants to the plaintiffs in that case. In short, plaintiffs do not claim they have been defrauded and Rule 9(b) does not apply in these circumstances.

    d.   **Presumption of Prudence for ESOPs**

Defendants assert that the presumption of prudence afforded to an ESOP's investment in company stock also creates a heightened pleading burden that plaintiffs have failed to meet. Given that one of an ESOP's purposes is to allow employees to acquire equity in their employer's business, several courts have found a presumption of prudence in a fiduciary's investment of plan assets in company stock. See Moench v. Robertson, 62 F.3d 553, 571 (3d Cir. 1995); Kuper v. Iovenko, 66 F.3d 1447, 1459 (6th Cir. 1995); Lalonde v. Textron, Inc., 270 F. Supp. 2d 272, 280 (D.R.I. 2003); In re McKesson HBOC, Inc. ERISA Litig., 2002 WL 31431588, at *6 (N.D. Cal. Sept. 30, 2002). However, presumptions are evidentiary standards that should not be applied to motions to dismiss. See Swierkiewicz, 534 U.S. at 510-14. Under the liberal pleading standards of Fed. R. Civ. P. 8(a), plaintiffs are not required to plead every fact necessary to set forth a prima facie claim.[6] Id. at 511. Plaintiffs' claims do not fail on this basis.

e. **No Relief Available For Claims As Pleaded**

Defendants next complain that plaintiffs' claims are not

---

[6] Moreover, the application of the presumption of prudence to an ESOP fiduciary's investment in company stock merely requires plaintiffs to allege that continued investment in the company stock constituted an abuse of discretion in light of the circumstances. See In re McKesson, 2002 WL 31431588, at *6. Plaintiffs have alleged exactly that. (Barday Compl. at ¶¶ 84-85; Newcome Compl. at ¶¶ 87-88.)

appropriately brought under ERISA. Defendants correctly note that 29 U.S.C. § 1132(a)(2) affords relief to an ERISA plan as a whole, not to individual plan participants. See Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985). Their contention seems to be that plaintiffs seek individual relief that is not allowed under ERISA.

The complaints clearly demonstrate otherwise, as each purports to seek relief on behalf of the respective plans. (Barday Compl. ¶ 1; Newcome Compl. ¶ 1.) Further, the complaints are brought under both § 1132(a)(2) and (3). Section 1132(a)(2) permits a plan participant to bring an action for breach of fiduciary duty to restore losses to the plan. See Mass. Mut., 473 U.S. at 142 n.9. Section 1132(a)(3) permits a plan participant to seek injunctive or equitable relief for violations of the subchapter or of a plan directive. See Bugher v. Feightner, 722 F.2d 1356, 1358 (7th Cir. 1983). As a matter of pleading under Fed. R. Civ. P. 8, plaintiffs have asserted legal claims for which relief can be granted.

   **f.  Defendants Were Not Acting as Fiduciaries**

To adequately assert claims of breach of fiduciary duty, plaintiffs must allege that defendants were fiduciaries acting in a fiduciary capacity. See 29 U.S.C. § 1002(21); Mertens, 508 U.S. at 262. Defendants argue, inter alia, that they were not

22

acting as fiduciaries, that the company is the designated fiduciary, that individuals on committees with fiduciary responsibility such as the Finance Committee were not acting in an individual capacity and that the Finance Committee was responsible only for oversight. These arguments deny factual allegations rather than challenge the sufficiency of the pleadings. Therefore, the court finds them unavailing in the context of the present motion.

