UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re XEROX CORPORATION ERISA LITIGATION

This Document Relates To:

ALL ACTIONS

Master File No. 02-CV-1138 (AWT)

CLASS ACTION

April 20, 2004

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Once again, this Court is presented with recent ERISA opinions that, contrary to plaintiffs' self-serving assertions, further illustrate that the facts are crucial in determining the viability of plaintiffs' claims in this case. Once again, plaintiffs' mischaracterize both the meaning and the import of the cited supplemental authority. Therefore, once again, there is a yawning chasm between the authority cited and the conclusions plaintiffs urge upon this Court.

1.  **Supplemental Authority Inapposite.**

    The design of the Xerox Plans differs significantly from the plans addressed in the supplemental authority[1] in three very significant ways: (1) the company stock funds in those

---

[1] *In re Sears, Roebuck & Co. ERISA Litigation* ("*Sears*"), 2004 WL 407007 *4 (N.D. Ill. 2004); *In re Electronic Data Systems, Corp.* ("*EDS*"), 2004 WL 253736 *8 (E.D. Tex. 2004); and *In re Xcel Energy, Inc., Securities Derivative and ERISA Litigation* ("*Xcel*"), ___F. Supp. 2d ___ (D. Minn. Mar 10, 2004) (No. Civ. 02-2677 DSD/FLN, 03-2219, MLD No. 1511, 03-2218).

HARTFORD 84925v2

cases were ESOPs,[2] each of which was part of a 401(k) plan (the Xerox Stock Fund, while an investment option under a 401(k) plan, is not an ESOP); (2) the ESOPs at issue in *Sears*, *EDS* and *Xcel* were not participant directed in large part (the Xerox Stock Fund is entirely participant directed); and (3) investment in the ESOPs was largely mandatory (while investment in the Xerox Stock Fund is entirely at each participant's discretion). These fact distinctions are dispositive in determining the application of the law.[3] The opinions in *Sears*, *EDS* and *Xcel* are based on a fundamentally different plan design than the design of the Xerox Plans and thus provide no support for plaintiffs' position in this case.[4]

The significance of these distinctions was first articulated in the Memorandum in Support of Defendants' Motion to Dismiss ("Memorandum") and has been reiterated in subsequent briefs. First, no defendant exercised any authority or control[5] with respect to investment in Xerox stock. *See, e.g.*, Memorandum, pp. 11-13; Defendants' Reply to

---

[2] Capitalized terms not otherwise defined herein have the meanings assigned in the Memorandum in Support of Defendants' Motion to Dismiss Consolidated Amended Complaint.

[3] *See* Defendants' Response to Notice of *Rankin v. Rots, et al.* ("*Kmart*").

[4] Fact differences are important in 401(k) company stock cases. For example, see *In re Dynegy, Inc. ERISA Litigation*, 2004 WL 540529 *30 (S.D. Tex.) (holding that "[t]he Enron court's analysis shows that the Enron plan was not, as plaintiff asserts, identical to the Dynegy plan. Because the terms of the plans differ, the court is not persuaded that plaintiff's allegations warrant the conclusion reached in Enron.").

[5] *See* 29 U.S.C. § 1002(21)(A)(i) (ERISA definition of person who is a fiduciary due to management of plan assets.). As defendants noted in their Memorandum, the definition is "functional." *See* Memorandum, p. 7. Being a fiduciary for one purpose does not make one a fiduciary for a different purpose. Moreover, a person may be a fiduciary with respect to some investments but not with respect to other investments, and may be a fiduciary for one aspect of investment management, but not for another aspect of investment management. *See, e.g.*, 29 C.F.R. § 2509.94-2(1) (voting of proxies is a fiduciary act; where one fiduciary is responsible for decisions about buying and selling but another fiduciary has retained power to direct the trustee on voting proxies, first fiduciary not responsible for consequences of proxy vote). *See also Sears*, at 4 (providing "an entity may be a an ERISA fiduciary for some purposes, but not others"); *EDS*, at 4 (providing "a person is a fiduciary only with respect to those aspects of the plan over which he exercises actual authority or control").

