**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION | ) Master File No. 02-CV-1138 (AWT) |
| | ) <u>CLASS ACTION</u> |
| | ) |
| | ) |
| | ) |
| This Document Relates to: | ) |
| ALL ACTIONS | ) MAY 13, 2004 |
| | ) |
| | ) |
| | ) |

**<u>PLAINTIFFS' REPLY RE: FOURTH NOTICE OF SUPPLEMENTAL
AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

**I. INTRODUCTION**

Contrary to Defendants' oft-repeated protests, Plaintiffs' claims are based on

familiar ERISA principles repeatedly applied in the growing body of decisions recognizing that plan participants have valid claims when their retirement funds are imprudently invested in employer stock. The most recent of these opinions submitted by Plaintiffs, *Sears*,[1] *Xcel*[2] and *EDS*,[3] involve facts and arguments that are not unique, as Defendants claim, but instead are directly analogous to the case presently before this Court and fully support the validity of our claims.

## II. DISCUSSION

**A.   Defendants Cannot Distinguish the Supplemental Authorities Presented.**

Defendants confuse the facts underlying these opinions. First, while the *Sears*, *Xcel*, and *EDS* plans may contain what the defendants characterize as an "ESOP" component for employee matching contributions, all three plans also include a participant-directed component, one of the investment options of which is company stock. For example, the *Sears* court described the plan, in part, as follows:

*Specific Plan Provisions*

The Plan allows eligible employees to contribute to the Plan through payroll deductions. Participants may then direct their investment into one or more of several funds available under the Plan. One of the available funds is the Company Stock Fund.

---

[1] Judge Darrah's Memorandum Opinion and Order in *In re Sears, Roebuck & Co. ERISA Litigation*, No. 02-C-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004) ("Sears"), is attached as Exhibit A to Plaintiffs' Motion for Leave to File Supplemental Authority in Opposition to Motion to Dismiss ("Motion").

[2] Judge Doty's Order in *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*, No. 02-2655 (D. Minn. March 10, 2003) ("Xcel"), is attached as Exhibit B to Plaintiffs' Motion.

[3] Judge Davis' Practice and Procedure Order No. 5 in In re Electronic Data Systems Corp. "ERISA" Litigation, No. 6:03-MD-01512, 2004 WL 253736 (E.D. Tex. Feb. 2, 2004) ("EDS"), is attached as Exhibit C to Plaintiffs' Motion.

*Sears*, 2004 WL 409007, at *2.  Similarly, the *Xcel* court stated:

> The plans at issue in this litigation are the Xcel 401(k) and the ESOP. . . . Each of the plans includes an ESOP component and a non-ESOP component. . . . The non-ESOP components of the plans allow participants to contribute a portion of their pay to various investment funds, including an Xcel stock fund, on a pre-tax basis to provide for retirement. Participants choose the fund or funds in which their contributions are to be invested.

*Xcel* at 4.  Finally, the *EDS* court explained:

> EDS' business risks are relevant because EDS' stock value affected Plaintiffs' interests in the EDS 401(k) retirement plan ("Plan"). The Plan is allegedly an "eligible individual account plan" under ERISA which allows EDS employees to contribute up to 20 percent of their income into one or more various investment options. One of the offered investment options was the EDS Stock Fund, which invested up to 99 percent of its assets in EDS stock. Not only did the Plan offer the EDS Stock Fund as an investment option, but whenever EDS made matching contributions on employee investments, those matching contributions were invested in the EDS Stock Fund.

*EDS*, 2004 WL 253736, at *2.  Thus, contrary to Defendants' claims, none of these plans are "based on a fundamentally different plan design" that would detract from the precedential value of the respective opinions.  *See* Defendants' Response to Plaintiffs' Fourth Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss ("Response") at 2.

