UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re XEROX CORPORATION ERISA
LITIGATION

Master File No. 02-CV-1138 (AWT)

CLASS ACTION

This Document Relates To:

ALL ACTIONS

### DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY RE: PLAINTIFFS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Having run out of substantive arguments based on fact and law, plaintiffs in their "Reply Re: Fourth Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss" ("Reply") now erect several strawmen and proceed to beat on them.

**Strawman 1: That Defendants Maintain That a "Fiduciary-Less" Plan is Permissible.**

First, plaintiffs characterize Defendants as advocating "fiduciary-less" plans and inform this Court that ERISA does not permit a plan that functions in a fiduciary-less manner.[1] But the Xerox Plans are not fiduciary-less, and defendants have never said they are or asserted that they should be. However, as defendants have pointed out repeatedly, ERISA does not require that some fiduciary be responsible for every aspect of a plan. The statute *requires* only that a plan must have one or more named fiduciaries (a named fiduciary is a person who is a fiduciary *and* is named as such in the plan or is selected as such pursuant to a procedure in the plan.[2]

---

[1] Reply, p. 3

[2] *See* Section 402(a) of ERISA, 29 U.S.C.§ 1102(a).

The support plaintiffs offer for their position that *some* defendant must be responsible as a fiduciary for the Xerox Stock Fund is not impressive.[3] They cite themselves (their Opposition Memorandum and their *Kmart* Reply) and the statute, but their assertion in their Opposition Memorandum that section 403(a) of ERISA,[4] requires a fiduciary responsible for each aspect of plan investments is incorrect. Section 403(a) addresses the ERISA "default" rule of asset management (discretion in trustee) and two exceptions to that rule (trustee directed by a named fiduciary; investment manager given discretion). It does not purport to state a rule that every aspect of asset management be presided over by a fiduciary. Indeed, in light of section 404(c) and the settler function doctrine, section 403(a) cannot possibly have the meaning plaintiffs ascribe to it.

Plaintiffs position on this, as on other aspects of their claims, appears to stem from a belief that the statute was drafted with the intent of guaranteeing investment performance with the assets of the plan sponsor, its officers, and its directors. But as courts have observed repeatedly, ERISA evinces not only Congress' intent to reform private sector employee benefit plans, but also its recognition that the U.S. private sector retirement income system is a voluntary one and its understanding that any such mandated guarantee would result in the wholesale withdrawal from plan sponsorship of U.S. employers.[5]

Defendants' position is straightforward: the terms of the Plans require that one of the investment options be Xerox Stock; hence, that investment alternative was not chosen by

---

[3] Reply, n. 5

[4] 29 U.S.C. § 1103(a)

[5] *See e.g. Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004); *Collins v. Pension & Ins. Comm. of So. Cal. Rock Prods. & Ready Mixed Concrete Ass'ns*, 144 F.3d 1279, 1282 (9th Cir. 1998) (citing *Foltz v. U.S. News and World Report, Inc.*, 865 F.2f 364, 373 (D.C. Cir 1989); *Nelson v. Ipalco Enterprises, Inc.*, 2003 WL 402253 *10-11 (S.D. Ind.).

any plan fiduciary.[6] The investment alternative of Xerox stock was designed into the Plans by their sponsor, Xerox Corporation, acting in its settlor capacity. Nor did any defendant exercise control or authority over investment in the Xerox Stock Fund.[7]

**Strawman 2: That Defendants Maintain That the Xerox Plans Are Exempt from ERISA's Duty of Care.**

This brings us to plaintiffs' second strawman – the assertion in their Reply that "plans such as the Xerox Plans that are authorized to invest in employer securities are not thereby exempt from the prudence requirements of ERISA."[8] This sounds like a real zinger until one recognizes that the ERISA duty of care (*i.e.*, prudence) does not apply to the Xerox plans. It doesn't apply to any plan. The duty applies solely to persons who are fiduciaries of plans, not to the plans themselves.[9] The same is true for the other duties in that section – loyalty, diversification, and adherence to the plan documents.

The difference is not merely a question of semantics. The difference between requiring a plan to be prudent and requiring a fiduciary of a plan to be prudent is profound. Were it the former, every aspect of a plan and of its design would have to be prudent. But these are not the rules Congress placed in the statute. Instead, balancing competing policy objectives, the drafters set a framework of certain minimum standards and funding standards,[10] and otherwise impinged very little on employers' freedom to draft plans that

---

[6] Xerox stock was the only investment alternative that the Company, acting as settlor, designed into each of the Plans. Other investment options — mutual funds, all — were chosen by one or more of the defendants. In choosing those alternatives, these defendants exercised discretion with respect to plan assets (*i.e.*, exercised authority and control over plan assets by making the selected mutual funds potential receptacles for investment of such assets), and thereby became fiduciaries with respect to each option for the purpose of evaluating their performance as investment vehicles under the Plans. But no defendant played any such role with respect to the Xerox Stock Fund.

[7] *See* Memorandum in Support of Motion to Dismiss Consolidated Amended Complaint, I, II.A & II.C.1.

[8] Plaintiffs' Reply, pp. 3-4.

[9] *See* section 404(a)(1)(B) of ERISA, 29 U.S.C. §1104(a)(1)(B).

