UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


In re XEROX CORPORATION ERISA
LITIGATION

This Document Relates To:

    ALL ACTIONS

Master File No. 02-CV-1138 (AWT)

CLASS ACTION


DEFENDANTS' RESPONSE TO PLAINTIFFS' FIFTH
NOTICE OF SUPPLEMENTAL AUTHORITY IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

    In yet another attempt to find support for their Complaint, plaintiffs now direct the

attention of this Court to three more decisions, *In re CMS Energy ERISA Litigation*

("*CMS*"),[1] *Hill v. Bellsouth Corp.* ("*BellSouth*")[2] and *Lalonde v. Textron, Inc.* ("*Lalonde*").[3]

Like all the authority previously noticed by plaintiffs, these cases are inapposite. First, the

plans discussed in the supplemental authority have design differences from the Xerox Plans

that are factually and legally of material consequence. Second, none of the supplemental

authorities addresses defendants' position that no defendant had authority or control with

respect to investment in the Xerox Stock Fund or evaluating that Fund for suitability under

---

[1] 2004 WL 737335 (E.D.Mich.).

[2] 1:02-CV-2440-JOF (N.D. Ga. Mar. 30, 2004).

[3] 2004 WL 1039844 (1st Cir.).

the Plans.[4]   Therefore, plaintiffs' Fifth Notice fails entirely as a reason not to grant defendants' Motion to Dismiss.

1.     **The Plans in the Noticed Authority are Fundamentally Different Than Xerox Plans.**

As has been the case with plaintiffs' previous Notices of Supplemental Authority, the design of the plans in *CMS, BellSouth* and *Lalonde* differs from the Xerox Plans in two very significant ways:  (1) the company stock funds in those cases are ESOPs (the Xerox Stock Fund is not an ESOP); (2) the ESOPs at issue in *CMS, BellSouth* and *Lalonde* were not participant directed in large part (the Xerox Stock Fund is entirely participant directed).  The reason why this is significant is that to the extent that a company stock fund in a 401(k) plan is not participant directed, some plan official is involved in directing contributions into company stock and thereby (if for no other reason) is exercising a fiduciary responsibility with respect to investment in the company stock fund.  These distinctions in plan design go directly to the issue, described more fully below, of whether any defendant had fiduciary responsibility for investment in Xerox stock.[5]

---

[4] Capitalized terms not otherwise defined herein have the meanings assigned in the Memorandum in Support of Defendants' Motion to Dismiss Consolidated Amended Complaint.

[5] *See* Defendants' Response to Notice of *Rankin v. Rots, et al.* (*"Kmart"*).  *See also* discussion and authorities at pages 1 through 3 of Defendants' Response to Plaintiffs' Fourth Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss *and* Defendants' Surreply on the Fourth Notice; *see also* footnote 4 of the Fourth Notice of Supplemental Authority, which quotes *In re Dynergy, Inc. ERISA Litigation*, 2004 WL 540529 *30 (S.D. Tex.) (holding that "[t]he Enron court's analysis shows that the Enron plan was not, as plaintiff asserts, identical to the Dynergy plan.  Because the terms of the plans differ, the court is not persuaded that plaintiff's allegations warrant the conclusion reached in Enron.").

2

2.    **The Supplemental Authority is Inapposite because it Does Not Address Defendants' Threshold Argument.**

None of the decisions in plaintiffs' Fifth Notice addresses the threshold point in defendants' Motion to Dismiss - - that none of the defendants were ERISA fiduciaries with respect to investments in the Xerox Stock Fund or evaluation of that Fund.[6] Under ERISA, one who is a fiduciary for one purpose is not a fiduciary for all purposes. The fact that some of the defendants are fiduciaries because they have or exercise administrative responsibilities or because they exercise certain asset management responsibilities is not relevant as to the responsibility, if any, they had for the inclusion of the Xerox Stock Fund as an investment option under the Plans or as to investment in that Fund by the Plans' participants. For any of them to have breached either responsibility, he must first have had that responsibility, *i.e.*, he must have *exercised* authority and control over these aspects of the Xerox Stock Fund.[7]

Only one defendant, Xerox Corporation, had a role in including Xerox stock as an investment option and it did so not as a fiduciary but as a settlor. No defendant was

---

[6] *See* Memorandum in support of Defendants' Motion to Dismiss ("Memorandum") at II.C.1, II.C.3 & II.C.4; Defendants' Response to Notice of *In re Worldcom, Inc.*, at 2-3 & 4; Defendants' Response to Notice of *Kmart*, at 2 & 6-8; Defendants' Response to Notice of *Enron ERISA Litigation*, at 1-6; *and* Defendants' Surreply to Notice of *Enron ERISA Litigation*, at 1-3. Moreover, although the *CMS* court found fiduciary authority with respect to the management and investment in the company stock fund, it did so by implying that responsibility from the fact that the fiduciaries had certain asset management responsibilities under the Plan, noting that there was no evidence of any limitation or restriction on the grant of authority. *CMS*, 2004 WL * 8 (citing *Rankin v. Rotts*, 278 F. Supp. 2d 853, 872 (E.D. Mich. 2003)). This aspect of the *CMS* opinion is extremely significant because, under the Xerox Plans' governing documents, certain of the defendants do have some asset management responsibilities. But these responsibilities are expressly limited by provisions in the Plan documents to exclude authority and control with respect to the management of or investment in the Xerox Stock Fund. *See e.g.* Memorandum, II.B.4; *and* Defendants' Reply To Plaintiffs' Opposition to Defendants' Motion to Dismiss Consolidated Amended Complaint, II.A & III.

