UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re WORLDCOM, INC. ERISA LITIGATION<br><br>This Document Relates to: ALL ACTIONS | ) <br> ) Master File No. <br> ) 02 Civ. 4816 (DLC) <br> ) <br> ) |

# BRIEF OF THE SECRETARY OF LABOR AS AMICUS CURIAE
# IN OPPOSITION TO MOTION TO DISMISS

HOWARD M. RADZELY
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

ELIZABETH HOPKINS
Counsel for Appellate and Special Litigation
Plan Benefits Security Division

SUSAN J. LUKEN
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, DC 20013
Phone: (202) 693-5600
Fax:    (202) 693-5610

## BRIEF OF THE SECRETARY OF LABOR AS AMICUS CURIAE
## IN OPPOSITION TO MOTION TO DISMISS

### INTRODUCTION

The participants and beneficiaries of the WorldCom Salary Savings 401(k) Plan (the "Plan") lost millions of dollars saved for their retirement when the value of WorldCom, Inc. stock held in the Plan collapsed following revelations of accounting irregularities at WorldCom. Plaintiffs, who are Plan participants, have sought to hold the Plan's fiduciaries liable under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., for failing to protect them and the Plan.

The Defendants have filed numerous motions to dismiss in these consolidated cases, some repeating arguments already rejected. To date, no named Defendant has admitted that he or she was a fiduciary to the Plan. Currently before the Court is the motion to dismiss filed by the "Individual Defendants."[1] In opposition, the Secretary files this amicus brief expressing her view that ERISA imposes upon fiduciaries who appoint other fiduciaries a duty to monitor those whom they appoint, and there is no cause to impose a heightened pleading standard on fiduciary breach claims under ERISA.[2]

---

[1] The moving Defendants are (a) current or former WorldCom directors Alexander, Allen, Areen, Aycock, Bobbitt, Galesi, Kellett, Macklin, Porter, Roberts, Sidgemore (now deceased), and Tucker (the "Director Defendants"); and (b) former WorldCom officers or employees Faircloth (Senior Manager 401(k) Operations and Compliance), Helms (Senior Manager of Benefits Finance and Pension Administration), Miller (Employee Benefits Director), Scott (Vice President for Financial Accounting), and Titus (Senior Manager for Strategic Benefits) (collectively with the Moving Director Defendants, the "Individual Defendants"). Defendants Bernard J. Ebbers and Merrill Lynch do not join the motion to dismiss.

[2] The Secretary does not address all of the arguments raised by the motion to dismiss. The decision to address some, but not all arguments, should not be construed as reflecting on the merits of the arguments that are not addressed.

ARGUMENT

I.     STANDARD OF REVIEW

A complaint should not be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998); Bridgeway Corp. v. Citibank, N.A., 132 F. Supp. 2d 297, 302-03 (S.D.N.Y. 2001). In deciding whether a complaint states a claim, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 536 (1994).

A court's task "in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Cooper, 140 F.3d at 440 (quoting Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). Thus, the fundamental issue at the dismissal stage "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) quoted in Phelps v. Kapnolas, 308 F.3d 180, 184-85 (2d Cir. 2002).

The notice pleading principles embodied in Rules 8 and 12 of the Federal Rules of Civil Procedure are intended to remove technical obstacles impeding access to the federal courts.

2

Anderson v. Coughlin, 700 F.2d 37, 43 (2d Cir. 1983); Boston v. Stanton, 450 F. Supp. 1049, 1053 (W.D. Mo. 1978). A complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; see Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Thus, the federal rules allow simple pleadings and "rel[y] on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.

II.   APPOINTING FIDUCIARIES HAVE A DUTY TO MONITOR THEIR APPOINTEES

The Second Claim for Relief of the Third Amended Consolidated Master Class Action Complaint (the "Complaint") alleges that specified Director Defendants expressly appointed and removed at least one fiduciary to the Plan. Complaint at ¶¶ 128-134. Plaintiffs also allege that the Director Defendants appointed Merrill Lynch as trustee for the Plan. Id. at ¶ 34. The Complaint alleges that all Director Defendants had a duty to monitor the performance of any fiduciaries so appointed, and breached their fiduciary duties by failing to do so. Id. at ¶ 129.

