UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION | ) Master File No.: 02 CV-1138 (AWT) ) ) CLASS ACTION ) ) AUGUST 31, 2005 |
| This Document Relates To:<br><br>   ALL ACTIONS. | ) ) ) ) ) ) ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

By their undersigned counsel, the ERISA Plaintiffs herby submit as supplemental authority in opposition to Defendants' Motion to Dismiss the Consolidated Complaint the Third Circuit's opinion in *In re Schering-Plough Corp. ERISA Litig.*, No. 04-3073, --- F.3d ---, 2005 WL 1993990 (3d Cir. Aug. 19, 2005), in which the court held that the ERISA plaintiffs properly stated breach of fiduciary duty claims under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), and properly sought relief on behalf of the Plan.  2005 WL 1993990, at *10.

In so holding, the Third Circuit reversed the district court decision heavily relied upon by the Xerox Defendants in their Updated Memorandum in Support of Motion to Dismiss Consolidated Amended Complaint ("Def. Mem."), to show that the Xerox Plaintiffs seek "impermissible ERISA remedies."  Def. Mem. at 15-16.  Notably, in their reliance on the Schering district court decision, 2004 WL 1774760 (D.N.J. June 28, 2004), the Xerox Defendants contend that "[t]here is no substantive distinction between the allegations in *Schering-Plough* and the allegations in the Complaint in this case."

Page - 1 -

The Third Circuit confirms that in ERISA breach of fiduciary actions such as this one:

> the fiduciary's liability is not limited to plan 'losses that will ultimately redound to the benefit of all participants.' The Plan held Schering-Plough stock as an asset and that asset was greatly reduced in value allegedly because of breaches of fiduciary duty. This clearly was a 'loss' to the Plan within the meaning of § 1109.

*Id.* at *3.

As in *Schering*, while the Xerox participants were able to choose in which funds to have the Plans invest their contributions (and not all chose Xerox stock), the Plans' "assets are aggregated and held in trust by the [Plans' Trustee] at all times." *Id* at *9.[1] In direct contravention of the Xerox Defendants' argument that because recovery ultimately will be distributed by the Plans to individual participant accounts, Plaintiffs' claims are precluded under ERISA § 502(a)(2),[2] the *Schering* court recognized that, as here:

> [Plaintiffs] seek to force the Defendants to make payments to the Savings Plan for the Defendants' alleged failure to fulfill their fiduciary obligations, in order to remedy the damage their actions caused to the Savings Plan. The fact that damages paid to the Savings Plan for breaches of fiduciary duties will also indirectly benefit its participants does not bar a derivative action under §§ 1109 and 1132(a)(2). *Smith v. Sydnor*, 184 F.3d 356, 363 (4th Cir.1999).

The Third Circuit also rejected the *Schering* Defendants' erroneous interpretation of *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 140 (1985),[3]

---

[1] Xerox Corporation Savings Plan, 2002 Restatement, § 1.02; The Profit Sharing Plan of Xerox Corporation and the Xerographic Division, Union of Needletrades, Industrial and Textile Employees, A.F.L.-C.I.O.-C.L.C., 1998 Restatement, § 1.02; Xerox Corporation Trust Agreement To Fund Retirement Plans, 1998 Restatement, § 1.1

[2] Def. Mem. At 16 n.43 (arguing that relief is unavailable because "every cent of any recovery obtained in this suit . . . will go only to a sub-group").

[3] Def. Mem. at 15 n.42.

which is identical to the interpretation the Xerox Defendants proffer here. In discussing *Russell* and the issue of plan-wide relief, the *Third Circuit* confirmed that the *Russell* Court never considered, much less rejected, the type of claims brought here:

> Unlike the circumstances presented in this matter, in *Russell*, the plaintiff did not file a class action on behalf of an ERISA employee benefits plan to require the defendants to pay damages to the health benefit plan because of their alleged breaches of fiduciary duty. Instead, she filed a private cause of action for extracontractual and punitive damages. [fn] The court did not hold in *Russell* that a subgroup of plan participants cannot file derivative action on behalf of an ERISA employee benefits plan if the fiduciaries' alleged breach did not affect the investments of participants in other subgroups. That issue was simply not before the Court.
>
> [fn] Thus, Russell involved an action brought by one individual who erroneously sought to recover extra contractual damages under ERISA.

