UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION | Master File No.: 02 CV-1138 (AWT) <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | FEBRUARY 28, 2006 |

## <u>RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND CROSS-NOTICE OF SUPPLEMENTAL AUTHORITY</u>

By their undersigned counsel, the ERISA Plaintiffs respond to Defendants' Notice of Supplemental Authority, filed February 7, 2006 ("Notice"), in which Defendants submit last month's summary judgment decision in *In re Reliant Energy ERISA Litigation*, No. 02-2051, 2006 WL 148898 (S.D. Tex. Jan. 18, 2006).

Defendants' seven-page brief far exceeds all reasonable bounds of notice and should be recognized for what it is: a re-hash of the same unavailing arguments that Defendants have made before. Defendants' broad-based briefing, which includes multiple citations beyond *Reliant*, forces Plaintiffs to respond in kind. The cases cited by Defendants are not only inapplicable to the present case, particularly at this juncture, they are against the great weight of authority, including decisions issued after the parties' last round of briefing. In responding to Defendants' Notice, therefore, Plaintiffs also bring to the Court's attention the recent decision in *Sherrill v. Federal-Mogul Corporation Retirement Programs Committee*, No. 04-72949, 2006 U.S. Dist. LEXIS 4978 (E.D.

Page - 1 -

Mich. Feb. 9, 2006) (Exhibit A hereto), which follows the well-reasoned majority of decisions, previously cited by Plaintiffs in their earlier briefing.

**A.    The Plans Did Not Require and ERISA Does Not Permit Fiduciaries to Imprudently Invest Plan Assets in Company Stock**

While no one disputes that "one is a fiduciary 'only with respect to those duties under the plan for which he has discretionary authority or control,'" Notice at 2 (citing *Reliant*, 2006 WL 148898, at *2), in this case, the Complaint more than adequately alleges facts demonstrating that Defendants, as named or de facto fiduciaries of the Plans, did in fact exercise authority and control over the Plans' investments in Xerox stock. *See, e.g.*, Complaint ¶¶ 42-49. It is simply not possible under ERISA to have the "fiduciary-less" plan urged by Defendants.

Indeed, in finding that the defendants "had no discretion" whether to offer the company stock fund or to override the terms of the plan documents,[1] *Reliant* completely disregards not only the vast weight of authority, including the company stock cases previously decided, but the text of ERISA itself. Specifically, ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to act "in accordance with the documents and instruments governing the plan *insofar as such documents and instruments are consistent with the provisions of this subchapter*." (emphasis added). Likewise, ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), obligates fiduciaries to discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . ."

---

[1] *Reliant*, 2006 WL 148898, at *3 and n.4.

While Plaintiffs have more than adequately alleged that the Xerox Plans did provide fiduciaries with the ability to invest in alternatives other than Company stock,[2] ERISA nevertheless imposed upon the Defendant-fiduciaries the duty to disregard the text of any Plan documents when, as here, prudence required. *See, e.g.*, Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint ("Pl. Opp.") at 6-10 (citing Plan documents), 13-15 (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 568 (1985); *Laborer's Nat'l. Pension Fund v. Northern Trust Quantitative Advisors, Inc.*, 173 F.3d 313, 322 (5th Cir. 1999), *cert. denied*, 528 U.S. 967 (1999); *Moench v. Robertson*, 62 F.3d 553, 569 (3d Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996); *Kuper v. Iovenko*, 66 F.3d 1447, 1457 (6th Cir. 1995); *Fink v. Nat'l Sav. & Trust Co.*, 772 F.2d 951 (D.C. Cir. 1985); *Eaves v. Penn*, 587 F.2d 453, 459-60 (10th Cir. 1978); *In re Ikon Office Solutions, Inc. Sec. Litig.*, 86 F. Supp. 2d 481, 492-93 (E.D. Pa. 2000); *Erschick v. Greb X-Ray Co.*, 705 F. Supp. 1482, 1487 (D. Kan. 1998), *aff'd*, 948 F.2d 660 (10th Cir. 1991); *Arakelian v. Nat'l W. Life Ins. Co.*, 680 F. Supp. 400, 405-406 (D.D.C. 1987); U.S. Dept. of Labor Opinion Letter No. 90-05A, 1990 WL 172964, at *3 (Mar. 29, 1990); U.S. Dept. of Labor Opinion Letter No. 83-6A, 1983 WL 22495, at *1-2 (Jan. 24, 1983)); Pl. Supp. Opp. at 7-10 (citing *Rankin v. Rots*, 278 F. Supp. 2d 853, 879 (E.D. Mich. 2003)

