UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re XEROX CORPORATION ERISA LITIGATION | ) | Master File No. 02-CV-1138 (AWT) |
| | ) | |
| This Document Relates to: | ) | **CLASS ACTION** |
| | ) | |
| ALL ACTIONS | ) | MARCH 14, 2006 |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs never confront the substantive reasoning of *In re Reliant Energy ERISA Litigation* in their Response ("Resp."). Instead they paste string-cites from previously filed memoranda, peppering the Court with cases in which the plan at issue is fundamentally different from the Xerox Plans. The same is true of the *Federal-Mogul* decision, another case where the plan design features at issue are fundamentally different from the Xerox Plans.

**I.     Plaintiff's Fail To Substantively Address The Conclusions Of Law In *Reliant Energy***

On the points addressed by the *Reliant Energy* opinion, the decision speaks for itself and need not be reiterated here. Suffice to say that it recognizes that under ERISA, 1) fiduciary status is functionally defined, *i.e.,* being a fiduciary for one purpose does not make one a fiduciary for another purpose, 2) fiduciary status is not a brooding omnipresence that settles on one's shoulders merely because participants have suffered adverse investment experience, 3) this is particularly true with respect to asset management where an "exercise of authority or control" over an asset is required to make one a fiduciary, and 4) if a plan sponsor designs a plan to require company stock as one of the

investment options, that act is a settlor function, not subject to the ERISA fiduciary standards, and no person who has not otherwise exercised authority or control over investment in company stock shall be a fiduciary with respect to such investment.

II.     *Federal-Mogul* **Is Inapposite, Does Not Support The Plaintiffs' Arguments, And Is Unhelpful In Deciding The Present Case**

As they have in the past, Plaintiffs refer to an inapposite case, *Sherril v. Federal-Mogul Corp. Retirement Programs Committee*, No. 04-72949, 2006 U.S. Dist. LEXIS 4978 (E.D. Mich. Feb. 9, 2006) ("*Federal-Mogul*"). However, as in other cases previously cited by Plaintiffs, the plan in *Federal-Mogul* is fundamentally different from the Xerox Plans.[1]

First, the court determined upon review of the plan documents that the Federal-Mogul Retirement Committee may have conveyed, to another party, the "discretion or authority to discontinue offering the Federal-Mogul Common Stock Fund as an investment option." *Federal-Mogul*, at *59. The Xerox Plans did not give the Xerox Defendants discretion as to investment in the Xerox Stock Fund, thus the Xerox Defendants, unlike the Federal-Mogul Retirement Committee, had no discretion themselves, and certainly none to convey to anyone else. Second, part of the Federal-Mogul plan was an ESOP. *Id.* at *15. The Xerox Plans do not involve an ESOP. An ESOP must, by statute, invest primarily in company stock. *See* 29 U.S.C. § 1107(d)(6). As to the part of the Federal-Mogul plan that is an ESOP, no participant direction was involved. Investment decisions regarding company stock therefore had to be made by plan officials, as alleged in Count II of the Complaint. *Federal-Mogul*, at *25-27.

---

[1] As the Xerox Defendants have stated before, fact differences in 401(k) company stock cases are important. *See In re Dynegy, Inc. ERISA Litigation*, 309 F. Supp. 2d 861, 896 (S.D. Tex. 2004) (explaining that "[t]he Enron court's analysis shows that the Enron plan was not, as plaintiff asserts, identical to the Dynegy plan. Because the terms of the plans differ, the court is not persuaded that plaintiff's allegations warrant the conclusion reached in Enron.").

As to each individual reason that Plaintiffs cite for bringing this decision to the Court's attention, none survive scrutiny. In fact, *Federal-Mogul* actually undercuts Plaintiffs' claims that the Xerox Defendants' reliance on the terms of the Plan are "fact-based arguments" that "argue the underlying merits of the case [and that] should be disregarded" because such reliance is inappropriate in a motion to dismiss. Resp. at 5, 10. Judge Cohn, ruling on a motion to dismiss, specifically examined and interpreted the plan documents, including the investment manager agreement, in deciding whether or not any defendant had discretion as to the investment in company stock. *See Federal-Mogul*, at *55-59.

Plaintiffs' reliance on *Federal Mogul* for the proposition that relief for only a subgroup of participants constitutes plan-wide relief under sections 1132(a)(2) and 1109(a) is similarly misplaced because, among other reasons, the company's matching contributions were invested exclusively in Federal-Mogul stock. *Id.* at *15. In other words, in *Federal-Mogul*, every participant had company stock in his account, so claims of fiduciary breach regarding investment in company stock ran to every plan participant, *i.e.*, the plan as a whole. In the Xerox Plans, because the Company match was made in cash that could be invested in any option under the plan, only those participants who personally decided to invest in the Xerox Stock Fund during the putative class period might have been affected by the alleged breaches of fiduciary duty.

Accordingly, the Defendants respectfully request the Court to consider the reasoning of the *Reliant Energy* decision, a case interpreting a plan that, like the Xerox Plans, mandated a company stock fund option, in support of the Defendants' Motion to Dismiss.

Respectfully submitted,

Benjamin H. Green (ct2332)
Dreir LLP
One Landmark Square
20th Floor
Stamford, CT  06901
Attorney for All Defendants

Steven J. Sacher (ct24024)
Kilpatrick Stockton LLP
607 14th Street, Suite 900
Washington, DC 20005-2018
202/508-5800
Attorneys for All Defendants except
Myra R. Drucker

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all counsel of record on the 13th day of March, 2006, postage prepaid and properly addressed to:

John F. McKenna
**Goodman, Rosenthal & McKenna, PC**
997 Farmington Avenue, Suite 200
West Hartford, CT 06107
**Liaison Counsel for Plaintiffs**

Charles R. Watkins
John R. Wylie
**Susman & Watkins**
Two First National Plaza, Suite 600
Chicago, IL 60603
**Co-Lead Counsel for Plaintiffs**

Daniel M. Harris
**Law Offices of Daniel M. Harris**
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
**Co-Counsel for Plaintiffs**

Gary Gotto
Laurie Ashton
**Dalton, Gotto, Samson & Kilgard**
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600
**Co-Counsel for Plaintiffs**

Joseph H. Meltzer
**Schiffrin & Barroway, LLP**
280 King of Prussia Road
Radnor, PA 19087
**Co-Counsel for Plaintiffs**

Sherrie R. Savett
Stuart Guber
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
**Co-Counsel for Plaintiffs**

Michael D. Ryan
Senior Counsel
**Xerox Corporation**
800 Long Ridge Road
Stamford, CT 06904
**In-House Counsel for Xerox**

Derek W. Loeser
Lynn Sarko
Erin Riley
**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
**Co-Lead Counsel for Plaintiffs**

J. Brian McTigue
Bruce F. Rinaldi
**McTigue Law Firm**
5301 Wisconsin Ave., NW, Suite 350
Washington, DC 20015
**Co-Counsel for Plaintiffs**

Steven J. Sacher
**Kilpatrick Stockton LLP**
607 – 14th Street, N.W.
Suite 900
Washington, DC 20005-2018
**Counsel for Defendants**

{00137614.DOC;}

Michael T Hannafan
**Michael T. Hannafan & Associates, Ltd.**
One East Wacker Drive, Suite 1208
Chicago, Il 60601
(312)527-0055
**Counsel for Defendant Myra R. Drucker**

_____
Benjamin H. Green (ct 2332)

{00137614.DOC;}