UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re XEROX CORPORATION ERISA LITIGATION | ) Master File No. 02-CV-1138 (AWT) ) ) |
| This Document Relates To: | ) CLASS ACTION ) |
| ALL ACTIONS | ) ) ) |

## AMENDED CONSENT PROTECTIVE ORDER

WHEREAS documents and information have been and may be sought, produced, or exhibited by and among the parties to this action which relate to confidential information, which is defined to include, trade secrets, confidential commercial or financial information, confidential research, development, technology, business plans, or other proprietary information belonging to the parties or information concerning individuals which one would reasonably expect to remain confidential, including but not limited to information such as personal account numbers, social security numbers, and birth dates;

THEREFORE, IT IS HEREBY ORDERED BY THIS COURT, WITH THE CONSENT OF the parties, through their respective attorneys of record, as follows:

1.   Any documents or other tangible information bearing materials ("Documents or Materials") produced or submitted by any party or non-party in this action pursuant to any discovery request, subpoena, or order, or voluntarily by any party, that a party deems to be confidential, shall not be disclosed except as set forth

{00174844.DOC;}

in this Consent Protective Order ("Order") and shall be designated as "CONFIDENTIAL".. The "CONFIDENTIAL" designation shall, when practical, be made by marking the Documents/Materials either physically or electronically prior to, or contemporaneously with, production or disclosure of the document, except in the case of depositions, which shall be designated as set forth in Paragraph 3. An inadvertent failure to designate confidential information shall be dealt in accordance with Paragraph 14. All such Documents or Materials shall be referred to hereafter as "Confidential Information."

2.  In the absence of prior written agreement of the parties or order by the Court, no Confidential Information may be disclosed to any person other than: (i) the parties and their attorneys in this action, including such attorneys' employees and support personnel assisting such attorneys in this action and independent contractors and vendors engaged for purposes of this action; (ii) qualified persons taking testimony involving Documents or Materials and necessary stenographic and clerical personnel; (iii) experts, investigators and their staff who are sought to be employed or retained, or are employed or retained for purposes of this litigation; (iv) the Court and any personnel of the Court; and (v) any witness questioned in relation to a particular document.

3.  As to depositions upon oral examination, if any attorney so states at the deposition, the testimony of the witness shall be deemed to be Confidential Information until the expiration of thirty (30) days after the receipt by counsel of record of the transcript of the deposition. Absent consent of the designating attorney, the deposition

{00174844.DOC;}

2

transcript may only be shown to persons specified in paragraph 2 during the thirty (30) day period, and if counsel of record believes that the deposition transcript or portions thereof constitutes Confidential Information, counsel shall designate in writing to other counsel of record within that thirty (30) day period the specific pages and lines constituting such Confidential Material.

4. Confidential Information shall not be made available to any person designated in paragraph 2(i) or (iii) unless he or she shall have first read this Order, agreed to be bound by the terms thereof, agreed not to reveal Confidential Information to anyone other than persons designated in paragraph 2, above, and agreed to utilize Confidential Information solely for the purpose of the above-captioned litigation and for no other litigation or purpose.

5. Any Confidential Information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this lawsuit shall be submitted and maintained by the Clerk under seal unless otherwise ordered by the Court. Only the Court and counsel of record for the respective parties, and anyone designated in Paragraph 2 herein, shall have access to any Confidential Information so submitted. All Confidential information submitted to the Court under seal shall be clearly marked "SEALED" directly on the envelope. The cover page of the filed document shall contain the case caption and shall be marked: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

{00174844.DOC;}

6. All Confidential Information shall only be used for purposes of the above-captioned litigation and for no other purpose. Specifically, no Confidential Information may be used in connection with any other lawsuit or legal proceeding. If one or more of the persons identified in paragraph 2(i), (ii) or (iii) is served with a subpoena, or a request or demand from a governmental body or agency under circumstances where a response is legally required, i.e., without limitation, a CID, calling for or requesting production of Confidential Information, such person may comply therewith and shall have no obligation to object or seek delays but shall notify all other parties in writing, via U.S. mail and email, as soon as possible upon receipt of such subpoena or request or demand from a governmental agency or body, and shall not produce any confidential information, absent consent of counsel or further Court order, until the earlier of (1) ten (10) days notice; or (2) the date of production specified in, or required by, the subpoena, demand, or other legal process. The party asserting the confidential designation shall be solely responsible for asserting any objection to the requested production.

7. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the confidentiality of Confidential Information.

8. All persons having knowledge of, access to or possession of any Confidential Information as a result of discovery or voluntary disclosure by a party in this litigation shall refrain from disclosing any portion of it to any other person or entity except as otherwise permitted by this Order.

{00174844.DOC;}

9.  If Confidential Information obtained as a result of discovery or voluntary disclosure by a party in this litigation to a party is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall with reasonable promptness bring such disclosure to the attention of all other parties and, without prejudice to other rights and remedies of said parties, make reasonable effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

10. Within sixty (60) days after final termination of this lawsuit, the recipient of any Confidential Information shall at the producing party's option either return to the producing party or destroy the Confidential Information, at the producing party's sole expense. For purposes of this paragraph, Confidential Information includes summaries, extracts, or compilations taken from Confidential Information but does not include attorneys' work product, which attorneys may retain.

11. This Order shall remain binding after the conclusion of this litigation to the extent necessary to carry out its purposes unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Order.

12. Nothing in this order shall preclude any party from using its own Confidential Information in any manner it chooses. If a party discloses its own Confidential Information in a manner or to persons not permitted hereunder, this Order shall not thereafter apply to such Confidential Information.

{00174844.DOC;}

13. If a party inadvertently discloses Confidential Information or any Documents and Materials that is privileged or otherwise immune from discovery under the attorney-client or work product doctrines, upon being notified that this has occurred, or upon concluding that this has occurred, the party so notified or who discovers the inadvertent production shallnotify the other party and the party in receipt of the inadvertent production shall, within seven (7) days of notice and at the producing party's expense, return or destroy and confirm destruction of all hard copies of such inadvertently produced Documents and Materials and take appropriate steps to ensure that any electronic copies of such Documents and Materials are rendered inaccessible, removed or destroyed. The receiving party is under no obligation to monitor produced materials for potential inadvertent production of privileged or protected items. The inadvertent production of Confidential Information or other Documents and Materials shall not be deemed a waiver in whole or in part of the disclosing party's claim of privilege or protection as to specific information disclosed or information on the same or related subject matter, and such inadvertently disclosed Confidential Information or other Documents and Materials may not be used in the above-captioned litigation.

14. Inadvertent failure to identify documents or things as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the designating party to appropriately mark the information in accordance with this Order, at

{00174844.DOC;}

the designating party's expense.

15. This Order is without prejudice to and does not impair the right or ability of any party or other person to assert that any Documents or Materials are or are not entitled to confidential status hereunder. Any party or person who wishes may raise such a challenge by notifying the parties hereto in writing that such a challenge is being made. If, within thirty (30) days, the issue is not resolved, the party supporting confidential treatment may file a motion or other appropriate paper to bring the issue before the Court for resolution, with the burden of production and risk of non-persuasion resting on the party or person who asserts or maintains that confidential status is warranted. If no such motion is filed, or if the motion is denied, the challenged material shall become non-confidential upon the expiration of thirty (30) days or denial of the motion.

16. This Order is without prejudice to and does not impair the ability or rights of plaintiffs to request or move for the lifting or modifications of this Order.

17. The parties and the Court recognize that the parties and other persons may possess or come into possession of documents or information by means other than a discovery request, subpoena, or voluntary disclosure by a party in this litigation. For example, by way of illustration but not limitation, parties or other persons may have documents or information that they obtain from or via SEC filings, news media, analysts, their own efforts or a FOIA request. This Order does not apply to or confer confidential status on such documents or information, even if such documents or information are or are also produced by a party voluntarily, or in response to a discovery

{00174844.DOC;}

request or subpoena.

18. This Order also does not apply to or confer confidential status on documents or information that: (a) plaintiffs or plaintiff's counsel possessed on or before October 15, 2002; (b) was, is or becomes public in a manner other by violation of this Order; (c) that is obtained other than in discovery or through voluntary disclosure by a party in this litigation.

It is so ordered.

Dated this ___ day of July 2006, at Hartford, Connecticut.

_____
Alvin W. Thompson
United States District Judge

{00174844.DOC;}