IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION ) ) ) ) ) ) ) ) ) ) This Document Relates To: ALL ACTIONS | Master File No. 02 CV-1138 (AWT)<br><br>July 18, 2007 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' (EXCEPT
MYRA DRUCKER) PARTIAL MOTION TO DISMISS
THE SECOND CONSOLIDATED AMENDED COMPLAINT**

Defendants (except Myra Drucker)[1] submit this memorandum of law and accompanying Declaration of Kevin Noble, dated July 18, 2007 (the "Noble Decl.") in support of their partial motion to dismiss the Second Consolidated Amended Complaint ("SCAC") pursuant to Rules 8(a), 12(b)(6) and 65 of the Federal Rules of Civil Procedure (the "Rules").  In particular, this motion seeks to dismiss:  (1) Count I for failure to adequately plead a claim against the alleged "Plan Administrator Defendants" for fiduciary breach in connection with asset management, (2) Counts I-III for failure

---

[1] Specifically, Xerox Corporation, Lawrence Becker, Sally Conkright, Patricia Nazemetz, Arlyn Kaster, Kathleen Russell, William Strusz, William Roscoe, Lance Davis, Gregory Tayler, Christina Clayton, Gary Kaburek, Lawrence Zimmerman, Paul Allaire, Anne Mulcahy, William Buehler, Barry Romeril, B.R. Inman, Vernon Jordan, Hilmar Kopper, George Mitchell, N.J. Nicholas, Patricia Russo, Martha Seger, Thomas Theobald and Richard Thoman.

adequately to plead co-fiduciary liability against all Defendants, and (3) Plaintiffs' prayer for injunctive relief against all Defendants.

## INTRODUCTION

This purported class action alleges breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"),[2] against Xerox Corporation and several of its current and former officers, directors, and employees in connection with participant directed investments in the Xerox Stock Fund – an investment option under the Plan and the Union Plan[3] (together, the "Plans").[4] On January 14, 2003, Defendants moved to dismiss the Consolidated Amended Complaint (the "CAC") and on April 17, 2007, this Court granted that motion in part and denied it in part, with leave to replead (the "April 2007 Opinion").[5] On May 17, 2007, Plaintiffs filed the SCAC.

## SUMMARY OF ARGUMENT

Plaintiffs' Count I claim against the Plan Administrator Defendants must fail because it does not state a claim under Rule 8(a) and 12(b)(6).[6] Under the standard set

---

[2] For ease of reference, citations herein to provisions of ERISA shall be to the sections of the Act as codified in Title 29 of the United States Code.

[3] Unless otherwise indicated, capitalized terms herein have the same meaning as they have in this Court's April 2007 Opinion. *See In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

[4] The Plans are attached as exhibits to the Declaration of David Pickle, dated January 14, 2003. *See* Dkt. No. 45, Pickle Decl., Exs. B (the "2002 Plan"), C (the "1998 Plan"), D (the "1997 Plan"), and E (the "Union Plan").

[5] A copy of the April 2007 Opinion, *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206, is annexed for ease of reference as Exhibit 2 to the Noble Decl.

[6] The Plan Administrator Defendants are Lawrence Becker, Sally Conkright, Patricia Nazemetz and Arlyn Kaster.

{00273728.DOC;}

out by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. ---, 127 S. Ct. 1955 (May 21, 2007), *rev'g* 425 F.3d 99 (2d Cir. 2005) ("*Twombly*"), Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face," *Id.* at 1974. They fail to do so.  Count I also fails because absent from the SCAC are any allegations that the Plan Administrator Defendants had asset management duties.

Likewise, all three counts alleging co-fiduciary liability must be dismissed for the same reason and because Plaintiffs fail in substance to cure the pleading deficiency highlighted by this Court in its April 2007 Opinion.  In dismissing the CAC with leave to replead, this Court held, in relevant part, that:

> Each of the five counts in the Complaint states that it is being asserted against "Defendants."  It is not possible to tell from the way in which this term is used whether the claim in any count is against all or just some of the defendants
> 
> \* \* \*
> 
> Here, the court concludes that under Fed.R.Civ.P. 8(a), each defendant or group of defendants is entitled to know which claims are being asserted against him, her or it at this time.

