# Exhibit 2

483 F.Supp.2d 206                                                                                                         Page 1
483 F.Supp.2d 206
**(Cite as: 483 F.Supp.2d 206)**

In re Xerox Corp. Erisa Litigation
D.Conn.,2007.

United States District Court,D. Connecticut.
In re XEROX CORPORATION ERISA
LITIGATION.
**Civ. No. 3:02CV01138(AWT).**

April 17, 2007.

**Background:** Participants in retirement income plans brought suit against employer and certain directors, officers, and employees alleging violations of Employee Retirement Income Security Act (ERISA) in connection with offered investments in employer's corporate stock. Defendants moved to dismiss.

**Holdings:** The District Court, Thompson, J., held that:

(1) complaint was insufficient in failing to place defendants on notice as to which claims were asserted against which defendant;

(2) securities laws prohibiting use of inside information did not excuse fiduciaries from any breach of duty to disclose accurate information regarding investment;

(3) fiduciaries had implied duty not to transmit false information to plan participants when a prudent fiduciary would understand that the information was false;

(4) failure to monitor other fiduciaries and appointees could breach co-fiduciary duties;

(5) heightened pleading standard did not apply to monitoring claim absent allegation of fraud;

(6) allegation that fiduciaries breached duty to avoid conflict of interests did not state claim, but might be replead as breach of duty of loyalty; and

(7) participants who actually invested in stock could sue for injunctive relief to remedy losses to plan as whole.

Motion granted in part and denied in part.
West Headnotes
**[1] Labor and Employment 231H ⚿649**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk649 k. Pleading. Most Cited Cases
ERISA complaint alleging various breaches of fiduciary duty was insufficient in that it failed to put defendants on notice whether claim in any particular count was against all or just some of defendants. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A.

**[2] Labor and Employment 231H ⚿649**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk649 k. Pleading. Most Cited Cases
Repleading, not dismissal, was appropriate remedy for failure of complaint alleging various breaches of ERISA fiduciary duties to specify which claims were against which defendant or group of defendants. Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq.; Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A.

**[3] Labor and Employment 231H ⚿491(1)**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk487 Investments and Expenditures
                231Hk491 Investments in Securities or

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Property of Sponsor

        231Hk491(1) k. In General. Most Cited Cases

Alleged placement of employer's stock on investment options for retirement plan by employer in its settlor, non-fiduciary capacity, and alleged lack of assignment of fiduciary responsibility for maintenance of this investment, did not absolve those with responsibility for plan of functional fiduciary duties with respect to investment. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1).

**[4] Labor and Employment 231H ⚷461**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk460 Who Are Fiduciaries
                231Hk461 k. In General. Most Cited Cases

One can be a fiduciary under ERISA because one is named as a fiduciary or by virtue of one's functions. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1).

**[5] Labor and Employment 231H ⚷649**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk649 k. Pleading. Most Cited Cases

**Labor and Employment 231H ⚷657**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk657 k. Questions of Law or Fact. Most Cited Cases

Question of whether one is a functional fiduciary under ERISA is fact-intensive and the court must accept well-pled allegations as true when ruling on a motion to dismiss. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1).

**[6] Labor and Employment 231H ⚷488**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk487 Investments and Expenditures
                231Hk488 k. In General. Most Cited Cases

Participants do not exercise control within the meaning of ERISA over elective investments in retirement income plan unless plan fiduciaries provide them with complete and accurate information concerning the investments, such that investment choices are removed from fiduciary responsibilities under plan. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1).

**[7] Labor and Employment 231H ⚷491(1)**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk487 Investments and Expenditures
                231Hk491 Investments in Securities or Property of Sponsor
                    231Hk491(1) k. In General. Most Cited Cases

Securities laws prohibiting use of inside information could not excuse ERISA fiduciaries from any breach of fiduciary duty to disclose accurate information regarding investments with respect to offered investment in employer's stock, for which financial results were allegedly manipulated. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1); 29 C.F.R. § 2550.404c-1(c)(2).

**[8] Labor and Employment 231H ⚷482**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk479 Notice and Disclosure

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Requirements

        231Hk482 k. Misrepresentations or Omissions in General. Most Cited Cases

ERISA fiduciaries have implied duty not to transmit false information to plan participants when a prudent fiduciary would understand that the information was false. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1); 29 C.F.R. § 2550.404c-1(c)(2).

**[9] Labor and Employment 231H ⇐491(1)**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk487 Investments and Expenditures
                231Hk491 Investments in Securities or Property of Sponsor
                    231Hk491(1) k. In General. Most Cited Cases

Failure to monitor other plan fiduciaries or appointees with respect to financial prudence of offering investment in employer's stock through retirement income plan could breach co-fiduciary duties under ERISA. Employee Retirement Income Security Act of 1974, § 405(a), 29 U.S.C.A. § 1105(a).

**[10] Labor and Employment 231H ⇐475**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk475 k. Duties in General. Most Cited Cases

ERISA law imposes a duty to monitor appointees on those fiduciaries with appointment power. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1); 29 C.F.R. § 2509.75-8.

**[11] Labor and Employment 231H ⇐649**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk649 k. Pleading. Most Cited Cases

Heightened pleading requirement did not apply to ERISA breach of fiduciary duty claim that fiduciaries failed to monitor other fiduciaries and appointees and disclose relevant financial information absent allegation of fraud. Employee Retirement Income Security Act of 1974, § 404, 29 U.S.C.A. § 1104; Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[12] Labor and Employment 231H ⇐482**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk479 Notice and Disclosure Requirements
                231Hk482 k. Misrepresentations or Omissions in General. Most Cited Cases

ERISA fiduciary has a duty under ERISA to convey complete and accurate information when it speaks to participants and beneficiaries regarding plan benefits. Employee Retirement Income Security Act of 1974, § 404(a), 29 U.S.C.A. § 1104(a).

**[13] Labor and Employment 231H ⇐482**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk479 Notice and Disclosure Requirements
                231Hk482 k. Misrepresentations or Omissions in General. Most Cited Cases

**Labor and Employment 231H ⇐488**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk487 Investments and Expenditures
                231Hk488 k. In General. Most Cited Cases

Fiduciaries' duty to provide complete and accurate information to plan participants was not the same as and did not include a duty to provide investment

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

advice. Employee Retirement Income Security Act of 1974, § 404(a), 29 U.S.C.A. § 1104(a).

