**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>XEROX CORPORATION, KPMG, LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH<br><br>    Defendants. | 3:00-CV-1621 (AWT)<br>**ALL CASES** |
| FLORIDA STATE BOARD OF ADMINISTRATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION, et al.<br><br>    Defendants. | 3:02-CV-1303 (AWT)<br>**MEMBER CASE** |
| IN RE XEROX CORPORATION ERISA LITIGATION | 3:02-CV-1138 (AWT)<br>**ALL CASES** |

<u>STIPULATION AND [PROPOSED] ORDER REGARDING THE SCHEDULING AND COORDINATION OF DEPOSITIONS</u>

WHEREAS the Court held a status conference on July 18, 2007, attended by counsel for the parties to the Carlson and FSBA matters, and a status conference on July 30, 2007, attended by counsel for all parties, during which conferences the issue of coordinating depositions of witnesses common to the above cases was discussed;

WHEREAS during the July 30, 2007, conference, the parties to the above-entitled actions reached agreement on a procedure for the coordination of common depositions, which was presented to the Court at the conclusion of the conference;

WHEREAS the agreement concerning the coordination of common depositions reported to the Court by the parties resolves the remaining disputed issues regarding the Rule 26(f) Report in Carlson, et al. v. Xerox Corp., et al., 3:00-CV-1621 (AWT) and FSBA, et al. v. Xerox Corp., et al, 3:02-CV-1303(AWT) (collectively, "Carlson"); and

WHEREAS the agreement concerning the coordination of common depositions reported to the Court by the parties requires a modification to the Scheduling Order entered by the Court in In re Xerox Corporation ERISA Litigation, 3:02-CV-1138 (AWT) ("Patti") on June 12, 2007, and revised on June 19, 2007 (the "Patti Order"),

IT IS HEREBY STIPULATED AND AGREED, by and among the counsel for the undersigned, that:

1. Each side in the Carlson litigation shall be entitled to take depositions of as many as fifty (50) different witnesses. All depositions shall be limited to one (1) day of seven (7) hours, except up to five (5) depositions may extend as long as three (3) days of seven (7) hours (for a total of up to 21 hours), and up to ten (10) depositions may extend as long as two (2) days of seven (7) hours (for a total of up to 14 hours), for a total

of fifteen (15) so-called multi-day depositions. All multi-day depositions shall be scheduled for consecutive days to the extent practicable. The parties shall work in good faith concerning scheduling.

2.  As provided in the <u>Patti</u> Order, dated June 12, 2007 (Docket No. 183), the <u>Patti</u> plaintiffs shall be entitled to take depositions of as many as forty-two (42) different witnesses. As with the depositions in <u>Carlson</u>, all <u>Patti</u> depositions shall be limited to one (1) day of seven (7) hours, except up to five (5) depositions may extend as long as three (3) days of seven (7) hours (for a total of up to 21 hours), and up to ten (10) depositions may extend as long as two (2) days of seven (7) hours (for a total of up to 14 hours), for a total of fifteen (15) so-called multi-day depositions. All multi-day depositions shall be scheduled for consecutive days to the extent practicable. The parties shall work in good faith concerning scheduling.

3.  Defendants have submitted proposed lists of common witnesses and non-common witnesses. Those lists are attached hereto as Exhibits A and B. Plaintiffs will submit their own proposed modifications to the defendants' lists by August 31, 2007. The parties will work in good faith to establish mutually agreed upon lists of common witnesses and non-common witnesses. If no such agreement is reached, then any party may submit the issue to the Court for resolution.

4.  Depositions of witnesses on the mutually agreed upon list of common witnesses shall not begin before December 1, 2007.

5.  Subject to any other limitations under applicable law, Carlson plaintiffs may begin deposing individuals listed on the mutually agreed upon list of non-common witnesses no earlier than September 4, 2007.

