**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | Master File No. 02-CV-1138 (AWT) |
| | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |
| This Document Relates to: | |
| ALL ACTIONS | August 9, 2007 |

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. STATEMENT OF FACTS ...............................................................................3

    A.    **The Proposed Class Representatives.**...............................................3

    B.    **The Defendants.**..................................................................................3

    C.    **The Plans.**...........................................................................................4

III. ARGUMENT .................................................................................................7

    A.    **ERISA Seeks to Foster Retirement Security.**...............................7

    B.    **ERISA Breach of Fiduciary Cases Are Inherently and Particularly Suited to Class Treatment.** ......................................8

    C.    **Class Certification Is a Procedural Matter Determined Before and Independent of the Merits.**.......................................11

    D.    **The Proposed Classes Meet the Requirements of Rule 23(a).** ........12

          1.    **The Classes are so numerous that joinder is impracticable** ...................................................................12

          2.    **There are numerous questions of law or fact common to the Classes** ..........................................13

          3.    **Plaintiffs' claims are typical of the claims of the Classes** ........................................................15

          4.    **Plaintiffs will fairly and adequately protect the interests of all Class members**...............................18

    E.    **Because the Class Seeks to Establish a Single Standard of Conduct for the Plans' Fiduciaries Which Will, as a Practical Matter, Determine the Rights of all Absent Class Members, Rule 23(b)(1) Is Satisfied.** ..................................................20

          1.    **Subsection (b)(1)(B)** ...........................................21

          2.    **Subsection (b)(1)(A)** ...........................................22

    F.    **In the Alternative, Class Certification Is Proper Under Subsection (b)(3).**...........................................................24

    G.    **Rule 23 (g) is Satisfied.**....................................................25

IV. CONCLUSION ...........................................................................................28

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Amara v. CIGNA Corp.*, No. 01-2361, 2002 U.S. Dist. LEXIS 25947 (D. Conn. Dec. 20, 2002) .................................................................................................... 12

*Atwood v. Burlington Indus. Equity, Inc.*, 164 F.R.D. 177 (M.D.N.C. 1995) ............................ 11

*Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126 (E.D.N.Y. 2003) .................. 10, 12, 25

*Banyai v. Mazur*, 205 F.R.D. 160, (S.D.N.Y. 2002) ............................................................ passim

*Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio 2003) ........................ 25

*Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 U.S. Dist. LEXIS 7727 (E.D. Pa. May 14, 1998) .................................................................................................. passim

*Califano v. Yamasaki*, 442 U.S. 682 (1979) ............................................................................... 8

*Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283 (2d Cir. 1999) ..................................... 11

*Carr v. Wilson-Coker*, 203 F.R.D. 66 (D. Conn. 2001) ....................................................... 11, 13

*Civic Ass'n of the Deaf, Inc. v. Giuliani*, 915 F. Supp. 622 (S.D.N.Y. 1996) ............................ 11

*Clauser v. Newell Rubbermaid, Inc.*, No. 99-5753, 2000 U.S. Dist. LEXIS 10631 (E.D. Pa. July 31, 2000) ............................................................................................... 10

*Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006) ........................................................................ 1

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) .............................. 12, 23

*DiFelice v. US Airways, Inc.*, 235 F.R.D. 70 (E.D. Va. 2006) ................................. 2, 10, 17, 21

*Donovan v. Bierwirth*, 680 F.2d 263 (2d Cir. 1982) ................................................................... 8

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395 (1977) ......................................... 15

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .................................................................. 11

*Feret v. CoreStates Fin. Corp.*, No. 97-6759, 1998 U.S. Dist. LEXIS 12734 (E.D. Pa. Aug. 18, 1998) ................................................................................... 11, 21, 23

*Furstenau v. AT&T Corp.*, No. 02-5409, 2004 U.S. Dist. LEXIS 27042 (D.N.J. Sept. 2, 2004) ....................................................................................... 2, 6, 10, 23

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) ...................................... 7

*Gruby v. Brady*, 838 F. Supp. 820 (S.D.N.Y. 1993) ................................................ 11, 14, 21, 22

*In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145 (2d Cir. 1987) ...................................... 13

*In re A.H. Robins Co., Inc.*, 880 F.2d 709 (4th Cir. 1989)........................................................... 24

*In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004).................................. passim

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992) ......................... 16, 18

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 01-3913, 2006 U.S.
    Dist. LEXIS 43145 (S.D. Tex. June 7, 2006) ...................................................... passim

*In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) ............... passim

*In re IKON Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457 (E.D. Pa. 2000).................. passim

*In re Oxford Health Plans, Inc.*, 191 F.R.D. 369 (S.D.N.Y. 2000) .......................................... 15

*In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006) ............................................. passim

*In re Qwest Sav. and Inv. Plan ERISA Litig.*, No. 02-464, 2004 U.S. Dist. LEXIS
    24693 (D. Colo. Sept. 27, 2004) ...................................................................... 10

*In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231 (3d Cir. 2005) ............................. 9, 17

*In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005) ...................................... 3, 10, 17, 21

*In re Tyco Int'l, Ltd. Multidistrict Litig.*, No. MDL-1335, 2006 U.S. Dist. LEXIS
    58278 (D.N.H. Aug. 15, 2006) ......................................................................... passim

*In re Unisys Sav. Plan Litig.*, 74 F.3d 420 (3d Cir. 1996) ........................................................ 18

*In re Williams Cos. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005) ............................. 3, 10, 21

*In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 U.S. Dist. LEXIS 19786
    (S.D.N.Y. Oct. 5, 2004) ................................................................................... passim

*In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007) ............................. passim

*Kane v. United Indep. Union Welfare Fund*, No. 97-1505, 1998 U.S. Dist.
    LEXIS 1965 (E.D. Pa. Feb. 24, 1998) ................................................... 9, 10, 21, 22

*Kayes v. Pac. Lumber Co.*, 51 F. 3d 1449 (9th Cir. 1995)............................................................ 9

*Kirse v. McCullough*, No. 04-1067, 2005 U.S. Dist. LEXIS 35981 (W.D. Mo.
    Dec. 5, 2005).................................................................................................. 2, 10

*Koch v. Dwyer*, No. 98-5519, 2001 U.S. Dist. LEXIS 4085 (S.D.N.Y. Mar. 23,
    2001) ............................................................................................................. passim

*Kolar v. Rite Aid Corp.*, No. 01-1229, 2003 U.S. Dist. LEXIS 3646 (E.D. Pa.
    March 11, 2003)............................................................................................. passim

*Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) .............................................................. 11

*Krueger v. New York Tel. Co.,* 163 F.R.D. 433 (S.D.N.Y. 1995).............................................. 14

*La Fata v. Raytheon Co.,* 207 F.R.D. 35 (E.D. Pa. 2002) .......................................................... 25

*LaFlamme v. Carpenters Local #370 Pension Plan*, 212 F.R.D. 448 (N.D.N.Y.
    2003) .................................................................................................................................. 24

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997) ...................................................... 12, 13, 15

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)................................................... 3, 9

*McDaniel v. N. Am. Indem., N.V.*, No. 02-0422, 2003 U.S. Dist. LEXIS 1663
    (S.D. Ind. Jan. 27, 2003) ..................................................................................................... 10

*McKinney v. Moore*, No. 04-07926, 2007 U.S. Dist. LEXIS 29494 (S.D.N.Y.
    Apr. 16, 2007) ....................................................................................................................... 1

*Meinhard v. Salmon,* 164 N.E. 545 (N.Y. 1928) ........................................................................ 8

*Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) ........................................................................ 7

*Montgomery v. Aetna Plywood, Inc.*, No. 95-3193, 1996 U.S. Dist. LEXIS 4869
    (N.D. Ill. Apr. 16, 1996) ...................................................................................................... 11

*Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359 (1980).................................... 7

*Rankin v. Rots*, 220 F.R.D. 511(E.D. Mich. 2004) ......................................................... passim

*Ream v. Frey*, 107 F. 3d 147 (3d Cir. 1997) ............................................................................... 9

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993).......................................................... 12, 15, 16

*Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147 (2d Cir. 2001) .................................. 11

*Schutte v. Maleski*, No. 93-0961, 1993 U.S. Dist. LEXIS 8332 (E.D. Pa. June 21,
    1993) .............................................................................................................................. 11, 21

*Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261 (D. Conn. 2002)..................................................... 13

*Smith v. Aon Corp.*, 238 F.R.D. 609 (N.D. Ill. 2006) ........................................................ 2, 10, 21

*Sokol v. Bernstein*, 803 F.2d 532 (9th Cir. 1986) ....................................................................... 9

*Specialty Cabinets & Fixtures, Inc. v. America Equitable Life Ins. Co.*, 140
    F.R.D. 474 (S.D. Ga. 1991) ........................................................................................... passim

*Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992)......................................... 13

*United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980)............................................. 8

*White v. Sundstrand Corp.*, No. 98-50070, 1999 U.S. Dist. LEXIS 15091 (N.D. Ill. Sept. 30, 1999) ...................................................................................................14

