IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master File No. 02-CV-1138 (AWT)<br><br>**DECLARATION OF LYNN L. SARKO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>August 9, 2007 |

Lynn Lincoln Sarko states under oath:

1. I am one of the attorneys for Plaintiffs in the above-captioned matter. I am the Managing Partner of Keller Rohrback L.L.P., the head of the firm's Complex Litigation group, and one of the attorneys personally involved in the litigation of this matter. I make this Declaration based on personal knowledge and am competent to testify to the matters set out herein.

2. The Xerox Corporation Profit Sharing and Savings Plan ("the Salaried Plan") files IRS Form 5500, Annual Return/Report of Employee Benefit Plan, which reports, among other things, the number of Salaried Plan participants and beneficiaries. In its Form 5500 filing for calendar year 1999, the Salaried Plan reported on page 2 that it had 48,367 active participants and 56,262 total participants and beneficiaries at the end of 1999. Similar figures were reported for 2000. True and correct excerpts from the Salaried Plan's 1999 and 2000 Forms 5500 are attached hereto as Exhibits A and B.

3. The Profit Sharing Plan of Xerox Corporation and the Xerographic Division, Union of Needletrades, Industrial and Textile Employees, AFL-CIO-CLC ("the Union Plan") files IRS Form 5500, Annual Return/Report of Employee Benefit Plan, which reports, among other things, the number of Union Plan participants and beneficiaries. In its Form 5500 filing for calendar year 1999, the Union Plan reported on page 2 that it had 5,356 active participants and 5,923 total participants and beneficiaries. Similar figures were reported for 2000. True and

correct excerpts from the Union Plan's 1999 and 2000 Forms 5500 are attached hereto as Exhibits C and D.

     4.     Plaintiffs propose that the Court appoint Plaintiffs David Alliet, Linda Willis, and William Saba, identified in paragraphs 12-14 of Plaintiffs' Second Consolidated Amended Complaint (Docket No. 179; the "Complaint") as class representatives for the Salaried Plan Class, and Plaintiff Thomas Patti, identified in Complaint ¶ 11, and Union Plan participant Cheryl Wright as class representatives for the Union Plan Class.

- David Alliet is a resident of New York. He worked for Xerox for almost 39 years as a chemist, scientist and project manager, retired in 1999, and is a current participant in the Salaried Plan. During the class period, a substantial portion of his savings in the Salaried Plan was invested in the Xerox Stock Fund. Mr. Alliet alleges that the Defendants named as fiduciaries of the Salaried Plan breached their fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109, in connection with that Plan's holdings of Xerox stock. He seeks plan-wide relief for the losses suffered as a result of Defendants' failure to discharge their fiduciary obligations.

- Linda Willis is a resident of Florida. She worked for Xerox for more than 25 years as an administrative assistant, retired in January 2003, and is a former participant in the Salaried Plan. During the class period, a substantial portion of her savings in the Salaried Plan was invested in the Xerox Stock Fund. Ms. Willis alleges that the Defendants named as fiduciaries of the Salaried Plan breached their fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109, in connection with that Plan's holdings of Xerox stock. She seeks plan-wide relief for the losses suffered as a result of Defendants' failure to discharge their fiduciary obligations.

- William Saba is a resident of Connecticut. He worked for Xerox for eighteen years, retiring in 1989 from his position as a tax attorney. Mr. Saba remains a current participant in the Salaried Plan. During the class period, a substantial portion of his savings in the Salaried Plan was invested in the Xerox Stock Fund. Mr. Saba alleges that the Defendants named as fiduciaries of the Salaried Plan breached their fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109, in connection with that Plan's holdings of Xerox stock. He seeks plan-wide relief for the losses suffered as a result of Defendants' failure to discharge their fiduciary obligations.

- Thomas Patti is a resident of New York. He has worked for Xerox for twenty years, is currently employed as a dock supervisor in Xerox's material and handling department, and is a current participant in the Union Plan. During the class period, a substantial portion of his savings in the Union Plan was invested in the Xerox Stock Fund. Mr. Patti alleges that the Defendants named as fiduciaries of the Union Plan breached their fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109, in connection with that Plan's holdings of Xerox stock. He seeks plan-wide relief for the losses suffered as a result of Defendants' failure to discharge their fiduciary obligations.

- Cheryl Wright is a resident of New York. She was employed by Xerox from 1991 to 2005, during which time she held a variety of positions, including in cleaning, manufacturing, and as a forklift operator. Ms. Wright is a current participant of the Union Plan and a current member of the Union. During the class period, a portion of her savings in the Union Plan was invested in the Xerox Stock Fund. Ms. Wright alleges that the Defendants named as fiduciaries of the Union Plan breached their fiduciary duties in violation of ERISA § 409, 29 U.S.C. § 1109, in connection with that Plan's holdings of

Xerox stock. She seeks plan-wide relief for the losses suffered as a result of Defendants' failure to discharge their fiduciary obligations. Ms. Wright originally filed an ERISA suit on behalf of the Union Plan in October 2002 in the United States District Court for the District of Columbia, No. 02-1997 (JDB). At the parties' request, the case was transferred to this district, where it was consolidated with this case per this court's Pretrial Order No. 1 (Docket No. 37 ¶ 2) and Amendment to Pretrial Order No. 1 (Docket No. 42).

