EXHIBIT F

# FUTTERMAN HOWARD WATKINS WYLIE & ASHLEY, CHARTERED
Attorneys at Law
Suite 1850
122 South Michigan Avenue
Chicago, Illinois 60603
Phone: 312-427-3600
Fax: 312-427-1850

## R E S U M E

Founded in 1968, Futterman Howard Watkins Wylie & Ashley, Chartered, is a civil litigation firm with a wide ranging litigation practice. The Firm primarily represents plaintiffs, such as investors, employees, small businesses, parents, and consumers, in complex class actions and other cases involving civil rights violations, fraud, antitrust and consumers' rights.

In July 2006, Charles R. Watkins and John R. Wylie, formerly principals at Susman, Watkins & Wylie, LLP, became principals in the Firm.

## Attorneys

Ronald L. Futterman is a 1967 graduate of Northwestern University School of Law. Before joining in 1973, he was an attorney in the Antitrust Division of the U.S. Justice Department. While there, he prosecuted civil and criminal antitrust cases including price fixing, monopolization and attempts to monopolize cases. He participated in many of the class action cases described below, and has served as a panel member at continuing legal education seminars. He was an instructor in the Law and Psychology course at the Adler School of Professional Psychology in Chicago from 1999-2003.

Mr. Futterman was Vice President of the Chicago Council of Lawyers in 1983-1984 and 1987-1988, and a member of the Council's Board of Governors from 1984-1987. He has authored position papers for the Council and a chapter in *Vol. 12 Civil Rights Litigation and Attorneys' Fees Annual Handbook* (Clark Boardman Callaghan, 1996).

Mr. Futterman has also served as an arbitrator in securities matters for the National Association of Securities Dealers.

Robert C. Howard is a 1967 graduate of Harvard Law School. Prior to joining the Firm in 1980, he served in various public interest capacities including Executive Director of the Chicago Lawyers Committee for Civil Rights and General Counsel of the Better Government Association. From 1980-1995, he was the principal desegregation attorney for the Chicago Board of Education, and served as lead counsel for plaintiffs in several major civil rights cases, including the Rockford school desegregation and police intelligence litigation described below.

Charles R. Watkins graduated *cum laude* from the University of Michigan Law School in 1978. He graduated from Michigan State University in 1975 with a B.A. in Economics (with High Honors). Following law school, he clerked for Judge John Feikens in the United States District Court for the Eastern District of Michigan. He is admitted to practice in Illinois (1979) and in Michigan (1981; now inactive), as well as before the United States Supreme Court, five U.S. Courts of Appeals, and many federal district courts, including the Trial Bar of the Northern District of Illinois. He served as a chair-qualified arbitrator for the National Association of Securities Dealers. Prior to 1993, Mr. Watkins was an equity shareholder with Sachnoff & Weaver, LLC, in Chicago, now Reed Smith LLP. Mr. Watkins speaks and writes on class action and complex litigation topics. He is also on the editorial board of *Class Action Reports* and is the author of the Illinois Institute of Continuing Education chapter on *Settlement and Discretionary Notices Under Fed. R. Civ. P. 23(c)-23(e)* (2007) and recently spoke on the effects of the Private Securities Litigation Reform Act of 1995 at the Chicago Bar Association Securities Law Institute (2004 & 2005).

In twenty-seven years of practice, Mr. Watkins has prosecuted and defended dozens of class action suits in state and federal courts. In addition to the cases described below, he is or was lead,

co-lead, or Executive Committee counsel or heavily involved in *Zalcberg v. Viral Testing Serv., Inc.*, No. 94-531 (D. Del. 1996) (securities fraud class action); *Peregrine Options, Inc. v. Farley, Inc.*, No. 90-0285 (N.D. Ill. 1995) (securities class action settled for $10 million); and *Lydon v. Winston*, (N.Y. Super. Ct. 1993) ("going private" class action settled for $1.5 million). Mr. Watkins was also one of the principal attorneys in *In re Gould Inc. Secs. Litig.*, No. 86-3598 (N.D. Ill.) ($10 million recovery), *In re Int'l Tech. Secs. Litig.* (C.D. Cal.) ($12 million settlement). Among his other class actions are *In re Corrugated Container Antitrust Litig.*, MDL 310 (S.D. Tex.) (recovery of approximately $300 million); *In re Flight Transp. Secs. Litig.*, MDL 517 (D. Minn.) (recovery of approximately $55 million); *In re GM THM 200 Transmission Litig.*, No. 80-215 (N.D. Ill.) (recovery of approximately $20 million for nearly four million car owners); and *In re Steel Drums Antitrust Litig.*, No. 91-203 (S.D. Ohio).

