## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

IN RE XEROX CORPORATION
ERISA LITIGATION

THIS DOCUMENT RELATES TO:
    ALL ACTIONS

MASTER FILE NO. 02-CV-1138
(AWT)

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' (EXCEPT MYRA
DRUCKER) PARTIAL MOTION TO
DISMISS THE SECOND
CONSOLIDATED AMENDED
COMPLAINT**

**AUGUST 31, 2007**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ................................................................................................... 3

    A.    *TWOMBLY* DOES NOT CHANGE THE APPLICABLE LEGAL STANDARD IN THIS CASE. ................................................................................................. 3

    B.    THE COMPLAINT ADEQUATELY ALLEGES THAT THE PLAN ADMINISTRATOR DEFENDANTS WERE FIDUCIARIES FOR PURPOSES OF COUNT I. .............................................................................................. 6

    C.    THE COMPLAINT ADEQUATELY ALLEGES CO-FIDUCIARY LIABILITY. ............ 10

    D.    THE COMPLAINT ADEQUATELY ALLEGES A CLAIM FOR INJUNCTIVE RELIEF. .............................................................................................. 15

III. CONCLUSION .............................................................................................. 16

i

# TABLE OF AUTHORITIES

**Cases**

*Agway, Inc., Employees' 401(k) Thrift Investment Plan v. Magnuson*, No. 03-1060, 2006 WL 2934391 (N.D.N.Y. Oct. 12, 2006) .......................................................................................... 9

*Amato v. Western Union International, Inc*, 773 F.2d 1402 (2d Cir. 1985) ................................... 9

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), *rev'g* 425 F.3d 99 (2d Cir. 2005) ........................................................................................................................... passim

*Cannon v. MBNA Corp.*, No. 05-429, 2007 WL 2009672 (D. Del. July 6, 2007) ....................... 14

*Coleman v. Nationwide Life Insurance Co.*, 969 F.2d 54 (4th Cir. 1992) ...................................... 9

*Concha v. London*, 62 F.3d 1493 (9th Cir. 1995) .......................................................................... 5

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................................... 4

*Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222 (W.D.N.Y. 2002) ................................................. 9

*Donovan v. Bierwirth*, 754 F.2d 1049 (2d Cir. 1985) ................................................................... 16

*Erickson v. Pardus*, 127 S. Ct. 2197 (2007) ........................................................................... 3, 4

*Grandon v. Merrill Lynch & Co.*, 147 F.3d 184 (2d Cir. 1998) ..................................................... 9

*In re ADC Telecomm., Inc., ERISA Litig.*, No. 03-2989, 2004 WL 1683144 (D. Minn. July 26, 2004) ........................................................................................................................................ 14

*In re AEP ERISA Litig.*, 327 F. Supp. 2d 812 (S.D. Ohio 2004) ................................................... 14

*In re Cardinal Health ERISA Litig.*, 424 F. Supp. 2d 1002 (S.D. Ohio 2006) ............................. 9

*In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004) ........................ 8, 11, 14

*In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861 (S.D. Tex. 2004) ..................................... 14

*In re Elec. Data Sys. Corp. ERISA Litig.*, 305 F. Supp. 2d 658 (E.D. Tex. 2004) ........................ 9

*In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003) ................................................................................................................................... 9, 13, 14

*In re Ferro Corp. ERISA Litigation*, 422 F. Supp. 2d 850 (N.D. Ohio 2006) ............................. 14

*In re Gen. Motors ERISA Litig.*, No. 05-71085, 2007 U.S. Dist. LEXIS 62309 (E.D. Mich. Aug. 28, 2007) .................................................................................................................................... 8

*In re Marsh ERISA Litig.*, No. 04-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006) .......... 9, 14

*In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646 (S.D. Tex. 2004) ................................. 14

*In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-8324, 2004 WL 407007 (N.D. Ill. Mar. 3, 2004) .......................................................................................................................................... 8

*In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003) ................................... 9

*In re Xcel Energy, Inc., Sec., Derivative & ERISA Litig.*, 312 F. Supp. 2d 1165 (D. Minn. 2004) 8

*In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007) ............................... passim

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ............................................................ 3, 4, 5

*Kling v. Fidelity Mgmt. Trust Co.*, 323 F. Supp. 2d 132 (D. Mass. 2004) ................................... 14

*Kuhns Brothers, Inc. v. Fushi Int'l, Inc.*, No. 06-1917, 2007 WL 2071622 (D. Conn. July 16, 2007) ................................................................................................................ 5

*Pa. Fed'n, Bhd. of Maint. of Way Employees v. Norfolk S. Corp. Thoroughbred Ret. Inv. Plan*, No. 02-9049, 2004 WL 228685 (E.D. Pa. Feb. 4, 2004) ........................................................ 9

*Pa. Fed'n., Bhd. of Maint. of Way Employees v. Norfolk S. Corp. Thoroughbred Ret. Inv. Plan*, No. 02-9049, 2004 WL 2315795 (E.D. Pa. Oct. 12, 2004) ..................................................... 14

*Pancotti v. Boehringer Ingelheim Pharms., Inc.*, No. 06-1674, 2007 WL 2071624 (D. Conn. July 17, 2007) ............................................................................................................. 5

*Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41 (2d Cir. 1996) ............................................. 16

*Phelps v. Kapnolas*, 308 F.3d 180 (2d Cir. 2002) ............................................................ 1

*Rankin v. Rots*, 278 F. Supp. 2d 853 (E.D. Mich. 2003) ................................................... 11

*Rogers v. Baxter Int'l, Inc.*, 417 F. Supp. 2d 974 (N.D. Ill. 2006) ..................................... 9, 14

*Sherrill v. Fed.-Mogul Corp. Ret. Programs Comm.*, 413 F. Supp. 2d 842 (E.D. Mich. 2006)... 14