Plaintiffs allege that each defendant was acting as a fiduciary with respect to some or all of the factual assertions in the complaints. (Barday Compl. ¶¶ 11-17; Newcome Compl. ¶¶ 13-18.) Because the factual assertions in the complaint must be taken as true and afforded every reasonable inference, defendants' objection fails. See Hishun v. King & Spalding, 467 U.S. 69, 73 (1984). Further, it would be "premature to determine a defendant's fiduciary status at the motion to dismiss stage of the proceedings," because a determination of fiduciary status based on function is a "mixed question of law and fact." Elec. Data Sys., 2004 WL 253736, at *5. Finally, "'fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives.'" Id. (quoting In re Enron, 284 F. Supp. 2d at 544). Thus, the court finds that plaintiffs have sufficiently pleaded fiduciary status.

23

### g.   Plan Design is Not a Fiduciary Function

Defendants argue that such plan elements as the requirements that ESOP funds be invested in company stock, that participants be restricted from trading in the ESOP until the age of fifty-five and that company stock be offered as an option in the non-ESOP portion of the plan are plan design decisions that are not subject to ERISA's fiduciary standards.  It is well settled that plan design, as opposed to plan administration, is not a fiduciary function.  Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 444 (1999).

Plaintiffs do not assert that the plan on its face violates a fiduciary duty, as such an assertion would be absurd.  Rather, plaintiffs argue that defendants' subsequent action or inaction falls within ERISA's fiduciary rubric.  Plaintiffs agree that the company was free to design the plan in any manner consistent with ERISA.  See Averhart v. U.S. West Mgmt. Pension Plan, 46 F.3d 1480, 1488 (10th Cir. 1995).  They also agree that there is no general duty to diversify an ESOP.  However, when the failure to do so is not in the best interest of beneficiaries, a fiduciary may be in breach.  See Eaves, 587 F.2d at 459.  Nor can a fiduciary blindly follow plan directives to the obvious detriment of the beneficiary.  See 29 U.S.C. § 1104(a)(1)(D) (stating that fiduciary must comply with plan instruments only

to the extent that they are consistent with the other provisions of § 1104, including the duties of loyalty and prudence). Plaintiffs also argue that defendants had an affirmative duty to disclose after they became aware of material adverse information about the true value of the stock. Since plaintiffs do not challenge the initial design of the plans, defendants' argument is unavailing.

### h. No Breach of Fiduciary Duty

Defendants next assert that even if they could be construed as plan fiduciaries, their actions did not constitute a breach of duty. First, defendants contend that their fiduciary duties do not obligate them to violate the securities laws. They argue that to have revealed the adverse information to plaintiffs apart from the market at large or to have selectively acted upon that information to the plans' benefit could have constituted illegal insider trading. Second, defendants argue that it was not a breach to invest and to continue to invest in Xcel stock. Third, defendants note that individual account plans may be exempt from the statutory diversification requirement. See 29 U.S.C. § 1104(a)(2). Finally, defendants again argue that plaintiffs have failed to overcome the presumption of prudence attaching to decisions to invest ESOP funds in company stock.

The court has previously addressed all but the first of

25

these arguments and will not repeat its conclusions here. As to defendants' insider trading argument, the court joins those courts holding that ERISA plan fiduciaries cannot use the securities laws to shield themselves from potential liability for alleged breaches of their statutory duties. See In re Elec. Data Sys., 2004 WL 253736, at *12; In re Enron, 284 F. Supp. 2d 511, 565. As Judge Harmon commented:

> As a matter of public policy, the statutes should be interpreted to require that persons follow the laws, not undermine them. They should be construed not to cancel out the disclosure obligations under both statutes or to mandate concealment, which would only serve to make the harm more widespread; the statutes should be construed to require, as they do, disclosure by [company] officials and plan fiduciaries of [the company's] concealed, material financial status to the investing public generally, including plan participants, whether 'impractical' or not....

In re Enron, 284 F. Supp. 2d at 565-66. Therefore, defendants' motion will not be granted on the basis of the insider trading argument.[7]

---

[7] Defendants' tender a related argument alleging that plaintiffs cannot show that the alleged breaches of duty caused harm to the plan. In the context of the insider trading argument, defendants assert that an earlier public disclosure of the adverse information would have resulted in the same decline in stock value, so that the purported breach could not have been the proximate cause of any harm to the plans. The court addresses the cause argument below.