Plaintiffs' Opposition to Defendants' Motion to Dismiss Consolidated Amended Complaint ("Reply"), pp. 2-4. At all relevant times, the terms of the Plan documents required that Xerox stock be made available to participants as an investment alternative and empowered each participant to direct purchases and sales for his Plan account. *See* Memorandum, pp. 2-3. The terms of the Plan documents did not assign to any defendant fiduciary responsibility for investment in Company stock, and a person is not a fiduciary with respect to an investment under ERISA unless the person is responsible for the investment under the terms of the plan documents or the person exercises authority or control over the investment.[6] Thus, in each case noticed by plaintiffs, the courts' discussion of fiduciary capacity incorporates and endorses the functional nature of fiduciary status under ERISA, i.e., an individual is a fiduciary only *to the extent* that he acts in a manner described in the ERISA definition of fiduciary. This proposition is a key point that defendants have advanced since the inception of this lawsuit.

## 2. Plaintiffs' Allegations as to Fiduciary Capacity are Conclusory.

Secondly, in an attempt to obscure the fact that no defendant is a fiduciary with respect to investment in the Xerox Stock Fund, plaintiffs creatively interpret *Sears*, *EDS* and

---

[6] *See* Memorandum at 3, 12; and 29 U.S.C. § 1002(21)(A)(i). Plaintiffs' briefs may be interpreted as positing plenary investment responsibility in every named fiduciary. As to this position, defendants respectfully invite the Court's attention to the precise language of the "named fiduciary" provision of ERISA, 29 U.S.C. § 1102(a)(2), which limits "named fiduciary" status solely to those who are encompassed within the fiduciary definition. Plaintiffs apparently read this provision as if the word "fiduciary," the first time it appears, were "person." But when Congress wanted to use "person" in ERISA, it certainly knew how to do so. *See, e.g.*, 29 U.S.C. 1002 §§ 1002(9), 1002(14)(B) and 1002(14)(H). *See also Herman v. NationsBank & Trust Co. ("NationsBank")*, 126 F.3d 1354, 1365 (11th Cir. Ga. 1997): "According to [the definition in 29 U.S.C. § 1102(a)(2)] a person may not be a named fiduciary in a given situation unless . . . he meets ERISA's definition of a fiduciary. . . ."

3

*Xcel* to convince this Court that their conclusory allegations of fiduciary capacity as to each defendant are sufficient to withstand defendants' motion to dismiss. But plaintiffs overlook key facts underlying the courts' conclusions in all three noticed decisions. For example, the courts in *Sears* and *EDS* emphasized that the express terms of the plan in each case designated the defendants as fiduciaries responsible for investment in company stock,[7] while the court in *Xcel* determined that an extenuating circumstance – failure of the plan documents to identify the fiduciaries or define the scope of their authority – justified conferring latitude on plaintiffs with respect to pleading.[8] However, the *Xcel* court recognized that generally a court need not accept as true purely conclusory statements in the pleadings.[9]

### 3.    Fiduciary Duty of Disclosure.

Third, defendants' repeatedly have noted that none of them had or assumed any duty to provide investment advice.[10] Imputing a duty of disclosure where none exists, plaintiffs direct the Court to the supplemental authority while, yet again, overlooking the fact

---

[7] *Sears*, at *3-5; and *EDS*, at *5-7.

[8] *Xcel*, at 17

[9] *Ibid.*

[10] Defendants have previously explained that the kind of disclosure plaintiffs insist should have been made – as to the "soundness" and "prudence" of investing in the Xerox stock fund – would, if made, have saddled defendants with yet another aspect of fiduciary responsibility, providing investment advice as defined in section 3(21)(A)(ii) of ERISA. Plaintiffs' wishes to the contrary notwithstanding, fiduciary status is not magically conferred, *post hoc*, at plaintiffs' whim and caprice. To be a fiduciary by virtue of providing investment advice, one must either actually provide investment advice or have authority under the plan to do so. Neither of these conditions is met for any defendant in this case. *See* Memorandum, at 3-4, 7-9, 12, 15-16 & 19; Defendants' Response to Notice of In re Worldcom, Inc., at 1-3 & 4; Defendants' Response to Notice of Kmart (*Rankin v. Rots, et al.*), at 2 & 5-8; Defendants' Response to Notice of Enron ERISA Litigation, at 2-3, 4 & 5; and Defendants' Surreply to Notice of Enron ERISA Litigation, at 1-3. *See also NationsBank* at 1366: "If ERISA did not limit the definition of fiduciaries to those with knowledge of their authority and discretion, then persons or entities could become subject to fiduciary liability without notice. Such a result would not only be unfair, but it would also disserve a core purpose of ERISA, which is to create a system whereby accountable fiduciaries are motivated by their accountability to protect the interests of participants in ERISA plans."