Moreover, in all three of these cases, the courts rejected arguments that defendants were entitled to an insurmountable presumption that their actions with respect to plan holdings of company stock in the ESOP component of the plans were prudent. *Sears*, 2004 WL 407007, at *4-5; *Xcel* at 21; *EDS*, 2004 WL 253736, at *8.  Indeed,

rather than holding plaintiffs to a heightened pleading standard for ESOPs, the *Xcel* and *EDS* courts treated claims relating to the ESOP and participant directed components of the plans in exactly the same manner. *Xcel* at 21; *EDS*, 2004 WL 253736, at *9.[4] The Xerox Defendants' attempt to argue that the participant-directed portion of the Plans are somehow exempt from these holdings is wholly unpersuasive.

First, as we have repeatedly established, ERISA does not permit an employer-sponsored, tax-advantaged retirement plan to function in a "fiduciary-less" manner.[5] Second, plans such as the Xerox Plans that are authorized to invest in employer securities are not thereby exempt from the *prudence* requirements of ERISA.[6] Third, irrespective of who controlled the investments in Xerox stock under the Plans, Defendants had a fiduciary duty to refrain from offering plan participants *imprudent* investment alternatives.[7] The fact that Defendants breached this duty does not exempt them from it. Plaintiffs have addressed these and the related issues on several occasions in prior briefing and will not elaborate any further here.

**B.    Defendants' Duty to Disclose.**

Defendants' argument that Plaintiffs' disclosure claims are based on a breach of a "duty to provide investment advice" (Response at 4) completely misconstrues Plaintiffs' claims, which are not based on a "failure" to provide investment advice. *See, e.g.,*

---

[4] The *Sears* court held that even with application of the heightened evidentiary standard sought by defendants, plaintiffs stated claims against the plan fiduciaries for breach of their duties under ERISA. *Sears*, 2004 WL 407007, at *4-5.

[5] *See* Opposition Memorandum at 5; Kmart Reply at 3.

[6] *See* Opposition Memorandum at 11, 13-15; Kmart Reply at 2.

[7] *See* Opposition Memorandum at 11, 13-15; Kmart Reply at 2, 4.

Opposition Brief at 25-27; Kmart Reply at 6-7. Plaintiffs' disclosure claims are based on Defendants' failure to provide timely, accurate, complete information to their beneficiaries. Defendants misread the supplemental authorities in arguing to the contrary. For example, Defendants' position is that the *Sears* opinion was based on a finding that the plan expressly imposed upon fiduciaries a duty of disclosure. *See* Response at 5; *Sears*, 2004 WL 407007, at *6. But the *Sears* holding was not based on such a finding. Rather, the *Sears* holding was in response to an argument that is identical to the one the *Xerox* Defendants make here: that "absent a specific ERISA requirement mandating a duty to disclose pertinent information, the fiduciary duty provisions of ERISA do not require a plan sponsor to disclose non-public information." *Sears*, 2004 WL 407007, at *6; Response at 4 n.10. The *Sears* court swiftly rejected this argument. *Id.*

Nor was the *EDS* court's holding based solely on the plan language requiring fiduciaries to "furnish or cause to be furnished *to each other Fiduciary* all information needed for the proper performance of such Fiduciary duties." *EDS*, 2004 WL 253736 at *12 and n.22 (emphasis supplied). Rather, the court in *EDS* also relied on the Plaintiffs' allegations of *de facto* fiduciary status and obligations, which are essentially similar to Plaintiffs' allegations here, in finding that the *EDS* plaintiffs had stated a claim for breach of the duty to disclose. *Id*. at *12. And the *Xcel* court, finding (at page 15) that allegations of the duty to disclose were encompassed in the overarching breach of fiduciary duty claims previously sustained, also pointed out that resolution of allegations of breach of the duty to disclose "is more amenable to resolution on a motion for

summary judgment after discovery has shed further light on the facts and circumstances of the case." *Xcel* at 27-28. Thus, *Sears*, *EDS* and *Xcel* are not distinguishable and instead reinforce the arguments previously made by the *Xerox* Plaintiffs and the authorities the *Xerox* Plaintiffs have cited.