[10] *See e.g.*, sections 202 – 204 of ERISA, 29 U.S.C. § 1052 – 1054; *and* section 301, *et seq.*, 29 U.S.C. § 1081, *et seq.* Note also the reporting and disclosure rules that apply to plan administrators, section 101, *et seq.*, 29 U.S.C. § 1021 *et seq.*

fostered their respective human relations policies. To control the conduct of persons who exercise discretion in plan administration and the management of plan assets, Congress set out certain duties applicable to them (not to the plans). But Congress distinguished among fiduciary functions, so that a person who is a fiduciary because he has or exercises discretion with respect to plan administration is not directly liable for an investment that some other fiduciary makes imprudently. Similarly, a person who is a fiduciary because he controls certain plan assets is not directly liable because certain other assets were imprudently invested by another fiduciary.[11]

**Strawman 3: That Defendants Maintain That by Breaching a Duty They Exempt Themselves from It.**

Defendants have not heretofore addressed the application of the duty of prudence because their position is that they had no such duty with respect to the availability under the Plans of the Xerox Stock Fund as an investment option and participants' investments in that Fund.[12] As explained above, no defendant, including those who had or exercised fiduciary responsibility for other aspects of the Plans, was responsible for the "prudence" of that Fund. Thus, defendants are not arguing that "the fact that [they] breached this duty [exempts] them from it,"[13] but rather that plaintiffs may not claim that defendants breached a duty they never had.

Plaintiffs' treatment of this point pervades their Reply right through to the Conclusion, in which they assert that a majority of courts have recognized that "ERISA plan *fiduciaries cannot offer* as a retirement investment option . . . stock that the fiduciaries know

---

[11] *See* section 3(21)(A), 29 U.S.C. § 1002(21)(A), particularly the "to the extent" clause, and authority cited in defendants' Memorandum in Support of Motion to Dismiss, p. 7.

[12] Moreover, if defendants were subject to the duties plaintiffs assert, plaintiffs' claims of breach might not be susceptible to a motion to dismiss.

[13] Reply, p. 4.

or should know is an imprudent investment" (emphasis supplied).[14] The Xerox Stock Fund was not "offered" by any defendant acting in a fiduciary capacity; it was required to be made available as an investment alternative by the terms of the Plans themselves at the behest of Xerox Corporation, the Plan sponsor acting in its settlor capacity. Thus, no defendant became a fiduciary as to the Xerox Stock Fund by offering or otherwise making the Fund available under the Plans, and no defendant who may have had some other fiduciary responsibility under the Plans became a fiduciary as to the Fund's availability by virtue of that other responsibility.

Defendants have not addressed certain points asserted in plaintiffs' Fourth Notice because some are inconsequential or already have been briefed exhaustively. However, defendants once again emphasize that a point not addressed in this Surreply is not to be interpreted as an indication of acquiescence thereto.

Respectfully submitted,

_____
Benjamin H. Green (ct2332)
Brown Raysman Millstein
Felder & Steiner LLP
Cityplace II
185 Asylum Street
Hartford, CT 06103
(860) 275-6400
**Counsel for all Defendants**

---

[14] *Id.* at pp. 6-7.

                                        Steven J. Sacher (ct 24024)
                                        Kilpatrick Stockton LLP
                                        607 14th Street, Suite 900
                                        Washington, DC  2005-2018
                                        (202) 508-5800
                                        **Attorneys for all Defendants**
                                        **Except Ms. Myra Drucker**

                                        Michael T. Hannafan
                                        Michael T. Hannafan & Associates, Ltd.
                                        One East Wacker Drive
                                        Chicago, IL 60601
                                        (312) 527-0055
                                        **Attorneys for Defendant Myra Drucker**

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing to all counsel of record on this 25th day of June, 2004, postage prepaid and properly addressed to:

John F. McKenna
**Goodman, Rosenthal & McKenna, PC**
68 South Main Street
West Hartford, CT 06106
**Liaison Counsel for Plaintiffs**

Daniel M. Harris
**Law Offices of Daniel M. Harris**
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
**Co-Counsel for Plaintiffs**

Joseph H. Meltzer
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
**Co-Counsel for Plaintiffs**

Michael D. Ryan
Senior Counsel
**Xerox Corporation**
800 Long Ridge Road
Stamford, CT 06904
**In-House Counsel for Xerox**

J. Brian McTigue
Bruce F. Rinaldi
**McTigue Law Firm**
5513 Connecticut Avenue, Suite 220
Washington, D.C. 20014
**Counsel for Plaintiff**

Charles R. Watkins
John R. Wylie
**Susman & Watkins**
Two First National Plaza, Suite 600
Chicago, IL 60603
**Co-Lead Counsel for Plaintiffs**

Gary Gotto
Laurie Ashton
**Dalton, Gotto, Samson & Kilgard**
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600
**Co-Counsel for Plaintiffs**

Sherrie R. Savett
Stuart Guber
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
**Co-Counsel for Plaintiffs**

Derek W. Loeser
Lynn Sarko
Erin Riley
**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
**Co-Lead Counsel for Plaintiffs**

Steven J. Sacher
**Kilpatrick Stockton LLP**
607 – 14th Street, N.W.
Suite 900
Washington, DC 20005-2018
**Counsel for Defendants except Myra R. Drucker**

Michael T Hannafan
**Michael T. Hannafan & Associates, Ltd.**
One East Wacker Drive, Suite 1208
Chicago, Il 60601
(312)527-0055
**Counsel for Defendant Myra R. Drucker**

_____
Benjamin H. Green