[7] *See* section 3(21) of ERISA, 29 U.S.C. 1002(21)(A). *See also* discussion and authorities at section II.B.2 of Memorandum and discussion and authorities at section II.A of Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss Consolidated Amended Complaint. A recent case that underscores the importance of differentiation of fiduciary responsibility and the settlor function doctrine under ERISA and is *Crowley v. Corning, Inc.*, 2004 WL 763873 (W.D.N.Y.), (ruling on plaintiff's motion to alter or amend judgment previously entered), at *5 - *11.

responsible in a fiduciary capacity for choosing the Xerox Stock Fund as an investment option and no defendant for any other reason became responsible as a fiduciary for evaluating that Fund. As to investment in the Xerox Stock Fund, plaintiffs have alleged many failings on the part of all of the defendants, but they have not alleged that anyone other than the participants decided how to invest the assets in their Plan accounts.[8] Seeking to impose fiduciary liability where there is no fiduciary responsibility, plaintiffs cannot avoid facts that are plain on the face of governing Plan documents. Thus, their Fifth Notice provides no support for their allegations and provides no reason why the claims against defendants should not be dismissed.

---

[8] Lest this observation trigger another plaintiff pleading about section 404(c) of ERISA, defendants point out this fact not to invoke the shelter of section 404(c) at this point in the proceeding but rather to emphasize that no defendant decided whether or the extent to which any of those account assets were invested in Xerox stock. In fact, of course, the heart of plaintiffs' complaint is that defendants *did not* wrest discretion from the participants and make decisions for them about how their accounts were invested.

4

## CONCLUSION

*CMS, BellSouth and Lalonde* are no more supportive of plaintiffs' position in this case than are any of the other decisions they previously noticed to this Court's attention.

Defendants have not addressed certain points asserted in plaintiffs' Fifth Notice because some are inconsequential or already have been briefed exhaustively. However, defendants once again emphasize that a point not addressed in this Response is not to be interpreted as an indication of acquiescence thereto.

Respectfully submitted,

_____
Benjamin H. Green (ct2332)
Brown Raysman Millstein
Felder & Steiner LLP
Cityplace II
185 Asylum Street
Hartford, CT  06103
(860) 275-6400
**Counsel for all Defendants**

Steven J. Sacher (ct 24024)
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, DC  2005-2018
(202) 508-5800
**Attorneys for all Defendants**
**Except Ms. Myra Drucker**

Michael T. Hannafan
Michael T. Hannafan & Associates, Ltd.
One East Wacker Drive
Chicago, IL 60601
(312) 527-0055
**Attorneys for Defendant Myra Drucker**

5

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing to all counsel of record on this 25th day of June, 2004, postage prepaid and properly addressed to:

John F. McKenna
**Goodman, Rosenthal & McKenna, PC**
68 South Main Street
West Hartford, CT 06106
**Liaison Counsel for Plaintiffs**

Charles R. Watkins
John R. Wylie
**Susman & Watkins**
Two First National Plaza, Suite 600
Chicago, IL 60603
**Co-Lead Counsel for Plaintiffs**

Daniel M. Harris
**Law Offices of Daniel M. Harris**
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
**Co-Counsel for Plaintiffs**

Gary Gotto
Laurie Ashton
**Dalton, Gotto, Samson & Kilgard**
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600
**Co-Counsel for Plaintiffs**

Joseph H. Meltzer
**Schiffrin & Barroway, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
**Co-Counsel for Plaintiffs**

Sherrie R. Savett
Stuart Guber
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
**Co-Counsel for Plaintiffs**

Michael D. Ryan
Senior Counsel
**Xerox Corporation**
800 Long Ridge Road
Stamford, CT 06904
**In-House Counsel for Xerox**

Derek W. Loeser
Lynn Sarko
Erin Riley
**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
**Co-Lead Counsel for Plaintiffs**

J. Brian McTigue
Bruce F. Rinaldi
**McTigue Law Firm**
5513 Connecticut Avenue, Suite 220
Washington, D.C. 20014
**Counsel for Plaintiff**

Steven J. Sacher
**Kilpatrick Stockton LLP**
607 – 14th Street, N.W.
Suite 900
Washington, DC 20005-2018
**Counsel for Defendants except Myra R. Drucker**

Michael T Hannafan
**Michael T. Hannafan & Associates, Ltd.**
One East Wacker Drive, Suite 1208
Chicago, Il 60601
(312)527-0055
**Counsel for Defendant Myra R. Drucker**

Benjamin H. Green