In their previous motions to dismiss, the Defendants did not appear to dispute that there was a duty to monitor. Instead, they argued that the disclosures Plaintiffs sought as a part of such monitoring would violate the securities laws. See In re WorldCom Inc. ERISA Litig., 263 F. Supp. 2d 745, 765 (S.D.N.Y. 2003) (the "June Order"). In their current motion to dismiss, the moving Defendants again argue that Merrill Lynch had virtually no discretionary authority for them to monitor and that, in any event, acting on any duty to monitor would violate the securities laws. Individual Defendants' Memorandum in Support of Motion to Dismiss at 20-24. The Court properly rejected both of these arguments in its June Order. 263 F. Supp. 2d at 762, 765.

3

After the close of briefing on the current Motion to Dismiss, Defendants submitted by letter a copy of an unpublished October 24, 2003 decision denying a motion for reconsideration in <u>In re Williams Cos. ERISA Litig.</u>, No. 02CV153-H (M), 2003 WL 22794417 (N.D. Okla. Oct. 27, 2003) and so suggested that there may not be a duty to monitor. The <u>Williams</u> decision misapprehended the Secretary's position, however, and is contrary to the weight of precedent. Thus, the Secretary believes that the decision in <u>Williams</u> was simply wrong, and should be accorded no weight by this Court.

ERISA imposes strict duties of prudence and loyalty on plan fiduciaries. See <u>Donovan v. Bierwirth</u>, 680 F.2d 263, 272 n.2 (2d Cir.), <u>cert. denied</u>, 459 U.S. 1069 (1982). Under ERISA's functional test of fiduciary status, a person is a plan fiduciary to the extent that "he has <u>any</u> discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(iii) (emphasis added). If, as alleged, the Board members had and exercised discretionary authority to select other fiduciaries, they engaged in plan administration and, to that extent, were fiduciaries. The prudent appointment, retention and, if appropriate, removal, of plan fiduciaries and service providers is essential to the proper operation of benefit plans, and is an aspect of plan administration. Accordingly, the plaintiffs have adequately alleged that the Board members were fiduciaries to the extent they chose other plan fiduciaries. 29 C.F.R. § 2509.75-8 at D-4.

Pursuant to her authority to interpret and enforce the provisions of Title I of ERISA, the Secretary has explicitly addressed the "ongoing responsibilities of a fiduciary who has appointed trustees or other fiduciaries with respect to these appointments" and concluded that:

> At reasonable intervals the performance of trustees and other fiduciaries should be reviewed by the appointing fiduciary in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms

4

> of the plan and statutory standards, and satisfies the needs of the plan. No single procedure will be appropriate in all cases; the procedure adopted may vary in accordance with the nature of the plan and other facts and circumstances relevant to the choice of the procedure.

29 C.F.R. § 2509.75-8 at FR-17. In this manner, the Secretary has interpreted the duty of appointing fiduciaries (expressly including members of a Board of Directors) to encompass a duty to periodically monitor the performance of the appointees so as to ensure compliance with their fiduciary duties under ERISA and the plan. Id. at DR-4. This interpretation, published more than twenty-five years ago, is entitled to some deference. See Black & Decker Disability Plan v. Nord, 123 S. Ct. 1965, 1972 (2003) (giving deference to the Secretary's view of the ERISA claims processing system as expressed in a Q&A on the Department of Labor website); see also Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944) (referring to informal agency guidance as a "body of experience and informed judgment" to which courts are entitled to resort for guidance); Meyer v. Holly, 123 S. Ct. 824, 830 (2003) (deferring to HUD regulation specifying that ordinary vicarious liability rules apply in administration of housing statute); Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73, 83 (2002) (giving deference to EEOC regulation interpreting Americans with Disabilities Act).