*Id.* at *9 and n.7. Thus, the *Schering* district court's reliance on *Russell* and its progeny in support of its holding was described by the Third Circuit as "misplaced." *Id.* at *9. The Xerox Defendants' reliance on *Russell* is equally misplaced.

For these reasons, Plaintiffs respectfully request the Court to consider the *Schering* decision as further authority supporting the denial of Defendants' motion to dismiss.

DATED this 31st of August, 2005.

Respectfully Submitted,

GOODMAN, ROSENTHAL & MCKENNA, PC
John F. McKenna, Esq. - ct00104
977 Farmington Avenue, Suite 200
West Hartford, Connecticut 06107
860-231-2800
**Liaison Counsel**

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Laurie B. Ashton
Elizabeth A. Leland
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
206-623-1900 (Seattle)
602-248-0088 (Phoenix)
**Co-Lead Counsel**

SUSMAN & WATKINS
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, Illinois 60603
312-346-3466
**Co-Lead Counsel**

**Steering Committee Counsel:**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
312-960-1802

BERGER & MONTAGUE, P.C.
Todd Collins
1622 Locus Street
Philadelphia, Pennsylvania 19103-6365
(215) 875-3040

SCHIFFRIN & BARROWAY
Marc A. Topaz
Joseph H. Meltzer
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

MALAKOFF DOYLE & FINBERG, P.C.
Ellen M. Doyle
437 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
(412) 481-8400

MCTIGUE LAW FIRM
Brian McTigue
5513 Connecticut Ave., Suite 2200
Washington, D.C.  20015
(202) 364-6900

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) ) ) | Master File No.: 02 CV-1138 (AWT)<br><br><u>CLASS ACTION</u><br><br>AUGUST 31, 2005 |

**CERTIFICATION**

This is to certify that a copy of the foregoing, Notice of Supplemental Authority In Support Of Plaintiffs' Opposition To Defendants' Motion To Dismiss, was mailed this 31st day of August, 2005, via U.S. First Class mail, to the following counsel of record:

Charles R. Watkins, Esq.
Susman & Watkins
Two First National Plaza
Suite 600
Chicago, IL 60603

Daniel M. Harris, Esq.
Law Offices of Daniel M. Harris
150 North Wacker Drive
Suite 3000
Chicago, IL 60606

Lynn Lincoln Sarko
Erin M. Riley
Elizabeth A. Leland
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98l0l-3052

J. Brian McTigue, Esq.
Bruce Rinaldi, Esq.
McTigue Law Firm
5301 Wisconsin Ave.
N.W. Ste 350
Washington, D.C. 20015

Michael D. Ryan
Senior Counsel
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Steven J. Sacher
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, D.C. 20005

<div style="columns:2">

Laurie B. Ashton
Keller Rohrback, PLC
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600

Joseph H. Meltzer
Marc A. Topaz
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

Sherrie R. Savett
Joy Clairmont
Todd Collins
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Ellen M. Doyle
Malakoff Doyle & Finberg, P.C.
437 Grant Street, Suite 200
Pittsburgh, PA 15219

William H. Boice
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Benjamin H. Green, Esq.
William J. Egan, Esq.
Brown Raysman Millstein Felder & Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103

Michael T. Hannafan & Associates, Ltd.
One East Wacker Drive, Suite 1208
Chicago, IL 60601

</div>

_____
John F. McKenna, Esq. – ct00104
Goodman, Rosenthal & McKenna, P.C.
977 Farmington Avenue, Suite 200
West Hartford, CT 06107
860-231-2800/Fax-860-523-9235