---

[2] *See, e.g.*, Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Class Action Complaint ("Pl. Supp. Opp.") at 7 n.7 (citing *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 823 (S.D. Ohio 2004); *In re Sprint Corp. ERISA Litig.*, 338 F. Supp. 2d 1207, 1220 (D. Kan. 2004); *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 914 (E.D. Mich. 2004); *In re Enron Corp. Sec., Derivative, & "ERISA" Litig.*, 284 F. Supp. 2d 511, 668-70 (S.D. Tex. 2003); *In re McKesson HBOC, Inc. ERISA Litig.*, No. 00-20030, 2002 WL 31431588, at *5 (N.D. Cal. Sept. 30, 2002)). Defendants' re-arguing of the language of the Plan documents in their Notice is wholly inappropriate.

("*Kmart*"); *In re Enron Corp. Sec., Derivative, & "ERISA" Litig.*, 284 F. Supp. 2d 511, 546-50, 668-70 (S.D. Tex. 2003)[3]; *In re Sprint Corp. ERISA Litig.*, 338 F. Supp. 2d 1207, 1224 (D. Kan. 2004); *In re Honeywell Int'l ERISA Litig.*, No. 03-1214, 2004 WL 3245931, at *10 (D.N.J. June 14, 2004); *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 828 (S.D. Ohio 2004); *In re ADC Telecomms. Inc., ERISA Litig.*, No. 03-2989, 2004 WL 1683144, at *6 (D. Minn. July 26, 2004); *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 913-14 (E.D. Mich. 2004); *Cokenour v. Household Int'l, Inc.*, No. 04-889, 2005 WL 725973, at *5 (E.D. Va. Oct. 19, 2005); *Cent. States*, 472 U.S. at 568; *Hill v. BellSouth*, 313 F. Supp. 2d 1361, 1367 (N.D. Ga. 2004); *In re Xcel Energy, Inc., Sec., Derivative & ERISA Litig.*, 312 F. Supp. 2d 1165, 1181 (D. Minn. 2004); *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 764-65 (S.D.N.Y. 2003)).

Moreover, from a procedural posture, Defendants' repeated reliance on errant summary judgment decisions, including *Reliant*, which is now on appeal,[4] is equally improper. The legal standard of Fed. R. Civ. P. 56 is much higher and vastly different from that of Fed. R. Civ. P. 12(b)(6). On Defendants' motion to dismiss, the Court is merely asked to determine whether Plaintiffs, who are entitled to the benefit of all inferences, have presented a short and plain statement of their claims for relief and a demand for judgment. Fed. R. Civ. P. 12(b)(6); *see also* Pl. Opp. at 4-5. Defendants are

---

[3] *See also Enron*, 284 F. Supp. 2d at 419 (discussing *Central States*): "The Supreme Court drew on the traditional common law of trusts to fill in the powers of the trustees not specifically enumerated in ERISA. At common law trustees had all the powers necessary or appropriate for effectuating the purposes of the trusts, which would include the goals of the audit, i.e., to inform plan participants fully of their rights and to check the financial integrity of the plans by determining the group of potential benefit claimants, while simultaneously insuring that the employers made full and prompt contributions."
[4] *See* Notice of Appeal, *In re Reliant Energy ERISA Litig.*, No. 02-2051 (S.D. Tex. filed Feb. 10, 2006).

clearly on notice of the allegations against them. Their fact-based arguments must await development of a full factual record.

Indeed, in her decision on the *Reliant* defendants' motion to dismiss, on this very issue Judge Atlas wrote:

> It appears from the Plan documents that the REI Fund was always to be in existence, because REI's ESOP matching contributions were to be invested in that Fund. However, it is unclear whether the REI Fund always had to be offered as an investment option for participants' individual contributions. A definitive ruling requires a more complete factual record on whether the Plan required the REI Fund to be offered as an investment option as a matter of Plan design. Dismissal of Plaintiff's imprudent investment claims on the basis of the settlor doctrine is not appropriate at this time.