*In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d at 212-13.  In purporting to ameliorate this deficiency, Plaintiffs added a subheader under each count listing the Defendants against whom that count is alleged.[7]  *See* Noble Decl. Ex. 1, Count I-III.  But it appears that Plaintiffs continue to allege co-fiduciary liability as to *every* Defendant, as to *every* allegation of fiduciary breach, and in *every* Count of the SCAC.  This flies in the face of this Court's April 2007 Opinion and *Twombly*'s plausibility test.  As pled, the co-

---

[7] A "blackline" comparison of the First and Second Consolidated Amended Complaint is annexed as Exhibit 1 to the Noble Decl.

fiduciary liability allegations of the SCAC still do not contain "enough factual matter" to state a claim.

Finally, in its April 2007 Opinion, this Court dismissed Plaintiffs' request for injunctive relief because it was too generalized to satisfy the standards of Rule 65 of the Federal Rules of Civil Procedure. *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d at 220 (citing *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49-50 (2d Cir. 1996)). Nevertheless, Plaintiffs re-plead the *same* request for injunctive relief, in the *same* paragraph – paragraph 4 of the SCAC's Prayer for Relief – and in the *same* generalized fashion. *See* Noble Decl. Ex. 1, Prayer for Relief ¶ 4. A comparison of the requests for injunctive relief in the CAC and SCAC demonstrates that Plaintiffs have added nothing to the SCAC to cure the deficiency identified by this Court. Because the claim for relief remains substantively unchanged, the Court should dismiss it again.

## ARGUMENT

### I.   THE PLEADING STANDARD UNDER *TWOMBLY*

The Supreme Court this year clarified the minimum standard of adequate pleading under Federal Rule of Civil Procedure 8(a). The Court held that the now-disapproved "no set of facts" pleading standard "has earned its retirement." *Id.* at 1969. In order to satisfy Rule 8(a), Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. This plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the alleged

misconduct. *Id.* at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *id.* at 1965, and the line "between the factually neutral and the factually suggestive . . . must be crossed to enter the realm of plausible liability." *Id*. at 1966 n.5. If a claim to relief "stops short of the line between possibility and plausibility," *id.* at 1966, because the plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 1974. "The 'plain statement' [must] possess enough heft to 'sh[ow]' that the pleader is entitled to relief." *Id.* at 1966 (citation omitted).

## II. PLAINTIFFS FAIL ADEQUATELY TO PLEAD A CLAIM IN COUNT I FOR FIDUCIARY BREACHES AGAINST THE "PLAN ADMINISTRATOR DEFENDANTS"

"Plan Administrator Defendants" Becker, Conkright and Nazemetz are each named in Count I of the SCAC in their capacity as an Administrator of the Plan. SCAC ¶ 16-18. Ms. Kaster is named in Count I of the SCAC as an Administrator of the Union Plan. SCAC ¶ 19. As alleged against these Defendants in their capacity as Plan Administrators, Count I must be dismissed as a matter of law because it does not "raise a right to relief above the speculative level [even] on the assumption that all of the complaint's allegations are true" under Rules 8(a) and 12(b)(6). *Twombly*, 127 S. Ct. at 1965 (citations omitted).

Plaintiffs allege in Count I that the Plan Administrator Defendants, among others, breached plan asset management fiduciary responsibility. Under the terms of the Plans, however, the Plan Administrator Defendants had only plan administration duties, not plan asset management duties (which the Plans clearly assigned to others), and Plaintiffs have not adequately pled that the Plan Administrator Defendants took on asset management duties.

### A. Plaintiffs Fail to Meet the Pleading Standard Under *Twombly*

The subheader added to Count I of the SCAC enumerates which Defendants it is purportedly alleged against.[8] SCAC ¶ Count I. However, Plaintiffs' co-fiduciary liability allegations throughout the SCAC continue to lump each party together referring

---

[8] Specifically, "The Company, and the Administrator, Treasurer, JAB, Fiduciary Investment Review Committee, Finance Committee and Director Defendants."

to them collectively as "Defendants" and allege that they breached their ERISA fiduciary obligations with respect to the Xerox Stock Fund investment option. Plaintiffs claim, for example, that (i) "***Defendants*** were responsible for the prudence of the Plans' investments,"[9] (ii) "***Defendants*** failed to discharge their fiduciary obligations and instead continued to manage, direct and approve investment of assets of the Plans in Xerox stock and maintained the Xerox Stock Fund as an investment alternative," (iii) ***Defendants*** breached their fiduciary duties by failing to prudently invest the Plans' assets." *Id.* ¶¶ 147, 149 (emphasis added).