**[14] Labor and Employment 231H ⚷482**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk479 Notice and Disclosure Requirements
                231Hk482 k. Misrepresentations or Omissions in General. Most Cited Cases
Misrepresentations made in corporate capacity to market in general in periodic filings with Securities and Exchange Commission (SEC) and press releases could form basis for ERISA breach of fiduciary duty claim for providing inaccurate information to retirement plan participants regarding investments in employer's stock if misrepresentations were disseminated to plan participants and beneficiaries. Employee Retirement Income Security Act of 1974, § 404(a), 29 U.S.C.A. § 1104(a).

**[15] Labor and Employment 231H ⚷475**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk475 k. Duties in General. Most Cited Cases
Cognizable claim with respect to any alleged conflict of interest on part of ERISA fiduciary is not that the fiduciary is subject to a conflict of interest, but rather that in discharging his or her duties under a plan, the fiduciary breached his or her duty of loyalty by failing to discharge his duties solely in the interest of participants and beneficiaries. Employee Retirement Income Security Act of 1974, § 404(a)(1), 29 U.S.C.A. § 1104(a)(1).

**[16] Labor and Employment 231H ⚷491(1)**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(C) Fiduciaries and Trustees
            231Hk487 Investments and Expenditures
                231Hk491 Investments in Securities or Property of Sponsor
                    231Hk491(1) k. In General. Most Cited Cases
Participants did not state cognizable claim against ERISA plan fiduciaries by alleging that they breached a duty to avoid conflicts of interest, although under facts alleged, that fiduciaries continued to allow employer's stock as plan investment despite inside knowledge of financial irregularities, participants might be able to properly plead cognizable claim for breach of duty of loyalty. Employee Retirement Income Security Act of 1974, § 406(b)(2), 29 U.S.C.A. § 1106(b)(2).

**[17] Labor and Employment 231H ⚷646**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk646 k. Parties in General; Standing. Most Cited Cases
Class of plan participants, consisting of those who chose to invest through retirement income plan in employer's stock, could sue for injunctive relief to remedy breach of fiduciary duty with respect to giving accurate information regarding stock which caused losses to plan; even if breach did not harm all participants, claim did not become an impermissible one for individual damages. Employee Retirement Income Security Act of 1974, § 502(a)(2), 29 U.S.C.A. § 1132(a)(2).

**[18] Labor and Employment 231H ⚷660**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
            231Hk658 Judgment and Relief
                231Hk660 k. Equitable Relief; Injunction. Most Cited Cases
Prayer for injunctive relief was insufficiently specific in seeking to enjoin ERISA plan fiduciaries

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"from continuing to violate their fiduciary duties," rather than setting forth actions to be taken and avoided. Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1132(a)(3); Fed.Rules Civ.Proc.Rule 65(d), 28 U.S.C.A.

**[19] Labor and Employment 231H ⚷3045**

231H Labor and Employment
    231HXVIII Rights and Liabilities as to Third Parties
        231HXVIII(B) Acts of Employee
            231HXVIII(B)1 In General
                231Hk3044 Scope of Employment
                      231Hk3045 k. In General. Most Cited Cases

Under the doctrine of respondeat superior, an employer is liable, despite having no fault whatsoever, for the acts of its employees taken within the scope of their employment.

**[20] Labor and Employment 231H ⚷649**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk649 k. Pleading. Most Cited Cases

Allegations in complaint that named fiduciary plan administrators were also employees acting in course and scope of their employment, such that their "fiduciary status is attributed to [employer]" simply alleged that employer itself was fiduciary, and did not state claim for liability on basis of respondeat superior, assuming such claim would be legally cognizable under ERISA. Employee Retirement Income Security Act of 1974, § 502(a)(3), 29 U.S.C.A. § 1132(a)(3).

Alexander Perkins, Derek W. Loeser, Elizabeth A. Leland, Erin M. Riley, Lynn Lincoln Sarko, Keller, Rohrback, Seattle, WA, Charles R. Watkins, Futterman Howard Watkins Wylie & Ashley, Chtd., John R. Wylie, Susman & Watkins, Chicago, IL, James Brian McTigue, Bruce F. Rinaldi, McTigue Law Firm, Washington, DC, John F. McKenna, Rebecca B. Lamont, Goodman, Rosenthal & McKenna, West Hartford, CT, Gary A. Gotto, Keller Rohrback, Phoenix, AZ, for Plaintiffs.

Benjamin H. Green, Drier LLP, Stamford, CT, Steven J. Sacher, Kilpatrick Stockton, Washington, DC, William H. Boice, Kilpatrick Stockton, Atlanta, GA, Blake T. Hannafan, Michael T. Hannafan, Michael T. Hannafan & Assoc, Chicago, IL, for Defendants.

*RULING ON MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT*

THOMPSON, District Judge.

The plaintiffs, who are participants in two Xerox Corporation 401(k) retirement income plans, contend that the defendants, who are Xerox Corporation ("Xerox" or the "Company") and certain of its present and former directors, officers, and employees, breached fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") in connection with investments in Xerox common stock. The Consolidated Amended Complaint (Doc. No. 39) sets forth five ***210** causes of action: Count I (Imprudent Investment of Plans' Assets); Count II (Purchasing Company Stock at Above Fair Market Value); Count III (Failure to Monitor the Plans' Fiduciaries); Count IV (Providing Incomplete and Inaccurate Information to Participants); and Count V (Breach of Duty to Avoid Conflicts of Interest). The defendants have moved to dismiss all five counts. Count II has been withdrawn, and the motion to dismiss is being granted in part, with leave to replead, and denied in part.

**I. FACTUAL BACKGROUND**

Xerox maintained two retirement plans for its employees-the Xerox Corporation Savings Plan (the "Salaried Plan") and the Profit Sharing Plan of Xerox Corporation and Xerographic Division of Needletrades, Industrial and Textile Employees, A.F.L.-C.I.O.-C.L.C. (the "Union Plan") (collectively, the "Plans"). Each of the Plans is a tax-qualified, defined contribution plan with a salary reduction feature under section 401(k) of the Internal Revenue Code of 1986. Each is subject to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ERISA, and each is a participant directed eligible individual account plan ("EIAP") as defined in ERISA. Unlike all other kinds of plans, an EIAP may acquire and hold large amounts of stock issued by the corporation that sponsors the plan.

The Plans permit participants to invest their retirement assets in a range of independently managed mutual funds, in Company managed strategy-focused funds, and in Company stock through the "Xerox Stock Fund." The Xerox Stock Fund is maintained by the Plans' trustee and consists solely of Xerox common stock purchased and sold by the trustee on the open market at the direction of Plan participants, plus a small amount of cash necessary for administrative purposes. The governing Plan documents require that participants be offered Company stock as one investment option, while Plan fiduciaries choose the mutual funds and determine the composition of the strategy-focused funds. Under both Plans, the contribution made by the Company on behalf of each participant in addition to the participant's salary deferral is made in cash and may be invested in any of the investments under the Plan.