6.  In the event that the parties are able to reach agreement upon a non-common witness list, and the Patti plaintiffs seek to depose a witness on that list who previously was deposed by only the Carlson plaintiffs, defendants will not object to Patti plaintiffs' request on the grounds that the witness previously was deposed in Carlson. If the Patti plaintiffs do depose such a witness, it will count as one of their 42 depositions.

7.  In the event that the parties are unable to reach an agreement upon a non-common witness list, and the Carlson plaintiffs depose a witness prior to December 1, 2007, who is listed on the non-common list submitted by plaintiffs on August 31, 2007, and also is listed on the defendants' common witness list attached hereto as Exhibit A, the Patti plaintiffs will not subsequently be able to depose that witness absent a Court order.

8.  Should the Carlson plaintiffs notice the deposition of any witness not included on the parties' lists of common and non-common witnesses, the parties shall confer in good faith regarding the proper classification of such witness as a common or non-common witness.

9.  The Carlson plaintiffs shall provide all parties, including the Patti plaintiffs, with at least twenty (20) days advance notice of the deposition of a non-common witness, and the parties will work together to establish a mutually-agreeable date and location for the deposition of that witness. The Patti plaintiffs shall provide at

least ten (10) days advance notice of their intent to attend the deposition of a non-common witness, and if the Patti plaintiffs do in fact attend that deposition, that deposition will be treated as a coordinated deposition, and shall be measured in accordance with Paragraphs 10 through 15 below.  Questions concerning the admissibility in the Patti action of non-common depositions, as well as admissibility in the Carlson and Patti actions of depositions previously taken in the SEC matter, are reserved.

       10.     Any deposition attended by both the Carlson plaintiffs and the Patti plaintiffs shall be treated as a coordinated deposition.  Each coordinated deposition shall count as one deposition in each of Carlson and Patti, and shall be treated as if it had been noticed in each matter.  As to any coordinated deposition, Carlson and Patti plaintiffs shall meet and confer to allocate their respective time for questioning and to schedule the date(s) and time(s) for such deposition.  Provided that all parties to both Patti and Carlson receive advanced notice of a coordinated deposition, the testimony elicited at any coordinated deposition shall be useable by both the Carlson and Patti plaintiffs in their respective actions to the same extent that such testimony would be useable were it elicited directly by each of the Carlson and Patti plaintiffs in their own actions.

       11.     Regardless of whether a witness is on the list of common or non-common witnesses, if a coordinated deposition is taken, neither the Carlson plaintiffs nor the Patti plaintiffs will be permitted to depose that witness again at a later date absent Court order.

       12.     Attached hereto as Exhibit C is a list of the nine "alleged fiduciaries" who are all common witnesses and will be subject to coordinated depositions.  For the

depositions of those nine witnesses that last more than one (1) day, the cumulative days of the examinations conducted by counsel for both the Carlson and Patti plaintiffs shall be counted by day against the Patti plaintiffs' allotment of two (2) or three (3) day depositions. With respect to the Carlson plaintiffs, only the day(s) spent by counsel for the Carlson plaintiffs examining an alleged fiduciary shall be counted by day against the Carlson plaintiffs' allotment of two (2) or three (3) day depositions (subject to Paragraph 13 below).

13. The Patti plaintiffs shall attempt in good faith to limit their questions during the depositions of the alleged fiduciaries to ERISA-specific issues, and the parties to the Carlson litigation shall cooperate in good faith to determine whether any of the examination of the alleged fiduciaries conducted by the Patti plaintiffs should be allotted against the total number of two (2) or three (3) day depositions in Carlson. In the event that the Carlson plaintiffs elicit testimony during the day(s) that Patti plaintiffs are examining the witness, the parties shall determine in good faith whether that day should be allotted against the total number of two (2) or three (3) day depositions in Carlson.