## **Statutes**

Employee Retirement Income Security Act, 29 U.S.C. § 1001 ..................................................... 1

ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A) ................................................................................. 4

ERISA § 404(a), 29 U.S.C. § 1104(a) ....................................................................................... 8

ERISA § 404(c), 29 U.S.C. § 1104(c) ...................................................................................... 18

ERISA § 409(a), 29 U.S.C. § 1109(a) ...................................................................................... 17

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ...................................................... 2, 7, 9, 10, 17, 28

ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1) .............................................................................. 8

## **Other Authorites**

Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 3:1 (4th ed. 2002) .................................................................................................................12, 20

Fred Reish, *Communication Gaps Can Cost You 404(c) Compliance*, Plan Sponsor, July 2001 ........................................................................................................22

# I.  INTRODUCTION

Plaintiffs respectfully move the Court for an Order granting class certification under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(1).[1]  A single core issue is presented in this case: whether the fiduciaries of two functionally similar Xerox retirement plans — the Xerox Corporation Profit Sharing and Savings Plan (the "Salaried Plan," also referred to in this litigation as the "Plan") and the Profit Sharing Plan of Xerox Corporation and the Xerographic Division, Union of Needletrades, Industrial and Textile Employees, AFL-CIO-CLC (the "Union Plan," also referred to in this litigation as the "UNITE Plan") (collectively, the "Plans") — breached their common legal duties to protect the Plans.  Under the governing federal law of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA") this is not an individualized inquiry.  The Defendants owed the same fiduciary duties to each Plan, and breached their duties to each Plan.

Previously, the Court considered the sufficiency of the Consolidated Amended Complaint (Docket No. 39), and denied Defendants' motions to dismiss as to the three remaining Counts. *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).  Those Counts now comprise Plaintiffs' Second Consolidated Amended Complaint (Docket No. 179, referred to herein as the "Complaint") and are being developed in discovery.  These Counts can and should be litigated on a class-wide basis.

---

[1] In the alternative, Plaintiffs also request class certification under Fed. R. Civ. P. 23(b)(3).  We note at the outset that while class certification has been sought in an abundance of caution, it is not strictly necessary because breach of fiduciary suits are by definition brought on behalf of the plan. 29 U.S.C. § 1132(a)(2).  This case could proceed to its conclusion and full relief could be awarded even without class certification.  *See, e.g., Coan v. Kaufman*, 457 F.3d 250, 260-261 (2d Cir. 2006) ("Congress was content to leave the procedures necessary to protect absent parties, and to prevent redundant suits, to be worked out by parties and judges according to the circumstances on a case by case basis. . . . [P]lan participants need not always comply with Rule 23 to act as a representative of other plan participants and beneficiaries . . . ."); *McKinney v. Moore*, No. 04-07926, 2007 U.S. Dist. LEXIS 29494, at *12 (S.D.N.Y. Apr. 16, 2007) ("To act in a representative capacity under section 502(a)(2), a plaintiff-participant need not comply with Rule 23 nor join as parties other plan participants pursuant to Rule 19.").

Claims involving alleged breach of fiduciary duty lie at the very core of Fed. R. Civ. P. 23 jurisprudence. Indeed, courts have regularly recognized that class certification is particularly appropriate in an ERISA company stock case such as this one in which relief is sought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), on behalf of the Plans. *See, e.g., In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 01-3913, 2006 U.S. Dist. LEXIS 43145, at *64-65 (S.D. Tex. June 7, 2006); *DiFelice v. US Airways, Inc.*, 235 F.R.D. 70, 80 (E.D. Va. 2006); *Kirse v. McCullough*, No. 04-1067, 2005 U.S. Dist. LEXIS 35981, at *5 (W.D. Mo. Dec. 5, 2005); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) ("Because of ERISA's distinctive 'representative capacity' and remedial provisions, 'ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class.'" (quoting *Kolar v. Rite Aid Corp.*, No. 01-1229, 2003 U.S. Dist. LEXIS 3646, at *9 (E.D. Pa. March 11, 2003)). The great weight of authority supports class certification here and, notably, several courts have recently granted class certification under virtually identical circumstances. *See, e.g., Smith v. Aon Corp.*, 238 F.R.D. 609 (N.D. Ill. 2006) (certifying class under Rule 23(b)(1) and (b)(2)); *In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006) (certifying class under Rule 23(b)(1)); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, No. MDL-1335, 2006 U.S. Dist LEXIS 58278 (D.N.H. Aug. 15, 2006) (certifying class under Rule 23(b)(1)(B)); *Enron*, 2006 U.S. Dist. LEXIS 43145, at *65-67 (finding certification under both 23(b)(1)(A) and (B) appropriate); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 U.S. Dist. LEXIS 19786 (S.D.N.Y. Oct. 5, 2004); *Furstenau v. AT&T Corp.*, No. 02-5409, 2004 U.S. Dist. LEXIS 27042 (D.N.J. Sept. 2, 2004); *Rankin v. Rots*, 220 F.R.D. 511, 522 (E.D. Mich. 2004) ("*Kmart*") ("We find that the ERISA actions . . . are appropriate for certification under both [23(b)(1)(A) and (b)(1)(B)].").

The Advisory Committee Notes accompanying the 1966 amendment of Fed. R. Civ. P. 23(b)(1)(B) specifically state that certification under Rule 23(b)(1) is appropriate in cases charging breach of trust by a fiduciary to a large class of beneficiaries. Fed. R. Civ. P.

23(b)(1)(B) Advisory Committee's Note (1966 Amendment). Moreover, Congress has specifically embraced the use of representative actions to enforce ERISA. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (noting Congress' clearly expressed intent that ERISA "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole").

This is precisely the type of case that Rule 23 was enacted to address, as demonstrated by the numerous recent decisions, including those cited above, which have certified ERISA cases involving imprudent investments in company stock. *Global Crossing*, 225 F.R.D. at 452; *In re Williams Cos. ERISA Litig.*, 231 F.R.D. 416, 424-25 (N.D. Okla. 2005); *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 346-47 (C.D. Cal. 2005). As in these decisions, class certification is appropriate in this case.

## II.  STATEMENT OF FACTS

**A.      The Proposed Class Representatives.**

During the Class Period, proposed Class Representatives David Alliet, Linda Willis, and William Saba participated in the Salaried Plan; proposed Class Representatives Thomas Patti and Cheryl Wright participated in the Union Plan. Like all participants in the Plans, the proposed Class Representatives had a portion of their Plan accounts invested in Xerox stock. *See, e.g.,* Complaint ¶¶ 11-14.

**B.      The Defendants.**

The Complaint alleges that six separately identified groups of fiduciaries breached their duties to the Plans and their participants and beneficiaries: (1) Xerox Corporation ("Xerox" or the "Company"); (2) the Plan Administrator Defendants (Lawrence Becker, Sally Conkright, Patricia M. Nazemetz and Arlyn B. Kaster); (3) the Joint Administrative Board ("JAB") Defendants (Myra R. Drucker, Kathleen Russell, William Strusz, Conkright, William Roscoe, Becker, Kaster and Lance Davis); (4) the Fiduciary Investment Review Committee ("FIRC") Defendants (Gregory B. Tayler, Christina Clayton, Gary Kabureck, Davis, and Lawrence

Zimmerman); (5) the Treasurer Defendants (Eunice M. Filter and Tayler); and (6) the Director Defendants (Paul A. Allaire, Anne M. Mulcahy, William F. Buehler, Barry D. Romeril, Lawrence Becker, B.R. Inman, Vernon E. Jordan, Jr., Hilmar Kopper, George J. Mitchell, N.J. Nicholas, Jr., Patricia F. Russo, Martha R. Seger, Thomas C. Theobald, and G. Richard Thoman). Each Defendant is alleged to have breached fiduciary duties under ERISA on a class-wide basis.

**C.    The Plans.**

The Court concisely described the salient features of the Salaried and Union Plans in its Order on the Motion to Dismiss. *Xerox*, 483 F. Supp. 2d at 210. The Plans are "employee pension benefit plans" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). Under ERISA, every retirement plan has a "sponsor," and Xerox is the sponsor of the Plans at issue in this case. Complaint ¶¶ 31-32. Under ERISA, every retirement plan also has a number of fiduciaries who are responsible for the plan and for monitoring the performance of other fiduciaries. Plaintiffs allege that each Defendant was a fiduciary of at least one of the Plans at issue.

Xerox appointed its own employees to serve as Plan Administrators. *Id.* ¶¶ 41-42. Xerox also, through its Board of Directors, appointed the Company's Treasurer, Finance Committee, and Fiduciary Investment Review Committee. Xerox, the Board, the Treasurer, the Finance Committee and the Fiduciary Investment Review Committee were all fiduciaries of the Salaried Plan. *Id.* ¶¶ 42-45.