5.    The firms representing Plaintiffs are well qualified to serve a Class Counsel. Co-Lead Counsel Keller Rohrback L.L.P. has helped pioneer the field of large-scale ERISA class action litigation and is the nationally recognized leader in this specialized area. From the first of the recent spate of 401(k) company stock breach of fiduciary duty cases, *Whetman v. IKON Office Solutions, Inc.*, No. MDL-1318 (E.D. Pa.),[1] our attorneys have successfully guided clients through the exceptionally complex ERISA field. Indeed, since *Whetman v. IKON Office Solutions, Inc*., Keller Rohrback has continued to act as a trailblazer in this specialized area by serving as lead or co-lead counsel in seminal ERISA breach of fiduciary duty cases, including *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.), *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.), *In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453 (S.D.N.Y), as well as numerous others throughout the country. Other ERISA breach of fiduciary duty class actions for which Keller Rohrback has served as lead or co-lead counsel include, among others: *In re Lucent Techns., Inc. ERISA Litig.*, No. 01-3491 (D.N.J.); *In re Providian Fin. Corp. ERISA Litig.*, No. 01-5027 (N.D. Cal.); *In re Dynegy, Inc. ERISA Litig.*, No. 02-3076 (S.D. Tex.); *In re Williams Cos. ERISA Litig.*, No. 02-153 (N.D. Okla.); *In re BellSouth Corp. ERISA Litigation*, No. 02-

---

[1] Also cited as "*In re IKON Office Solutions, Inc. Sec. Litig.*"

2440 (N.D. Ga.); *In re Household Int'l, Inc. ERISA Litig.*, No. 02-7921 (N.D. Ill.); *In re CIGNA Corp. ERISA Litigation*, No. 03-714 (E.D. Pa.); *In re Syncor ERISA Litigation*, No. 03-2446 (C.D. Cal.); *In re HealthSouth Corp. ERISA Litigation*, No. 03-1700 (N.D. Ala.); *In re Goodyear Tire & Rubber Co. ERISA Litig.*, No. 03-2182 (N.D. Ohio); *In re Merck ERISA Litig.*, No. 05-1151 (D.N.J.); *In re CMS Energy ERISA Litig.*, No. 02-72834 (E.D. Mich.); *In re Mirant Corp. ERISA Litig.*, No. 03-1027 (N.D. Ga.); *Spivey v. Southern Company*, No. 04-1912 (N.D. Ga.); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, No. MDL-1725 (E.D. Mich.); *In re Pfizer ERISA Litig.*, No. MDL-1688 (S.D.N.Y.); *Smith v. Krispy Kreme Doughnut Corp.*, No. 05-6187 (M.D.N.C.); *In re AIG ERISA Litig.*, No. 04-9387 (S.D.N.Y.); *In re Visteon Corp. ERISA Litig.*, 05-71205 (E.D. Mich.); *Nowak v. Ford Motor Co.*, No. 06-11718 (S.D. Mich.); *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.); and *In re Dell, Inc. ERISA Litig.*, No. 06-758 (W.D. Tex.). Keller Rohrback L.L.P.'s Complex Litigation Department resume is attached hereto as Exhibit E.

6. Keller Rohrback's unique knowledge and existing work product will benefit the proposed class by streamlining the litigation and allowing efficiency unavailable to other firms. Keller Rohrback has experience at every stage of this type of ERISA case, from early motions to dismiss to final settlements. As a result of its prior experience as lead and co-lead counsel on ERISA company stock cases, Keller Rohrback has already repeatedly and exhaustively briefed the ERISA issues that will be presented in this case, many of which are specific to 401(k) and ESOP plans. Keller Rohrback is experienced in addressing the factual issues presented in these cases, including the types of available documents, the typical relationships among plan committees, service providers, and counsel, and the intricacies of insurance law, because we have actually litigated these matters in the past and conducted complex discovery in other

ERISA cases. Additionally, Keller Rohrback's 58 attorneys and 90-member staff use cutting-edge technology and case management techniques in the preparation and trial of complex cases. Keller Rohrback's ERISA and class action experience is discussed greater detail in the firm's resume (Exhibit E).

7.   Co-Lead Counsel Futterman Howard Watkins Wylie & Ashley, and its principals, Messrs. Watkins and Wylie, have been prosecuting ERISA class actions on a nationwide basis for almost 15 years, having recovered tens, if not hundreds, of millions of dollars on behalf of retirees of major corporations such as Sears, HealthSouth Corp., Texaco Inc., Household International Corp., BP, and the former Control Data Corporation, Levidian Corporation, and its "spin off," CDSI. A copy of Futterman Howard's firm resume is attached hereto as Exhibit F.

8.   Steering Committee Counsel, Berger & Montague, P.C., Schiffrin Barroway Topaz & Kessler, LLP and the Law Offices of Daniel M. Harris are leaders in the field of class action litigation, and Steering Committee Counsel for the Union Plan, Stember Feinstein Doyle & Payne LLC and McTigue & Porter LLP have relevant ERISA litigation experience. Copies of the Berger, Schiffrin, Harris and McTigue firm resumes are attached hereto as Exhibits G through J.

9.   The excellent legal work of Liaison Counsel Goodman, Rosenthal & McKenna, P.C. is also widely recognized.

10.  Together, these firms, led by Keller Rohrback and Futterman Howard, have devoted significant effort to identifying and investigating the potential claims in this action. We have researched and drafted several complaints, including the current operative Complaint. Additionally, we vigorously and successfully, in significant part, defended against Defendants' efforts to dismiss the Complaint. Proposed Class Counsel have an excellent working

relationship, which will facilitate the flexible and responsive allocation of resources as this case proceeds. Going forward, proposed Class Counsel will commit the time and resources necessary to develop the case fully for trial. We will vigorously, fairly, and adequately represent the interests of the proposed Class, as required by Rule 23(g).

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 9th day of August, 2007.

/s/Lynn L. Sarko
Lynn L. Sarko