Reported appellate decisions in cases handled and argued by Mr. Watkins include *Steinberg v. Sys. Software Assocs.*, 306 Ill. App. 3d 157, 713 N.W.2d 709 (1st Dist. 2000) (upholding $3 million securities class action settlement); *Lunn v. Montgomery Ward & Co.*, 166 F.3d 880 (7th Cir. 1999) (ERISA); *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.2d 712 (7th Cir. 1998); *In re NationsMart Corp. Sec. Litig.*, 130 F.3d. 309 (8th Cir.1997) (reversing lower court's dismissal of securities class action under Sections 11 and 12 of the Securities Act of 1933 and establishing non-applicability of Rule 9(b), Fed. R. Civ. P., to such claims); *Gluck v. Unisys Corp.*, 960 F.2d 1168 (3d Cir.1992) (reversing lower court's dismissal of ERISA class action and establishing important statute of limitations rules under ERISA); *Ivanov-McPhee v. Washington Nat'l Ins. Co.*, 719 F.2d 917 (7th Cir. 1983) (Title VII sex discrimination); and *Russ v. Pension Consultants Co.*, 182 Ill. App. 3d 769 (1st Dist.1989) (retaliatory discharge).

3

John R. Wylie  graduated from Lawrence University, *cum laude*, in 1977, and from the UCLA School of Law in 1984. He clerked for Judge Joan Dempsey Klein in the California Court of Appeals, Second Appellate District during law school. He is admitted to practice in California (1984) and Illinois (1985). Mr. Wylie has been involved in numerous class action matters in addition to those described below, including *Franklin High Yield Tax-Free Income Fund v. City of Baudette*, No. 98-1576, in which Mr. Wylie was appointed as lead counsel for a class of intervener bond holders. Mr. Wylie's reported decisions include *Alexander v. Phoenix Bond & Indem. Co.*, 149 F. Supp. 2d 989, 1010 (N.D. Ill. 2001) (Andersen, J.) (denying defendants' motion for summary judgment); *O'Malley v. Boris*, 2002 WL 453928 (Del. Ch.) (granting summary judgment on grounds that defendants had breached fiduciary duties of loyalty and disclosure to brokerage account clients); *Canel v. Topinka*, 342 Ill. App. 3d 65 (1st Dist. 2003) (declaring provision of Illinois Unclaimed Property Act unconstitutional); and *Canel v. Topinka*, 818 N.E.2d 311 (Ill. 2004) (affirming appellate court's decision).

Carol Ashley is a 1991 graduate of Northwestern University and a 1994 graduate of University of Wisconsin Law School. She currently heads the Firm's school desegregation and school law practice.

William W. Thomas is the Firm's newest associate, joining the Firm in 2001. He is a graduate of the University of Michigan (B.A. 1991), the University of Maryland (M.A. 1994) and Chicago-Kent College of Law (J.D. 2001). Before becoming an attorney, Mr. Thomas was a hospital administrator for the University of Illinois at Chicago.

Craig B. Futterman is Of Counsel to the Firm. He is a 1991 graduate of Stanford Law School. He received his Bachelor of Arts degree from Northwestern University in Economics and Sociology. Before joining the Firm as an associate in February 1994, he was a trial attorney for the Office of the

4

Cook County Public Defender with experience in both civil and criminal trial divisions. He currently is on the faculty at the University of Chicago Law School.

Kathleen Mangold-Spoto is Of Counsel to the Firm.

**Paralegals**

Sasheen Ekramullah is a 2004 graduate of Carleton College who began working with the Firm in January 2005. She held numerous leadership positions and served as a Peer Leader for the Office of Multicultural Affairs for two years and also held the position of Program Coordinator in the Office of International Students for a year. She gained her extensive research skills while working as a Research Assistant at the Gender Budget Secretariat, The Government of the People's Republic of Bangladesh, where she studied and analyzed policies developed in the Beijing Plus conference and the implementation of these policies in agricultural sector projects. She co-authored a report on her findings that was published in the Annual Government Report. She also worked as a staff writer for the Daily Star, Bangladesh's most widely read English daily, in the year she took off before beginning her undergraduate education.