*Smith v. Aon Corp.*, No. 04-6875, 2006 WL 1006052 (N.D. Ill. April 12, 2006) ......................... 9

*Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143 (9th Cir. 2000).............. 10, 13

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ..................................................... 1, 4

*Theatre Enters., Inc.,* v. *Paramount Film Distrib. Corp.*, 346 U.S. 537 (1954)............................ 4

**Statutes**

ERISA § 405(a), 29 U.S.C. § 1105(a) ..................................................................... 11

ERISA § 405, 29 U.S.C. § 1105 ....................................................................... 10, 13

ERISA § 409(a), 29 U.S.C. § 1109(a) ............................................................... 1, 13, 16

ERISA § 410, 29 U.S.C. § 1110 ............................................................................ 13

ERISA § 502(a)(2), U.S.C. § 1132(a)(2) ............................................................... 2, 16

ERISA § 502(a)(3), U.S.C. § 1132(a)(3) ............................................................... 2, 16

**Rules**

Fed. R. Civ. P. 8(a) ................................................................................. passim

Fed. R. Civ. P. 9(b) .................................................................................. 5, 10

# I. <u>INTRODUCTION</u>

On April 17, 2007, the Court issued its ruling on Defendants' first motion to dismiss the Plaintiffs' Consolidated Amended Complaint (Docket No. 39; the "CAC"). *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007). In response to Defendants' broad-based motions, the Court found that Plaintiffs had sufficiently pled facts supporting allegations of each Defendant's fiduciary status, *id.* at 213, and sustained the vast majority of Plaintiffs' breach of fiduciary duty claims, including claims for the Defendants' imprudent investment of Plan assets, *id.* at 215, failure to monitor the Plans' fiduciaries, *id.* and providing incomplete and inaccurate information to the Plans' participants. *Id.* at 218. In so ruling, the Court sustained Plaintiffs' concurrent allegations of co-fiduciary liability. *Id.* at 215. Consistent with the numerous courts that previously ruled on virtually identical issues, the Court properly rejected Defendants' request for a heightened pleading standard, *id.* at 216-17, and held that, under Fed. R. Civ. P. 8(a), "A complaint is sufficient if it gives fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 211 (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002), and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

In its thoughtful consideration of the CAC, the Court determined that Plaintiffs failed to satisfy the applicable Rule 8(a) pleading requirements only with respect to three quite limited and discrete portions of that complaint, and granted Plaintiffs leave to amend to correct the perceived deficiencies: (1) to clarify which of the Counts Plaintiffs are asserting against which Defendants, *Xerox*, 483 F. Supp. 2d at 213; (2) to delete Paragraph 4 of the Prayer for Relief, in which Plaintiffs sought "[i]njunctive relief enjoining Defendants from continuing to violate their fiduciary duties under ERISA and the plan documents, pursuant to ERISA §§ 409(a) and

502(a)(2) & 502(a)(3), 29 U.S.C. §§ 1109(a), and 1132(a)(2) & (3)," *id.* at 221; and (3) to amend Count V, the claim for Breach of Duty to Avoid Conflicts of Interests to plead a claim for the Defendants' breach of their fiduciary duty of loyalty. *Id.* at 220.

On May 17, 2007, Plaintiffs filed the Second Consolidated Amended Complaint (Docket No. 179; hereinafter the "SCAC" or the "Complaint"), carefully tailoring their revisions by only amending sections of the CAC that Plaintiffs were given leave to amend and ensuring compliance with the Court's April 17, 2007 decision.[1]

On July 18, 2007, in conjunction with their answer to the SCAC, Defendants (except Myra Drucker) filed their Partial Motion to Dismiss the Second Consolidated Amended Complaint and supporting Memorandum (Docket Nos. 203 and 204; hereinafter collectively referred to as the "Second Motion"). The Second Motion is narrow in scope, seeking dismissal *only* of: (1) the Plan Administrator Defendants under Count I; (2) co-fiduciary liability claims; and (3) Paragraph 4 (previously Paragraph 5) of Plaintiffs' Prayer for Relief – a request for relief that Defendants did not challenge in their first motion.

Defendants' Second Motion fails for the following reasons:

- *Bell Atlantic Corp. v. Twombly* does not impose any new or additional pleading requirements on Plaintiffs, and in any event, the SCAC amply satisfies the requirements of *Twombly* with respect to both the claims against the Plan Administrator Defendants and allegations of co-fiduciary liability;

---

[1] Although the Court found that "[b]ased on the plaintiffs' arguments in their memoranda and the other allegations in the Complaint, it appears that the plaintiffs may well be able to properly plead a claim for breach of the ERISA duty of loyalty with respect to some of the defendants," *id.* at 220, Plaintiffs elected not to re-plead their conflict claim as a breach of duty of loyalty claim at this time, as the relief requested is encompassed within the other Counts of the Complaint.

2

- Pursuant to this Court's April 17, 2007 opinion, which is consistent with the numerous other decisions denying motions to dismiss similar ERISA company stock cases, the SCAC adequately pleads (1) that the Plan Administrator Defendants are fiduciaries for Count I; and (2) Defendants' co-fiduciary liability; and,

- Plaintiffs' request for injunctive relief in the SCAC's Prayer for Relief ¶ 4 properly invokes the Court's remedial powers, is sufficiently particularized to state a claim, and is not merely a request that Defendants be ordered to "follow the law."

Because Defendants' Second Motion is based on misinterpretations of the law and of the plain language of the SCAC, the Court should deny it in its entirety.