### i.   No Duty to Disclose

Defendants argue that the only disclosures required by ERISA are those mandated in sections 1021-1026.  Defendants contend that they had no duty to disclose negative information about the company's financial condition.  See Uselton v. Commercial Lovelace Motor Freight, Inc., 940 F.2d 564, 581-82 (10th Cir. 1991); see also Bd. of Trs. of the CWA/ITU Negotiated Pension Plan v. Weinstein, 107 F.3d 139, 143-46 (2d Cir. 1997) (holding that ERISA does not mandate disclosure of all information that could conceivably be beneficial to plan participants).

However, a number of courts have held that a fiduciary's duty to disclose goes beyond the specific matters identified in sections 1021-1026 and is not triggered only by a specific inquiry.  See Varity, 516 U.S. at 506 (suggesting but not deciding that the duty to disclose extends beyond sections 1021-1026); Jordan v. Fed. Express Corp., 116 F.3d 1005, 1012-14 (3d Cir. 1997); Shea v. Esensten, 107 F.3d 625, 628 (8th Cir. 1997), cert. denied, 522 U.S. 914 (1997); Glaziers & Glassworkers, 93 F.3d at 1181; Neuma, Inc. v. E.I. Dupont de Nemours & Co., 133 F. Supp. 2d 1082, 1085 (N.D. Ill. 2001).  The law of disclosure under ERISA is both controversial and evolving.  See In re Enron, 284 F. Supp. 2d at 555.  For that reason, the issue is more amenable to resolution on a motion for summary judgment

after discovery has shed further light on the facts and circumstances of the case.

    j.   **No Showing of Causation or Reliance**

Defendants argue that plaintiffs fail to allege that they relied upon omissions or misrepresentations to their detriment. Defendants also argue that plaintiffs cannot show that the alleged misrepresentations or omissions caused their harm because an earlier public disclosure would have resulted in the same market correction that ultimately reduced the value of Xcel stock.

Defendants' may misapprehend the nature of plaintiffs' complaint and the requirements of Fed. R. Civ. P. 8. First, plaintiffs specifically allege harm to the plan stemming from the various breaches of duty asserted in the complaints. (Barday Compl. at ¶ 81; Newcome Compl. ¶ 84.) Second, plaintiffs offer the omissions and misstatements as indicia of defendants' failure to take affirmative steps to protect the plan in breach of the duties of prudence and loyalty and the duty to disclose. By its terms, ERISA requires that the alleged losses result from the breach. 29 U.S.C. § 1109(a). Plaintiffs allege exactly that. Rule 8 requires nothing more. See Fed. R. Civ. P. 8(a); Swierkiewicz, 534 U.S. at 512.

    k.   **No Application of 29 U.S.C. § 1104(c)**

28

Defendants complain that plaintiffs' references to 29 U.S.C. § 1104(c) are inappropriate. That section allows plan fiduciaries to avoid liability for breach where plan participants exercised control over assets in individual accounts. See 29 U.S.C. § 1104(c)(1)(B). Defendants contend that section 1104(c) provides an affirmative defense that they have not raised at this point in the litigation. The court agrees and accordingly it has not applied that section in its consideration of the present motion.

## CONCLUSION

Based on the files and pleadings in this matter, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss are granted in part and denied in part. The motions are granted inasmuch as Count II of the complaint in <u>Barday v. Xcel Energy, Inc. et al.</u>, Civil No. 03-2219 and Count II of the complaint in <u>Newcome & Banks v. Xcel Energy, Inc. et al.</u>, Civil No 03-2218, are dismissed. Defendants' motions are denied in all other respects.

    2.    This order shall be docketed in Master File No. 02-2677 and in files 03-2218 and 03-2219.

Dated:   March 10, 2004

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court