allegations that underlie the courts' conclusions. But in both *Sears* and *EDS*, the courts noted that the plans' provisions contained express grants of authority creating a duty to disclose.[11] And contrary to the implication of plaintiffs' recitation of *Xcel*, that court actually held that the disclosure claim was nothing more than a disguised allegation of a breach of the general fiduciary duties under Section 404(a) of ERISA and dismissed it as duplicative.[12]

4. **Defendants Had No Duty to Monitor One Another With Respect to Investment in Xerox Stock.**

Finally, plaintiffs rely on *Sears*, *EDS* and *Xcel* to support their claim that defendants breached a duty they had to monitor one another in connection with participants' investment in Xerox stock. But as defendants have previously noted, co-fiduciary liability is derivative — it exists only if a person has the alleged fiduciary authority and breaches his duties. No defendant in *Xerox* had or exercised authority or control with respect to investment in the Xerox Stock Fund and, therefore, none can be liable for failing to monitor another fiduciary regarding investment in that Fund.[13]

---

[11] *Sears*, at *2 (citing Section 1.3 of the Sears plan); *and EDS*, at *12 (quoting Section 9.12(c) of the EDS plan).

[12] *Xcel*, at 15.

[13] *See* Memorandum, at 12-13, 15-16 & 18-19; Defendants Response to *In re Worldcom, Inc.*, at 2-3 & 4; Defendants' Response to Notice of *Kmart*, at 2 & 6-8; Defendants' Response to *Enron ERISA Litigation*, at 1-6; *and* Defendants Surreply to Notice of *Enron ERISA Litigation*, at 1-3.

## CONCLUSION

*Sears, EDS and Xcel* are no more supportive of plaintiffs' position in this case than are any of the other decisions they previously noticed to this Court's attention, and their insistence on comparing apples to oranges breeds confusion rather than fostering elucidation.

Defendants have not addressed here every one of the points asserted by plaintiffs' most recent motion because some of them are inconsequential and all have been briefed exhaustively. Defendants once again emphasize that a point not addressed is not to be interpreted as an indication of acquiescence to any of plaintiffs' arguments.


Respectfully submitted,

_____
Benjamin H. Green (ct2332)
William J. Egan (ct07975)
Brown Raysman Millstein
Felder & Steiner LLP
Cityplace II
185 Asylum Street
Hartford, CT 06103
(860) 275-6400

Steven J. Sacher (ct 24024)
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, DC 2005-2018
(202) 508-5800

Attorneys for all Defendants
Except Ms. Myra Drucker

HARTFORD 84925v2

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all counsel of record on this 20th day of April, 2004, postage prepaid and properly addressed to:

John F. McKenna
**Goodman, Rosenthal & McKenna, PC**
68 South Main Street
West Hartford, CT 06106
**Liaison Counsel for Plaintiffs**

Daniel M. Harris
**Law Offices of Daniel M. Harris**
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
**Co-Counsel for Plaintiffs**

Joseph H. Meltzer
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
**Co-Counsel for Plaintiffs**

Michael D. Ryan
Senior Counsel
**Xerox Corporation**
800 Long Ridge Road
Stamford, CT 06904
**In-House Counsel for Xerox**

J. Brian McTigue
Bruce F. Rinaldi
**McTigue Law Firm**
5513 Connecticut Avenue, Suite 220
Washington, D.C. 20014
**Counsel for Plaintiff**

Charles R. Watkins
John R. Wylie
**Susman & Watkins**
Two First National Plaza, Suite 600
Chicago, IL 60603
**Co-Lead Counsel for Plaintiffs**

Gary Gotto
Laurie Ashton
**Dalton, Gotto, Samson & Kilgard**
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600
**Co-Counsel for Plaintiffs**

Sherrie R. Savett
Stuart Guber
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
**Co-Counsel for Plaintiffs**

Derek W. Loeser
Lynn Sarko
Erin Riley
**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
**Co-Lead Counsel for Plaintiffs**

Steven J. Sacher
**Kilpatrick Stockton LLP**
607 – 14th Street, N.W.
Suite 900
Washington, DC 20005-2018
**Counsel for Defendants**

Michael T Hannafan
**Michael T. Hannafan & Associates, Ltd.**
One East Wacker Drive, Suite 1208
Chicago, Il 60601
(312)527-0055
**Counsel for Defendant Myra R. Drucker**

_____
William J. Egan