C.  **Plaintiffs' Claims are Properly Pleaded.**

Defendants once again argue that the Plaintiffs have failed to allege Defendants' fiduciary status with the requisite specificity. Response at 3-4. This is not the case and Plaintiffs have already addressed these charges at length.[8] All three supplemental authorities fully support Plaintiffs' arguments. *Sears*, *Xcel*, and *EDS* all reject pleading arguments that are nearly identical to the arguments the *Xerox* Defendants make here. *See*, for example, *Sears*, 2004 WL 407007, at *4 (determination of fiduciary status is premature on a motion to dismiss); *id.* at 5-6 (even under the heightened standard urged by defendants, misrepresentation claims sustained); *id.* at *7 ("Plaintiffs only need to place defendants on notice of the claims."); *Xcel* at 16-19 (plaintiffs met the requisite notice pleading standards for alleging fiduciary status); *EDS*, 2004 WL 253736, at *5 (plaintiffs far exceeded the minimum threshold for pleading fiduciary status). Defendants' attempts to distinguish *Sears* and *EDS* because their plans specifically named defendants as fiduciaries are pointless. Being named as a fiduciary is only one way to become a fiduciary. There are others, as well, and Plaintiffs have pleaded them.

---

[8] *See* Complaint ¶¶ 16-21, 23, 27, 37, 42, 44-49, 159; Opposition Memorandum at 2, 6-10, 21-22, 39; Kmart Reply at 6-7.

**D.    Defendants' Monitoring Argument Continues to Fail.**

Defendants' further efforts to minimize the scope of the monitoring claims alleged in Plaintiffs' Count III are equally unpersuasive.  The fiduciary duty to monitor encompasses a direct, separate and distinct fiduciary duty,[9] the breach of which may give rise to co-fiduciary liability and to direct liability.  The breach of the duty to monitor is by no means limited to co-fiduciary liability.  *See* Complaint ¶¶ 158-165.  The fact remains that Plaintiffs have stated claims for direct *and* co-fiduciary liability.

### III.  CONCLUSION

As the majority of courts who have addressed these issues continue to recognize, ERISA plan fiduciaries cannot offer as a retirement investment option to their employees stock that the fiduciaries know or should know is an imprudent investment.  Nor can ERISA fiduciaries provide other fiduciaries and participants with incomplete and inaccurate information regarding the stock.  Plaintiffs sufficiently state claims for relief under ERISA, and Defendants' Motion to Dismiss should be denied.

DATED this 13th day of May, 2004.

Respectfully Submitted By

                      Goodman, Rosenthal & McKenna, PC
                      John F. McKenna, Esq. - ct00104
                      68 South Main Street
                      West Hartford, Connecticut  06106
                      860-231-2800/Fax 860-523-9235
                      **Plaintiffs' Liaison Counsel**

---

[9] *See also Sears*, 2004 WL 407007, at *7; *EDS*, 2004 WL 253736, at *9-10; *Xcel* at 11-12.

Keller Rohrback L.L.P.
Lynn Lincoln Sarko
Laurie B. Ashton
Elizabeth A. Leland
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
206-623-1900 (Seattle)
602-248-0088 (Phoenix)
**Plaintiffs' Co-Lead Counsel**

Susman & Watkins
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, Illinois 60603
312-346-3466
**Plaintiffs' Co-Lead Counsel**

**Plaintiffs' Steering Committee Counsel:**

Law Offices of Daniel M. Harris
Daniel M. Harris
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
312-960-1802

Berger & Montague, P.C.
Todd Collins
1622 Locus Street
Philadelphia, PA 19103-6365
(215) 875-3040

Schiffrin & Barroway
Marc A. Topaz
Joseph H. Meltzer
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

Malakoff Doyle & Finberg, P.C.
Ellen M. Doyle
437 Grant Street, Suite 200
Pittsburgh, PA 15219
(412) 481-8400

McTigue Law Firm
Brian McTigue
Bruce Rinaldi
5513 Connecticut Ave., Suite 2200
Washington, D.C. 20015
(202) 364-6900