The monitoring duties of appointing fiduciaries are also well established in the case law. The courts have long recognized that "[t]he power to appoint and remove trustees carries with it the concomitant duty to monitor those trustees' performance." Liss v. Smith, 991 F. Supp. 278, 311 (S.D.N.Y. 1998); accord Leigh v. Engle, 727 F.2d 113, 135 (7th Cir. 1984), cert. denied, 489 U.S. 1078 (1989); Martin v. Feilen, 965 F.2d 660, 669-70 (8th Cir. 1992), cert. denied, 506 U.S. 1054 (1993); Mehling v. New York Life Ins. Co., 163 F. Supp. 2d 502, 510 (E.D. Pa. 2001); Atwood v. Burlington Indus. Equity, Inc., No. 2:92CV00716, 1994 WL 698314, at *6 (M.D.N.C.

Aug. 3, 1994); Henry v. Frontier Indus., Inc., Nos. 87-3879 and 87-3898, 1988 WL 132577, at *3 (9th Cir. Dec. 1, 1988) (unpublished); Sandoval v. Simmons, 622 F. Supp. 1174, 1211 (C.D. Ill. 1985); Restatement (Second) of Trusts §§ 184, 224. "[I]mplicit in [the appointing fiduciary's] power to select the Plans' named fiduciaries is the duty to monitor the fiduciaries' actions, including their investment of Plan assets." Mehling, 163 F. Supp. 2d at 510, citing Leigh, 727 F.2d at 134-35. Most recently, Judge Harmon affirmed the Secretary's position with respect to the duty to monitor fiduciaries after they are appointed in the Enron litigation. In re Enron Corp. Sec., Derivative & ERISA Litig., 284 F. Supp. 2d 511, 552-53 (S.D. Tex. 2003).

In disregarding this established body of law, the Williams court apparently misunderstood the Secretary's position. In a footnote quoted by Defendants in their November 20, 2003 letter submission, Judge Holmes said "[T]he position argued by DOL would effectively expand the responsibility of any appointing authority ... to be a guarantor for any and all actions by [the appointed] fiduciaries." Williams, 2003 WL 22794417, at n.1. The Secretary has never suggested, however, that the duty to monitor requires the appointing fiduciary to second-guess every decision of its appointee, or to guarantee the wisdom of the appointee's decisions.

As fiduciaries, the appointing fiduciaries must make decisions on appointment and removal with prudence and loyalty, 29 U.S.C. § 1104(a), refrain from engaging in prohibited transactions, 29 U.S.C. § 1106, and avoid participating in or contributing to other fiduciaries' breaches of responsibility, 29 U.S.C. § 1105. They are not, however, generally obligated to assume direct responsibility for duties properly allocated to other fiduciaries or to vouchsafe every decision they make.

Accordingly, appointing fiduciaries are not charged with directly overseeing the investments and thus duplicating the responsibilities of the investment fiduciaries whom they

appoint. At a minimum, however, the duty of prudence requires that they have procedures in place so that on an ongoing basis they may review and evaluate whether investment fiduciaries are doing an adequate job (for example, by requiring periodic reports on their work and the plan's performance, and by ensuring that they have a prudent process for obtaining the information and resources they need). See Leigh, 727 F.2d at 135 (appointing fiduciary did not have to examine every action taken by the plan administrators, but he was obligated to act with appropriate prudence and reasonableness in monitoring the administrators' management of the plan). In the absence of a sensible process for monitoring their appointees, the appointing fiduciaries would have no basis for prudently concluding that their appointees were faithfully and effectively performing their obligations to plan participants or for deciding whether to retain or remove them. The Secretary does not suggest that the appointing fiduciaries must follow one prescribed set of procedures for monitoring the investment fiduciaries, but that they apply procedures that allow them to assure themselves that those they have entrusted with discretionary authority to invest the plan's assets are properly discharging their responsibilities.