*In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 667-68 (S.D. Tex. 2004).

Furthermore, on summary judgment, the *Reliant* court had the benefit of expert reports and discovery to aid it in interpreting the language of the applicable plan documents. Right now, the Xerox Plaintiffs have neither. When the time comes for summary judgment, however, Plaintiffs will submit expert reports and evidence as appropriate to assist the Court in reaching the correct decision on each issue presented, including testimony regarding how prudent fiduciaries manage plan investments in the market.[5]

---

[5] For these reasons, Defendants' contention, at page 2 n.1 of their Notice, that *Reliant* is persuasive in the motion to dismiss context because the decision was based on the terms of the plan document, does not survive scrutiny.

Page - 5 -

B.  **Plaintiffs Have Stated a Claim for Defendants' Failure to Provide Complete and Accurate Information, Including Through Miscommunications In and Omissions From SEC Filings**

Defendants' submission of the *Reliant* summary judgment opinion in connection with Plaintiffs' claim for Defendants' failure to provide complete and accurate information, Count IV of the Complaint, is equally improper.

Contrary to what is said in Defendants' Notice, Count IV alleges that the Defendants' miscommunication breaches occurred on a much broader scale than mere misrepresentations contained in Xerox's Form S-8 SEC filings. Defendants, using a variety of different types of communications (and lack thereof), breached their duty to inform by failing to provide complete and accurate information regarding Xerox stock, Xerox's accounting and business improprieties, the consequent inflation of the stock price, and generally, by misportraying the soundness of Xerox stock *See, e.g.,* Complaint ¶¶ 51, 52, 56-90, 93-119, 125-40; Pl. Opp. at 2-3; Pl. Supp. Opp. at 16-18. Thus, Defendants' submission of *Reliant*, which at most speaks to the issue of communications in a Form S-8, is not determinative, particularly as to the other communications (and allegations of failure to communicate) at issue in this case.

Furthermore, *Reliant* goes against the great weight of authority, including the Supreme Court's opinion in *Varity*, which holds that the dissemination of statements about the company's future prospects, in connection with statements about the future of plan benefits, *is* a fiduciary act. *Varity Corp. v. Howe*, 516 U.S. 489, 505 (1996). Indeed, the precise argument raised by Defendants concerning the fiduciary nature of participant communications occurring through Form S-8 filings was raised and rejected by Judge Hram, who recognized that the making of fiduciary representations to

Page - 6 -

participants in an S-8 may give rise to fiduciary status and potential liability. *In re AOL Time Warner Inc. Sec. & "ERISA" Litig.*, No. 02-8853, 2005 U.S. Dist. LEXIS 3715, at *12 n.4 (S.D.N.Y. Mar. 10, 2005).

The *Calpine* decision also submitted by Defendants does nothing to further their argument. *In re Calpine Corp. ERISA Litig.*, No. 03-1685, 2005 WL 3288469 (N.D. Cal. Dec. 5, 2005). This opinion is distinguishable on its facts[6] and contrary to the majority of other decisions, including decisions from within the same district, which have sustained virtually identical disclosure claims. *See, e.g., In re JDS Uniphase Corp. ERISA Litig.*, No. 03-4743, 2005 U.S. Dist. LEXIS 17503 (N.D. Cal. July 14, 2005) (denying motion to dismiss disclosure and other company stock claims); *see also Kmart*, 278 F. Supp. 2d at 866 (sustaining claims and rejecting heightened pleading requirement of Rule 9(b) applied by *Calpine*).