Unlike the other Defendants identified in the Count I subheading, however, the Plan Administrator Defendants are not alleged to have exercised authority or control over any assets of the Plans, including the Xerox Stock Fund.[10] The only allegation in the SCAC that specifically references the Plan Administrator Defendants alleges that Xerox designated them "in one or more of the Plans' Annual Reports, thereby rendering them named fiduciaries . . . under ERISA." SCAC ¶ 42. The Plan, however, provides the Plan Administrator Defendants with only authority for the "operation and administration of the Plan" – not the management of assets of the Plan. Dkt. No. 45, 1997 Plan § 2.03; 1998 Plan § 2.03; 2002 Plan § 2.03. By way of contrast – and as Plaintiffs expressly recognize in the SCAC, ¶¶ 35, 43-45 – the Plan explicitly assigns asset management responsibility to the Finance Committee of Xerox's Board of Directors. Dkt. No. 45, 1997 Plan § 2.04;

---

[9] Under ERISA, this is a meaningless statement. ERISA does not regulate investments and contains no normative standards for investments. ERISA regulates the conduct of persons who occupy positions of fiduciary responsibility. *See* § 1104(a).

[10] SCAC ¶¶ 35, 44, 153.

1998 Plan § 2.04; 2002 Plan § 2.04.[11]  Count I thus fails to meet the pleading standard of Rule 8(a) as articulated by *Twombly*.

>   B.   **Plaintiffs Fail to State a Plausible Claim Against the Plan Administrator Defendants for Breach of Fiduciary Duty**

Even if the Court were to find that the Plaintiffs have met their pleading burden under *Twombly*, the allegations in the SCAC still fail to state a claim against the Plan Administrator Defendants for breach of fiduciary duty.  That the Plan Administrator Defendants were given fiduciary authority for plan administration, does not render them fiduciaries with respect to the investment functions complained of by the Plaintiffs in Count I.

ERISA provides in relevant part that a "person is a fiduciary with respect to a plan *to the extent* (i) he . . . exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."  § 1002(21)(A) (emphasis added). Fiduciary status depends on "the function performed, rather than on the title held."  *Blatt v. Marshall & Lassman*, 812 F.2d 810, 812 (2d Cir. 1987).  Indeed, "the inclusion of the phrase 'to the extent' in § 1002(21)(A) means that a party is a fiduciary only as to the activities which bring the person within the definition" – it is not an "all-or-nothing"

---

[11] Well-pleaded factual allegations in the SCAC are assumed to be true solely for purposes of this motion.  The remaining facts are those that the Court may consider on this motion to dismiss, such as documents attached to the Complaint or incorporated by reference therein, such as ERISA plan documents, as well as matters of public record. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Automated Salvage Transp., Inc. v. Wheelabrator Envtl. Sys., Inc.*, 155 F.3d 59, 67 (2d Cir. 1998). Under the Union Plan, plan administration and plan asset management are both the responsibility of the JAB.  Dkt. No. 45, Union Plan §§ 2.01, 2.13.

proposition. *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992); *Amato v. Western Union Int'l.*, 773 F.2d 1402, 1416 (2d Cir. 1985) (One "assume[s] fiduciary status 'only when and to the extent' that they function in their capacity as plan administrators") (citation omitted); *Agway, Inc., Employees' 401(k) Thrift Inv. Plan v. Magnuson*, No. 5:03-CV-1060, 2006 WL 2934391, at *13-14 (N.D.N.Y. Oct. 12, 2006) (dismissing a claim against plan administrators "to the extent that it alleges a breach on the part of the Administration Committee Defendants based upon their failure to guard against the Plan's investment in [the Company's stock]"); *Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222, 229-30 (W.D.N.Y. 2002) (dismissing claims against certain defendants where alleged breaches were outside the scope of the defendants' fiduciary duties, and holding that "[t]he only power the [defendants] had under the Plan was to appoint, retain, or remove" and "[t]hus the [defendants'] fiduciary obligations can extend only as to those acts").

On its face, Count I alleges only fiduciary asset management breaches, *e.g.*, "failing to prudently invest the Plans' assets," by allowing "investment of assets . . . in Xerox stock" and maintenance of "the Xerox Stock Fund as an investment alternative." SCAC ¶ 149. Count I does not allege any plan administration breaches – the only fiduciary duty for which the Plan Administrator Defendants had responsibility under the Plan. As pled, Count I must be dismissed. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998).