The plaintiffs seek to represent a class of Xerox employees who directed the purchase of Company stock for their Plan accounts during the "Class Period," May 12, 1997 to November 15, 2002. In addition to the Company, the named defendants are former or current Plan administrators, Xerox appointees to the Union Plan's Joint Administrative Board ("JAB"), members of the Salaried Plan's Fiduciary Investment Review Committee, the Company's current and two former treasurers, and current and former members of the Company's Board of Directors (some of whom served on the Board's Finance Committee).

The plaintiffs allege that the Plans' assets are held in a Master Trust, under which there are ten investment fund options, including the Xerox Stock Fund. They also allege that fiduciaries of the Plans, including Xerox, its Treasurer and its Board of Directors' Finance Committee, manage and direct the investments within each investment option, and that each defendant was a named or functional fiduciary of the Salaried Plan and/or the Union Plan. They allege that each defendant was listed as a fiduciary in Plan documents, exercised discretionary authority or control with respect to the management of the Plans, management or disposition of the Plans' assets, and/or had discretionary authority or responsibility in administration of the Plans. The plaintiffs allege in the alternative that certain defendants, if not fiduciaries, knowingly participated in the fiduciary breaches of the others.

**\*211** The Plaintiffs allege that throughout the Class Period, Xerox, with the knowledge and participation of the other defendants, began misrepresenting its financial results by manipulating the Company's earnings. These misrepresentations were communicated to the Plans' participants through Xerox's periodic Securities and Exchange Commission (the "SEC") filings, which were incorporated by reference into the defendants' fiduciary disclosures to the Plans' participants. Xerox's improprieties resulted in a material overstatement of Xerox's income and assets throughout the Class Period, and the artificial inflation of Xerox's share price. The plaintiffs allege that, despite their status as fiduciaries, Xerox and the other defendants failed to disclose Xerox's practices to the Plans' participants and failed to monitor the prudence of the Plans' investments in Xerox stock.

The plaintiffs allege that, on June 16, 2000, Xerox began a two-year series of incomplete disclosures regarding its problems, and that on April 1, 2002, the full extent of Xerox's financial problems was revealed when Xerox announced that it had agreed to settle charges of accounting fraud brought by the SEC and restate its earnings for the period 1997 to 2001. The plaintiffs further allege that had the defendants acted properly, they would have known that continuing to offer the Xerox Stock Fund as a retirement investment option was imprudent and would have taken appropriate remedial action to prevent the substantial losses to the Plans.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn.1999), quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683).

A pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). "A complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Amron v. Morgan Stanley Inv. Advisors Inc.,* 464 F.3d 338, 343 (2d Cir.2006) (citations omitted). "[A] complaint is sufficient if it gives 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Phelps v. Kapnolas,* 308 F.3d 180, 186 (2d Cir.2002) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)) (citation omitted).

## *212 III. DISCUSSION

A. *Notice to the Defendants*

The defendants argue that the Complaint should be dismissed because the plaintiffs have lumped various classes of defendants into "an undifferentiated mass" and alleged that all of them violated all of the asserted fiduciary duties, with the result being that the Complaint is so general that it fails to put various defendants on notice of the allegations against them. Thus, the defendants argue, the Complaint fails to satisfy even the liberal pleading requirements of Fed.R.Civ.P. 8(a).

Paragraphs 11 through 27 of the Complaint identify various classes of defendants, including the Plan Administrator Defendants, the appointees to the JAB, the members of the Fiduciary Investment Review Committee, the Treasurers, a class of John Does, the Director Defendants, and a class of Richard Roes. Each of the five counts in the Complaint states that it is being asserted against "Defendants".[FN1] It is not possible to tell from the way in which this term is used whether the claim in any count is against all or just some of the defendants, although Count III does make reference to "each Defendant in this Count." (Complaint, at ¶ 162).

> FN1. The exceptions to this general pattern are the claims of knowing participation by Xerox. (*See* Complaint, at ¶¶ 152, 164, and 175-76).

The plaintiffs contend that the Complaint compares favorably to the complaints at issue in *In re CMS Energy ERISA Litigation,* 312 F.Supp.2d 898 (E.D.Mich.2004), *Rankin v. Rots,* 278 F.Supp.2d 853 (E.D.Mich.2003), and *Xcel Energy, Inc., Sec., Derivative & ERISA Litig.,* 312 F.Supp.2d 1165 (D.Minn.2004). However, it does not compare favorably with the complaints in *CMS Energy* or *Rankin.* In *CMS Energy,* "each heading in the complaint identifie[d] which defendants the claim is levied against." 312 F.Supp.2d at 909. There,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Counts 1 and 2 asserted breaches "by Employer Named Fiduciaries, Insider Director Defendants, and Plan Administrator Defendants", Count 3 asserted breaches "by Employer Named Fiduciaries and Insider Director Defendants", and Count 4 asserted a violation "by the Employer Named Fiduciaries and Insider Director Defendants." *Id.* at 903.

In *Rankin,* the second amended complaint was the one where the plaintiff "for the first time delineate[d] the breach of fiduciary duty claims and identifie[d] the discrete defendant or defendants against whom it is asserted." 278 F.Supp.2d at 861. For example, Counts 1 and 2 were described as being "Against Director Defendants [the Outside Directors]", Count 3 was described as being "Against Conaway", and Count 6 was described as being "Against Members of the Finance Committee, Statuto, Flannery, Adamson, Stallkamp, Bollenbach, and Munro." *Id.* at 861-62. Also, the court distinguished the complaint at issue in *In re Providian Financial Corp. ERISA Litigation,* No. C 01-5027, 2002 WL 31785044 (N.D.Cal. Nov. 14, 2002). It noted that:

The order in *Providian*, however, simply stated that "plaintiffs have lumped the various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties. The resulting cause of action is so general that it fails to put the various defendants on notice of the allegations against them."

*Rankin,* 278 F.Supp.2d at 867. The court in *Rankin* noted that the plaintiff had "delineated her claims against each of the defendants or group of defendants (in the **\*213** case of the Outside Directors)." *Id.* That is not the case here.