14. With respect to the coordinated depositions of any witnesses other than the alleged fiduciaries, the cumulative day(s) of the examinations conducted by counsel for both the Carlson and Patti plaintiffs shall count against the plaintiffs in each case, irrespective of how the examination time is divided between the Patti plaintiffs and the Carlson plaintiffs.

15. No deposition in either action -- whether a coordinated deposition or not -- shall exceed three (3) days of seven (7) hours.

16. For all depositions that are not coordinated, the only plaintiffs' counsel that may attend are counsel for plaintiffs in that action (including counsel for the FSBA plaintiffs with respect to depositions in the <u>Carlson</u> action).

17. The <u>Carlson</u> defendants shall make a good faith effort to produce before August 17, 2007, to the <u>Patti</u> plaintiffs: (1) all investigation and litigation deposition transcripts (including exhibits) related to the SEC's investigation and/or litigation against Xerox, KPMG or any of the individual defendants in searchable format (where available); and (2) all documents produced in the <u>Carlson</u> matter in searchable format (where available).

<u>CARLSON</u> PLAINTIFFS,
By their attorneys,

DATED: August 2, 2007   /s/ Dennis J. Johnson / KJO
Dennis J. Johnson (CT 22090)
Jacob B. Perkinson (CT 22091)
**Johnson & Perkinson**
1690 Williston Road
South Burlington, Vermont 05403
(802) 862-0030
**Co-Lead Counsel for <u>Carlson</u> Plaintiffs**

DATED: August 2, 2007   /s/ Glen DeValerio / KJO
Glen DeValerio (CT 22582)
Leslie R. Stern (phv0743)
Bryan A. Wood (phv0742)
**Berman DeValerio Pease Tabacco
    Burt & Pucillo**
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300
**Co-Lead Counsel for <u>Carlson</u> Plaintiffs**

DATED:  August 2, 2007         /s/ Brad Friedman / KJO
                               Melvyn I. Weiss (CT 04080)
                               Brad Friedman (CT 24910)
                               **Milberg Weiss LLP**
                               One Pennsylvania Plaza, 49th Floor
                               New York, New York 10119-0165
                               (212) 594-5300
                               **Co-Lead Counsel for <u>Carlson</u> Plaintiffs**

                               Andrew M. Schatz (CT 00603)
                               **Schatz & Nobel, P.C.**
                               One Corporate Center
                               20 Church Street
                               Hartford, CT 06103
                               (860) 493-6292

                               J. Daniel Sagarin (CT 04289)
                               **Hurwitz & Sagarin, LLC**
                               147 N. Broad Street
                               Milford, Connecticut 06460
                               (203) 877-8000
                               **Co-Liaison Counsel for <u>Carlson</u> Plaintiffs**


                               <u>PATTI</u> PLAINTIFFS
                               By their attorneys,

DATED:  August 2, 2007         /s/ John Wylie / KJO
                               Charles R. Watkins (CT 23936)
                               John Wylie (CT 23937)
                               **FUTTERMAN HOWARD WATKINS
                               WYLIE & ASHLEY, CHTD.**
                               122 South Michigan Avenue, Suite 1200
                               Chicago, Illinois 60603
                               (312) 427-3600
                               **Co-Lead Counsel for <u>Patti</u> Plaintiffs**

DATED:  August 2, 2007                  /s/ Elizabeth A. Leland / KJO_____
Lynn Lincoln Sarko (CT 23927)
Gary Gotto (CT 23952)
Elizabeth A. Leland (phv01338)
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
(206) 623-1900
**Co-Lead Counsel for <u>Patti</u> Plaintiffs**

John F. McKenna, Esq. (CT 00104)
**GOODMAN, ROSENTHAL & McKENNA, PC**
977 Farmington Avenue, Suite 200
West Hartford, Connecticut 06107
(860) 231-2800
**Liason Counsel for <u>Patti</u> Plaintiffs**

Daniel M. Harris
**LAW OFFICES OF DANIEL M. HARRIS**
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 960-1802