Likewise, Xerox appointed its own employees to serve on the Joint Administrative Board of the Union Plan. *Id.* ¶ 46. Xerox, its Board of Directors, its Treasurer, its Fiduciary Investment Review Committee, and the Joint Administration Board were all fiduciaries of the Union Plan as well. *Id.*

Participants in both Plans were allowed to contribute up to 18% of their eligible base pay, subject to certain limits in the Internal Revenue Code. *Id.* ¶ 33. Participants were allowed to

direct their contributions to the Plans to various investment options. Most of these options were diversified mutual funds. Just one option — the Xerox Stock Fund — was non-diversified. It was invested almost exclusively in Company stock. *Id.* ¶ 34. According the to the Plans' annual reports, as of December 31, 1997, and with Defendants' full knowledge and participation, approximately $360 million of Plan money had been directed into the Xerox Stock Fund.

From 1997 through at least 2001, however, Xerox, with the other Defendants' actual or constructive knowledge and participation, was manipulating its earnings and artificially inflating the value of Company stock. *See, e.g., id.* at ¶ 49. On June 16, 2000, Xerox began a grudging and half-hearted series of disclosures regarding its theretofore hidden problems. *Id.* ¶¶ 88-90, 93-109. On April 1, 2002, however, the true extent of the problems was revealed when Xerox announced that it had agreed to settle charges of accounting fraud brought by the SEC, pay a *record fine of $10 million*, and restate its earnings for the period 1997 to 2001. *Id.* ¶¶ 110-111. When the truth came out, the Plans lost hundreds of millions of dollars. Plan participants saw the value of their retirement accounts in the Plans slashed by up to 88%. *Id.* ¶¶ 11, 14.

Defendants should never have allowed these devastating losses to occur. The fiduciaries responsible for exercising undivided loyalty to the Plans had it well within their power to prevent some or all of the Plans' losses, yet utterly failed to take action protecting the Plans from the clear and present danger that confronted them. *Id.* ¶ 50.

Defendants' misconduct gives rise to three causes of action under ERISA: breach of the fiduciaries' duty to select and maintain prudent investments for the Plans (Count I, Complaint ¶¶ 144-151; *Xerox*, 483 F. Supp. 2d at 213-15); breach of the fiduciaries' duty to monitor and ensure the prudence of the other fiduciaries of the Plans (Count II, Complaint ¶¶ 151-158; *Xerox*, 483 F. Supp. 2d at 215-17); and breach of the fiduciaries' duty to provide complete and accurate information to participants in the Plans so they could make informed allocation decisions (Count

III, Complaint ¶¶ 159-170; *Xerox*, 483 F. Supp. 2d at 217-18).[2]   Plaintiffs also allege that Defendants are liable not only for their own breaches, but also for those of their co-fiduciaries. (Complaint ¶¶ 164-165; *Xerox*, 483 F. Supp. 2d at 215, 217).

Defendants' fiduciary breaches were Plan-wide and uniform.   For example, Plaintiffs allege that Defendants failed to prudently and loyally exercise the discretion afforded them by the Plans, and instead carelessly caused Plan assets to be invested in Xerox stock.   Complaint ¶¶ 147-151.   This imprudent investment and management of Plan assets caused losses to the Plans as a whole.  *See Kmart*, 220 F.R.D. at 518 (noting in decision granting class certification that "the complaint alleges that defendants acted similarly with regard to all contributions to the Plan, without regard to whether these contributions were from voluntary employee contributions or employer matching contributions"); *see also Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002) (defendants' liability for ERISA violations "is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries").   Likewise, Defendants' omissions and affirmative misrepresentations provided the same incomplete and inaccurate information to all participants.  *See, e.g., CMS*, 225 F.R.D. at 543 (finding commonality requirement satisfied because the "[c]omplaint alleges a uniform, Plan-wide failure of Defendants to provide complete and accurate information to participants regarding CMS stock"); *Kmart*, 220 F.R.D. at 523 (rejecting argument that individualized issues predominated, because "defendants' uniform communications with its participants and its uniform decisions with respect to the employer matching portion of the Plan forms the basis for [plaintiffs'] claims"); *AT&T*, 2004 U.S. Dist. LEXIS 27042, at *9 ("This is not a situation where individual communications are alleged, rather the same communication was alleged for each individual.").

---

[2]  Plaintiffs have withdrawn from the current Complaint separate counts alleging fiduciary breaches arising from the purchase of Xerox stock at above fair market value and the failure to avoid conflicts of interest.   We believe the essential claims of these former counts are encompassed within Complaint Count I.

Plaintiffs' claims focus on Defendants' conduct and knowledge—which injured the Plans as a whole — and depend on common questions of fact and law which, if proven, will result in recovery to the Plans under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2).

Consequently, Plaintiffs ask the Court to certify the following Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(1), or, in the alternative (b)(3), defined as:

> All persons who were participants in or beneficiaries of the Salaried Plan, excluding the Defendants, at any time between May 12, 1997 and June 28, 2002, and who made or maintained investments in the Xerox Stock Fund (the "Salaried Plan Class"); and

> All persons who were participants in or beneficiaries of the Union Plan, excluding the Defendants, at any time between May 12, 1997 and June 28, 2002, and who made or maintained investments in the Xerox Stock Fund (the "Union Plan Class").

Complaint ¶¶ 26-27.

## III.  ARGUMENT

### A.    ERISA Seeks to Foster Retirement Security.

While the Court is undoubtedly familiar with the fundamentals of ERISA law, particularly given the extensive briefing on Defendants' motions to dismiss, we ask the Court's indulgence as we outline the aspects of ERISA that are most pertinent to this case and the question of class certification.

ERISA was adopted in 1974, after nearly a decade of study, to encourage employers to offer, and employees to accept, private retirement plans to supplement their retirement benefits under the Social Security System. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993); *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361-62 (1980).  ERISA's goal, following several well-publicized failures of private pension plans, was to ensure a financially secure source of income

for retirement.  Since then, ERISA plans[3] have been increasingly used for non-retirement purposes, such as health insurance, but ERISA's core purpose remains retirement security.

**B.  ERISA Breach of Fiduciary Cases Are Inherently and Particularly Suited to Class Treatment.**

As the Supreme Court has noted, class actions provide important protections for both defendants (from multiple claims for inconsistent or duplicative relief) and for plaintiffs (particularly absent class members, whose claims otherwise might never be vindicated).  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 403-404 (1980).  A class action is "peculiarly appropriate" when, as here, a case raises legal issues "common to the class as a whole" because in such a case, Rule 23 provides an economical vehicle for the resolution of multiple common claims.  *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979).

ERISA fiduciaries owe plan participants many fiduciary duties, which duties derive from the law of trusts and are codified in ERISA § 404(a), 29 U.S.C. § 1104(a).  S*ee In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 01-3913, 2006 U.S. Dist. LEXIS 43145, at \*26 (S.D. Tex. June 7, 2006) ("ERISA . . . relies on the common law of trusts, especially overlapping duties of loyalty, diversification of plan assets, adherence to plan documents, and satisfying the prudent man standard.").  Judge Cardozo's famous pre-ERISA statement of that duty is frequently quoted in the ERISA case law:  "A trustee is held to something stricter than the morals of the market place.  Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior."  *Meinhard v. Salmon*, 164 N.E. 545, 546 (N.Y. 1928).  The Second Circuit has described these duties as "the highest known to the law." *Donovan v. Bierwirth,* 680 F.2d 263, 272 n.8 (2d Cir. 1982).

---

[3] ERISA accomplishes its goal by authorizing and regulating "plans," which are distinct legal entities designed to channel benefits to participants and beneficiaries, just as a corporation is a vehicle to channel profits to shareholders.  *See* ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1) ("An employee benefit plan may sue or be sued under this subchapter as an entity"); *id.* § 1132(d)(2).

Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), any participant in or beneficiary of a plan may sue for breach of fiduciary duties. Such an action is by statutory definition brought "in a representative capacity on behalf of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142 n.9 (1985); *Kane v. United Indep. Union Welfare Fund*, No. 97-1505, 1998 U.S. Dist. LEXIS 1965, at *24-25 (E.D. Pa. Feb. 24, 1998); *Specialty Cabinets & Fixtures, Inc. v. America Equitable Life Ins. Co.*, 140 F.R.D. 474, 478 (S.D. Ga. 1991). Accordingly, relief for the plan, sometimes referred to as plan-wide relief, which includes the type of relief sought by Plaintiffs, is available under § 502(a)(2). *In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231, 241-42 (3d Cir. 2005); *Ream v. Frey*, 107 F. 3d 147, 151-52 (3d Cir. 1997). Under ERISA, a breach of fiduciary duty claim is *automatically* a representative claim. *Kayes v. Pac. Lumber Co.*, 51 F. 3d 1449, 1462 (9th Cir. 1995). As one court recently noted in an ERISA company stock case quite similar to the case at bar,

> [C]lass actions are an efficient and appropriate means of dealing with cases in which plan participants and/or beneficiaries bring action against plan fiduciaries pursuant to ERISA. Class action suits are the preferred method of dealing with these cases because plan participants or beneficiaries may only bring action to remedy a breach of fiduciary duty in a representative capacity, on behalf of the plan itself. "ERISA grants no private right of action by a beneficiary *qua* beneficiary; rather, it accords beneficiaries the right to sue on behalf of the entire plan if a fiduciary breaches the plan's terms." *Sokol v. Bernstein*, 803 F.2d 532, 536 (9th Cir. 1986). In other words, where plan fiduciaries have not acted in the best interests of the plan,
>
>> the recovery under § 502(a)(2) [of ERISA] inures to the benefit of the plan as a whole: 'A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.'
>
> *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1462 (9th Cir. 1995) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)). A breach of fiduciary duty claim brought by plan participants or beneficiaries is

> therefore properly pursued as a class action. *See Banyai v. Mazur*, 205
> F.R.D. 160, 165 (S.D.N.Y. 2002) . . . .