The Firm's expertise and commitment are illustrated by the numerous noteworthy cases it has handled over the past thirty years, some of which are detailed below. These cases have resulted in several U.S. Supreme Court opinions, desegregation of the largest school district in Illinois (outside Chicago), and, at the time, the largest settlement of a securities class action in Chicago history ($220 million).

## Securities and Consumer Fraud

a.      *In Re: Waste Management Securities Litigation*, 97 C 7709 (N.D. Ill.). The Firm was part of the case leadership in a class action alleging securities fraud that was settled for $220 million, the largest such settlement in the Northern District of Illinois. In awarding attorneys' fees, Judge Wayne Andersen stated, "what we want to do is reward very excellent representation, which is what the plaintiffs' counsel have provided to their clients in this particular case."

b.      *In Re: Abbott Laboratories Securities Litigation*, 92 C 3869 (N.D. Ill.). The Firm was co-counsel for the plaintiff class in a securities fraud suit that settled for $32.5 million, then the third largest settlement in a class action securities fraud case in the Northern District of Illinois.

c.      *Carnegie v. Household International, Inc., H&R Block, Inc., et al.*, 98 C 2178 (N.D. Ill.). This is a class action case brought under the Federal Racketeering Influence and Corrupt Organizations Act (RICO) on behalf of individuals who, in connection with the processing of their income tax returns by H&R Block, Inc., take out what is commonly known as a "rapid refund loan" ("RAL"). The RAL entitles the taxpayer to secure a loan from a lending partner of H&R Block for the amount of anticipated tax refund less various charges and an interest rate that is often over 100%. As stated by one federal appellate court: "As we see it, an attack on RALs based on fairness and equity would certainly have some appeal." In this case, the Firm and several other law firms opposed a class action settlement that was proposed by the former class counsel in 1999, and successfully appealed to the United States Court of Appeals for the Seventh Circuit to overturn the settlement and remand the case back to the district court for further proceedings. Upon remand, the Firm and its co-counsel were again successful in persuading the district court to reject the settlement, and to remove from the case the former class counsel and class representatives and install in their place the Firm

and its co-counsel and the client it represents. A nearly $40 million settlement is pending final approval by the Court.

d.      *Rosen v. Textron, Inc.*, 1:02ev190 (RWL) (Dist. R.I.). The Firm was co-lead counsel for three affiliated pension and employee benefit funds of the International Brotherhood of Teamsters, Local 710, the Lead Plaintiff in a securities fraud class action. The complaint alleged that the defendants made material misrepresentations and omitted material facts concerning matters that required accounting adjustments that would have reduced reported earnings nearly a year before the charges were taken. The case settled for $7 million in late 2005.

e.      *In re: 3Com Securities Litigation*, C-97-21083-EAI (N.D. Ca.). The Firm was responsible for pursuing key documents from the U.S. Securities and Exchange Commission in a securities fraud class action that was settled for $259 million. The Firm handled multiple subpoenas, FOIA requests and FOIA appeals to the SEC seeking key evidence in the case.

f.      *In re: General Instrument Securities Litigation*, 92 C 1129 (N.D. Ill.). The Firm was part of the case leadership in a securities fraud class action that was recently settled for over $40 million. The Firm successfully compelled General Instrument to produce 400 documents that the company had claimed were privileged. 190 F.R.D. 527 (N.D. Ill. 2000).

g.      *In re: Sumitomo Copper Litigation*, 96 Civ. 4584 (S.D.N.Y.). The Firm was one of the principal counsel for a class of commodity futures option investors in a case involving manipulation of the world copper markets. The case resulted in over $100 million in recoveries for investors in copper futures and options.

h.      *Steinberg v. System Software Associates, Inc.*, 97 CH 00287 (Cir. Ct. of Cook Cty, Ill.). The Firm was one of the lead counsel in an Illinois state securities fraud class action which resulted in over $3 million in payments to investors shortly before the company declared bankruptcy.

i.      *King v. Blum*, 84 C 10917 (N.D. Ill.). This was a securities class action fraud case brought by the shareholders of Advanced Systems, Inc. The complaint alleged that the company failed to correct its public projection of earnings which it allegedly knew was inaccurate within a few months after it was released, and attempted to artificially inflate earnings at the end of its fiscal year so that its public projection of earnings would be met. The case involved complex accounting issues. It was settled for $3.9 million.

j.      *Grossman v. Waste Management, Inc.*, 83 C 2167 (N.D. Ill.). This was a securities class action brought by shareholders of Waste Management. The complaint alleged that the company failed to disclose its potential liabilities for violations of environmental regulations governing storage and disposal of hazardous waste materials and thereby caused the price of the stock to be artificially inflated. The case, which involved novel legal theories under Section 10(b) of the Securities Exchange Act of 1934, was settled in 1985 for $11.5 million.