## II. ARGUMENT

### A.  *TWOMBLY* DOES NOT CHANGE THE APPLICABLE LEGAL STANDARD IN THIS CASE.

Defendants cite *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), *rev'g* 425 F.3d 99 (2d Cir. 2005) ("*Twombly*"; also referred to in the case law cited herein as "*Bell Atlantic*"), for the proposition that the Court should dismiss Count I as against the Plan Administrator Defendants, and Counts I through III as to the other Defendants insofar as their co-fiduciary liability is concerned, for failing to state a claim under Rule 8(a).  Defense Counsel's description of the ruling and its proper application to the pending partial motion to dismiss is erroneous.

As the Supreme Court and Second Circuit have noted, the *Twombly* decision clarifies the long-established Rule 8 notice pleading standards, but does not alter them.  *See, e.g., Twombly*, 127 S. Ct. at 1964-63; *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Iqbal v. Hasty*, 490 F.3d 143, 155-58 (2d Cir. 2007).  *Twombly* reaffirms that Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

3

defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Twombly*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The SCAC is satisfactory so long as it meets this short and plain notice pleading requirement. *Id*.

While the Supreme Court does suggest that lower courts "retire" the frequently cited "no set of facts" statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the Court goes to great lengths to make clear that it has *not* heightened Rule 8(a)'s requirements. *See, e.g., Twombly*, 127 S. Ct. at 1965 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (citation omitted)); *Erickson*, 127 S. Ct. at 2200 (citing *Twombly*, *Swierkiewicz* and *Conley* to reverse a Tenth Circuit opinion affirming dismissal of claims it deemed "conclusory"); *Iqbal*, 490 F.3d at 157-58 ("[T]he Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." (emphasis in original)).

Defendants also fail to note that the Second Circuit recently questioned the extent to which *Twombly* applies outside of the specific antitrust context in which *Twombly* arose.[2] *Iqbal*, 490 F.3d at 156 ("[S]ome of the Court's linguistic signals point away from a heightened pleading standard and suggest that whatever the Court is requiring in *Bell Atlantic* might be limited to, or at least applied most rigorously in, the context of either all section 1 allegations or perhaps only those section 1 allegations relying on competitors' parallel conduct."). *See also*

---

[2] In *Twombly*, the claims were deemed insufficient because the plaintiffs there alleged only parallel conduct and courts have long held that parallel behavior is not, by itself, illegal. *Twombly*, 127 S. Ct. at 1962-63 (citing *Theatre Enters., Inc.*, v. *Paramount Film Distrib. Corp.*, 346 U.S. 537, 541 (1954)). The Supreme Court merely overruled the Second Circuit's holding that plaintiffs were excused from pleading any of the plus factors that would render the parallel behavior illegal. *Id*.

*Kuhns Brothers, Inc. v. Fushi Int'l, Inc.*, No. 06-1917, 2007 WL 2071622, at *3 n.4 (D. Conn. July 16, 2007) (citing *Iqbal*); *Pancotti v. Boehringer Ingelheim Pharms., Inc.*, No. 06-1674, 2007 WL 2071624, at *2  n.3 (D. Conn. July 17, 2007) (same).[3]

The SCAC alleges facts that, if proven, would constitute breaches of fiduciary duty giving rise to direct and co-fiduciary liability under ERISA.  There is nothing "implausible" in Plaintiffs' detailed allegations that the fiduciaries of the two Plans at issue – mostly officers and directors of Xerox – are liable for these Plans' imprudent investment in Xerox stock during a time of massive, well-documented, and well-pled accounting irregularities.  In fact, the claims in the SCAC certainly compare favorably to the specificity of pleading found in Form 9 of the Civil Rules, Complaint for Negligence, which is noted with approval by the majority in *Twombly*, and which requires only that plaintiff allege that the defendant "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway."  *Twombly*, 127 S. Ct. at 1970 n.10; *see also Iqbal*, 490 F.3d at 156 (noting that the form does not require details regarding the "respects in which the defendant is alleged to have been negligent, *i.e.*, driving too fast, crossing the center line, [etc.]").

Nevertheless, even assuming, *arguendo*, that *Twombly* did require a heightened pleading standard in this ERISA breach of fiduciary duty case, the SCAC has also met this standard. Plaintiffs have pled each element of their claims, in the detailed 80-page, 170-plus paragraph SCAC, which recites all pertinent facts that could be gleaned from publicly available sources and the limited discovery that Defendants have produced to date.[4]  In the SCAC, Plaintiffs went to

---

[3] Defendants also ignore the fact that this Court has already rejected their efforts for application of a heightened pleading standard in this case.  *See Xerox*, 483 F. Supp. 2d at 216-17 ("In this case, Rule 9(b)'s heightened pleading requirements do not apply.  Allegations of breach of fiduciary duty are not necessarily fraud allegations.").

[4] *See, e.g., Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) (recognizing that "the circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized

great lengths to determine, and then to allege, the fiduciary status of each Defendant, including

the Plan Administrator Defendants, and precisely what each fiduciary did to breach the specific

duties assigned to or performed by him, her, or it.  The SCAC certainly gives notice of these

claims in a manner that is (1) consistent with *Twombly*; and (2) sufficient for Defendants to

respond to the Complaint.

### B.    THE COMPLAINT ADEQUATELY ALLEGES THAT THE PLAN ADMINISTRATOR DEFENDANTS WERE FIDUCIARIES FOR PURPOSES OF COUNT I.