The Secretary's view is consistent with this Court's June Order, which dismissed a duty to monitor claim that was based on a far different factual premise. 263 F. Supp. 2d at 760-61. In the original Complaint, the duty to monitor was not based on any allegation that the Director Defendants had specifically retained or exercised authority under the Plan to appoint its fiduciaries, but was instead based on the Board's general authority to oversee the corporation and conduct its affairs under corporate law. In the Plaintiffs' view, it was sufficient that the Plan had named WorldCom as the appointing fiduciary and that the Board had supervisory authority over WorldCom. This Court properly rejected the Plaintiffs' invitation to transform the Board's corporate-law obligation to supervise the company into a fiduciary obligation under ERISA to

oversee the Plan, absent any allegation that the Board had specifically retained or assumed any such fiduciary responsibilities to the Plan. Id. at 761. The Court declined to find that an apparently unexercised authority under state corporate law made the directors fiduciaries. Id.; see also Enron, 284 F. Supp. 2d at 553 n.59.

The allegations of the Third Amended Complaint are significantly different from those the Court previously considered. Plaintiffs now allege that specific Director Defendants affirmatively appointed Merrill Lynch and affirmatively appointed and removed at least one investment fiduciary for the Plan. Complaint at ¶¶ 34, 128-34. Unlike the previous general allegations based on state corporate law, the Amended Complaint specifically alleges that the Defendants exercised and retained a duty to appoint and remove fiduciaries that they failed to monitor and, therefore, states a claim.

III. PLAINTIFFS DO NOT HAVE TO PLEAD THE ELEMENTS OF FRAUD TO STATE THEIR CLAIMS FOR FIDUCIARY BREACHES

The Individual Defendants argue that the Third Claim for Relief, alleging that the fiduciary defendants breached their duties under ERISA by making material misrepresentations to the Plan's participants and beneficiaries, "allege[s] intentional misconduct, sound[s] in fraud, and must be pled with particularity pursuant to Rule 9(b)." See Individual Defendants' Memorandum in Support of Motion to Dismiss at 28-30. They also claim that Rule 9(b) applies to claims for co-fiduciary liability under ERISA section 405. Id. at n.22. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall

be stated with particularity." Fed. R. Civ. P. 9(b).[3]

An ERISA fiduciary duty claim based on misrepresentations or a failure to provide truthful information does not sound in fraud, however. See, e.g., Crowley v. Corning, Inc., 234 F. Supp. 2d 222, 230-31 (W.D.N.Y. 2002)(allegations that plan fiduciary breached its duty by failing to provide truthful information to participants is fiduciary claim, not fraud claim, and not subject to Rule 9(b)'s requirements). Instead, any such claim is grounded, not in generalized principles of detrimental reliance, but on the specific duties of prudence and loyalty that an ERISA fiduciary owes plan participants and beneficiaries under Section 404 of ERISA. 29 U.S.C. §§ 1104(a)(1)(A) and (B); Varity Corp.v. Howe, 516 U.S 489, 506 (1996).

Thus, ERISA breach of duty claims for misrepresentations to participants and beneficiaries are not based, like fraud, on the general duty to refrain from harming others, but rather in the affirmative duty to protect and serve plan participants with prudence and loyalty as set forth in the text of ERISA. ERISA does not require that Plaintiffs prove the specific elements of a common-law claim for fraud as a predicate for asserting a breach of fiduciary duty. To the extent that courts have treated fiduciary claims based on misrepresentations as fraud claims, they have been in error. Crowley, 234 F. Supp. 2d at 230-31; cf. Concha v. London, 62 F.3d 1493, 1502-03 (9th Cir. 1995) (distinguishing between breach of fiduciary duty and fraud claims). Because the Plaintiffs' claims are not grounded in fraud in the relevant sense, they are not subject

---

[3] The moving Defendants also argue that the Supreme Court's decision in Pegram v. Herdrich, 530 U.S. 211 (2000), imposed a heightened pleading standard for claims of breach of fiduciary duty. Pegram, however, simply did not address the standard of pleading in an ERISA fiduciary breach claim. Rule 8(a) of the Federal Rules of Civil Procedure controls the adequacy of pleadings. Under the notice-pleading standard set forth in the Rule, the Plaintiffs have adequately alleged that the Defendants were fiduciaries, that they breached their specific responsibilities as fiduciaries, and that those breaches caused the Plan to imprudently hold WorldCom stock.