Defendants are incorrect in their contention at page 6 of their Notice, that a fiduciary's disclosure requirements are limited to the ERISA statute itself. See discussion of Defendants' disclosure duties at Pl. Opp. at 25-27 (citing *Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 114-15 (1st Cir. 2002); *Griggs v. E.I. DuPont De Nemours & Co.*, 237 F.3d 371, 381 (4th Cir. 2001); *Bins v. Exxon Co. U.S.A.*, 189 F.3d 929, 934 (9th Cir. 1999); *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 440 (3d Cir. 1996); *Franklin v. First Union Corp.*, 84 F. Supp. 2d 720, 735 (E.D. Va. 2000); *Globe Woolen Co. v. Utica Gas & Electric Co.*, 224 N.Y. 483, 489 (N.Y. 1918); H. Rep. No. 93-533, 15 11-12, *reprinted in* 1974 U.S.C.C.A.N. 4639, 4649; RESTATEMENT (SECOND)

---

[6] For example, *Calpine* did not involve the GAAP violations or massive restatements present in *Xerox*. *Calpine*, 2005 WL 3288469, at *8.

OF TRUSTS § 173 cmt. c (1959) (cited in *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 656 (4th Cir. 1996), *cert. denied*, 519 U.S. 1077 (1997)); Amended Brief of the Secretary of Labor as Amicus Curiae Opposing the Motions to Dismiss, *Tittle v. Enron*, No. 01-3913 (S.D. Tex. Aug. 30, 2002) at 19; *Vivien v. WorldCom, Inc.*, No. 02-1329, 2002 WL 31640557 (N.D. Cal. July 26, 2002); *Ikon*, 86 F. Supp. 2d at 491; *Fulk v. Bagley*, 88 F.R.D. 153, 162 (M.D.N.C. 1980)); Pl. Supp. Opp. at 16-18 (citing, e.g., *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1225-1228 (D. Kan. 2004); *WorldCom*, 263 F. Supp. 2d at 766-67; *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-8324, 2004 WL 407007, at *6 (N.D. Ill. Mar. 3, 2004); *AEP*, 327 F. Supp. 2d at 832; *Xcel*, 312 F. Supp. 2d at 1182); *Reliant*, 336 F. Supp. 2d at 670-71 (discussing *Varity* and denying motion to dismiss disclosure claims).

The summary judgment opinion offered by Defendants on this point, *DiFelice v. US Airways, Inc.*, 397 F. Supp. 2d 758 (E.D. Va. 2005), is inapposite for the reasons set forth in Section A above, and does not support Defendants' argument. In addition to discussing ERISA's statutory disclosure requirements, the *DiFelice* court recognized the duty to disclose in circumstances such as those here: "an ERISA fiduciary that knows or should know that a beneficiary labors under a material misunderstanding of plan benefits that will inure to his detriment cannot remain silent–especially when that misunderstanding was fostered by the fiduciary's own material misrepresentations or omissions."[7]

---

[7] Moreover, even in a case that was not one "in which plaintiff alleges fraud or concealment by a fiduciary or that the fiduciary possesses crucial information not publicly available," *DiFelice*, 397 F. Supp. 2d at 773, the court denied summary judgment for the fiduciary defendants on the plaintiff's prudence and co-fiduciary liability claims under ERISA §§ 404(a) and 405(a), 29 U.S.C. §§ 1104(a) and 1105(a). *Id.* at

Nor does *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005), which involved a claim against a health care plan for failure to inform participants of the adoption of cost-containment mechanisms, further Defendants' argument. *Nechis* was not a company stock case, did not involve a defined contribution plan, and did not implicate the disclosure issues that were discussed by the Supreme Court in *Varity*, or the courts in *Enron* or *WorldCom*, and that are presently before this Court.[8]

For these reasons, Plaintiffs respectfully submit that the Court should reject *Reliant* and the other opinions submitted by Defendants and deny their motion to dismiss.

C. ***Sherrill v. Federal-Mogul Corp. Salaried Employees' Investment Program* Provides Additional Support for Plaintiffs' Claims**

In addition to responding to Defendants' Notice, Plaintiffs submit for the Court's consideration *Sherrill v. Federal-Mogul Corporation Retirement Programs Committee*, No. 04-72949, 2006 U.S. Dist. LEXIS 4978 (E.D. Mich. Feb. 9, 2006) (Exhibit A hereto), in which Judge Cohn denied defendants' motion to dismiss company stock claims for fiduciary breaches similar to those alleged here.[9]

---

774, 779. The *DiFelice* court further held that Defendants were not entitled to the protection of ERISA § 404(c), 29 U.S.C. § 1104(c). *Id.* at 778. The court subsequently denied defendants' motion for interlocutory appeal on the § 404(a) and (c) issues as well. *DiFelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907 (E.D. Va. 2005).