Plaintiffs have not alleged that the Plan Administrator Defendants' fiduciary responsibility under the Plan included investment management. And Plaintiffs do not allege that the Plan Administrator Defendants acted outside the scope of their designated duties under the Plan by exercising authority or control with respect to plan investments. Instead, Plaintiffs assert only a bare legal conclusion collectively against the Count I Defendants: that all of them functioned as asset managers. *See* SCAC ¶ 147.

Additionally, the Union Plan clearly provides that it was the JAB and not any particular individual who was the "Plan Administrator." Dkt. No. 45, Union Plan § 2.01. In contravention of this plain language and without averring a single supporting fact, Plaintiffs allege that Arlyn Kaster served as Plan Administrator of the Union Plan. SCAC ¶ 19. As a matter of law, Arlyn Kaster may not be sued as a Union Plan Administrator in her individual capacity.[12]

### III. UNDER *TWOMBLY*, PLAINTIFFS FAIL ADEQUATELY TO ALLEGE CO-FIDUCIARY LIABILITY

In its April 2007 Opinion, this Court gave Plaintiffs another bite at the apple, granting Defendants' motion to dismiss Plaintiffs' claims but with leave to replead them. The Court held that

> [B]y simply making blanket references to "Defendants", the Plaintiffs fail to give adequate notice to each defendant.

---

[12] The Court "is not bound to credit conclusory allegations if 'they are belied by more specific allegations of the Complaint' or any other materials that the court may properly consider on the motion." *Hirsch v. Arthur Andersen &Co.,* 72 F.3d 1085, 1092 (2d Cir. 1995).

{00273728.DOC;}

*In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d at 215.  Though Plaintiffs replead their claims in the SCAC (*see* Counts I-III), they fail to cure the deficiency under both this Court's April 2007 Opinion and *Twombly*, with respect to co-fiduciary liability.  In the co-fiduciary liability allegations, Plaintiffs appear to continue to lump together all Defendants under all counts, referring to them in each Count as "Defendants" generally.  *See* SCAC ¶¶ 146, 166, 168.  If, in fact, Plaintiffs are alleging that an undifferentiated group of all Defendants have co-fiduciary liability for *every* breach alleged in *every* Count, Plaintiffs clearly have not complied with this Court's mandate that they "clarify which of the remaining counts are asserted against which defendants or group of defendants."  *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d at 213.

       Additionally, even with the benefit of considerable fact discovery, Plaintiffs do not allege the necessary factual allegations to state a plausible claim for breach of co-fiduciary duty in Count I, which merely states that "each Defendant was and acted as a co-fiduciary of the other Defendants," SCAC ¶ 146, and that "as a direct and proximate result of the breaches of fiduciary and co-fiduciary duties alleged herein," the Plans suffered harm, SCAC ¶ 151.  *See Twombly*, 127 S. Ct. at 1964-65 ("[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]")  Such  pleading fails to provide adequate notice and clarification under Rule 8(a) as to (a) which Defendants are alleged to be liable as co-fiduciaries of (b) which other Defendants and (c) for which breaches of fiduciary duties.  Also, § 1105 makes clear that an allegation of co-fiduciary liability with respect to a

fiduciary of one plan will not lie with respect to a breach of duty by a fiduciary of another plan. Plaintiffs do not so limit their allegations. *See* SCAC ¶ 146.

Accordingly, Counts I-III must be dismissed for failure to adequately state a claim for co-fiduciary liability.

**IV. PLAINTIFFS' FAILURE TO AMELIORATE THE PLEADING DEFICIENCIES IDENTIFIED BY THE COURT WARRANTS DISMISSAL OF THEIR CLAIM FOR INJUNCTIVE RELIEF**

It is settled that "injunctive relief should be narrowly tailored to fit specific legal violations." *Waldman Publishing Corp. v. Lindoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994) (citing *Soc'y for Goodwill to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1251 (2d Cir. 1994)). It "is generally appropriate only when there is an inadequate remedy at law and irreparable harm will result if the relief is not granted." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005) (dismissing plaintiff's request for an injunction). In its April 2007 Opinion, this Court held that Plaintiffs' request for an injunction was deficient and too generalized to satisfy the standards of Rule 65. *See In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d at 221. In dismissing the claim for injunctive relief, this Court further held that "an injunction must be more specific than a simple command that the defendant obey the law." *Id.* (quoting *Peregrine Myanmar*, 89 F.3d at 51).