In *Xcel Energy,* the court found persuasive the plaintiffs' argument "that they should be afforded some latitude in pleading because ERISA's assignment of fiduciary duties on the basis of function requires the development of additional facts in discovery." 312 F.Supp.2d at 1178. However, the court there agreed that "defendants' contention that plaintiffs fail to cite facts showing which defendants breached which duties is well-taken." *Id.*

[1][2] Here, the court concludes that under Fed.R.Civ.P. 8(a), each defendant or group of defendants is entitled to know which claims are being asserted against him, her or it at this time. Although the court does not believe it is appropriate to dismiss the Complaint (*see In re Providian Financial Corp. ERISA Litigation,* No. C 01-05027 CRB, 2002 WL 31785044 (N.D.Cal. Nov. 14, 2002) (complaint that was insufficient to put defendants on notice of claims against them required filing of amended complaint)), the court is requiring the plaintiffs to clarify which of the remaining counts are asserted against which defendants or groups of defendants.

B. *Count I: "Imprudent Investment of Plans' Assets"*

[3] The defendants argue that Count I must be dismissed because no defendant had fiduciary authority or control with respect to investment in the Xerox Stock Fund. They contend that no defendant chose the Xerox Stock Fund as an investment option because that Fund's presence on the Plans' investment menus was part of the design of the Plans, built into them by Xerox acting in its settlor, non-fiduciary capacity. They contend further that no defendant exercised authority or control with respect to investment in the Xerox Stock Fund because those decisions were made by the participants themselves. Thus, the defendants argue, because ERISA requires prudence only in a fiduciary's "discharge of [his] duties under a plan," 29 U.S.C. § 1104(a)(1), and no defendant had responsibility for the continued maintenance of the Xerox Stock Fund as an investment option or for investment in the Fund, Count I fails to state a claim with respect to any of the defendants.

[4][5] However, one can be a fiduciary under ERISA because one is named as a fiduciary or by virtue of one's functions, i.e. what one does with respect to the Plans. *LoPresti v. Terwilliger,* 126 F.3d 34, 40 (2d Cir.1997) ("Congress intended

ERISA's definition of fiduciary 'to be broadly construed' ", and "ERISA defines a fiduciary in several ways" including that one is a fiduciary " 'to the extent' that he or she 'exercises any authority or control respecting management *or* disposition of [plan] assets,' or 'has any discretionary authority or discretionary responsibility in the administration of such plan' ") (citations omitted). Here, the plaintiffs have alleged that each defendant was a functional fiduciary, in addition to being, in some cases, a named fiduciary. The question of whether one is a functional fiduciary is fact-intensive and the court must accept well-pled allegations as true when ruling on a motion to dismiss.

[6] In addition, participants do not exercise control within the meaning of ERISA unless plan fiduciaries provide them with complete and accurate information concerning the investments. *See* 29 C.F.R. § 2550.404c-1(c)(2); *In re Unisys Savings Plan Litig.,* 74 F.3d 420, 445 n. 22 (3d Cir.1996) ("accurate and complete information regarding [ ] investments ... is essential" to finding "control" under "section 1104(c)"). Here, the plaintiffs have alleged that they did not exercise control over the investments in the Xerox Stock Fund because the defendants failed to provide **\*214** them with complete and accurate information regarding Xerox stock.

[7][8] The defendants also argue that Count I should be dismissed because ERISA does not permit fiduciaries to use inside information, citing *In re McKesson HBOC, Inc. ERISA Litig.,* No. C00-20030RMW, 2002 WL 31431588 (N.D.Cal. Sept. 30, 2002). Specifically, the defendants argue that ERISA cannot be interpreted to compel a person to violate the insider trading rules, and in construing an implied disclosure duty under § 404 of ERISA, 29 U.S.C. § 1104, the court should take note of the exception for matters beyond a person's control (i.e. the obligation to comply with the insider trading prohibitions) that Congress built into ERISA's express disclosure obligations. *See* §§ 101(e)(1), 101(b)(4), and 502(c)(1). However, this court finds persuasive the analysis in *WorldCom:* The defendants have tried to describe a tension between the federal securities laws and ERISA that would require dismissal of this claim. Their arguments, however, cannot undermine the soundness of the general principle underlying Claim Three that ERISA fiduciaries cannot transmit false information to plan participants when a prudent fiduciary would understand that the information was false. Nor is there anything in Claim Three, despite the defendants' suggestions otherwise, that requires ERISA fiduciaries to convey non-public material information to Plan participants. What is required, is that any information that is conveyed to participants be conveyed in compliance with the standard of care that applies to ERISA fiduciaries.

* * *

The existence of duties under one federal statute does not, absent express congressional intent to the contrary, preclude the imposition of overlapping duties under another federal statutory regime.

*In re WorldCom, Inc.,* 263 F.Supp.2d 745, 767 (S.D.N.Y.2003). *See also In re Syncor ERISA Litig.,* 351 F.Supp.2d 970, 985 (C.D.Cal.2004) (holding that "Defendants may not avoid any duty they might have to disclose by hiding behind the securities laws"); *In re AEP ERISA Litig.,* 327 F.Supp.2d 812, 824 (S.D.Ohio 2004) ("The Court does not find this [insider trading] argument persuasive, however, where the information that Plaintiffs contend should have been disclosed, here, arguably was required by both the federal securities law and ERISA."); *Xcel Energy,* 312 F.Supp.2d at 1181-82 (finding that "[a]s to defendants' insider trading argument, the court joins those courts holding that ERISA plan fiduciaries cannot use the securities laws to shield themselves from potential liability for alleged breaches of their statutory duties."); *In re Electronic Data Systems Corp. "ERISA" Litigation,* 305 F.Supp.2d 658, 673 (E.D.Tex.2004) ("Defendants cannot use the securities laws to shield themselves from their fiduciary duty to protect Plan beneficiaries."); *In re Enron Corp. Sec., Derivative, & ERISA Litig.,* 284 F.Supp.2d 511, 565 (S.D.Tex.2003) ( "the statutes should be construed to require, as they do, disclosure by Enron officials and plan fiduciaries of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Enron's concealed, material financial status to the investing public generally, including plan participants, whether 'impractical' or not...."); Rankin, 278 F.Supp.2d at 876-77 ("Defendants had a duty under securities laws not to make any material misrepresentations; they also had a duty to disseminate truthful information to plan participants, including the information contained in SEC filings. Contrary to Conaway and the Outside Directors' argument, their duties under ERISA and securities law co-exist."); **215**In re Sears, Roebuck & Co. ERISA Litig., No. 02 C 8324, 2004 WL 407007, at *5 (N.D.Ill. Mar. 3, 2004) (defendants " 'cannot escape potential liability on ERISA breach of fiduciary duty claims because of any duties they may have had under the securities laws' ") (citations omitted).