Sherrie Savett
Joy Clairmont
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
(215) 875-3040

Marc A. Topaz
Joseph H. Meltzer
**SCHIFFRIN & BARROWAY**
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
**Steering Committee Counsel for <u>Patti</u> Plaintiffs**

Ellen Doyle
**MALAKOFF DOYLE & FINBERG, P.C.**
The Frick Building
437 Grant Street, Suite 200
Pittsburgh, PA 15219-6003
(412) 281-8400

9

                                      Brian McTigue
                                      **McTIGUE & PORTER LLP**
                                      5301 Wisconsin Avenue, N.W.
                                      Suite 350
                                      Washington, D.C. 20015
                                      (202) 364-6900

                                      **Steering Committee Counsel for <u>Patti</u>**
                                      **Plaintiffs (with respect to the Union Plan)**


                                      <u>FSBA</u> PLAINTIFFS
                                      By their attorneys,

DATED:  August 2, 2007            /s/ Megan D. McIntrye / KJO
                                      Megan D. McIntyre (phv0869)
                                      **GRANT & EISENHOFER, P.A.**
                                      Chase Manhattan Centre
                                      1201 North Market St., Ste.  #2100
                                      Wilmington, DE 19801
                                      (302) 622-7000


                                      DEFENDANT XEROX CORPORATION
                                      By its attorneys in <u>Carlson</u>,

DATED:  August 2, 2007            /s/ Sandra C. Goldstein / KJO
                                      Evan R. Chesler (CT 03177)
                                      Sandra C. Goldstein (CT 24019)
                                      **CRAVATH, SWAINE & MOORE LLP**
                                      Worldwide Plaza
                                      825 Eighth Avenue
                                      New York, New York 10019
                                      (212) 474-1000

|  |  |
|---|---|
|  | DEFENDANTS PHILIP FISHBACH, G. RICHARD THOMAN AND ANNE MULCAHY<br>By their attorneys in <u>Carlson</u>, |
| DATED:  August 2, 2007 | /s/ Thomas D. Goldberg / KJO<br>Thomas D. Goldberg (CT 04386)<br>Terence J. Gallagher (CT 22415)<br>**DAY PITNEY LLP**<br>One Canterbury Green<br>Stamford, Connecticut 06901<br>(203) 977-7300 |
|  | DEFENDANTS PAUL A. ALLAIRE, BARRY D. ROMERIL AND GREGORY TAYLER<br>By their attorneys in <u>Carlson</u>, |
| DATED:  August 2, 2007 | /s/ John A. Valentine / KJO<br>John A. Valentine (CT 25941)<br>Heather A. Jones (CT 24194)<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006 (202) 663-6000 |
|  | <u>PATTI</u> DEFENDANTS<br>By their attorneys, |
| DATED:  August 2, 2007 | /s/ Steven J. Sacher / KJO<br>Steven J. Sacher (CT 24024)<br>**JONES DAY**<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>(202) 879-5402<br><br>Benjamin H. Green (CT 05166)<br>**DRIER LLP**<br>One Landmark Square, 20th Floor<br>Stamford, Connecticut 06901<br>(203) 425-9500<br>**Local Counsel for <u>Patti</u> Defendants** |

11

                                                <u>PATTI</u> DEFENDANT MYRA DRUCKER
By her attorneys,

DATED:  August 2, 2007          /s/ Michael T. Hannafan / KJO
Michael T. Hannafan (CT 11859)
Blake T. Hannafan (CT 24594)
Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 1208
Chicago, Illinois 60601
(312) 527-0055


<u>CARLSON</u> DEFENDANT KPMG LLP
By its attorneys,

DATED:  August 2, 2007          /s/ George A. Salter / KJO
W. Sidney Davis, Jr.  (phv0738)
George A. Salter (phv0741)
Mark J. Lemire (phv0739)
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