*Aon*, 238 F.R.D. at 613-14.

Thus, if the Plaintiffs are successful under § 502(a)(2) in recovering money damages on account of the Defendants' breaches of fiduciary duties, the entire recovery will flow to the Plans, to be held, allocated and ultimately distributed in accordance with the requirements of the Plans and ERISA itself.

As demonstrated by a consensus of opinions concerning ERISA breach of fiduciary actions, this is a textbook case for class certification. Indeed, the reported decisions considering alleged violations of fiduciary duties under ERISA overwhelmingly have held that class certification is appropriate under Rule 23(a) and at least one subsection of Rule 23(b), usually subsection (b)(1).[4]

---

[4] *See, e.g., Smith v. Aon Corp.*, 238 F.R.D. 609 (N.D. Ill. 2006) (certifying class under Rule 23(b)(1) (A), (b)(1)(B), and (b)(2)); *In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006) (certifying class under Rule 23(b)(1)); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, No. MDL-1335, 2006 U.S. Dist. LEXIS 58278 (D.N.H. Aug. 15, 2006) (certifying class under Rule 23(b)(1)(B)); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 01-3913, 2006 U.S. Dist. LEXIS 43145 (S.D. Tex. June 7, 2006) (certifying class under Rule 23(b)(1)(A) and (B)); *DiFelice v. US Airways, Inc.*, 235 F.R.D. 70 (E.D. Va. 2006) (certifying class under Rule 23(b)(1)(B)); *Kirse v. McCullough*, No. 04-1067, 2005 U.S. Dist. LEXIS 35981 (W.D. Mo. Dec. 5, 2005) (certifying class under Rule 23(b)(2)); *In re Williams Cos. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005) (certifying class under Rule 23(b)(1)(A), (b)(1)(B) and (b)(2)); *Syncor*, 227 F.R.D. 338 (certifying class under Rule 23(b)(1)(B)); *CMS*, 225 F.R.D. 539 (certifying class under Rule 23(b)(1)(A) and (B)); *WorldCom*, 2004 U.S. Dist. LEXIS 19786 (certifying class under Rule 23(b)(1)(B)); *In re Qwest Sav. and Inv. Plan ERISA Litig.*, No. 02-464, 2004 U.S. Dist. LEXIS 24693 (D. Colo. Sept. 27, 2004) (certifying class under Rule 23(b)(1)); *AT&T*, 2004 U.S. Dist. LEXIS 27042 (certifying class under Rule 23(b)(1)); *Kmart*, 220 F.R.D. 511 (certifying class under Rule 23(b)(1)(A) and (B)); *Kolar v. Rite Aid Corp.*, No. 01-1229, 2003 U.S. Dist. LEXIS 3646 (E.D. Pa. Mar. 11, 2003) (confirming certification of class under Rule 23(b)(1)); *McDaniel v. N. Am. Indem., N.V.*, No. 02-0422, 2003 U.S. Dist. LEXIS 1663 (S.D. Ind. Jan. 27, 2003) (certifying class under Rule 23(b)(1), (b)(2) and (b)(3)); *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126 (E.D.N.Y. 2003) (certifying class under Rule 23(b)(1) and (b)(3)); *Koch v. Dwyer*, No. 98-5519, 2001 U.S. Dist. LEXIS 4085 (S.D.N.Y. Mar. 23, 2001) (certifying class under Rule 23(b)(1)(B)); *Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386 (E.D. Pa. 2001) (certifying class under Rule 23(b)(1)(B) and (b)(2)); *In re IKON Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457 (E.D. Pa. 2000) (certifying class under Rule 23(b)(1)); *Clauser v. Newell Rubbermaid, Inc.*, No. 99-5753, 2000 U.S. Dist. LEXIS 10631, at *18 (E.D. Pa. July 31, 2000) (certifying class under Rule 23(b)(1)(A)); *Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 U.S. Dist. LEXIS 7727 (E.D. Pa. May 14, 1998) (certifying class under Rule 23(b)(1)(A), (b)(1)(B), and (b)(2)); *Kane v. United Indep.*

**C.    Class Certification Is a Procedural Matter Determined Before and Independent of the Merits.**

Given the nascent stage of discovery, it is particularly important to note that this motion seeks class certification — not a ruling on the merits.  The limited procedural nature of this motion circumscribes the scope of the Court's present inquiry.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").  Courts should not evaluate the merits of an action when determining whether to certify a class.  *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 157 (2d Cir. 2001).  Rather, in analyzing Rule 23's requirements, the allegations of the complaint are taken as true.  *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999); *Carr v. Wilson-Coker*, 203 F.R.D. 66, 72 (D. Conn. 2001) (Thompson, J.) ("A court is to make this [Rule 23] determination solely on the allegations of the complaint, which are accepted as true, and may not consider the validity of the plaintiff's claims. This court is to 'apply Rule 23 according to a liberal rather than a restrictive interpretation'. . . ." (quoting *Civic Ass'n of the Deaf, Inc. v. Giuliani*, 915 F. Supp. 622, 632 (S.D.N.Y. 1996) (citing *Korn v. Franchard Corp.*, 456 F.2d 1206, 1208-09 (2d Cir. 1972)).

To be certified as a class action, the proposed Class must satisfy the four subsections of Fed. R. Civ. P. 23(a), and at least one or more subsections of Fed. R. Civ. P. 23(b).  *Polaroid*, 240 F.R.D. at 73-74; *WorldCom*, 2004 U.S. Dist. LEXIS 19786, at *7-9.  Those standards clearly are met in this case.

---

*Union Welfare Fund*, No. 97-1505, 1998 U.S. Dist. LEXIS 1965, at *25 (E.D. Pa. Feb. 24, 1998) (certifying class under Rule 23(b)(1)(B)); *Feret v. CoreStates Fin. Corp.*, No. 97-6759, 1998 U.S. Dist. LEXIS 12734 (E.D. Pa. Aug. 18, 1998) (certifying class under Rule 23(b)(1)); *Montgomery v. Aetna Plywood, Inc.*, No. 95-3193, 1996 U.S. Dist. LEXIS 4869 (N.D. Ill. Apr. 16, 1996) (certifying class under Rule 23(b)(1)(A)); *Atwood v. Burlington Indus. Equity, Inc.*, 164 F.R.D. 177 (M.D.N.C. 1995) (certifying class under Rule 23(b)(1)); *Schutte v. Maleski*, No. 93-0961, 1993 U.S. Dist. LEXIS 8332, at *29 (E.D. Pa. June 21, 1993) (certifying class under Rule 23(b)(1)(A) and (B)); *Gruby v. Brady*, 838 F. Supp. 820 (S.D.N.Y. 1993) (certifying class under  Rule 23(b)(1)); *Specialty Cabinets & Fixtures, Inc. v. Am. Equitable Life Ins. Co.*, 140 F.R.D. 474 (S.D. Ga. 1991) (certifying class under  Rule 23(b)(1)(B)).

**D.    The Proposed Classes Meet the Requirements of Rule 23(a).**

Rule 23(a) provides four prerequisites for certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The first two of these requirements are intended to identify so-called "natural" class actions — those in which joinder of all interested parties is impracticable and there is at least one common issue of fact or law.  1 Alba Conte & Herbert B. Newberg,  *Newberg on Class Actions* § 3:1 (4th ed. 2002).  The third and fourth requirements define the desired attributes of the class representative.  *Id*.  There is considerable overlap among these requirements, and an analysis of them sometimes evolves into a simple, commonsense inquiry into whether a class action is likely to be economical and fully protect the interests of absent class members.  *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).   Nevertheless, with a nod to tradition, we address each requirement separately.

**1.    The Classes are so numerous that joinder is impracticable**

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is "impracticable."  Plaintiffs need not know the exact number of class members, and when a class consists of forty or more members, numerosity is presumed.  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Robidoux v. Celani*, 987 F.2d 931, 935-36 (2d Cir. 1993). Numerosity is generally found in ERISA cases.  *See Koch v. Dwyer*, No. 98-5519, 2001 U.S. Dist. LEXIS 4085, at *7-8 (S.D.N.Y. Mar. 23, 2001) (proposed class of approximately 3,400 plan participants satisfied numerosity) *See also Amara v. CIGNA Corp.*, 2002 U.S. Dist. LEXIS 25947, at *7 (D. Conn. Dec. 20, 2002) (class of 25,000 ERISA plan members was so numerous as to prevent joinder); *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003) (655 plan participants satisfied numerosity requirement"); *Kolar v. Rite Aid Corp.*, No. 01-

1229, 2003 U.S. Dist. LEXIS 3646, at *7 (E.D. Pa. Mar. 11, 2003) (class of 16,315 ERISA plan members was numerous); *In re IKON Office Solutions, Inc*., 191 F.R.D. 457, 462 (E.D. Pa. 2000) (finding numerosity in ERISA fiduciary breach case; "the court should make common sense assumptions regarding numerosity" when there are "thousands of participants in the plan in any given year"). Indeed, in most ERISA company stock cases, the Defendants do not even contest numerosity. *See, e.g., WorldCom*, 2004 U.S. Dist. LEXIS 19786, at *6-7.