k.      *Tabankin v. Kemper*, 93 C 5231 (N.D. Ill). This is a securities class action in which it was alleged that the defendant brokerage company was alleged to have failed to recite material risks in a prospectus covering investment in a global money market fund. The settlement consists of $7,500,000 in cash and lifetime exemption from the sales charges associated with investment in Kemper mutual funds.

l.      *Gaines v. Sears, Roebuck & Company*, 1980 C.C.H. Fed. S. L. Repts. ¶ 97,376 (N.D. Ill. 1980). This was a derivative lawsuit brought on behalf of minority shareholders of a company that was jointly controlled by Sears, Roebuck & Company and Whirlpool Corporation. The case was settled by the payment of approximately $5 million to the minority shareholders of the controlled corporation.

m.    *Spicer v. Chicago Board Options Exchange*, 88 C 2139 (N.D. Ill.). This was a landmark securities class action against the CBOE in which plaintiffs claimed that the CBOE allowed trading in index options to occur on October 20, 1987 (the day after the 500 point drop in the Dow Jones average) in violation of federal securities laws. The case was settled on the eve of trial for $10,000,000.

n.    *Block v. Allstate*, 78 L 2637 (Cir. Ct. Cook Cty., Ill.). This was a contract class action in which the defendant was charged with re-rating its insureds prior to policy expiration dates in violation of their insurance contracts. The case was settled for $5 million, which represented 100 percent of the recoverable damages.

o.    The Firm has also defended a publicly traded corporation in a class action alleging violations of Section 10(b) of the 1934 Securities and Exchange Act, and recently represented two individual defendants in a federal class action securities case that was settled.

### Securities Arbitrations

The Firm has served as Lead Counsel in a series of breach of fiduciary duty and securities fraud claims that are being arbitrated before the National Association of Securities Dealers (NASD). These cases arise out of the analyst scandal that resulted in record fines being assessed against the major national securities firms in connection with settlement of matters brought by the New York Attorney General, the SEC, and the NASD. One of the cases that was tried, *Khouri v. Merrill Lynch*, NASD Case No. 02-3959 (N.Y. 2/5/04), resulted in an award by the Panel of all compensatory damages sought by the Claimant plus interest. The Panel also awarded punitive damages in an amount equal to the compensatory damages:

> based upon the following egregious departures from the laws regulating the securities industry: (a) MLPFS breached the Oklahoma Securities Law in that they made

9

material misrepresentations of fact; (b) MLPFS breached their common law and statutory fiduciary duty to investors; (c) MLPFS breached their common law and statutory duty to disclose conflicts of interest; (d) MLPFS breached NASD Regulations 2110, 2310, 2120, 2210 as well as NYSE Rule 472; (e) MLPFS breached their internal Policy and Procedures Manual.

## Antitrust Matters

a.      *Ticor Title Insurance Co. v. Brown*, 511 U.S. 117 (1994). This was a price fixing case against various title companies on behalf of Arizona and Wisconsin residents in which the Firm was co-counsel for the class. In a landmark decision (not reviewed by the Supreme Court), the Ninth Circuit held that a 1985 settlement of a class action against the same defendants was not *res judicata* as to damage claims because the earlier settlement did not provide the right to opt-out to those who might wish to pursue damage claims. 982 F.2d 386 (9th Cir. 1992). The *Brown* case was settled for cash and benefits worth in excess of $100,000,000.

b.      *In re Commodities Exchange Rate Litigation*, 372 F. Supp. 1349 (N.D. Ill. 1974). This was an antitrust action in which the plaintiffs sought and obtained, as a result of settlement, injunctive relief that eliminated fixed brokerage rates on commodities transactions effected on various commodities exchanges in the United States. Then District and now Circuit Judge Bauer described the case as one of the most significant pieces of litigation then pending in the Northern District of Illinois if not the United States, because the entire industry had been restructured.

c.      *Phemister v. Harcourt Brace Jovanovich*, 1984-2 Tr. Case. ¶ 66,234 (N.D. Ill. 1984). The Firm was co-lead counsel for a class of more than 150,000 lawyers who had taken the defendants' bar review courses. The case was settled on the eve of trial after seven years of vigorous litigation. The benefit conferred upon the class, consisting of cash and discount rights, was found

to have a potential value of nearly $10,000,000. Judge Moran stated that the Firm was a highly skilled class action law firm with a record of success in antitrust and other class cases.