Defendants' contention that Plaintiffs have not alleged the Plan Administrator

Defendants' fiduciary responsibility for the prudent investment of plan assets, the breach of

which duty is alleged against these Defendants in Count I of the SCAC, is incorrect.  *See* Second

Motion at 6-10.  As Plaintiffs highlighted in their prior briefing, it is undisputed that the Salaried

Plan Administrator Defendants, *i.e.*, Plan Administrator Defendants Becker, Conkright and

Nazemetz, had discretionary authority over the Xerox Stock Fund because the Salaried Plan

documents give it to them.  The Salaried Plan Administrator Defendants are authorized "to have

full authority to control and manage the operation and administration of the Plan," of which the

Xerox Stock Fund was a part.  *See, e.g.*, Plaintiffs' Response to Defendants' Updated

Memorandum in Support of Motion to Dismiss Consolidated Amended Complaint at 3 (Docket

No. 139) (citing Xerox Corp. Profit Sharing and Savings Plan, 1998 Restatement, at § 2.03);

Plaintiffs' Reply to Defendants' Response to Notice of Supplemental Authorities in Opposition

---

(continued…)

identification at the pleading stage" where the pertinent facts remain in the defendants'
possession).  Here, Defendants' production of ERISA-specific documents in response to
Plaintiffs' First of Request for Production of Documents remain incomplete, and production of
documents pertaining to the underlying accounting issues in the case did not commence until
after the SCAC was filed.

to Defendants' Motion to Dismiss at 5 (Docket No. 85) (same). This being so, these Plan Administrator Defendants are properly named as Defendants in Count I.

Defendants' argument that the Plan documents do not specifically confer discretionary authority on them with respect to investments, and that plan documents, standing alone, and without regard to what the Plan Administrator Defendants actually did or did not do, are sufficient as a matter of law to "insulate" the Plan Administrator Defendants from liability, ignores the language of the Plan documents. As set forth above, the Plan documents are simply not so limited. "Full authority" over the "manage[ment] and administration of the Plan" encompasses investment responsibility.

Moreover, the Court has already rejected this argument. In their first motion to dismiss, the Plan Administrator Defendants contended that they could not be liable for imprudent investments because the Plan documents supposedly did not confer investment discretion upon them. Memorandum in Support of Motion to Dismiss Consolidated Amended Complaint at 11-13 (Docket No. 45). Plaintiffs demonstrated, however, that the Plan documents did not so insulate the Defendants – citing both case law and the Plan documents themselves – and the Court rejected Defendants' position. *Xerox*, 483 F. Supp. 2d at 213; *see also, e.g.,* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint at 6-10 (Docket No. 46); Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint at 4-7 (Docket No. 135); Plaintiffs' Response to Defendants' Updated Memorandum in Support of Motion to Dismiss Consolidated Amended Complaint at 3 (Docket No. 139); Plaintiffs' Reply to Defendants' Response to Notice of Supplemental Authorities in Opposition to Defendants' Motion to Dismiss (Docket No. 85) at 5. Defendants' present motion is nothing more than a

thinly disguised effort to re-litigate an issue that has already been decided. *See, e.g., In re Gen. Motors ERISA Litig.*, No. 05-71085, 2007 U.S. Dist. LEXIS 62309, at *6-8 (E.D. Mich. Aug. 28, 2007) (finding motion to dismiss prudence allegations in amended complaint to be an improper attempt at reconsideration).[5]

    In its prior ruling, this Court, consistent with numerous other ERISA company stock opinions, held that fiduciary status is broadly defined and whether one is a fiduciary "is fact-intensive and the court must accept well-pled allegations as true when ruling on a motion to dismiss." *Xerox*, 483 F. Supp. 2d at 213. *See also* Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint at 4-5 (Docket No. 135) (citing, e.g., *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 910, 913-14 (E.D. Mich. 2004); *In re Xcel Energy, Inc., Sec., Derivative & ERISA Litig.*, 312 F. Supp. 2d 1165, 1178-79, 1181 (D. Minn. 2004); *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-8324, 2004 WL 407007, at *3-4 (N.D. Ill. Mar. 3, 2004); *In re Elec. Data Sys. Corp. ERISA*

---

    [5] In denying defendants' motion to dismiss plaintiffs' prudence allegations, the *General Motors* court reasoned:

> For their part, Plaintiffs contend that Defendants' argument merely seeks reconsideration of this Court's April 6, 2006 Order denying Defendants' motion to dismiss Count I . . . . . Although long on verbiage, Defendants' argument regarding Count I is short on information that would justify a different result than the one this Court reached in its April 6, 2006 Order.  Upon a review of that Order and Defendants' instant motion to dismiss, the Court concludes that Defendants do not raise any arguments here that are significantly different than those at bar over a year ago, so reconsideration is unavailable under L.R. 7.1(g)(3). Furthermore, much of Defendants' argument is based upon competing facts that it advances in opposition to Plaintiffs' allegations. As this Court noted in the April 2006 Order, "[w]hether Plaintiffs can provide proof of their allegations is an issue for another day, after discovery has developed a factual record."  *In re General Motors ERISA Litig.*, No. 05-71085, 2006 U.S. Dist. LEXIS 16782, 2006 WL 897444 at *13 (E.D. Mich. Apr. 6, 2006). Nothing has changed in the past sixteen months to warrant this Court coming to a different conclusion on this issue today.

2007 U.S. Dist. LEXIS 62309, at *6-8.  The same is true here.

*Litig.*, 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004) ("*EDS*"); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*, 284 F. Supp. 2d 511, 544 (S.D. Tex. 2003); *Pa. Fed'n, Bhd. of Maint. of Way Employees v. Norfolk S. Corp. Thoroughbred Ret. Inv. Plan*, No. 02-9049, 2004 WL 228685, at *11 (E.D. Pa. Feb. 4, 2004); *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 756, 759-60 (S.D.N.Y. 2003)); *see also* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint at 5-6 (Docket No. 46); *see also In re Marsh ERISA Litig.*, No. 04-8157, 2006 WL 3706169, at *4-6 (S.D.N.Y. Dec. 14, 2006); *Smith v. Aon Corp.*, No. 04-6875, 2006 WL 1006052, at *4-5 (N.D. Ill. April 12, 2006); *In re Cardinal Health ERISA Litig.*, 424 F. Supp. 2d 1002, 1029-30 (S.D. Ohio 2006); *Rogers v. Baxter Int'l, Inc.*, 417 F. Supp. 2d 974, 987-88 (N.D. Ill. 2006).[6]  That same principle applies with equal force here.