to the requirements of Rule 9, as the Northern District of California held in its decision in this case before it was transferred to this court. Vivien v. WorldCom, No. C 02-01329 WHA, 2002 WL 31640557, at *6-7 (N.D. Cal. July 26, 2002); accord Rankin v. Rots, 278 F. Supp. 2d 853, 866 (E.D. Mich. 2003) ("The heightened pleading requirement under Rule 9(b) will not be imposed where the claim is for a breach of fiduciary duty under ERISA."); Stein v. Smith, 270 F. Supp. 2d 157, 167 (D. Mass. 2003)(relying on Vivien to hold that Rule 8(a)'s lenient pleading standard and not Rule 9(b)'s standard applies to claim that defendant had fiduciary duty to monitor and evaluate performance of company stock).

## CONCLUSION

For all the reasons stated above, the Secretary urges this court to hold that the Plaintiffs have stated a claim against the Individual Defendants.

Respectfully submitted,

HOWARD M. RADZELY
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

ELIZABETH HOPKINS
Counsel for Appellate and Special Litigation
Plan Benefits Security Division

*[signature]*
SUSAN J. LUKEN
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, DC 20013
Phone: (202) 693-5600
Fax:    (202) 693-5610

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2004, a copy of the foregoing was served by overnight delivery upon the following.

*Susan J. Lula*

ERISA Steering Committee:

Lynn Lincoln Sarko
Gary Gotto
Erin Riley
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel:    206-623-1900
Fax:    206-623-3384

Gary A. Gotto
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012
Tel:    602-842-0022
Fax:    602-248-2822

Jeffrey Lewis
LEWIS & FEINBERG, P.C.
436 - 14th Street, Suite 1505
Oakland, CA 94612
Tel:    510-839-6824
Fax:    510-839-7839

Jules Brody
Edwin Mills
STULL, STULL & BRODY
6 East 45th Street, Suite 500
New York, NY 10017
Tel:    212-687-7230
Fax:    212-490-2022

Securities Co-Lead Counsel:

Max W. Berger
John P. Coffey
Steven B. Singer
Beata Gocyk-Farber
Jennifer L. Edlind
Joseph A. Fonti
BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
Tel:    212-554-1400
Fax:    212-554-1444

Leonard Barrack
Gerald J. Rodos
Jeffrey W. Golan
Jeffrey A. Barrack
Pearlette V. Toussant
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, Pennsylvania 19103
Tel:    215-963-0600
Fax:    215-963-0838

Defense Counsel:

Lyndon M. Tretter
David Werthheimer
Matthew A. Michaels
HOGAN & HARTSON
875 Third Avenue
New York, NY 10022
Tel: 212-918-3000

Counsel for Bernard J. Ebbers

Gary Cutler, Esq.
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Tel: 212-696-6000

Counsel for Arthur Andersen LLP

Craig A. Stewart
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Tel: 212-715-1000

Irvin B. Nathan
Julie B. Rottenberg
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1202

Counsel for Scott D. Sullivan

Mark E. Bini
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10016

Paul Blakenstein
William J. Kilberg
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Counsel for Merrill Lynch Trust Company FSB

Paul C. Curnin, Esq.
SIMPSON THACHER & BARTLETT
425 Lexington Avenue
New York, NY 10017
Tel: 212-455-2000

Counsel for Director Defendants

Jay B. Kasner, Esq.
Susan Saltzstein
SKADDEN ARPS MEAGHER & FLOM
4 Times Square
New York, NY 10036
Tel: 212-735-3000

Counsel for Underwriters

N. Richard Janis
JANIS, SCHUELKE & WECHSLER
1728 Massachusetts Avenue, N.W.
Washington, DC 20036
Tel: 202-861-0600
Fax: 202-223-7230

Counsel for David Myers