[8] Plaintiffs maintain that submission of the summary judgment decision *In re Syncor ERISA Litig.*, --- F. Supp. 2d ---, 2006 WL 162699, at *7 (C.D. Cal. Jan. 10, 2006), is premature for the reasons set forth in Section A, above. Moreover, the *Syncor* decision, though incorrectly decided, is also inapplicable because the ruling is based on issues of prudence and the applicability of a presumption that are not at issue here. Plaintiffs do not dispute that if, after full discovery and expert reports, the trier of fact determines that, contrary to the Complaint's allegations, Xerox stock was a prudent investment for the Plans during the class period, the related monitoring and disclosure claims would not likely stand alone.

[9] The *Federal-Mogul* plaintiffs summarized their claims against the defendants as follows:

> Defendants caused ongoing investments to be made in the [Federal-Mogul Common Stock Fund and Preferred Stock Fund] after such investments became imprudent due to the

Page - 9 -

As a preliminary matter, the court reminded the parties of the standard properly applied on a motion to dismiss:

> the Court is constrained to observe that defendants' motion papers all appear to be attempts to convert what are labeled motions to dismiss into motions for summary judgment. In analyzing the defendants' arguments in support of dismissal, the Court adheres to the analytical guidelines under Fed. R. Civ. P. 12(b)(6) and only considers the factual allegations from the First Amended Complaint construed in the light most favorable to Sherrill and Siverly.

*Id.* at *29 n.13. As this standard governs with equal force here, the Xerox Defendants' efforts to argue the underlying merits of the case should be disregarded.

The *Federal-Mogul* court proceeded to address the contention, similar to the one that the Defendants make in this case, that plaintiffs improperly sought individual monetary relief rather than relief on behalf of the Plan. Defendants' Memorandum in Support of Motion to Dismiss at 21-23; Defendants' Updated Memorandum in Support of Motion to Dismiss at 15-16. After considering the language of the complaint, the *Federal-Mogul* court held that the plaintiffs had clearly alleged claims for plan-wide relief under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). *Id.* at *33.

The court next rejected defendants' argument that the decision to invest matching and ESOP contributions in company stock was a settlor function not subject to ERISA's fiduciary standards. Specifically, Judge Cohn held:

---

setbacks to Federal-Mogul Corporation in asbestos litigation and when the Plan's purposes of saving for retirement and accumulating capital could no longer be achieved.

*Federal-Mogul*, 2006 U.S. Dist. LEXIS 4978, at *6.

>Despite the Retirement Committee's attempt to circumvent any arguable claim for breach of fiduciary duty by arguing that the conduct of which plaintiffs complain has its genesis in settlor functions and not fiduciary functions, a fair reading of the First Amended Complaint, viewed in the light most favorable to Sherrill and Siverly, adequately states a claim for breach of fiduciary duty. Plaintiffs' allegations go beyond simply suggesting that the Retirement Committee failed to override the terms of the Plan. Indeed, Sherrill and Siverly allege that the Retirement Committee, as Plan fiduciaries, failed to take any action that might protect participants' assets in the Plan. These allegations of failing to take action may, after discovery and additional development of the record, reveal factual background relating to the Retirement Committee's discretionary acts of plan management or administration that would come within the scope of an ERISA fiduciary duty.

*Id.* at *37-38.[10] The same result is, of course, warranted here.

Following these key rulings, the court sustained plaintiffs' co-fiduciary liability claims and noted that the notice pleading standards of Fed. R. Civ. P. 8(a) govern the determination of the sufficiency of plaintiffs' ERISA claims. *Id.* at *39-42. Finally, for purposes of this submission, the court rejected the same "insider information" claim made by the Xerox Defendants in their early briefing, as an improper effort to "expand the scope of the Court's standard of review by interjecting legal arguments more appropriate at the summary judgment stage." *Id.* at *42-45.

For these reasons, *Federal-Mogul* provides further support against dismissal of the Xerox Plaintiffs' claims.