A comparison of paragraph 4 of the CAC's Prayer for Relief which was dismissed by this Court to the new paragraph 4 asserted in the instant SCAC demonstrates that, in substance, Plaintiffs' request for injunctive relief remains unchanged. Plaintiffs still fail

to identify what injunctive relief is being sought.  *See* Noble Decl. Ex. 1, Prayer For Relief ¶ 4.  Because Plaintiffs' request for injunctive relief is, on its face, nothing more than "a simple command" that is "too generalized" to state a claim, *Peregrine Myanmar Ltd.,* 89 F.3d at 51 (citing *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 748 (2d Cir. 1994)), it should be dismissed for the same reasons stated in this Court's April 2007 Opinion.

## CONCLUSION

For the reasons set forth above, Defendants (except Myra Drucker) respectfully request (1) that Count I be dismissed as against the Plan Administrator Defendants, (2) that Plaintiffs' claims for co-fiduciary liability in Counts I-III be dismissed against all Defendants, (3) that Plaintiffs' request for injunctive relief be dismissed and (4) that Defendants be awarded such other relief as the Court deems just and proper.

          ALL DEFENDANTS
          (EXCEPT MYRA DRUCKER)


          By:____/s/ Steven J. Sacher_____
          Steven J. Sacher (ct24024)
          Evan Miller (phv01958)
          Kevin R. Noble (phv01959)
          JONES DAY
          51 Louisiana Avenue, N.W.
          Washington, D.C. 20001-2113
          Telephone:  (202) 879-3939
          Facsimile:  (202) 626-1700

          Jayant W. Tambe (ct15992)
          Aviva Warter Sisitsky (phv01990)
          Gary D. Shapiro (phv01991)
          JONES DAY
          222 East 41st Street
          New York, NY 10017-6702
          Telephone:  (212) 326-3939
          Facsimile:  (212) 755-7306

          Benjamin Green  (ct05166)
          Frances Codd Slusarz (ct24442)
          DREIER LLP
          One Landmark Square, 20th Floor
          Telephone:  (203) 425-9500
          Facsimile:  (203) 425-9595

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| John F. McKenna, Esq.<br>Rebecca B. Lamont, Esq.<br>**Goodman, Rosenthal & McKenna, PC**<br>977 Farmington Avenue, Suite 200<br>West Hartford, CT 06107 | Charles R. Watkins, Esq.<br>**Futterman Howard Watkins Wylie & Ashley, Chtd.**<br>122 South Michigan Ave, Ste. 1850<br>Chicago, IL 60603 |
| Daniel M. Harris, Esq.<br>**Law Offices of Daniel M. Harris**<br>150 North Wacker Drive, Suite 3000<br>Chicago, IL 60606 | Laurie Ashton, Esq.<br>**Keller Rohrback, P.L.C.**<br>3101 North Central Avenue, Suite 900<br>Phoenix, AZ 85012-2600 |
| Joseph H. Meltzer, Esq.<br>**Schiffrin & Barroway, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087 | Sherrie R. Savett, Esq.<br>Stuart Guber, Esq.<br>**Berger & Montague, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103-6365 |
| Michael D. Ryan, Esq.<br>Senior Counsel<br>**Xerox Corporation**<br>800 Long Ridge Road<br>Stamford, CT 06904 | J. Brian McTigue, Esq.<br>Bruce F. Rinaldi, Esq.<br>**McTigue Law Firm**<br>5301 Wisconsin Ave., NW, Suite 350<br>Washington, DC 20015 |
| Steven J. Sacher, Esq.<br>David Pickle, Esq.<br>**Kilpatrick Stockton LLP**<br>607 – 14th Street, N.W.<br>Suite 900<br>Washington, DC 20005-2018 | Michael T Hannafan, Esq.<br>Blake T. Hannafan, Esq.<br>**Michael T. Hannafan & Associates, Ltd.**<br>One East Wacker Drive, Suite 1208<br>Chicago, IL 60601 |

| | |
|---|---|
| William H. Boice, Esq.<br>Ellen Doyle, Esq.<br>**Kilpatrick Stockton**<br>1100 Peachtree St., Ste. 2800<br>Atlanta, GA 30309 | Derek W. Loeser, Esq.<br>Lynn Sarko, Esq.<br>Erin Riley, Esq.<br>Alexander Perkins, Esq.<br>**Keller Rohrback L.L.P.**<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052 |

      /s/ Frances Codd Slusarz
Frances Codd Slusarz