Therefore, the court finds unpersuasive the defendant's argument that Count I should be dismissed.

### C. *Count III: "Alleged Failure to Monitor the Plans' Fiduciaries"*

[9] In Count III, the plaintiffs allege, *inter alia,* that "[a]t all relevant times, Defendants were and acted as fiduciaries ... with respect to the Plans to the extent that they were charged with, responsible for, and/or otherwise assumed, the duty of selecting, monitoring, and when and if necessary, removing other fiduciaries, including but not limited to those persons specifically identified as fiduciaries in plan documents...." (Complaint, at ¶ 159). As discussed above, by simply making blanket references to "Defendants", the plaintiffs fail to give adequate notice to each defendant. Otherwise however, Count II sets forth a claim for failure to monitor the Plans' fiduciaries.

[10] "ERISA law imposes a duty to monitor appointees on fiduciaries with appointment power." Electronic Data Systems, 305 F.Supp.2d at 670. There can be no doubt that the ERISA statutory scheme imposes a duty to monitor upon fiduciaries when they appoint other persons to make decisions about the plan. According to 29 C.F.R. § : "[a]t reasonable intervals the performance of trustees and other fiduciaries should be reviewed by the appointing fiduciary in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan."

AEP, 327 F.Supp.2d at 832. *See also* Xcel Energy, 312 F.Supp.2d at 1176 ("A person with discretionary authority to appoint, maintain and remove plan fiduciaries is himself deemed a fiduciary with respect to the exercise of that authority."); CMS Energy, 312 F.Supp.2d at 916 (E.D.Mich.2004) ( "Rather, the allegations are that the Employer Named Fiduciaries and the Insider Director Defendants breached their fiduciary duties by failing to adequately monitor the Plan Committees, the Plan Administrators, and other persons, if any, to whom management of Plan assets was delegated.").

As is the case with Count I, the defendants argue that Count III must be dismissed because no defendant had fiduciary authority or control with respect to investment in the Xerox Stock Fund. For the reasons discussed in Part III.B. above, that argument is unavailing.

The defendants argue that the plaintiffs have failed to make specific factual allegations in support of their claims of co-fiduciary liability. Section § 405(a) of ERISA, 29 U.S.C. § 1105(a), sets forth three bases for imposing co-fiduciary liability on a fiduciary. The plaintiffs have sufficiently alleged in paragraph 163 of the Complaint that defendants did things that subject them to co-fiduciary liability. The court agrees with the plaintiffs that because the appropriate ERISA mandated monitoring procedures vary according to the nature of the Plan at issue and other facts and circumstances, an analysis of the precise contours of the defendants' duty to monitor at this stage is premature. *See* In re Sprint Corp. ERISA Litigation, 388 F.Supp.2d 1207, 1232 (D.Kan.2004) (determination of the precise "contours of the duty to monitor" .... "would more appropriately be resolved on the facts

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of the case"); *CMS Energy,* 312 F.Supp.2d at 916-917 ("By virtue of the status of this litigation, development **\*216** of what fiduciary duties were delegated by defendants has not occurred ... It is the court's determination that plaintiffs have successfully stated a claim for breach of the duty to monitor"); *Electronic Data Systems,* 305 F.Supp.2d at 671 ("at this stage of the proceedings, the Court will not endeavor to define the duty to monitor's outer edges with no factual record to indicate how far this case may or may not push those edges").

As to the plaintiffs' claim of knowing participation by a nonfiduciary in breaches of fiduciary duty, the defendants characterize that claim by focusing on paragraph 41 of the Complaint. However, a fair reading of paragraph 164 of the Complaint is that this claim is being asserted only against defendant Xerox.[FN2] Relying on *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000), the defendants argue that a claim against a nonfiduciary based on knowing participation in a breach of a fiduciary duty is only cognizable if the fiduciary breach involves a prohibited transaction. However, while the underlying breach of fiduciary duty in *Harris* was engaging in a prohibited transaction, the holding in *Harris* is not limited to such situations. The Court stated:

> FN2. In addition, the plaintiffs represent in Plaintiffs' Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint ("Plaintiffs' Opposition") (Doc. No. 46), at 23, that this claim is only being asserted against defendant Xerox, and paragraphs 175 and 176 of the Complaint make it clear that the parallel claim in Count IV is only being asserted against Xerox.

We reject, however, the ... conclusion that, absent a substantive provision of ERISA expressly imposing a duty upon a nonfiduciary party in interest, the nonfiduciary party may not be held liable under § 502(a)(3), one of ERISA's remedial provisions. Petitioners contend, and we agree, that § 502(a)(3) itself imposes certain duties, and therefore that liability under that provision does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued.
*Harris,* 530 U.S. at 245, 120 S.Ct. 2180. The Court then explained further that "petitioners' current focus on the 'act or practice'-*i.e.,* the § 406 *transaction*-is merely an argument in support of their § 502(a)(3) claim for equitable relief against Salomon, not an independent claim." *Id.* at 246 n. 2, 120 S.Ct. 2180 (emphasis in original). *See also Rudowski, et al. v. Sheet Metal Workers Int'l Assoc., Local Union Number 24, et al.,* 113 F.Supp.2d 1176, 1180 (S.D.Ohio 2000) ("Defendant here attempts to distinguish *Harris* by noting that the substantive provision relied upon in *Harris* was section 406(a)(1), while Plaintiffs here allege violations of section 404(a)(1). This, however, is a distinction without a difference.").

[11] Finally, the defendants argue that the plaintiffs' allegation that the defendants failed to disclose information to appointees fails because it is not pleaded with the specificity required by Fed.R.Civ.P. 9(b). "Some courts have applied the heightened pleading standards of Rule 9(b) to ERISA claims." *Xcel Energy,* 312 F.Supp.2d at 1179. "Other courts have been circumspect in applying Rule 9(b) to ERISA breach of fiduciary duty claims." *Id.* The court finds persuasive the analysis in *Electronic Data Systems,* where a similar argument was made by the defendants:
In this case, Rule 9(b)'s heightened pleading requirements do not apply. Allegations of breach of fiduciary duty are not necessarily fraud allegations. *See Fink v. Nat'l Sav. & Trust Co.,* 772 F.2d 951, 959 (C.A.D.C.1985) (holding that **\*217** plaintiffs did not plead fraud where the complaint only alleged a breach of fiduciary duty). Only a breach of fiduciary duty claim which includes a fraud claim implicates Rule 9(b). *Concha v. London,* 62 F.3d 1493, 1503 (9th Cir.1995), *cert. dismissed,* 517 U.S. 1183, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996) ("Rule 9(b) is applicable where the plaintiffs allege fraud, but not where they simply allege breaches of ERISA fiduciary duties."); *Precision Vascular Sys., Inc. v. Sarcos, L.C.,* 199 F.Supp.2d

1181, (D.Utah 2002) ("Generally, a plaintiff pleading a claim for breach of fiduciary duty need only comply with Rule 8, not Rule 9(b), because this claim is not based on fraud."). In this case, Plaintiffs have alleged breach of a fiduciary duty to inform. The sole basis of Defendants' potential liability is breach of that fiduciary duty, not a common law or statutory fraud theory. Although fraud and breach of a duty to inform may both involve an omission, the Court does not find that every breach of a fiduciary duty to inform is a scheme to defraud.