Stuart J. Baskin (CT 25986)
Tammy P. Bieber (CT 22089)
Seth M. Kean (CT 24587)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York 10022-6069
(212) 848-4000

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2007, I caused the foregoing to be served electronically by ECF and by first class mail on anyone unable to accept electronic filing, as indicated on the Notice of Electronic filing, upon the following counsel:

**Attorneys for Defendants:**

Steven J. Sacher
sjsacher@jonesday.com
Evan Miller
Kevin Noble
**Jones Day**
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Tel:  202-879-3939

Jayant W. Tambe
jtambe@jonesday.com
Aviva Warter Sisitsky
Gary Shapiro
**Jones Day**
222 East 41st Street
New York, NY  10017-6702
Tel: 212-326-3939

Michael T. Hannafan, Esq.
mth@hannafanlaw.com
Blake T. Hannafan, Esq.
**Hannafan & Hannafan, Ltd.**
One East Wacker Drive, Suite 1208
Chicago, IL  60601
Tel:  312-527-0055

Michael D. Ryan, Esq.
Senior Counsel
**Xerox Corporation**
800 Long Ridge Road
Stamford, CT  06904

**Attorneys for Plaintiffs:**

| | |
|---|---|
| John F. McKenna<br>jmckenna@grmattorneys.com<br>**Goodman, Rosenthal & McKenna, PC**<br>977 Farmington Avenue, Suite 200<br>West Hartford, CT  06107<br>Tel:  860-231-2800 | Brian McTigue<br>bmctigue@mctiguelaw.com<br>**McTigue & Porter LLC**<br>5301 Wisconsin Avenue, NW, Suite 350<br>Washington, DC  20015<br>Tel:  202-364-6900 |
| Charles R. Watkins<br>cwatkins@futtermanhoward.com<br>John R. Wylie<br>**Futterman Howard Watkins Wylie**<br>  **& Ashley**<br>122 S. Michigan Avenue, Suite 1850<br>Chicago, IL  60603<br>Tel:  312-427-3600 | Lynn Lincoln Sarko<br>lsarko@kellerrohrback.com<br>Elizabeth A. Leland<br>**Keller Rohrback L.L.P.**<br>1201 Third Avenue, Suite 3200<br>Seattle, WA  98101<br>Tel:  206-623-1900 |
| Sherrie R. Savett<br>srs@bm.net<br>Joy Clairmont<br>**Berger & Montague, P.C.**<br>1622 Locust Street<br>Philadelphia, PA  19103-6365<br>Tel:  215-875-3000 | Gary A. Gotto<br>ggotto@kellerrohrback.com<br>**Keller Rohrback P.L.C.**<br>3101 North Central Avenue<br>Suite 1400<br>Phoenix, AZ  85012<br>Tel:  602-248-0088 |
| Joseph H. Meltzer<br>jmeltzer@sbclasslaw.com<br>**Schiffrin Barroway Topaz & Kessler, LLP**<br>280 King of Prussia Road<br>Radnor, PA  19087 | Daniel M. Harris<br>lawofficedh@yahoo.com<br>**Law Offices of Daniel M. Harris**<br>150 North Wacker Drive, Suite 3000<br>Chicago, IL  60606<br>Tel:  312-960-1802 |

| | |
|---|---|
| Ellen Doyle | Benjamin H. Green |
| edoyle@stemberfeinstein.com | bgreen@dreierllp.com |
| **Stember Feinstein Doyle & Payne, LLC** | **Dreier LLP** |
| Suite 1700 Allegheny Building | One Landmark Square, 20th Floor |
| 429 Forbes Avenue | Stamford, CT  06901 |
| Pittsburg, PA  15219 | Tel: 203 425 9500 |
| Tel: 412 281 8400 | |

I declare under penalty of perjury that the foregoing is true and correct.

This 2nd day of August, 2007

                                      __/s/_ Joanne Rapuano_____
                                            Joanne Rapuano