There can be no dispute that the proposed Classes are so numerous as to preclude joinder of all members. In 1999 alone, the Salaried Plan reported that it had 48,367 active participants and 56,262 total participants and beneficiaries, and the Union Plan reported 5,356 active participants and 5,923 total participants and beneficiaries. Similar figures were reported for 2000. Declaration of Lynn L. Sarko ("Sarko Decl.") ¶¶ 2-3. Joinder of all parties is clearly impracticable under Rule 23(a)(1). *See Carr v. Wilson-Coker*, 203 F.R.D. 66, 73 (D. Conn. 2001) (joinder of tens of thousands of potential class members was impracticable).

### 2.    There are numerous questions of law or fact common to the Classes

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class." This does not require that all questions of law or fact be common — a single significant common issue is enough. *Marisol A.*, 126 F.3d at 376-77; *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145 (2d Cir. 1987); *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198-99 (S.D.N.Y. 1992). The test for commonality is not demanding. *Enron*, 2006 U.S. Dist. LEXIS 43145, at *49. A common nucleus of operative facts usually is enough to satisfy the commonality requirement. *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 267 (D. Conn. 2002). Factual differences among various class members do not require denial of class certification where common questions of law or fact also exist. *Tyco*, 2006 U.S. Dist. LEXIS 58278, at *9-10 (commonality "requirement will be satisfied if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class[, a]n identity of claims or facts among class members is not required" (internal quotations and citations omitted)); *Trief*, 144 F.R.D. at

198; *Krueger v. New York Tel. Co.*, 163 F.R.D. 433, 439 (S.D.N.Y. 1995).  "In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries."  *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002) (citing *Gruby v. Brady*, 838 F. Supp. 820, 828 (S.D.N.Y. 1993)).

Common questions abound in ERISA cases involving alleged breaches of fiduciary duties.  *Rite Aid*, 2003 U.S. Dist. LEXIS 3646, at *8 (in ERISA breach of fiduciary case, the existence of common issues was "obvious"); *Amara,* 2002 U.S. Dist. LEXIS 25947, at *8-9 (ERISA cases turn on core questions of law); *Koch*, 2001 U.S. Dist. LEXIS 4085, at *8 (finding common issues of fact and law presented in breach of fiduciary duty case because, among other things, "[t]he relationships among the parties . . . are governed by written plan documents under the standards set by ERISA"); *White v. Sundstrand Corp.*, No. 98-50070, 1999 U.S. Dist. LEXIS 15091, at *20-21 (N.D. Ill. Sept. 30, 1999) (finding common issues presented in ERISA breach of fiduciary duty case, including "interpretation of Pension Plan language, an issue which is common to the class"; "Whether defendants breached their fiduciary duties also involves questions of fact and law common to the class").  As Judge Harmon recently found in *Enron*,

> Here shared issues of law and fact satisfying the commonality requirement, relating to all counts and common to all plan participants in both classes, include whether Defendants were fiduciaries within the meaning of ERISA; whether ERISA was violated by the ERISA Defendants' alleged acts and omissions; whether Defendants breached fiduciary duties owed to the class by failing to act prudently and solely in the interest of the class and the plans; . . . whether Defendants Lay and/or Skilling breached a duty to monitor the competence and performance of the plan administrators; whether Defendants satisfied their duty to disclose under ERISA; whether Defendants' fiduciary duties mandated that they act in contravention of certain provisions of the respective plans; and whether the Plans were damaged by the alleged breaches of fiduciary duty. The resolution of these issues will not depend upon which plan participant sues on behalf of each Plan, but are common to all members of the class.

*Enron*, 2006 U.S. Dist. LEXIS 43145, at *49-50.

14

This case is no exception to the general rule of commonality.  Commonality is easily met here, because Defendants' violations of ERISA arise from a common nucleus of operative facts —Defendants' imprudence with respect to the Plans' investment in inflated Xerox stock — and the class members have all been similarly victimized by the same breaches of fiduciary duty. Plaintiffs allege common issues of fact and law concerning each proposed class that are virtually identical to the issues considered by Judge Harmon in Enron and set forth above.  Complaint ¶ 29(2), (4).  All of these issues are common to the Class.  *See also Global Crossing*, 225 F.R.D. at 452 (allegations that the ERISA defendants breached their fiduciary duty in connection with the administration of the employee benefit plan "certainly involve common questions of fact or law"); *WorldCom*, 2004 U.S. Dist. LEXIS 19786, at *7-8 (common questions of law and fact include whether defendants were ERISA fiduciaries, whether they breached their fiduciary duties, and whether those breaches injured class members).  Commonality is, in fact, something of a foregone conclusion in this context, as "the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all beneficiaries." *Banyai*, 205 F.R.D. at 163.  Thus, commonality clearly is established here.[5]

   **3.     Plaintiffs' claims are typical of the claims of the Classes**

The typicality requirement of Rule 23(a)(3) examines whether the proposed class representatives have the same interests and seek a remedy for the same injuries as other class members.  *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977); *Global Crossing*, 225 F.R.D. at 452 (citing *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000)).  "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux*, 987 F.2d at 936-37; *see also Marisol A.*, 126 F.3d at 376-77; *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285,

---

[5] Defendants' pending renewed motion to dismiss confirms the existence of common issues. Every issue they raise in that motion applies equally to all Class members.

291 (2d Cir. 1992).  Minor variations between class members will not undermine a determination of typicality.  *Robidoux*, 987 F.2d at 936-37; *IKON*, 191 F.R.D. at 463 ("Even quite significant factual differences will not defeat typicality so long as the legal theory upon which plaintiffs seek redress is the same as those they seek to represent.").  As with commonality, the test for typicality is not demanding.  *Tyco*, 2006 U.S. Dist. LEXIS 58278, at *21; *Enron*, 2006 U.S. Dist. LEXIS 43145, at *50.

Here, Plaintiffs ask the Court to appoint David Alliet, Linda Willis, and William Saba as representatives for the Salaried Plan Class, and Thomas Patti and Cheryl Wright as representatives for the Union Plan Class.  Each seeks recovery for his or her respective Plan as a whole.  The claims of these proposed class representatives are completely in line with the claims of other class members.  Their claims stem from Defendants' alleged fiduciary breaches, and therefore are the same as the claims belonging to their Class.  This factor makes the present case particularly appropriate for class certification, because "the appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants," *IKON*, 191 F.R.D. at 465.  Indeed, each Class member possesses and can assert the same legal arguments to prove the Defendants' liability.  Therefore, Plaintiffs' claims are typical of those of other Class members.  *Rite Aid,* 2003 U.S. Dist. LEXIS 3646, at *8 ("[t]here is little doubt that [the class representatives'] claims are in every respect typical of those of his fellow class members"); *Computer Assocs.*, 212 F.R.D. at 130-31 (common conduct of ERISA fiduciaries with respect to all plan participants satisfied typicality requirement); *Amara,* 2002 U.S. Dist. LEXIS 25947, at *8-10; *Koch*, 2001 U.S. Dist. LEXIS 4085, at *8-9 (finding typicality of claims where the named plaintiff was an ERISA plan participant during the class period and the plan's fiduciaries treated all participants alike); *IKON*, 191 F.R.D. at 465 (finding typicality of claims; "the named plaintiffs and the putative class would necessarily allege a similar course of conduct: that IKON and the individual defendants failed to provide accurate information in violation of ERISA obligations"); *Specialty Cabinets & Fixtures*, 140 F.R.D. at 476 ("Plaintiffs have brought this action in part to remedy a

breach of fiduciary duty, and any recovery on this claim belongs to the ERISA fund. These claims of the Plaintiffs' are identical to those of the other class members.").

"Moreover, 'given the representative nature of suit pursuant to ERISA 502(a)(2),' each plan participant/class member's claims are 'necessarily typical of those of the rest of the class.'" *Enron*, 2006 U.S. Dist. LEXIS 43145, at *53 (quoting *DiFelice*, 235 F.R.D. at 79). Put another way, ERISA's unique standing and remedial provisions, under which a participant who sues for breach of a fiduciary's duties is entitled to obtain plan-wide relief, make it inevitable that Plaintiffs' claims are typical. *See* ERISA § 409(a), 29 U.S.C. § 1109(a) (liability for breach of fiduciary duty is "to the plan"); ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) (authorizing plan participant to sue for breach of fiduciary duty under § 409(a)); *Schering-Plough*, 420 F.3d at 235 (plan participants may properly bring suit on behalf of an ERISA employee benefits plan where the fiduciaries' alleged breach affects the assets of the plan as a whole); *CMS*, 225 F.R.D. at 543 ("recovery for a breach of fiduciary duty goes to the Plan"); *Syncor*, 227 F.R.D. at 342-43 (individual ERISA claims on behalf of the Plan may be brought as a class action); *Kmart*, 220 F.R.D. at 519 (noting representative nature of action under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2)). With each Class member stating the same claim concerning the same conduct and seeking the same relief, the claims asserted by the Plaintiffs and proposed Class representatives here are typical for purposes of Rule 23(a)(3).