        d.        *In Re: Corrugated Container Antitrust Cases*, 643 F.2d 196 (5th Cir. 1981). The Firm represented a sub-class of price fixing victims and was instrumental in obtaining significant judicial relief for the sub-class.

        e.        *Mazur v. Behrens*, 70 C 3111 (N.D. Ill.). This was one of the first federal antitrust class actions charging that a combination of suburban real estate brokers, acting through a listing service, violated the antitrust laws by agreeing upon the commissions to be charged to sellers of commercial and residential real estate in the northwest suburbs of Chicago. The case was settled by a consent decree providing significant monetary benefits to the class members and enjoining the defendants from establishing agreed commission schedules.

        f.        *In re Public Offering Fee Antitrust Litigation*, 98 Civ. 7890. The Firm is lead counsel to a putative class of individuals and entities that purchased shares in Initial Public Offerings of securities. The class seeks injunctive relief under the federal antitrust laws to prevent defendants (the major U.S. investment banking firms) from fixing the price of underwriting services in connection with initial public offerings of securities. This case is pending.

## The False Claims Act

        a.        *U.S. ex rel. Robinson v. Northrop Grumman Co.*, 89 C 6111 (N.D. Ill.): The Firm represents relators who have alleged massive fraud in Northrop's accounting and engineering systems for the B-1, B-2 and F-15 programs at its facility in Rolling Meadows, Illinois. After a 1992 decision by the Government not to intervene, the Firm has continued to pursue the case aggressively. Based on facts we developed through discovery and our own investigation, the Government

reopened its criminal investigation and decided to re-intervene in the case. After 16 years of intense litigation, the case settled for $139 million in 2005.

b.      The Firm also is counsel in other False Claims Act cases that have been filed under seal or are in development stages.

## Civil Rights Matters

a.      *People Who Care v. Rockford Board of Education School District 205*, 851 F.Supp. 905 (N.D. Ill. 1994). This is a school desegregation case brought by a class of concerned parents and their children against the Board of Education of the City of Rockford, Illinois. The complaint alleged intentional segregation of minority students on a system-wide basis in the Rockford public schools. After a lengthy trial, the federal magistrate who heard the evidence found that the school district had "committed such open acts of discrimination as to be cruel and committed others with such subtlety as to raise discrimination to an art form." In February 1994 Judge Roszkowski issued a finding of system-wide liability against the Rockford Board of Education and in a 303-page Opinion, adopting virtually *in toto* the Magistrate Judge's Report and Recommendation after a trial on the merits. In 1995 and 1996, the Firm represented the plaintiffs in a prolonged hearing resulting in the adoption by the District Court of a Comprehensive Remedial Order.

b.      *Johnson, et. al., v. Board of Education of Champaign Unit School District #4*, 2002 WL 181776 (C.D. Ill. 2002). In a era when most desegregation cases are being dismissed from dockets across the country, a federal court entered a consent decree approving private settlements addressing racial discrimination. The consent decree incorporated two private settlements in 1997 and 1998 respectively, one regarding student assignment and another, negotiated by the Firm on behalf of African-American students, regarding student performance and participation.

c.      *McFadden, et. al v. U-46 Board of Education* (N.D. IL 05 C 0760). Brought in February 2005, this groundbreaking lawsuit alleged that the second largest public school in Illinois, spanning from Elgin to Schaumburg in the Northwest suburbs, discriminated against Latino students in student assignment and failed to provide equal educational opportunities to Latino bilingual students. Drawing media coverage from around Illinois and the country, this case will delve into educational debates involving such issues as the No Child Left Behind Act and neighborhood schools.

d.      *Freeport Settlement*. The Firm represented the Freeport African American Ministers for Change ("FAAMUC"), in their efforts to establish equitable treatment for students attending the Freeport School District, #145, in Freeport, Illinois. This matter was settled prior to the case being filed in federal court in 1996, and the settlement period was recently extended from July 2001 to June 2006.

e.      *In re Consolidated Pre-trial Proceedings in the Airlines Stewardesses Cases*, 70 C 2071 (N.D. Ill.). The Firm was lead counsel in three cases which charged two airlines with sex discrimination with respect to employment of female parents. The cases were litigated over a ten-year period and culminated in the Firm obtaining approximately $6 million in settlements on behalf of the class members, and in providing full retroactive seniority to class members who desired to return to work in their former positions as flight attendants. The case was litigated to the United States Supreme Court, where the plaintiff class prevailed in a landmark decision upholding a settlement challenge by an intervening union. *Zipes v. TransWorld Airlines*, 102 S.Ct. 1127 (1982).

f.      *ACLU v. City of Chicago*, 561 F. Supp. 537 (N.D. Ill. 1982). This class action suit has been one of the leading cases nationally in securing disclosure of and remedy for violations of First Amendment rights through the political intelligence operations of local police and the FBI.