Moreover, contrary to Defendants' assertion (Second Motion at 10), members of a plan committee – including undisputed JAB member Arlyn Kaster – are properly sued in their individual capacity.  *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 284 F. Supp. 2d 511,

---

[6] The cases that Defendants cite are of no help to them.  As discussed above, *Twombly* does not heighten the pleading standard under Rule 8(a), and in no way touches on establishing fiduciary status at the pleading stage.  Additionally, contrary to Defendants' implication, Plaintiffs have not alleged that the Plan Administrator Defendants were fiduciaries for all purposes of the Plans.  Rather, Plaintiffs allege that the Plan Administrator Defendants had discretionary authority over the Xerox Stock Fund because the Plan documents gave it to them; none of the cases cited by Defendants contain such an allegation.  *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184 (2d Cir. 1998) is a securities fraud case.  *Coleman v. Nationwide Life Insurance Co.*, 969 F.2d 54, 61 (4th Cir. 1992), a defined benefits case, stands for the unremarkable proposition that one can only be a fiduciary by formal delegation in plan documents or through exercising such responsibilities.  *Accord* SCAC ¶¶ 37-38.  *Amato v. Western Union International, Inc*, 773 F.2d 1402 (2d Cir. 1985), is also not on point, as the section cited by Defendants merely discusses the "two hats" rule under ERISA.  In *Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222 (W.D.N.Y. 2002), the court held that allegations that the director defendants had the authority to "appoint, retain, or remove" committee defendants was insufficient to sustain a claim similar to Count I here.  And in *Agway, Inc., Employees' 401(k) Thrift Investment Plan v. Magnuson*, No. 03-1060, 2006 WL 2934391 (N.D.N.Y. Oct. 12, 2006) the court dismissed a similar claim only where, unlike here, the plan document specifically stated that the administrative committee was *not responsible* for "management of assets."

567-70 (S.D. Tex. 2003) (collecting cases); *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1156 (9th Cir. 2000) ("where, as here, a committee or entity is named as the plan fiduciary, the corporate officers or trustees who carry out the fiduciary functions are themselves fiduciaries and cannot be shielded from liability by the company").  Defendant Kaster signed the Union Plan Form 5500s as Plan Administrator and, during the Class Period, was a member of the JAB – which Defendants contend was responsible for Union Plan administration and asset management.  Second Motion at 8 n.11.  Thus, Defendant Kaster, among others, is also properly named as a Defendant for purposes of Count I.

Lastly, as discussed below, the SCAC adequately alleges that the Plan Administrator Defendants have co-fiduciary liability for Count I under ERISA § 405, 29 U.S.C. § 1105.

## C.   THE COMPLAINT ADEQUATELY ALLEGES CO-FIDUCIARY LIABILITY.

Defendants next argue, with respect to Plaintiffs' claims for the co-fiduciary liability alleged in Counts I through III, that the SCAC lumps together *all* the Defendants for *all* Counts in violation of *Xerox* and *Twombly*.  Second Motion at 10-12.  This argument is based on a misreading of the SCAC, and, once again, an attempt by Defendants to re-litigate an issue they have already lost.

In their first motion to dismiss, Defendants argued at length about the CAC's level of pleading specificity, complaining that the CAC failed to sufficiently distinguish among the Defendants.  Plaintiffs countered Defendants' assertions, citing, *inter alia*, the liberal pleading regime of Rule 8, their lack of discovery, the inapplicability of Fed. R. Civ. P. 9(b), and a wealth of case authority.

The Court analyzed the parties' positions in detail, and concluded that the appropriate balance between each Defendant's entitlement to know which claims are being asserted against him, her or it, and the Plaintiffs' right to proceed with discovery to flesh out the Defendants'

respective roles in the misconduct alleged, was to permit and order the Plaintiffs to amend the CAC. Consistent with the approach taken in similar ERISA company stock decisions, including *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 909 (E.D. Mich. 2004), and *Rankin v. Rots*, 278 F. Supp. 2d 853, 867 (E.D. Mich. 2003), the Court ordered Plaintiffs "to clarify which of the remaining counts are asserted against which defendants or groups of defendants." *Xerox*, 483 F. Supp. 2d at 213. The Court rejected Defendants' request for any additional specificity.

Plaintiffs thereafter filed their SCAC, in which they did exactly what the Court had permitted and ordered them to do. *See Xerox*, 483 F. Supp. 2d at 213, 220. Defendants now contend that the Plaintiffs did not do what the Court ordered. This contention, however, is demonstrably false. The SCAC clearly states which Defendant is liable under which Count. The header at the beginning of Count I lists the Defendants liable under that Count as direct fiduciaries and co-fiduciaries; the header at the beginning of Count II lists the Defendants liable under that Count as direct fiduciaries and co-fiduciaries; and the header at the beginning of Count III lists the Defendants liable under that Count as direct fiduciaries and co-fiduciaries.[7]

In an effort to obscure this undeniable fact, Defendants make a variety of alternative, but ultimately unmeritorious, arguments. Defendants argue, for example, that Plaintiffs did not

---

[7] The co-fiduciary provision of ERISA is quite broad, providing three different bases for liability. Under ERISA § 405(a), 29 U.S.C. § 1105(a), co-fiduciary liability is imposed on a fiduciary:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; *or* (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

*Id.* (emphasis added). The SCAC alleges that Defendants identified in each count did these things. *See, e.g.*, SCAC ¶¶ 29.4(c), 118, 146, 150-152, 154, 156-157, 159, 164-170.