---

[10] The court again reprimanded the defendants for "largely focus[ing] on legal arguments that go beyond analysis of the factual sufficiency of the . . . Complaint" and, therefore, beyond the scope of Fed. R. Civ. P. 12(b)(6). *Id.* at *38. Included under this umbrella was defendants' unsuccessful attempt to obtain dismissal of the *Federal-Mogul* plaintiffs' failure to disclose allegations. *Id.* at *35-39.

DATED this 28th day of February, 2006.

                                    Respectfully Submitted By

                                    /s/ [signature]

GOODMAN, ROSENTHAL & MCKENNA, PC
John F. McKenna, Esq. - ct00104
977 Farmington Avenue, Suite 200
West Hartford, Connecticut 06107
860-231-2800
**Liaison Counsel**

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Laurie B. Ashton
Elizabeth A. Leland
Erin M. Riley
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
206-623-1900 (Seattle)
602-248-0088 (Phoenix)
**Co-Lead Counsel**

SUSMAN, WATKINS, & WYLIE, LLP
Charles R. Watkins
John R. Wylie
Two First National Plaza, Suite 600
Chicago, Illinois 60603
312-346-3466
**Co-Lead Counsel**

**Steering Committee Counsel:**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
312-960-1802

BERGER & MONTAGUE, P.C.
Todd Collins
1622 Locus Street
Philadelphia, Pennsylvania 19103-6365
(215) 875-3040

SCHIFFRIN & BARROWAY
Marc A. Topaz
Joseph H. Meltzer
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

MALAKOFF DOYLE & FINBERG, P.C.
Ellen M. Doyle
437 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
(412) 481-8400

MCTIGUE LAW FIRM
J. Brian McTigue
5301 Wisconsin Ave., NW
Suite 350
Washington, D.C. 20015
(202) 364-6900

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) <br> ) <br> ) Master File No. 02-CV-1138 (AWT) <br> ) |
| This Document Relates to: | ) CLASS ACTION <br> ) <br> ) |
| ALL ACTIONS. | ) FEBRUARY 28, 2006 <br> ) |

### CERTIFICATION

This is to certify that a copy of the foregoing, Response To Defendants' Notice of Supplemental Authority and Cross-Notice of Supplemental Authority, was mailed this 28th day of February, 2006, via U.S. First Class mail, to the following counsel of record:

Charles R. Watkins, Esq.
Susman, Watkins & Wylie, LLP
Two First National Plaza
Suite 600
Chicago, IL 60603

Daniel M. Harris, Esq.
Law Offices of Daniel M. Harris
150 North Wacker Drive
Suite 3000
Chicago, IL 60606

Lynn Lincoln Sarko
Erin M. Riley
Elizabeth A. Leland
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

J. Brian McTigue, Esq.
Bruce Rinaldi, Esq.
McTigue Law Firm
5301 Wisconsin Ave. NW
Ste 350
Washington, D.C. 20015

Michael D. Ryan
Senior Counsel
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904

Steven J. Sacher
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, D.C. 20005

| | |
|---|---|
| Laurie B. Ashton<br>Keller Rohrback, PLC<br>3101 North Central Avenue, Suite 900<br>Phoenix, AZ  85012-2600 | William H. Boice<br>Kilpatrick Stockton LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA  30309 |
| Joseph H. Meltzer<br>Marc A. Topaz<br>Schiffrin & Barroway, LLP<br>280 King of Prussia Road<br>Radnor, PA  19087 | Benjamin H. Green, Esq.<br>Dreier LLP<br>One Landmark Square<br>20th Floor<br>Stamford, CT  06901 |
| Sherrie R. Savett<br>Joy Clairmont<br>Todd Collins<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA  19103 | Michael T. Hannafan & Associates, Ltd.<br>One East Wacker Drive, Suite 1208<br>Chicago, IL  60601 |
| Ellen M. Doyle<br>Malakoff Doyle & Finberg, P.C.<br>437 Grant Street, Suite 200<br>Pittsburgh, PA  15219 | |

_____
John F. McKenna, Esq. – ct00104
Goodman, Rosenthal & McKenna, P.C.
977 Farmington Avenue, Suite 200
West Hartford, CT 06107
860-231-2800/Fax-860-523-9235