Electronic Data Systems, 305 F.Supp.2d at 672. See also Xcel Energy, 312 F.Supp.2d at 1179 ("Thus, defendants' liability, if any, is based upon a different kind of duty than was owed by the securities fraud defendants to the plaintiffs in that case. In short, plaintiffs do not claim they have been defrauded and Rule 9(b) does not apply in these circumstances."). Thus, the court concludes that Rule 9(b) does not apply under the circumstances of this case.

### D. Count IV: "Providing Incomplete and Inaccurate Information to Participants"

In Count IV, the plaintiffs set forth claims against defendants for providing incomplete and inaccurate information to participants in the Plans. The plaintiffs include the same three theories of liability as are included in Count III, i.e. breach of fiduciary duties and co-fiduciary duties and knowing participation by a nonfiduciary in breaches of fiduciary duties. Again, as discussed above, by simply making blanket references to "Defendants", the plaintiffs fail to give adequate notice to each defendant.

[12][13] "[A]n ERISA fiduciary has a duty under section 1104(a) to convey complete and accurate information when it speaks to participants and beneficiaries regarding plan benefits." Unisys Savings Plan Litigation, 74 F.3d at 441. In Electronic Data Systems, the court found that the plaintiffs had sufficiently pled a claim for failure to provide complete and accurate information to plan participants and beneficiaries where:

Plaintiffs allege that the duty of loyalty "requires fiduciaries to speak truthfully to participants, not to mislead them regarding the plan or plan assets, and to disclose information that participants need in order to exercise their rights and interests under the Plan." First Am. Consolidated Class Action Compl. ¶ 171. Defendants allegedly breached their fiduciary duties by not disclosing information which would have revealed problems with EDS stock as an investment, when Defendants allegedly knew that EDS stock was overpriced because EDS faced serious financial difficulties unknown to the public. In other words, Plaintiffs allege that Defendants, as fiduciaries, offered their beneficiaries an investment which they knew to be unsound and concealed any information that would have allowed the beneficiaries to discover that the investment was unsound.

Electronic Data Systems, 305 F.Supp.2d at 671-72. See also Rankin, 278 F.Supp.2d at 876-77 ("Defendants had a duty under securities laws not to make any material misrepresentations; they also had a duty *218 to disseminate truthful information to plan participants, including the information contained in SEC filings."); WorldCom, 263 F.Supp.2d at 766 ("An ERISA fiduciary may not knowingly present false information regarding a plan investment option to plan participants. There is no exception to the obligation to speak truthfully when the disclosure concerns the employer's stock."). After reviewing the allegations in Count IV of the complaint, the court concludes that the plaintiffs have set forth a claim for failure to provide complete and accurate information.

The defendants argue that the plaintiffs are attempting to impose on them a duty to provide investment advice. However, a duty to inform participants is not the same as a duty to provide investment advice. This argument was addressed and rejected by the court in CMS Energy, where the court stated:

The court agrees that the ACC has not alleged that defendants had any duty to provide the participants with investment advice, but that its allegations

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

concern the fiduciary duties surrounding disclosure found in ERISA; i.e. that they could not mislead or fail to disclose information that they knew or should have known would be needed by participants to prevent losses.

*CMS Energy,* 312 F.Supp.2d at 916.

[14] As is the case with Count I, the defendants argue that Count IV must be dismissed because ERISA does not permit fiduciaries to use inside information. For the reasons discussed in Part III.B. above, that argument is unavailing. The defendants supplement this argument with respect to Count IV with an argument that many of the statements alleged in Count IV to have been misleadingly were made in periodicals of general publication and periodic filings with the SEC, and thus these statements were made in a corporate capacity to the market in general, as opposed to in a fiduciary capacity to the Plan participants and beneficiaries, and therefore cannot be the basis for an ERISA breach of fiduciary duty claim. However, while the preparation and filing of documents with the SEC and making statements in press releases and periodicals of general publication is not a fiduciary act in and of itself, that fact does not mean that statements in those documents cannot become fiduciary representations if they are disseminated to Plan participants and beneficiaries. The court finds persuasive the analysis in *WorldCom,* where the court stated:

Those who prepare and sign SEC filings do not become ERISA fiduciaries through those acts, and consequently, do not violate ERISA if the filings contain misrepresentations. Those who are ERISA fiduciaries, however, cannot in violation of their fiduciary obligations disseminate false information to plan participants, including false information contained in SEC filings. Claim Three adequately pleads that Ebbers and Miller, each of whom is alleged to have been a fiduciary through *inter alia* his or her administration of the WorldCom Plan, breached their fiduciary obligations under ERISA by at the very least transmitting material containing misrepresentations to Plan participants.

*WorldCom,* 263 F.Supp.2d at 766-67.

As is the case with Count III, the defendants argue that Count IV must be dismissed because the plaintiffs fail to plead with the specificity required by Fed.R.Civ.P. 9(b). For the reasons discussed in Part III.C. above, that argument is unavailing.

E. *Count V: "Breach of Duty to Avoid Conflicts of Interest"*

[15] The court agrees with the defendants that for purposes of Count V, the **\*219** cognizable claim with respect to any alleged conflict of interest is not that the fiduciary is subject to a conflict of interest, but rather that in discharging his or her duties under a Plan, the fiduciary breached his or her duty of loyalty. As the defendants argue, the duty of loyalty is not a duty to avoid conflicts, but rather a rule of fiduciary conduct, applicable at all times, that is most important when fiduciaries are subject to a conflict.

Having provided for an unorthodox departure from the common law rule against dual loyalties, Congress provided two statutory safeguards to protect plan participants and beneficiaries. First, the statute provides that "a fiduciary shall discharge his duties with respect to a plan *solely* in the interest of the participants and beneficiaries...." Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1) (emphasis added). Therefore, although a trustee may have dual loyalties, when acting on behalf of the fund, his primary loyalty to the fund is the *only* loyalty which may affect his judgment.