To the extent that Defendants contend that the typicality analysis is affected by their affirmative defense that the Plans were so-called 404(c) plans, *see* Answer to the Second Consolidated Amended Complaint ("Answer") (Docket No. 202), Eighteenth Affirmative Defense, they are incorrect. *Polaroid*, 240 F.R.D. at 76. This affirmative defense, first raised by Defendants after more than five years of litigation, does not apply in the instant case. 404(c) plans are "individual account plans," in which the participants "control" the selection of the assets in their accounts. The Xerox Plans at issue were not 404(c) plans because Xerox did not comply with the more than twenty requirements enumerated in the DOL's 404(c) regulations,

17

and in particular failed to satisfy the overarching requirement of providing "complete and accurate information" to participants. *See generally* ERISA § 404(c), 29 U.S.C. § 1104(c) (participant "control" is determined under "regulations of the secretary"); 29 C.F.R. § 2550.404c-1 (the corresponding regulations); *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 441 (3d Cir. 1996) (requirement of "complete and accurate information"); *Polaroid*, 240 F.R.D. at 76 ("if Plaintiffs' claims of misrepresentation and nondisclosure are substantiated, § [404](c) will not apply at all."). In the absence of 404(c) compliance, there is no participant control and the fiduciaries remain liable for the investment losses. The importance of 404(c) compliance has been stressed in the trade literature, yet many sponsors, like Xerox, continue to operate their plans without 404(c) protection. *See, e.g.,* Fred Reish, *Communication Gaps Can Cost You 404(c) Compliance*, Plan Sponsor, July 2001, at 72 ("First and foremost, plan sponsors should understand that the only way for investment fiduciaries (e.g., plan committee members or corporate officers who select a plan's investments) to avoid responsibility for participant investment decisions is to comply with ERISA § 404(c)."). Furthermore, as the *Polaroid* court recognized, "whether the degree of individual control present . . . is sufficient to implicate § 1104(c) is determined by the administration and structure of the Plan as a whole, and is thus a question common to the class." *Polaroid*, 240 F.R.D. at 76. In addition, "§ 1104(c) does not apply to the central claims against Defendants — namely that they invested ESOP contributions in Polaroid stock and continued to offer Polaroid stock as an investment option for the 401(k) Plan after it was prudent to do so." *Id.* (citations omitted).

### 4. Plaintiffs will fairly and adequately protect the interests of all Class members

Fed. R. Civ. P. 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Adequacy of representation entails a two-pronged inquiry: (1) class counsel must be "qualified, experienced and generally able to conduct the litigation"; and (2) class members must not have interests antagonistic to those of other class members. *Drexel*, 960 F.2d at 291 (internal quotation marks and citations omitted); *see also Global Crossing*, 225

F.R.D. at 453.  Where proposed class representatives and class members all share the common goal of maximizing recovery, there is no conflict of interest between them.  *Drexel*, 960 F.2d at 291.

Here, the proposed class representatives were Xerox employees and participants in their respective Plans during the Class Period, Complaint ¶¶ 11-14, and like the rest of the members of the Class, the proposed representatives seek to maximize the Plans' recovery through this litigation.  No proposed class representative has a unique relationship with any of the Defendants apart from his or her role with Xerox or the respective Plan, and none has any interest that is antagonistic to the claims of the Plans or the Class.  Indeed, as noted above, the proposed class representatives' claims are identical to the claims belonging to all Class members, and they (or any other plaintiff or representative) will have to prove Defendants' liability on the basis of common facts underlying those claims.  *Kmart*, 220 F.R.D. at 520.  The proposed class representatives' interests are thus fully aligned with the interests of other participants.

Furthermore, the proposed class representatives are willing and able to take the required role in the litigation to protect the interests of those they seek to represent.  As the *Kmart* court noted, it is sufficient for purposes of an ERISA case if a proposed class representative "understands that she had a retirement plan and believes that defendants failed to protect the money in the Plan" and further, that he or she "understands her obligation to assist her attorneys and testify."  *Kmart*, 220 F.R.D. at 521.  The proposed Class representatives have the required understanding.  In addition, and as discussed in more detail in Section III. G below, the proposed class representatives have retained Class Counsel with significant experience in federal class actions, including ERISA cases in particular.

In short, the requirements of Rule 23(a)(4) are easily met.  The situation here was well summarized by one court as follows:

> [B]ecause the named plaintiffs are challenging the same unlawful conduct
> and seeking the same relief as the rest of the class, I find that the interests

> of the named plaintiffs are sufficiently aligned with those of the class members to satisfy the first prong of the adequacy of representation requirement. In particular, I note that the right to relief of the named plaintiffs, like that of the absent class members, depends on demonstrating that the defendants violated the terms of the plans, violated provisions of ERISA, and breached their fiduciary duties.  Second, because the named plaintiffs' attorneys have extensive experience litigating class actions and ERISA actions, . . . the named plaintiffs' attorneys appear qualified to prosecute the action on behalf of the class.  Therefore, the court concludes that plaintiffs have satisfied the requirement of Rule 23(a)(4) that they will adequately represent the class.

*Thomas v. SmithKline Beecham Corp*., 201 F.R.D. 386, 396 (E.D. Pa. 2001).  The proposed class representatives, therefore, satisfy each element of Rule 23(a).

**E.**    **Because the Class Seeks to Establish a Single Standard of Conduct for the Plans' Fiduciaries Which Will, as a Practical Matter, Determine the Rights of All Absent Class Members, Rule 23(b)(1) Is Satisfied.**

Plaintiffs satisfy the requirements of both Rule 23(b)(1) and 23(b)(3), even though a party seeking class certification need satisfy only one of those criteria.

As is often noted, the additional requirements of Rule 23(b) overlap considerably with those of Rule 23(a), and with each other.  2 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 4:1 (4th ed. 2002).  Under Rule 23(b)(1), a class may be certified if:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests . . . .

Thus, Rule 23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members."  *IKON*, 191 F.R.D. at 466.

1.       **Subsection (b)(1)(B)**

In the context of ERISA breach of fiduciary duty claims, most courts have followed the reasoning of the Federal Rules' drafters and concluded that subsection (b)(1)(B) is the most natural and appropriate basis for class certification. *See* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1996 Amendment) (stating that certification under 23(b)(1)(B) is appropriate in cases charging breach of trust by a fiduciary to a large class of beneficiaries); *Tyco*, 2006 U.S. Dist. LEXIS 58278, at *30 ("the majority of courts have concluded that certification under 23(b)(1)(B) is proper."); *Banyai v. Mazur*, 205 F.R.D. 160, 165 (S.D.N.Y. 2002) (granting class certification under subsection (b)(1)(B) and invoking the Advisory Committee Notes).[6]

Plaintiffs' claims are particularly well suited for Rule 23(b)(1) certification by virtue of the substantive law of ERISA.  As one court explained:

> Under 29 U.S.C. § 1132(a)(2), participants or beneficiaries of an ERISA plan have standing to sue for appropriate relief under 29 U.S.C. § 1109 (1988), imposing liability for breaches of fiduciary duty. An action to enforce fiduciary duties is "brought in a representative capacity on behalf of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9, 105 S. Ct. 3085 (1985). Any relief granted by a court to remedy a breach of fiduciary duty "inures to the benefit of the plan as a whole" rather than to the individual plaintiffs. *Id.* at 140. "Because a plan participant or beneficiary may bring an action to remedy breaches of fiduciary duty only in a representative capacity, such an action affects all participants and beneficiaries, albeit indirectly." *Specialty Cabinets & Fixtures, Inc. v. American Equitable Life Ins. Co.*, 140 F.R.D. 474, 478 (S.D. Ga. 1991). Since Counts X and XI are brought by Schweizer, Robb and Cashin in their representative capacity, the Court finds that class certification for these claims is proper under Rule 23(b)(1)(B).

---

[6] ERISA breach of fiduciary duty cases granting class certification under subsection (b)(1)(B) include: *Aon*, 238 F.R.D. 609; *Tyco*, 2006 U.S. Dist. LEXIS 58278; *Enron*, 2006 U.S. Dist. LEXIS 43145; *DiFelice*, 235 F.R.D. 70;  *Global Crossing* 225 F.R.D. at 453; *Williams Cos.*, 231 F.R.D. 416; *Syncor*, 227 F.R.D. 338; *WorldCom*, 2004 U.S. Dist. LEXIS 19786; *Kmart*, 220 F.R.D. 511; *Koch*, 2001 U.S. Dist. LEXIS 4085; *SmithKline Beecham*, 201 F.R.D. 386; *IKON*, 191 F.R.D. 457; *Bunnion*, 1998 U.S. Dist. LEXIS 7727; *Kane*, 1998 U.S. Dist. LEXIS 1965; *Feret*, 1998 U.S. Dist. LEXIS 12734(E.D. Pa. 1998); *Gruby*, 838 F. Supp. 820; *Specialty Cabinets & Fixtures*, 140 F.R.D. 474; *Schutte*, 1993 U.S. Dist. LEXIS 8332.