Precedent-setting consent decrees were negotiated with the FBI and the City of Chicago which provide far-reaching protection for citizen's rights against investigation or intrusion by law enforcement agencies. The Firm continues to represent the plaintiff class in monitoring and enforcement of the final judgment.

g.    *Jaffee v. Redmond*, 116 S.Ct. 1923 (1996). This was a civil rights case in which a jury found for the plaintiff, whose decedent had been shot to death by the defendant police officer. The Supreme Court overturned the jury verdict in a landmark decision recognizing a federal psychotherapist-patient privilege. The case was retried in December 1996 and the plaintiff again prevailed.

h.    *Washington v. Eagle Food Co.* (C.D. Ill. 1995). The Firm was counsel for plaintiffs in a class action alleging race discrimination in promotions. The case was settled for back pay and policy reforms within Eagle to encourage and facilitate minority hiring and advancement.

i.    *Spadafino v. Alitalia Airlines* (S.D.N.Y. 1983). The Firm was counsel for plaintiffs in a class action alleging age discrimination arising out of a RIF. The case was settled for back pay, and, for some class members, rehiring.

j.    *Thomas v. DeVry Institute*, 86 C 7428 (N.D. Ill). This was a class action Title VII race discrimination case which was settled on the eve of trial.

k.    *United States v. Chicago Board of Education*, 554 F. Supp. 912 (N.D. Ill. 1983). For fifteen years, the Firm represented the Chicago Board of Education in a school desegregation lawsuit in which a consent decree was negotiated with the United States in 1980. The consent decree required adoption and implementation of a system-wide desegregation plan, in the course of which the Firm provided counsel to the members of the Chicago School Board and the General Superintendent of Schools. After two trials and two appeals concerning the obligation of the United

14

States to provide funding under the terms of the consent decree, the funding issue was settled when Congress legislated a grant of $80 million for use by the Chicago School Board in implementing desegregation programs.

### Experience of Messrs. Watkins and Wylie Prior to July 2006

**ERISA/Pension Class Actions**

**a.    Company Stock & Asset Mismanagement**

      a.    *In re Xerox Corporation ERISA Litig.*, No. 02-1138 (D. Conn.). Co-lead counsel in class action challenging Xerox Corporation's 401(k) plan's investment in Xerox stock and resulting losses to tens of thousands of plan participants.

      b.    *Babcock v. Computer Assocs. Int'l*, No. 00-1648 (E.D.N.Y.). Lead counsel in class action on behalf of 700 participants in employee stock ownership plan alleging failure to follow plan documents and failure to prudently invest plan assets. *See Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126 (E.D.N.Y. 2003) (granting class certification).

      c.    Nelson v. UBS Global Asset Management (Americas), Inc., No. 03 CV 6446 (N.D. Ill.) (401(k) asset mismanagement case settled on day of trial for $7 million in January 2006).

      d.    *In re Household Int'l, Inc., ERISA Litig.*, No. 02-7921 (N.D. Ill. Der-Yeghiayan, J.). Co-liaison counsel in case alleging that plan fiduciaries breached their fiduciary duties by allowing imprudent concentration of plan assets in company stock. Settled for $46.5 million.

      e.    *In re HealthSouth ERISA Litig.*, No. 03-1700 (N.D. Ala.). Steering Committee Member in case alleging that employee stock ownership plan fiduciaries breached their duties by maintaining imprudent investments in company stock and failing to monitor the activities of other fiduciaries engaged in accounting fraud. Settled for $30 million.