11

comply with the Court's order because the SCAC continues to refer, within each Count, to wrongdoers named in that Count as "Defendants." Second Motion at 11. Obviously, Plaintiffs' reference in each Count to "Defendants" is a reference to the Defendants *named in that Count*. *See, e.g.*, SCAC ¶ 155 ("At all relevant times, each Defendant in *this Count* also was, and acted as, a co-fiduciary . . . ." (emphasis added)). As such, each Count complies with the Court's order. The Defendants are thus incorrect in their reading of this as a reference to all Defendants, and any claim that the use of the term "Defendants" somehow undoes Plaintiffs' identification of which Defendants are liable with respect to each Count is an absurd argument, based on a willful misreading of the SCAC.[8]

Defendants also contend that the SCAC fails to provide sufficient additional detail regarding the source or nature of their liability as co-fiduciaries. Second Motion at 11. However, the Court in its opinion neither required nor permitted Plaintiffs to supply such information.[9]

In addition, Defendants argue that *Twombly* mandates the dismissal (or re-pleading) of the co-fiduciary claims. Defendants continue to assert that it is not "plausible" that any of the fiduciaries are liable for the actions of their cohorts, and that the SCAC contains only "labels" and "conclusions." Second Motion at 11. This argument ignores the wealth of detail provided in the SCAC. It also ignores the inherently collective and collaborative nature of the misconduct alleged, and the fact that the fiduciaries engaged in the misconduct alleged by means of the

---

[8] Defendants further misread the SCAC in connection with their contention that plaintiffs do not confine their co-fiduciary allegations to the fiduciaries of each respective Plan. Second Motion at 11-12. Plaintiffs were quite careful to allege that the Defendants named in Counts I through III have co-fiduciary liability only for the plan of which they are a fiduciary. *See, e.g., SCAC* ¶ 146 ("[E]ach Defendant also was and acted as a co-fiduciary of the other Defendants and the other Plan and UNITE Plan fiduciaries, as applicable….").

[9] Should the Court be of the opinion that Plaintiffs should provide additional details in this regard, Plaintiffs request leave to promptly do so via amendment to the SCAC.

necessary participation and acquiescence of other fiduciaries, with whom they are jointly responsible.[10]  The fact is that the fiduciary misconduct Plaintiffs allege was in large measure not the work of individuals but the work of boards, committees, and groups, the composition and nature of which are spelled out in detail in the SCAC.  ERISA, recognizing that pensions often are operated and managed by groups or committees, provides that each member of such a group or committee can be liable for the actions or inactions of the group and its members.  *See, e.g.,* ERISA § 405, 29 U.S.C. § 1105; *see also* ERISA § 409(a), 29 U.S.C. § 1109(a) ("[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities … imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach"); ERISA § 410, 29 U.S.C. § 1110 ("[A]ny provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation or duty under this part shall be as void against public policy."); *Enron*, 284 F. Supp. 2d at 567-70; *Stewart*, 207 F.3d at 1156.  Plaintiffs merely invoke these provisions of ERISA, in the customary way, with the customary level of specificity.  Defendants do not cite a single case from any jurisdiction requiring a greater level of pleading specificity than Plaintiffs have provided.

Moreover, Defendants ignore that they have already made this argument, and that the Court has already ruled against them.  In their first motion to dismiss, Defendants challenged Plaintiffs' co-fiduciary allegations in connection with their argument that CAC Count III (claim for failure to monitor the Plans' fiduciaries) "fails to state a claim because no defendant had authority or control respecting investment in Company stock."  Memorandum in Support of

---

[10] Even Defendants describe co-fiduciary liability as "joint" in nature.  Defendants' Reply to Plaintiffs' Supplemental Memorandum Opposing Defendants' Motion to Dismiss Consolidated Amended Complaint at 7-8 & n.25 (Docket No. 138) ("[Congress] expressly mandated joint liability when it wished to do so." (citing ERISA § 405, 29 U.S.C. § 1105)).

Motion to Dismiss Consolidated Amended Complaint at 15-17 (Docket No. 45); Defendants'
Response to Plaintiffs' Fourth Notice of Supplemental Authorities in Opposition to Defendants'
Motion to Dismiss  at 5 (Docket No. 108).  The Court rejected this argument, finding that
Plaintiffs had made sufficiently specific factual allegations in support of their claims of co-
fiduciary liability.  *Xerox*, 483 F. Supp. 2d at 215-16.

Further, Defendants ignore that the majority of ERISA company stock opinions have
upheld co-fiduciary liability claims nearly identical to those alleged here.  *See* Plaintiffs'
Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss Consolidated
Amended Class Action Complaint at 23-24 (Docket No. 135) (citing, e.g., *Pa. Fed'n., Bhd. of
Maint. of Way Employees v. Norfolk S. Corp. Thoroughbred Ret. Inv. Plan*, No. 02-9049, 2004
WL 2315795, at *3 (E.D. Pa. Oct. 12, 2004); *In re Enron Corp. Sec., Derivative, & ERISA Litig.*,
284 F. Supp. 2d 511, 661-62 (S.D. Tex. 2003); *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 833
(S.D. Ohio 2004); *In re ADC Telecomm., Inc., ERISA Litig.*, No. 03-2989, 2004 WL 1683144, at
*8 (D. Minn. July 26, 2004); *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 910 (E.D.
Mich. 2004); *In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861, 861 (S.D. Tex. 2004); *In re
Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 666 n.50 (S.D. Tex. 2004); *Kling v. Fidelity
Mgmt. Trust Co.*, 323 F. Supp. 2d 132, 144-45 (D. Mass. 2004)); *see also* Response to
Defendants' Notice of Supplemental Authority and Cross-Notice of Supplemental Authority
(Docket No. 154) (citing *Sherrill v. Fed.-Mogul Corp. Ret. Programs Comm.*, 413 F. Supp. 2d
842, 856 (E.D. Mich. 2006); *Cannon v. MBNA Corp.*, No. 05-429, 2007 WL 2009672, at *6 (D.
Del. July 6, 2007); *Marsh*, 2006 WL 3706169, at *8; *Aon*, 206 WL 1006052, at *7; *In re Ferro
Corp. ERISA Litigation*, 422 F. Supp. 2d 850, 866 (N.D. Ohio 2006); *Rogers v. Baxter Int'l, Inc.*,
417 F. Supp. 974, 991 (N.D. Ill. 2006).  As discussed above, *Twombly* does not raise the