Mindful of the difficulty presented to trustees so situated, Congress enacted Section 406 of ERISA as a further protection for plan participants and beneficiaries. That section prohibits a fiduciary from acting in *certain specified circumstances* in order to prevent him "from being put in a position where he has dual loyalties, and, therefore, ... cannot act exclusively for the benefit of a plan's participants and beneficiaries." H.R.Conf.Rep.No.1280, *supra,* at 309, *reprinted in* 1974 U.S.Code Cong. and Ad.News at 5089. The Conference Report's concern with the dangers inherent in the case of a fiduciary with dual

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

loyalties was expressed in connection with ERISA section 406(b)(2), 29 U.S.C. § 1106(b)(2), which prohibits fiduciaries from acting "in any transaction involving the plan on behalf of a party (or represent[ing] a party) whose interests are *adverse* to the interests of the plan or the interests of its participants or beneficiaries." (emphasis added). If we are to interpret ERISA as incorporating a *per se* prohibition against plan fiduciaries with dual loyalties acting on behalf of the plan, then the specific prohibition enacted to prevent a fiduciary from being placed in a position of dual loyalty is completely superfluous. *See id.* The negative implication, of course, is that Congress intended that fiduciaries with dual loyalties would be permitted to act in all other instances so long as they otherwise comply with ERISA section 404 and the balance of the restrictions found in ERISA section 406.

*Donovan v. Bierwirth,* 538 F.Supp. 463, 468-69 (E.D.N.Y.1981) (emphasis in original).

[16] In Count V, the plaintiffs allege that:
Defendants breached their duty to avoid conflicts of interest and to promptly resolve them when they occur by continuing to allow Company Stock as a Plan Investment during the Class Period, by continuing to participate in various Company compensation programs that created a substantial personal interest in certain Defendants to maintain a high public price for Xerox Stock, by failing to engage independent fiduciaries and/or advisors who could make independent judgments concerning the Plans' investments in Company Stock and the information provided to participants and beneficiaries concerning it, and generally by failing to take whatever steps were necessary to ensure that the Plans' fiduciaries did not suffer from a conflict of interest.
(Complaint, at ¶ 180). The court cannot agree with the plaintiffs that a fair reading of Count V necessarily implies that the plaintiffs are alleging that the defendants **\*220** breached their duty of loyalty, as opposed to merely failed to avoid conflicts of interest. It appears that the plaintiffs are pleading in Count V breach of a duty to avoid conflicts of interest, as opposed to breach of the ERISA duty of loyalty. *See WorldCom,* 263 F.Supp.2d at 768 ("Plaintiffs do not allege that Ebbers's personal investments caused him to take or fail to take any actions detrimental to the Plan *while* he was wearing his 'fiduciary hat.'") (emphasis in original); *Electronic Data Systems,* 305 F.Supp.2d at 673 ("Allegedly, Defendants faced a conflict of interest when as corporate officers they had both an incentive to conceal unknown information about EDS' stock value and a duty to reveal that information to Plan beneficiaries.").

Based on the plaintiffs' arguments in their memoranda and the other allegations in the Complaint, it appears that the plaintiffs may well be able to properly plead a claim for breach of the ERISA duty of loyalty with respect to some of the defendants. Accordingly, Count V is being dismissed with leave to replead.

F. *The Defendants' Contentions re Impermissible ERISA Remedies*

The defendants contend that two of the three remedies the plaintiffs seek are impermissible under ERISA. The defendants argue first, that the Complaint impermissibly seeks money damages for individual plan participants, not the Plans as a whole, and second, that the injunctive relief requested in the Complaint is too generalized to satisfy the standards of Fed.R.Civ.P. 65.

1. *Plan-Wide Relief*

[17] The defendants argue that the plaintiffs' claims under § 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), are claims for individual damages as opposed to losses to the Plans, and therefore the plaintiffs may not pursue such claims under § 502(a)(2).

"Under § 409 of ERISA, fiduciaries who breach their duties are personally liable to make good ... any losses to the plan resulting from each such breach...." 29 U.S.C. § 1109(a). Section 502 of ERISA provides the procedural vehicle to enforce this right. Section 502(a)(2) states:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"A civil action may be brought ... by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title [i.e., ERISA § 409]...."

29 U.S.C. § 1132(a)(2).

In *Mass Mutual Life Ins. Co. v. Russell*, the Supreme Court limited relief available under §§ 409 and 502(a)(2) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(2), to a "recovery [that] inures to the benefit of the plan as a whole." 473 U.S. 134, 139, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). The defendants argue that the logic of *Russell's* use of the phrase "as a whole" is that unless the accounts of all participants are affected, a claim does not lie under §§ 409 and 502(a)(2), but rather under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

The court finds persuasive the Third Circuit's analysis in *In re: Schering-Plough Corporation ERISA Litigation,* 420 F.3d 231 (3d Cir.2005). There, the court quoted with approval the analysis in the dissenting opinion in *Milofsky v. American Airlines, Inc.,* 404 F.3d 338, 346 (5th Cir.2005), where the dissent stated: "*Russell* does not, however, stand for the proposition that the 'plan as a whole' is synonymous with 'all participants of the plan,' and several courts have rejected this definition of the 'plan as a whole.' " FN3 ***221**420 F.3d at 240. The court in *Schering-Plough* then stated:

> FN3. The *Milofsky* majority opinion was vacated and the case remanded in *Milofsky v. American Airlines, Inc.,* 442 F.3d 311 (5th Cir.2006) (en banc).

Unlike the circumstances presented in this matter, in *Russell* the plaintiff did not file a class action on behalf of an ERISA employee benefits plan to require the defendants to pay damages to the health benefit plan because of their alleged breach of their fiduciary duty. Instead, she filed a private cause of action for extracontractual and punitive damages. The Court did not hold in Russell that a subgroup of plan participants cannot file derivative action on behalf of an ERISA employee benefits plan if the fiduciaries' alleged breach did not affect the investments of participants in other subgroups. That issue simply was not before the Court. *Id.* at 241.