*Kane v. United Independent Union Welfare Fund*, 1998 U.S. Dist. LEXIS 1965, at *25 (E.D. Pa. Feb. 24, 1998).

In *Koch*, the court made exactly the same point, namely, that "prosecution of separate actions by individual members would create a risk of adjudications which would be dispositive of the interests of the other members not parties to such adjudications." *Koch*, 2001 U.S. Dist. LEXIS 4085, at *14; *see also WorldCom*, 2004 U.S. Dist. LEXIS 19786, at *8 (certifying class under Rule 23(b)(1) (B) because "[a]ny adjudication with respect to individual members of the class will as a practical matter be dispositive of the interests of the other members of the class"); *Banyai*, 205 F.R.D. at 165 (same); *IKON*, 191 F.R.D. at 466 ("given the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief"). Because of ERISA's distinctive "representative capacity" and remedial provisions, this is a paradigmatic case for class treatment under Rule 23(b)(1)(B). *See Tyco,* 2006 U.S. Dist. LEXIS 58278, at *31; *Polaroid*, 240 F.R.D. at 77-78; *CMS*, 225 F.R.D. at 545; *Specialty Cabinets*, 140 F.R.D. at 479 ("[b]ecause an individual ERISA action to remedy breaches of fiduciary duty would 'substantially impair or impede' the ability of absent beneficiaries and participants to protect their interests, courts should certify these actions pursuant to Rule 23(b)(1)(B)").

## 2.     Subsection (b)(1)(A)

After determining that a class of participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection (b)(1)(B), some courts deem it unnecessary to reach the other potentially-applicable subsections of Rule 23(b).  *E.g.*, *Koch v. Dwyer*, 2001 U.S. Dist. LEXIS 4085, at *15 n.2 (S.D.N.Y. Mar. 23, 2001); *Gruby v. Brady*, 838 F. Supp. 820, 828 (S.D.N.Y. 1993).

However, other courts certify ERISA class actions under both (b)(1)(B) and (b)(1)(A). *See, e.g.*, *Polaroid*, 240 F.R.D. at 77-78; *Kmart*, 220 F.R.D. at 522; *Kolar v. Rite Aid*, No. 01-1229, 2003 U.S. Dist. LEXIS 3646, at *9 (E.D. Pa. Mar. 11, 2003) (finding that "a (b)(1) class is

a perfect vehicle for resolving complex ERISA issues such as these involved here"). Again, the nature of the case, which challenges Defendants' Plan-wide misconduct, makes this result particularly appropriate. As the court in *Bunnion* noted with regard to certification under (b)(1)(A), "we see a high likelihood of similar lawsuits against defendants should this class be denied. Inconsistent judgments concerning how the Plans should have been interpreted or applied would result in prejudice." *Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 U.S. Dist. LEXIS 7727, at *43 (E.D. Pa. May 14, 1998); *see also Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 397 (E.D. Pa. 2001) (granting class certification under subsection (b)(1)(A); "[T]he plaintiffs seeks broad declaratory and injunctive relief related to defendants' conduct and the terms of the plan. If this relief were granted in some actions but denied in others, the conflicting declaratory and injunctive relief could make compliance impossible for defendants."); *Feret v. CoreStates Fin. Corp.,* No. 97-6759, 1998 U.S. Dist. LEXIS 12734, at *43 (E.D. Pa. Aug. 18, 1998) (granting certification under (b)(1)(A); noting the risk that differing outcomes would make it nearly impossible for the defendants to implement any one result); *IKON*, 191 F.R.D. at 466 (finding that "[t]here is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether Ikon had itself acted as a fiduciary, whether the individual defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material would create difficulties in implementing such decisions"). "[A] failure to certify a class could expose defendants to multiple lawsuits and risk inconsistent decisions," *Kmart*, 220 F.R.D. at 523, making certification here appropriate under subsection (b)(1)(A), as well as (b)(1)(B).[7]  *See also AT&T*, 2004 U.S. Dist. LEXIS 27042, at

---

[7]  In *Kmart*, defendants argued that "individual issues of reliance and causation" barred certification under 23(b)(1)(A) and (B), as participants made investment decisions for their own individual accounts (which, presumably, was a reference to participants' ability to direct the investment of their own contributions to the Kmart plan). *Kmart*, 220 F.R.D. at 522. Like several courts before him, Judge Cohn saw through the argument. As he explained:

[Plaintiffs'] claims relate to defendants['] unitary actions with regard to the Plan. Defendants treated the entire class identically. Although there may be factual

*13-14 (certifying ERISA company stock case as Fed. R. Civ. P. 23(b)(1) class because "[p]laintiff seeks plan-wide relief, where success necessarily results in plan-wide relief and failure to prove breach of fiduciary duty would necessarily preclude actions by other plan participants. If this Court did not certify the class, then defendants would be exposed to multiple lawsuits and risk inconsistent decisions."). Thus, as in the above cases, the class satisfies the requirements of 23(b)(1)(A), in addition to 23(b)(1)(B).

**F.    In the Alternative, Class Certification Is Proper Under Subsection (b)(3).**

As noted above, once a court identifies an appropriate basis for class certification, there is rarely the need to explore additional bases for certification. *In re A.H. Robins Co., Inc.*, 880 F.2d 709, 728 (4th Cir. 1989) (where a class might be certified under both subsections (b)(1) and (b)(3), it is preferable to certify the class under subsection (b)(1) only); *LaFlamme v. Carpenters Local #370 Pension Plan*, 212 F.R.D. 448, 458-59 (N.D.N.Y. 2003) (where a class satisfied both subsections (b)(2) and (b)(3), it would be certified under subsection (b)(2) only). Nonetheless, should the Court wish to go beyond Rule 23(b)(1) class certification under subsection (b)(3) would also be entirely justified under the facts of this case.

---

differences as to whether, in the case of voluntary employee contributions, a class member relied on any alleged misrepresentations, the alleged misrepresentations are alleged to have been made to the entire class of participants. This is not a case where defendants are alleged to have had individualized communications with a participant. Rather, this is a case where defendants' uniform communications with its participants and its uniform decisions with respect to the employer matching portion of the Plan forms the basis for [Plaintiffs'] claims. Thus, individualized issues do not predominate.

*Id.* at 522-23 (citing *Ikon*, 191 F.R.D. at 466; *Bunnion*, 1998 U.S. Dist. LEXIS 7727, at *42-43). To the extent that Defendants attempt the same argument here with respect to participants' own Plan contributions, the argument should be rejected for the same reasons articulated by Judge Cohn: the Complaint alleges Plan-wide, uniform communications regarding Xerox stock which failed to provide any participant of either Plan with complete and accurate information regarding Xerox stock. Moreover, as also noted by Judge Cohn with respect to the *Kmart* complaint, the case concerns Defendants' uniform matching decisions, and mismanagement of all Plan investment in Xerox stock, regardless of the source of the contributions. *Kmart*, 220 F.R.D. at 518. Accordingly, while Defendants may well dedicate their class discovery to attempting to establish individual issues regarding participants' Plan accounts, any such issues cannot prevent certification of this ERISA action.

Rule 23(b)(3) provides for class certification if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As demonstrated above, the common issues in this case are numerous and dominant. Plaintiffs consistently allege that each Defendant, whether or not a Plan fiduciary, is liable to the Plans' participants and beneficiaries because of that Defendant's knowing participation in the course of action complained of. Complaint ¶¶ 152, 156, 164-165, 165-169. The Defendants' conduct and degree of knowledge are the overarching questions of fact. Likewise, dominant questions of law are presented, including whether each Defendant is a Plan fiduciary, and whether Defendants are, as they erroneously contend, insulated from liability by the language of the Plan documents. These and other common issues plainly predominate over individual issues.

To satisfy Rule 23(b)(3), a class action must also be superior to other case management tools. Here, the two classes are comprised of more than 60,000 members, whose ERISA claims can all be resolved in one single proceeding. Given the vigorous defense anticipated, class certification offers the most practical way to assert claims for plan-wide relief. In this case, class certification is superior to all other alternatives. *See Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 801-802 (S.D. Ohio 2003) (certifying class under (b)(3)); *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 131-32 (E.D.N.Y. 2003) (certifying ERISA class under subsections (b)(3) and (b)(1)); *La Fata v. Raytheon Co.,* 207 F.R.D. 35, 44 (E.D. Pa. 2002) (approving ERISA class under subsection (b)(3)).