**b.　　Benefits Cases**

　　a.　　*In re Sears Retiree Group Life Ins. Litig.*, No. 97-7453 (N.D. Ill.). Firm was co-lead counsel in ERISA class action on behalf of 80,000 Sears retirees. Settlement conferring between $30 million and $200 million in benefits approved March 5, 2002.

　　b.　　*Kiefer v. Ceridian Corp.*, 976 F. Supp. 2d 829 (D. Minn.). Firm was lead counsel in $51 million settlement of ERISA lump sum benefit error class action reached in October 1997, three weeks before trial.

　　c.　　*Carter v. Ret. Plan of Texaco, Inc.*, No. 99-0114 (S.D.N.Y.). Firm was lead counsel in $10 million settlement of ERISA benefit error class action on behalf of 10,000 plan participants. Settled October 10, 2000.

　　d.　　*Shrader v. BP Corp.*, 02-8668 (N.D. Ill. 2002) (Pallmayer, J.) ($2.3 million ERISA benefit error class settlement).

　　e.　　*Steiner v. Control Data Sys., Inc.*, No. 98-1489 (D. Minn). Lead counsel in $4.25 ERISA class action settlement affecting some 700 lump sum recipient plan members in July 1999.

　　f.　　*Scott v. Washington Nat'l Ins. Co.*, No. 96-3828 (N.D. Ill.). Lead counsel in ERISA welfare benefits class action settled by employer's agreement to provide back benefits and retiree health care benefits to class of retirees.

**c.　　Partial Termination**

　　Mr. Watkins argued *Gluck v. Unisys Corp.*, 960 F.2d 1168 (3d Cir. 1992) (reversing district court's dismissal).

**Securities**

　　a.　　*In re Bank One Secs. Litig.*, No. 00-2100 (N.D. Ill.) (Andersen, J.). Firm was lead counsel for former shareholders of First Chicago NBD challenging Bank One Corporation's 1998

acquisition of First Chicago NBD under Sections 11 and 12 of the Securities Act of 1933 and Section 14 of the Securities Exchange Act of 1934. Class includes some 300,000,000 shares. After defeating motion to dismiss, obtaining class certification, *see* 2002 WL 989454, at *9, and concluding fact and expert discovery, defendants settled for $120 million, the second-largest securities settlement ever in the Seventh Circuit.

b.      *Harris v. R.B. Asset Inc.*, Index No. 02/602944 (N.Y. Super. Ct.). Lead counsel in class action seeking payment of liquidation dividend. Recovery of $3.5 million obtained shortly after suit was filed in 2002.

c.      *In re Nat'l Auto Credit Inc. Sec. Litig.*, 98-0264 (N.D. Ohio). Executive Committee member in $6 million settlement of class action securities claims on November 14, 2000.

d.      *Endo v. Albertine*, No. 88-1815 (N.D. Ill.). Firm was lead counsel in securities class action settled for $8 million on eve of trial in January 1998.

e.      *In re W.R. Grace Sec. Litig.*, No. 95-9003 (S.D.N.Y.). Firm was co-lead counsel in $28 million settlement of securities class action in January 1998.

f.      *In re Phar-Mor, Inc., Sec. Litig.*, No. MDL 959 (W.D. Pa.). Represented institutional investors, including the Northern Trust, Kemper Securities, and Sumitomo Bank, in multi-district case involving federal and state claims arising out of massive accounting fraud. Favorable settlement in 1996 under seal.

g.      *In re NationsMart Corp. Sec. Litig.*, No. 94-2182 (E.D. Mo.). Co-lead counsel in securities class action settled for $2.4 million in November 1998.

h.      *Steinberg v. Sys. Software Assocs.*, No. 97-00287 (Cir. Ct. Cook County. Ch. Div.). Co-lead counsel in $3 million securities settlement reached September 1997.

**Corporate Governance/Fiduciary Duty**

a.      *O'Malley v. Boris*, 742 A.2d 845 (Del. Supr. 1999). Lead counsel in class action involving breach of investment broker's fiduciary duties to 269,000 clients. Case settled on day of trial following Delaware Supreme Court's reversal of Chancery Court's dismissal of suit and

Chancery Court's subsequent grant of summary judgment on liability in favor of plaintiffs. *See* 2002 WL 453928 (Del. Ch.) (granting summary judgment); 2001 WL 50204 (Del. Ch.) (granting class certification).

b. *Mayfield v. WWC License Holding*, No. 18743 (Del. Ch. 2002); *Mayfield v. Western Wireless Corp.*, No. 18717 (Del. Ch. 2002). Class actions on behalf of shareholders of cellular telephone license holders alleging unfair squeeze-out mergers. Cases settled for $2 million in 2002.

c. *Canel v. Lincoln Nat'l Bank*, 1998 WL 1760544 (N.D. Ill. 1998). Squeeze-out merger class action involving bank acquisition. Settled in 2000.