14

pleading standard for establishing fiduciary status, nor does it create any special rules for pleading co-fiduciary liability. Thus, once again, Plaintiffs' co-fiduciary claims should be upheld.

**D.    THE COMPLAINT ADEQUATELY ALLEGES A CLAIM FOR INJUNCTIVE RELIEF.**

Defendants' final argument is that Plaintiffs' claim for injunctive relief – Paragraph 4 of the SCAC's Prayer for Relief – should be dismissed because this so-called "new" claim for injunctive relief fails "to ameliorate the pleading deficiencies identified by the court" and that Plaintiffs' claim for injunctive relief remains "in substance…unchanged" from the claim that was dismissed. Second Motion at 12-13. Defendants' argument is in error, for Plaintiffs have, as the Court directed, eliminated Paragraph 4 of the Prayer for Relief in the CAC from their Prayer in the SCAC.[11] What Defendants challenge here was formerly Paragraph 5 from the CAC, which was sustained by this Court and re-numbered in the SCAC as Paragraph 4, following deletion of the language directed by the Court.

In light of the fact that Plaintiffs have removed the only part of the Prayer for Relief that troubled Defendants in their first motion to dismiss, it is difficult to discern any legitimate basis for Defendants to now object to the SCAC's Prayer. Defendants' newly-raised concern over Paragraph 4 of the SCAC's Prayer is not only untimely, but disingenuous. In the volumes of briefing that Defendants submitted in support of their first motion to dismiss, they never once argued that Paragraph 5 of the CAC's Prayer for Relief (now Paragraph 4 of the SCAC Prayer) was "'too generalized' to state a claim." Second Motion at 13.

Furthermore, Paragraph 4 of the SCAC's Prayer is not an objectionable request that Defendants be ordered to "obey the law," but an entirely proper, and different, request that the

---

[11] Paragraph 4 of the CAC Prayer requested an order "enjoining Defendants from continuing to violate their fiduciary duties." Defendants objected to this request on the grounds that it sought "merely a command that the defendant obey the law." The request is not found in the SCAC.

Court exercise its equitable powers of restitution and otherwise to remedy the breaches alleged, *i.e.*, to require Defendants to place money in the Plans so that the Plans will be in the position they would have been in had the fiduciary breaches not occurred. *Donovan v. Bierwirth*, 754 F.2d 1049, 1056 (2d Cir. 1985). In fact, the Court quoted with approval the very language that Defendants now attempt to challenge. *See Xerox*, 483 F. Supp. 2d at 221 n.4 ("However, Paragraph 5 of the [CAC]'s prayer for relief merely requests '[o]ther injunctive relief and equitable relief as appropriate to remedy the breaches alleged above, pursuant to ERISA §§ 409(a) and 502(a)(2) & 502(a)(3)….'").

Lastly, a claim for injunctive relief will be upheld if it is narrowly tailored to redress the specific violations in the case. *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 50 (2d Cir. 1996). Paragraph 4 of the SCAC – which seeks relief to remedy the breaches contained in the SCAC – does exactly what is required under *Peregrine*: nothing further is required.

## III. CONCLUSION

Defendants' Second Motion is largely an attempt to re-litigate issues already decided against them. To the extent it raises new arguments, such arguments are both meritless and untimely. Accordingly, and for the reasons stated herein, Defendants' Second Motion should be denied.

Dated this 31st day of August, 2007.        Respectfully Submitted By

/s/Elizabeth A. Leland
KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
lsarko@kellerrohrback.com
Gary A. Gotto
ggotto@kellerrohback.com
Elizabeth A. Leland
bleland@kellerrohrback.com
Erin M. Riley
eriley@kellerrohrback.com

16

1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone: (206) 623-1900
Facsimile:  (206) 623-3384
**Co-Lead Counsel**

FUTTERMAN HOWARD WATKINS WYLIE &
ASHLEY, CHTD.
Charles R. Watkins
cwatkins@futtermanhoward.com
John R. Wylie
jwylie@futtermanhoward.com
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois  60603
Telephone: (312) 427-3600
Facsimile: (312) 427-1850
**Co-Lead Counsel**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
lawofficedh@yahoo.com
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 960-1802
Facsimile:  (312) 960-1936
**Steering Committee Counsel**

BERGER & MONTAGUE, P.C.
Sherrie R. Savett
ssavett@bm.net
Joy Clairmont
jclairmont@bm.net
1622 Locust Street
Philadelphia, PA 19103-6365
Telephone: (215) 875-3000
Facsimile: (215) 875-4503
**Steering Committee Counsel**

SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
Marc A. Topaz
mtopaz@sbclasslaw.com
Joseph H. Meltzer
jmeltzer@sbclasslaw.com
280 King of Prussia Road
Radnor, PA 19087

17

Telephone: (610) 667-7706
Facsimile:  (610) 667-7056
**Steering Committee Counsel**

STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
edoyle@stemberfeinstein.com
The Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh  PA  15219
Telephone: (412) 281-8400
Facsimile:  (412) 232-3730
**Steering Committee Counsel for the Union Plan**

MCTIGUE & PORTER LLP
Brian McTigue
bmctigue@mctiguelaw.com
Jennifer H. Strouf
jstrouf@mctiguelaw.com
5301 Wisconsin Avenue, N.W., Ste. 350
Washington, DC  20015
Telephone: (202) 364-6900
Facsimile:  (202) 364-9960
**Steering Committee Counsel for the Union Plan**

GOODMAN ROSENTHAL & MCKENNA PC
John F. McKenna, Esq. - ct00104
jmckenna@grmattorneys.com
977 Farmington Avenue, Suite 200
West Hartford, Connecticut  06107
Telephone:  (860) 231-2800
Facsimile:  (860) 523-9235
**Liaison Counsel**

18

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION, | MASTER FILE NO. 02-CV-1138 (AWT) |
| THIS DOCUMENT RELATES TO: | CLASS ACTION |
| ALL ACTIONS | CERTIFICATE OF SERVICE |

This is to certify that a copy of the foregoing document, entitled **Plaintiffs' Opposition to Defendants' (Except Myra Drucker) Partial Motion to Dismiss The Second Consolidated Amended Complaint** was served this 31st day of August, 2007 on the following counsel of record:

**Attorneys for Plaintiffs:**
*VIA ELECTRONIC MAIL*

John F. McKenna, Esq. (ct00104)
GOODMAN, ROSENTHAL &
MCKENNA, PC
977 Farmington Avenue, Suite 200
West Hartford, Connecticut 06107
Tel: 860-231-2800
Fax: 860-523-9235
jmckenna@grmattorneys.com
**Liaison Counsel**

Charles R. Watkins (ct23936)
John Wylie (ct23937)
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Tel: 312-427-3600
Fax: 312-427-1850
cwatkins@futtermanhoward.com
jwylie@futtermanhoward.com
**Co-Lead Counsel for Plaintiffs**

Sherrie R. Savett
Joy Clairmont
BERGER & MONTAGUE, P.C.
1622 Locus Street
Philadelphia, Pennsylvania 19103-6365
Tel: 215-875-3040
Fax: 215-875-4604
srs@bm.net
jclairmont@bm.net
Steering Committee Counsel

Ellen M. Doyle
STEMBER FEINSTEIN DOYLE &
PAYNE, LLC
The Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh PA 15219
Tel: 412.281.8400
Fax: 412.232.3730
edoyle@stemberfeinstein.com
Steering Committee Counsel

Brian McTigue
MCTIGUE & PORTER LLP
5301 Wisconsin Avenue, N.W., Ste. 350
Washington, DC  20015
Tel: 202-364-6900
Fax: 202-364-9960
bmctigue@mctiguelaw.com
Steering Committee Counsel

Gary A. Gotto (ct23952)
KELLER ROHRBACK P.L.C.
3101 North Central Avenue
Suite 1400
Phoenix, AZ  85012
Tel:  602-248-0088
Fax: 602-248-2822
ggotto@kellerrohrback.com
**Co-Lead Counsel for Plaintiffs**

*VIA U.S. MAIL*

Daniel M. Harris
LAW OFFICES OF DANIEL M. HARRIS
150 North Wacker Drive, Suite 3000
Chicago, Illinois  60606
Tel: 312-960-1802
Fax: 312-960-1936
lawofficedh@yahoo.com
Steering Committee Counsel

Joseph H. Meltzer
SCHIFFRIN BARROWAY TOPAZ &
 KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel:  610-667-7706
Fax: 610-667-7056
jmeltzer@sbclasslaw.com
Steering Committee Counsel

**Attorneys for Defendants:**
*VIA ELECTRONIC MAIL*
Benjamin H. Green (ct05166)
Frances Codd Slusarz (ct24442)
Joanne Rapuano (ct27102)
DREIER LLP
One Landmark Square
20th Floor
Stamford, CT  06901
Tel:  203-425-9500
Fax: 203-425-9595
bgreen@dreierllp.com
fslusarz@dreierllp.com
jrapuano@dreierllp.com
**Local Counsel for Defendants**

Steven J. Sacher (ct24024)
Kevin R. Noble (phv01959)
Evan Miller (phv01958)
JONES DAY REAVIS & POGUE
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel:  202-879-5402
Fax: 202-626-1700
sjsacher@jonesday.com
krnoble@jonesday.com
emiller@jonesday.com
**Counsel for Defendants**

Michael T. Hannafan, Esq.
Blake T. Hannafan, Esq.
Nicholas Pavich, Esq.
HANNAFAN & HANNAFAN
One East Wacker Drive, Suite 2710
Chicago, IL  60601
Tel: 312-527-0055

Jayant W. Tambe (ct15992)
Aviva Warter Sisistky (phv01990)
Gary D. Shapiro (phv01991)
Michael F. Stoer
JONES DAY REAVIS & POGUE
222 East 41st Street
New York, NY  10017

Fax: 312-527-0220
mth@hannafanlaw.com
bth@hannafanlaw.com
nap@hannafanlaw.com
Counsel for Defendant Myra Drucker

Tel: 212-326-3939
Fax: 212-755-7306
jtambe@jonesday.com
aswarter@jonesday.com
gshapiro@jonesday.com
mstoer@jonesday.com
**Counsel for Defendants**

*VIA U.S. MAIL*

Michael D. Ryan
Senior Counsel
XEROX CORPORATION
800 Long Ridge Road
Stamford, CT  06904
In-House Counsel for Xerox

/s/
Elizabeth A. Leland (phv01338)
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
(206) 623-1900 / Fax (206) 623-3384

21