In *Kuper v. Iovenko,* 66 F.3d 1447 (6th Cir.1995), the court rejected the argument presented by the defendants here. The defendants in *Kuper* argued "that an action under 29 U.S.C. § 1109 must be brought on behalf of a plan as a whole and that a claim brought by a subclass of plan participants fails to satisfy this requirement." *Id.* at 1452. The court determined that the "plaintiffs' position that a subclass of Plan participants may sue for a breach of fiduciary duty is correct." *Id.* at 1453. The court noted that the "[d]efendants' argument that a breach must harm the entire plan to give rise to liability under § 1109 would insulate fiduciaries who breach their duty so long as the breach does not harm all of a plan's participants. Such a result clearly would contravene ERISA's imposition of a fiduciary duty that has been characterized as 'the highest known to law.' " *Id.* (citation omitted).

Therefore, the court concludes that here the plaintiffs have properly pled claims for plan-wide relief.FN4

> FN4. The defendants also make the point that "appropriate equitable relief" available to a plaintiff under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), does not include money damages. *See Great-West Life & Annuity Insurance Company, et al. v. Knudson,* 534 U.S. 204, 214-17, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). However, paragraph 5 of the Complaint's prayer for relief merely requests "[o]ther injunctive and equitable relief as appropriate to remedy the breaches alleged above, pursuant to ERISA §§ 409(a) and 502(a)(2) & (3)...."

2. *Request for Injunctive Relief*

[18] Paragraph 4 of the Complaint's prayer for relief seeks the following:

Injunctive relief enjoining Defendants from

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

continuing to violate their fiduciary duties under ERISA and the plan documents, pursuant to ERISA §§ 409(a) and 502(a)(2) & (3), 29 U.S.C. §§ 1109(a), and 1132(a)(2) & (3).

(Complaint, at VII., ¶ 4). In *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 49-50 (2d Cir.1996), the plaintiff sought a multi-paragraph injunction that would prevent the defendant from taking eight actions and require the defendant to take three actions. In addressing a challenge to one of the provisions, the court noted that "under Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." *Id.* at 51. Here, the request for injunctive relief in paragraph 4 of the Complaint's prayer for relief fails to satisfy the standard set forth in *Peregrine.* Therefore, the motion to dismiss is being granted with respect to the paragraph 4 of the Complaint's prayer for relief.

### G. *Claims Against Xerox*

The defendants argue that the plaintiffs have not stated a claim against Xerox. They contend that Xerox is the sponsor of the Plans and built the Xerox Stock Fund into the design of the Plans in its settlor capacity, and because Plan design and *222 amendment are not fiduciary functions that conduct cannot be a basis for claims against Xerox. They argue, in addition, that the Plans' governing documents show that Xerox has no relevant fiduciary authority. However, the plaintiffs properly point out that the Complaint alleges that Xerox is both a named and functional fiduciary of the Plans. In addition, the Plaintiffs' Opposition, at 6-9, points to specific provisions in the Plans' documents in support of its allegations.

The parties also disagree about whether Xerox can be held liable under a theory of respondeat superior for the actions of its employees who were fiduciaries acting on behalf of Xerox in the course and scope of their employment.

[19][20] "Under the doctrine of respondeat superior, an employer is liable, despite having no fault whatsoever, for the acts of its employees taken within the scope of their employment." *Hamilton, et al. v. Carell, et al.,* 243 F.3d 992, 1001 (6th Cir.2001). It is not apparent to the court where in the Complaint the plaintiffs have pled a claim based on the doctrine of respondeat superior, particularly in view of the plaintiffs' failure to make clear which claims are being asserted against which defendants. In Counts I, III, and IV, the plaintiffs plead knowing participation by Xerox, as a nonfiduciary, in breaches of fiduciary duty. (*See* Complaint, at ¶¶ 152, 164, 176). Such a claim by a participant or beneficiary is based on § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), not on the doctrine of respondeat superior. *See Harris,* 530 U.S. at 245, 120 S.Ct. 2180. Paragraph 44 of the Complaint is the part of the Complaint that appears to have prompted the parties' discussion of respondeat superior. It is found in part IV of the Complaint, which is captioned "Defendants' Fiduciary Status", and it reads as follows:

During the Class Period, Xerox designated the Plan Administrator Defendants in one or more of the Plans' Annual Reports, thereby rendering them ***named fiduciaries*** of the Plans under ERISA. At the same time that they served as Plan Administrators, the Plan Administrator Defendants also were Xerox employees acting on behalf of their employer in the course and scope of their employment. Therefore, under ERISA their fiduciary status is attributed to Xerox.

(Complaint, at ¶ 44) (emphasis in original). This allegation is about Xerox being a fiduciary, not about it being liable pursuant to the doctrine of respondeat superior for acts of its employees taken within the scope of their employment. Thus, although the parties appear to have proceeded on the assumption that the plaintiffs are attempting to plead a cause of action based on respondeat superior, the court concludes that the Complaint does not state such a claim, even if such a claim is legally cognizable.[FN5]

> FN5. The court notes there is a split of authority on the question of whether there is an ERISA cause of action under the doctrine of respondeat superior, and if so,

whether liability under the doctrine of respondeat superior in the context of ERISA requires a principal's active and knowing participation in the breach of fiduciary duties. *See In re AOL Time Warner, Inc. Securities and "ERISA" Litigation,* No. MDL 1500, 02 Civ. 8853(SWK), 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005) ("there is no reason to recognize an implied ERISA cause of action under the doctrine of *respondeat superior,* in light of the Supreme Court's 'unwillingness to infer causes of action in the ERISA context, since the statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly' ") (citations omitted). *Compare, e.g., Hamilton,* 243 F.3d at 1001-03 (quote at 1102) ("Consequently, we disagree with the Fifth Circuit's interpretation of respondeat superior as requiring active and knowing participation on the part of the principal."); *Kling v. Fidelity Management Trust Co., et al.,* 323 F.Supp.2d 132 (D.Mass.2004) (same and collecting cases). *But compare, e.g., Bannistor, et al. v. Ullman, et al.,* 287 F.3d 394, 408 (5th Cir.2002) ( "In *American Federation of Unions Local 102 Health & Welfare Fund v. Equitable Life Assur. Soc. of the U.S.,* 841 F.2d 658, 665 (5th Cir.1988), we held that nonfiduciary respondeat superior liability attached under ERISA only when the principal 'actively and knowingly' participated in the agent's breach."); *Crowley v. Corning, Inc., et al.,* 234 F.Supp.2d 222, 228 (W.D.N.Y.2002) ("The Amended Complaint contains no factual allegations which support a claim that Corning had *de facto* control over the Committee members.").

### *223 IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss the Consolidated Amended Complaint (Doc. No. 44) is hereby GRANTED in part with leave to file an amended complaint within 30 days, and DENIED in part.

It is so ordered.

D.Conn.,2007.
In re Xerox Corp. Erisa Litigation
483 F.Supp.2d 206

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.