**G.    Rule 23 (g) is Satisfied.**

Rule 23(g) complements the requirement in Rule 23(a)(4) that class representatives adequately represent the interest of class members by focusing on the qualifications of class counsel. Rule 23(g)(1)(B) requires that the attorneys appointed to serve as class counsel "fairly and adequately represent the interests of the class." Rule 23(g)(1)(C) specifically instructs a

court to consider: (1) the work counsel has done to identify or investigate potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.

Here, each of these considerations weighs in favor of Class Counsel's adequacy. As set forth in the accompanying Sarko Decl. ¶¶ 5-9, Proposed Class Counsel are highly experienced in successfully handling class actions, and specifically class actions in relation to ERISA 401(k) plans. Co-Lead Counsel Keller Rohrback L.L.P. has pioneered the field of large-scale ERISA breach of fiduciary duty class action litigation and the firm is a national leader in this area of litigation. This firm's attorneys litigated the seminal case in this area of the law: *In re Ikon Office Solutions, Inc. Sec. Litig.*, No. MDL-1318 (E.D. Pa.). The firm serves as lead and co-lead counsel in many of the most prominent ERISA class action cases, such as *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.), *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.), *In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453 (S.D.N.Y), as well as numerous others throughout the country.[8] Sarko Decl. ¶ 5. Keller Rohrback's reputation in this area of law is well known nationally and within the Courts of this Circuit. For example, following a partial settlement in the *WorldCom ERISA Litigation*, Judge Cote stated:

---

[8] Other ERISA breach of fiduciary duty class actions for which Keller Rohrback has served as lead or co-lead counsel include, among others: *In re Lucent Techs., Inc. ERISA Litig.Litig.*, No. 01-3491 (D.N.J.); *In re Providian Fin. Corp. ERISA Litig.*, No. 01-5027 (N.D. Cal.); *In re Dynegy, Inc. ERISA Litig.*, No. 02-3076 (S.D. Tex.); *In re Williams Cos. ERISA Litig.*, No. 02-153 (N.D. Okla.); *In re BellSouth Corp. ERISA Litig.*, No. 02-2440 (N.D. Ga.); *In re Household Int'l, Inc. ERISA Litig.*, No. 02-7921 (N.D. Ill.); *In re CIGNA Corp. ERISA Litig.*, No. 03-714 (E.D. Pa.); *In re Syncor ERISA Litig.*, No. 03-2446 (C.D. Cal.); *In re HealthSouth Corp. ERISA Litig.*, No. 03-1700 (N.D. Ala.); *In re Goodyear Tire & Rubber Co. ERISA Litig.*, No. 03-02182 (N.D. Ohio); *In re Merck ERISA Litig.*, No. 05-01151 (D.N.J.); *In re CMS Energy ERISA Litig.*, No. 02-72834 (E.D. Mich.); *In re Mirant Corp. ERISA Litig.*, No. 1:03-1027 (N.D. Ga.); *Spivey v. Southern Co.*, No. 04-1912 (N.D. Ga.); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.); *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, No. MDL-1725 (E.D. Mich.); *In re Pfizer ERISA Litig.*, No. MDL-1688 (S.D.N.Y.); *Smith v. Krispy Kreme Doughnut Corp.*, No. 05-06187 (M.D.N.C.); *In re AIG ERISA Litig.*, No. 04-9387 (S.D.N.Y.); *In re Visteon Corp. ERISA Litig.*, 05-71205 (E.D. Mich.); *Nowak v. Ford Motor Co.*, No. 06-11718 (S.D. Mich.); *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.); and *In re Dell, Inc. ERISA Litig.*, No. 06-758 (W.D. Tex.).

> [Keller Rohrback] has performed an important public service in this action
> and has done so efficiently and with integrity.  It has cooperated
> completely and in novel ways with Lead Counsel for the Securities
> Litigation, and in doing so all of them have worked to reduce legal
> expenses and maximize recovery for class members.  [Keller Rohrback]
> has also worked creatively and diligently to obtain a settlement from
> WorldCom in the context of complex and difficult legal questions.

*In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 U.S. Dist. LEXIS 20671, at *39

(S.D.N.Y. Oct. 18, 2004).  Keller Rohrback will continue to bring its expertise and commitment

to class members' interests to bear in this case as the litigation proceeds.

Co-Lead Counsel Futterman Howard Watkins Wylie & Ashley, and its principals,

Messrs. Watkins and Wylie, have been prosecuting ERISA class actions on a nationwide basis

for almost 15 years, having recovered tens, if not hundreds, of millions of dollars on behalf of

retirees of major corporations such as Sears, HealthSouth Corp., Texaco Inc., Household

International Corp., BP, and the former Control Data Corporation, Levidian Corporation, and its

"spin off," CDSI. Sarko Decl. ¶ 7.

Steering Committee Counsel, Berger & Montague, P.C., Schiffrin & Barroway, and the

Law Offices of Daniel M. Harris, are leaders in the field of class action litigation, and Steering

Committee Counsel for the Union Plan, Malakoff Doyle & Finberg, P.C. and McTigue & Porter

LLC have relevant ERISA litigation experience.  Lastly, the excellent legal work of Goodman,

Rosenthal & McKenna, P.C. is widely recognized.  Sarko Decl. ¶¶ 8-9.

Proposed Class Counsel also have devoted significant effort to identifying and

investigating the claims in this action.  Class Counsel have researched and drafted several

complaints, including the current operative Complaint.  Class Counsel vigorously and

successfully defended against Defendants' efforts to dismiss the Complaint, and are currently

conducting intensive discovery.  *Id.* ¶ 10.  Going forward, proposed Class Counsel will commit

the time and resources necessary to fully develop the case for trial.  Finally, proposed Class

Counsel have an excellent working relationship, which will facilitate the flexible and responsible

allocation of resources.  *Id.*   Thus, proposed Class Counsel will vigorously, fairly, and adequately represent the interests of the proposed Class, as required by Rule 23(g).

## IV.  CONCLUSION

This case presents an ideal opportunity to use class certification to simplify and streamline judicial proceedings.  As expressly contemplated and required by ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), the proposed class representatives bring this case on behalf of the Plans, with their thousands of participants, and seek redress for the losses caused by Defendants' Plan-wide misconduct.  Numerous courts have applied Rule 23 in the context of claims by ERISA plan participants against the fiduciaries of those plans.  In almost every directly analogous instance, prior courts have determined that class certification is proper under Rule 23(a) and 23(b).  This is no coincidence: the distinctive character of ERISA law essentially mandates these results.  It would be highly inefficient, and contrary to the letter and intent of Rule 23 and ERISA, to require them, and the thousands of others similarly situated, to pursue separate causes of action to vindicate their shared ERISA rights.  Accordingly, the proposed class representatives respectfully ask this Court to certify the proposed Class under Fed. R. Civ. P. 23(a), (b)(1)(B), and (b)(1)(A), or in the alternative, (b)(3).  A proposed Order is submitted herewith for the Court's convenience.

Dated this 9th day of August, 2007.

Submitted By

/s/Elizabeth A. Leland
KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
lsarko@kellerrohrback.com
Gary A. Gotto
ggotto@kellerrohrback.com
Elizabeth A. Leland
eleland@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone: (206) 623-1900
Facsimile:  (206) 623-3384
**Co-Lead Counsel**

FUTTERMAN HOWARD WATKINS WYLIE &
ASHLEY, CHTD.
Charles R. Watkins
cwatkins@futtermanhoward.com
John R. Wylie
jwylie@futtermanhoward.com
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois  60603
Telephone: (312) 427-3600
Facsimile: (312) 427-1850
**Co-Lead Counsel**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
lawofficedh@yahoo.com
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 960-1802
Facsimile:  (312) 960-1936
**Steering Committee Counsel**

BERGER & MONTAGUE, P.C.
Sherrie R. Savett
ssavett@bm.net
Joy Clairmont
jclairmont@bm.net
1622 Locust Street
Philadelphia, PA 19103-6365
Telephone: (215) 875-3000
Facsimile: (215) 875-4503
**Steering Committee Counsel**

SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
Marc A. Topaz
mtopaz@sbclasslaw.com
Joseph H. Meltzer
jmeltzer@sbclasslaw.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056
**Steering Committee Counsel**

STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
edoyle@stemberfeinstein.com
The Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh  PA  15219
Telephone: (412) 281-8400
Facsimile:  (412) 232-3730
**Steering Committee Counsel for the Union
Plan**

MCTIGUE & PORTER LLP
Brian McTigue
bmctigue@mctiguelaw.com
Jennifer H. Strouf
jstrouf@mctiguelaw.com
5301 Wisconsin Avenue, N.W.
Ste. 350
Washington, DC  20015
Telephone: (202) 364-6900
Facsimile:  (202) 364-9960
**Steering Committee Counsel for the Union
Plan**

GOODMAN ROSENTHAL & MCKENNA PC
John F. McKenna, Esq. - ct00104
jmckenna@grmattorneys.com
977 Farmington Avenue, Suite 200
West Hartford, Connecticut  06107
Telephone:  (860) 231-2800
Facsimile:  (860) 523-9235
**Liaison Counsel**