d. *Schelly v. Mfrs. Nat'l Corp.*, No. 99-00820 (Cir. Ct. Cook County, Ch. Div.). Breach of fiduciary duty action on behalf of minority shareholders in bank. Settled in 2000.

e. *Siegman v. Columbia Pictures*, No. 11152 (Del. Ch. 1994). Co-lead counsel in class action challenging the sale of Columbia Pictures to Sony under Section 203 of the Delaware General Corporate Law. Settled for $3 million.

f. *Ravenswood v. Peerless Weighing & Vending Mach. Co.*, No. 95-5885 (Cir. Ct. Cook County, Ch. Div.). Lead counsel. Class and derivative settlement of $3 million reached in October 1996.

g. *Malone v. Brincat*, 722 A.2d 5 (Del. Supr. 1998). Co-lead counsel in landmark decision allowing class of non-purchaser stockholders of Mercury Finance Company to bring action for breach of fiduciary duty of disclosure. $12 million partial settlement of related bankruptcy proceedings.


**Antitrust**

a. *Alexander v. Phoenix Bond & Indem. Co.*, 149 F. Supp. 2d 989, 1010 (N.D. Ill. 2001) (Andersen, J.) (denying in part defendants' motion for summary judgment). Lead counsel in real estate tax auction price fixing case under Section 1 of the Sherman Antitrust Act on behalf of 28,000 Cook County property owners. Case settled in 2002 with approximately $2 million in relief for property owners.

b.      *In re Bronze & Copper Flake Antitrust Litig.*, No. 93-4673 (D.N.J.). Co-lead counsel in $1.5 million price-fixing settlement.


## Consumer

**Mass Product Failure —** *Foster v. ABTCo., Inc.*, No. 9 CV-95-151 M (Choctaw County, Ala.). Co-lead counsel in $30 million-plus nationwide class action settlement of claims of defective hardboard siding. Settlement effective November 15, 2000. Settlement administration continues.

**Fiber Optic Right-of-Way Litigation** — Classes of plaintiff landowners throughout the United States in state and federal cases involving telecommunication companies' unpermitted laying of fiber optic cables on private land and railroad and other rights-of-way.

**Consumer Fraud** — *Rogers v. Sears, Roebuck & Co.*, No. 97-3173 (Cir. Ct. Cook County, Ch. Div.). Consumer class action settled on innovative fluid recovery basis.


## Qui Tam/False Claims

*U.S. ex rel. Reppine v. University of Chicago*, 96-8273 (N.D. Ill.). $10 million *qui tam* (false claim) settlement involving hospital "upcoding" and overbilling of Medicaid finalized in January 2000.


## Institutional Representation

The Firm currently monitors investment portfolios for several pension and benefit funds for securities law violations, and also provides legal advice regarding potential claims for antitrust and/or consumer fraud violations arising out of pharmaceutical purchases for pharmacies operated by the benefit funds. References are available upon request.


## Pro Bono Work

The Firm continues to be active in public interest representation on a *pro bono publico* basis, including such successfully concluded cases as:

*Metropolitan Sanitary District v. Ingram Corp.*, 85 Ill. 2d 458 (1981). The Firm opposed excessive attorneys' fees agreed to by public agency in settlement agreement.

*Illinois Bell Tel. Co. v. Illinois Commerce Commission*, 55 Ill. 2d 461 (1973). The Firm challenged rate order compensating utility for charitable donations advertising and lobbying expenses, and executive club dues. The subsequent appeal (117 Ill. 2d 90 (1987)) established the availability of refunds.

*Cousins v. City Council of Chicago*, 503 F.2d 912 (7th Cir. 1974). The Firm challenged 1970 reapportionment of aldermanic wards.

*Mitzi H v. Board of Education of Homewood Flossmoor High School*, 02 L 11688 (Cir. Ct. of Cook County, Law Div.). The Firm, in partnership with the Chicago Coalition for the Homeless, represented a mother and her teenage son in a civil rights suit arising from the child's exclusion from school when he and his family became homeless.

* * *

The Firm's long-standing public service commitment is reflected in the activities of Firm members. Members of the Firm have served as Chair of the City of Chicago Ethics Board, and on the Boards of the City Colleges of Chicago and the Chicago Council of Lawyers. Members of the Firm, both professionally and personally, are active in a wide range of public interest organizations, serving as Board members, counsel, consultants or in other capacities.

pc G:\PC\F&H\FORMS\FHWWA Resume.wpd