**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |
| This Document Relates To:<br><br>ALL ACTIONS | |

Master File No.  02 CV-1138 (AWT)

September 21, 2007

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' (EXCEPT MYRA DRUCKER, WILLIAM ROSCOE,
AND EUNICE FILTER) AMENDED PARTIAL MOTION TO
DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................. 2

    A.    PLAINTIFFS ARE NOT EXCUSED FROM THE APPLICABLE PLEADING STANDARDS ................................................................................... 2

    B.    PLAINTIFFS' CLAIMS AGAINST THE PLAN ADMINISTRATOR DEFENDANTS ARE NOT PLAUSIBLE AND MUST BE DISMISSED ........... 3

        1.    Arlyn Kaster, In Her Individual Capacity, Must Be Dismissed As A Defendant Because She Was Not The Plan Administrator Of The Union Plan ....................................................................................... 6

    C.    THE SCAC FAILS TO ADEQUATELY ALLEGE CO-FIDUCIARY LIABILITY ............................................................................................................. 7

    D.    THE SCAC FAILS TO ADEQUATELY ALLEGE A CLAIM FOR INJUNCTIVE RELIEF ............................................................................................ 9

CONCLUSION .......................................................................................................................... 9

## TABLE OF AUTHORITIES

Page

**Cases**

*Agway, Inc., Employees' 401(k) Thrift Inv. Plan v. Magnuson*,
   No. 5:03-CV-1060, 2006 WL 2934391 (N.D.N.Y. Oct. 12, 2006) ........................................... 5

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. July 11, 2007) ..................................................................................... 2, 3

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (May 21, 2007) ...................................................................................... 1, 2, 3

*Conley v. Gibson*,
   355 U.S. 41 (1957) ..................................................................................................................... 2

*Crocco v. Xerox Corp.*,
   137 F.3d 105 (2d Cir. 1998) ....................................................................................................... 7

*Erickson v. Pardus*,
   127 S. Ct. 2197 (June 4, 2007) ................................................................................................... 2

*Fenwick v. Merrill Lynch & Co.*,
   No. 3:06cv880, 2007 WL 703613 (D. Conn. March 5, 2007) .................................................. 7

*Firestone Tire & Rubber Co. v. Bruch*,
   489 U.S. 101 (1989) .................................................................................................................... 4

*Harris Trust & Savs. Bank v. John Hancock Mut. Life Ins. Co.*,
   302 F.3d 18 (2d. Cir. 2002) ........................................................................................................ 4

*Herman v. Nationsbank Trust Co.*,
   126 F.3d 1354 (11th Cir. 1997) ................................................................................................. 5

*Herrington v. Household Int'l, Inc.*,
   No. 02c8257, 2004 WL 719355 (N.D. Ill. March 30, 2004) ..................................................... 8

*In re Adelphia Communications Corp. Sec. and Deriv. Litig.*,
   No. 03 MD 1529, 2007 WL 2615928 (S.D.N.Y. Sept 10, 2007) ............................................. 3

*In re McKesson HBOC, Inc. ERISA Litig.*,
   No. 02 C 8257, 2002 WL 31431588 (N.D. Cal. Sept. 30, 2002) .............................................. 8

*In re Sprint Corp. ERISA Litig.*,
   388 F. Supp. 2d 1207 (D. Kan. 2004) ........................................................................................ 8

*In re Syncor ERISA Litig.*,
   351 F. Supp. 2d 970 (C.D. Cal. 2004) ....................................................................................... 8

*In re Xerox Corp. ERISA Litig.*,
   483 F. Supp. 2d 206 (D. Conn. 2007) ....................................................................................... 5

*Iqbal v. Hasty*,
   490 F. 3d 143 (2d Cir. 2007) ..................................................................................................... 2

## TABLE OF AUTHORITIES
(continued)

**Page**

*Lyddy v. Bridgeport Board of Education*,
  No. 3:06CV1420, 2007 WL 2697452 (D. Conn. Sept. 11, 2007) ............................................. 3

*Peregrine Myanmar Ltd. v. Segal*,
  89 F.3d 41 (2d Cir. 1996) ........................................................................................................ 9

*Smith v. Delta Air Lines, Inc.*,
  422 F. Supp. 2d 1310 (N.D. Ga. 2006) ................................................................................... 4

*Steger v. Delta Airlines, Inc.*,
  382 F. Supp. 2d 382 (E.D.N.Y. 2005) ..................................................................................... 7

*Stein v. Smith*,
  270 F. Supp. 2d 157 (D. Mass. 2003) ...................................................................................... 8

*Varity Corp. v. Howe*,
  516 U.S. 489 (1996) ................................................................................................................. 4

**Statutes**

29 U.S.C. § 1002 .................................................................................................................... 3, 6

Defendants (except Myra Drucker, William Roscoe, and Eunice Filter)[1] submit this memorandum of law in further support of their amended partial motion to dismiss the Second Consolidated Amended Complaint ("SCAC") pursuant to Rules 8(a), 12(b)(6) and 65 of the Federal Rules of Civil Procedure (the "Rules"). As set forth in Defendants' initial Memorandum of Law, this motion seeks to dismiss: (1) Count I for failure to adequately plead a claim against the alleged "Plan Administrator Defendants" for fiduciary breach in connection with asset management; (2) Counts I-III for failure to adequately plead co-fiduciary liability against all Defendants; and (3) Plaintiffs' prayer for injunctive relief against all Defendants.

## PRELIMINARY STATEMENT

Nothing in Plaintiffs' Opposition changes the settled law and established pleading standards upon which this motion is based (and should be granted). For example:

- Plaintiffs concede that the Supreme Court decision in *Twombly* "clarifies" the pleading standard of Rule 8 and "obligates a pleader to amplify a claim with some factual allegations" to render it "plausible." (Opp. at 3, 4.) Unable to meet that standard, Plaintiffs also argue that it may only be applicable to anti-trust cases. This defies the case law.

- Plaintiffs' Opposition does not (and could not) rescue the SCAC's inadequate and conclusory allegations, which inadequately assert asset management fiduciary duty as to the Plan Administrator Defendants, none of whom had or exercised such authority. Unable to point to anything in the SCAC to save their claims, Plaintiffs instead introduce new factual allegations in their Opposition. Because these new allegations are inappropriate and, in any event, do not render plausible a claim against the Plan Administrators for breach of fiduciary duty, the claims asserted against them in Count I should be dismissed.

- Plaintiffs now admit in their Opposition that the SCAC only alleges co-fiduciary duty breaches by and among those Defendants listed in the header of each count and not count-wide, and that by so listing groups of Defendants (*e.g.*, the Finance Committee) and individuals in the count heading, Plaintiffs have met their obligations under *Twombly*. They are mistaken. The SCAC still fails to assert plausible claims for co-fiduciary liability.

---

[1] Suggestions of Death on the Record for William Roscoe and Eunice Filter were filed with this Court pursuant to Fed. R. Civ. P. 25(a)(1) on September 10, 2007.

**ARGUMENT**

A.     **PLAINTIFFS ARE NOT EXCUSED FROM THE APPLICABLE PLEADING STANDARDS**

The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007) ("*Twombly*"), held that the longstanding "no set of facts" pleading standard previously applied[2] in evaluating claims in conjunction with Rule 8(a) of the Federal Rule of Civil Procedure has "earned its retirement." 127 S. Ct. at 1968. Though Rule 8(a) still requires only "a short and plain statement of the claim showing the pleader is entitled to relief," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (June 4, 2007), Plaintiffs must "amplify their claims with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F. 3d 143, 157-58 (2d Cir. 2007) (emphasis in original) ("Some of [*Twombly's*] language relating generally to Rule 8 pleading standards seems to be so integral to the rationale of the Court's parallel conduct holding as to constitute a necessary part of that holding," and that "the Court's explanation for its holding indicated that it intended to make some alteration in the regime of pure notice pleading that had prevailed in the federal courts ever since *Conley v. Gibson*, 355 U.S. 41 (1957), was decided half a century ago." *Id*. at 155) (citation omitted); *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. July 11, 2007). Where Plaintiffs fail – as they do here – to allege facts sufficient "to state a claim to relief that is plausible on its face," their claims must be dismissed. *Twombly*, 127 S. Ct. at 1974; *Lyddy v. Bridgeport Board of Education*, No. 3:06CV1420, 2007 WL 2697452, at *3 (D. Conn. Sept. 11, 2007) (dismissing plaintiffs' complaint for failing to state a claim for relief that was plausible on its face in accordance with *Twombly*).

Recognizing the problems that this standard poses for Plaintiffs, they assert that this pleading requirement does not apply to their claims in the SCAC, an assertion that finds no

---

2     *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); and *see Twombly*, 127 S. Ct. at 1968-70 (stating that *Conley*'s "no set of facts" phrase "is best forgotten as an incomplete, negative gloss on an accepted pleading standard.")

support in the cases they cite. *See*, *e.g.*, the string of *pre-Twombly* cases cited in Pls' Opp. at 14, 15 sustaining claims for breach of co-fiduciary duties.³

Plaintiffs also argue that they are excused from meeting *Twombly's* plausibility standard because it applies solely to antitrust cases. In so arguing, Plaintiffs disregard entirely the numerous courts, of which the Second Circuit is one, that have declined to read *Twombly* as so limited in reach. *See, e.g., ATSI Communications, Inc.*, 493 F.3d at 98 n.2 (quoting *Iqbal v. Hasty*, 490 F. 3d 143, 158 (2d Cir. 2007)) ("We have declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases."); *Lyddy*, 2007 WL 2697452, at *3 (dismissing Title VII case under *Twombly*); *see also In re Adelphia Communications Corp. Sec. and Deriv. Litig.*, No. 03 MD 1529, 2007 WL 2615928, at *1 n. 3 (S.D.N.Y. Sept 10, 2007) (stating that "while *Twombly* was an antitrust case, the Second Circuit and the Southern District of New York have applied *Twombly* more broadly.") (citations omitted).

### B. PLAINTIFFS' CLAIMS AGAINST THE PLAN ADMINISTRATOR DEFENDANTS ARE NOT PLAUSIBLE AND MUST BE DISMISSED

ERISA provides that one is a fiduciary with respect to a plan *to the extent* one "exercises any authority or control respecting management or disposition of its assets," 29 U.S.C. § 1002(21)(A)(i), or *to the extent* one "has any discretionary authority or responsibility in the administration of such plan," 29 U.S.C. § 1002(21)(A)(iii). The "management or disposition" language in ERISA "refers to the common transactions in dealing with a pool of assets: selecting investments, exchanging one instrument or asset for another, and so on." *Harris Trust & Savs. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 28 (2d. Cir. 2002) (quoting *Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1189 (7th Cir. 1994)). On the other hand, "[t]he ordinary trust law understanding of fiduciary 'administration' of a trust is that to act as an administrator is to perform the duties imposed, or exercise the powers conferred, by the trust documents." *Varity*

---

³ Further, Plaintiffs' argument that the SCAC at least meets Form 9's model pleading form for a negligence claim does not help them. Plaintiffs erroneously assert in their Opposition (Opp. at 5) that Form 9's pleading standard was "noted with approval by the majority in *Twombly*" when indeed the *Twombly* dissent expressly states that the "majority repudiates" the pleading standard modeled in Form 9 in connection with its holding. *Twombly*, 127 S. Ct. at 1971, 1978.

*Corp. v. Howe*, 516 U.S. 489, 502 (1996). Neither encompasses the other, and as the Second Circuit has long observed, "a person may be an ERISA fiduciary with respect to certain matters but not others." *Harris Trust & Savs. Bank*, 302 F.3d at 28 (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1259 (2d Cir. 1987)).

Here, the Plan language and division of fiduciary responsibility is clear: the Plan Administrator Defendants[4] were given no role in asset management, and instead were limited to the administration of the Plan.[5] The Plan clearly vested asset management responsibilities in others. In similar cases alleging that plan administrators who had no role in asset management breached asset management fiduciary duties, courts have readily dismissed the wrongly named plan administrators. *See, e.g., Smith v. Delta Air Lines, Inc.*, 422 F. Supp. 2d 1310, 1326 (N.D. Ga. 2006) (dismissing imprudent investment count against plan administrators because "[t]he actions which Plaintiff claims Defendants should have taken related to investment decisions under the Savings Plan, which were the responsibility of the Investment Committee. Therefore, the Administrative Committee was not a Named Fiduciary with respect to investment decisions.") (internal citations omitted); *Agway, Inc., Employees' 401(k) Thrift Inv. Plan v. Magnuson*, No. 5:03-CV-1060, 2006 WL 2934391, at *13-14 (N.D.N.Y. Oct. 12, 2006) (dismissing fiduciary breach claims against plan administrator "to the extent that it alleges a breach on the part of the Administration Committee Defendants based upon their failure to guard against the Plan's investment in [Company stock]").

As aptly stated by the Eleventh Circuit:

---

[4] The "Plan Administrator Defendants" are Lawrence Becker, Sally Conkright, and Patricia Nazemetz (the three of whom are alleged to be plan administrators of the Plan, SCAC ¶¶ 16-18), and Arlyn Kaster (alleged to be a plan administrator, in her individual capacity, of the Union Plan, SCAC ¶ 19).

[5] Plaintiffs attempt to create confusion, despite having no legal support, by stating that because the Plan gave the Plan Administrator Defendants "full authority" over the administration of the Plan, asset management was somehow added to their duties. (Opp. at 7). However, "full authority" is required by ERISA in order to convey the necessary level of discretionary power to a plan administrator so that they may determine claims for benefits. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989) (noting that ERISA requires that the fiduciary who has the "authority to control and manage the operation and administration of the plan" must provide a "full and fair review" of claim denials). Even if it were appropriate in some circumstances to interpret "operation and administration" to include asset management duties (*e.g.,* where there is but a single plan fiduciary), that logic falls apart where, as here, there are multiple fiduciaries, and some are clearly given asset management responsibility and some are clearly given plan administration responsibilities.

4

> If ERISA did not limit the definition of fiduciaries to those with knowledge of their authority and discretion, then persons or entities could become subject to fiduciary liability without notice. Such a result would not only be unfair, but it would also disserve a core purpose of ERISA, which is to create a system whereby accountable fiduciaries are motivated by their accountability to protect the interests of participants in ERISA plans.

*Herman v. Nationsbank Trust Co.*, 126 F.3d 1354, 1366 (11th Cir. 1997) (holding that certain persons did not have, and therefore could not exercise, control over the company stock at issue).

Plaintiffs now state that their Count I claim against the Plan Administrator Defendants is a breach of fiduciary duty only with respect to the "imprudent *investment* of Plan assets." (Opp. at 1) (emphasis added). Nowhere in the SCAC, however, do Plaintiffs allege when or how these Defendants became such fiduciaries or what they did to be charged with fiduciary status relating to asset management. The absence of such allegations is fatal to their claim.

Plaintiffs attempt in their Opposition to shoehorn fiduciary status for asset management into plan language that unambiguously applies only to plan administration, and point to a provision in the Plan documents that they contend conferred the asset management authority onto the Plan Administrator Defendants. In doing so, Plaintiffs ignore the Plan language that clearly and unequivocally vests asset management authority in others.[6] Tellingly, Plaintiffs fail to point to *any* allegation in the SCAC that the Plan Administrator Defendants exercised asset management authority, with respect to the Xerox Stock Fund or any other investment fund available under the Plan.

The Plan is straightforward in its allocation of fiduciary responsibility. It identifies the fiduciaries who are responsible for asset management by identifying a committee that "shall be a

---

[6] Plaintiffs also claim that this Court has already decided this argument in its April 17, 2007 order (Opp. at 7-8), but that is not the case. The Court stated that "[i]t is not possible to tell from the way in which [the Complaint was written] whether the claim in any count is against all or just some of the defendants." *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206, 212 (D. Conn. 2007). In this Motion to Dismiss, the Plan Administrator Defendants are not arguing that they are not fiduciaries for any purpose (for they are fiduciaries with respect to Plan administration) but that the fiduciary breach alleged against them – the imprudent investment of plan assets – is not something that fell within the scope of their described fiduciary authority because the plan vested asset management authority in others. As explained in the Motion and this Reply, Rule 8's standard with respect to investment of plan assets is satisfied only as to those who, under the terms of the plan and the facts alleged in the complaint, are plausibly alleged to have exercised authority or control in the investment of those assets, in this case the Xerox Stock Fund.

5

named fiduciary of the Plan and shall have the authority to control and manage the assets of the plan." Dkt. No. 45, 1997 Plan § 2.04, 1998 Plan § 2.04; 2002 Plan § 2.04. As to administrative responsibilities, the Plan provides for "a Plan Administrator who shall have full authority to control and manage the operation and administration of the Plan." 1997 Plan § 2.03, 1998 Plan § 2.03; 2002 Plan § 2.03.[7] These provisions were crafted with evident care to closely follow the divisions laid out in the ERISA definition of "fiduciary," section 1002(21).

Therefore, Count I must be dismissed against the Plan Administrator Defendants because Plaintiffs have not plausibly alleged that they were fiduciaries with respect to the violations asserted in Count I.

### 1. Arlyn Kaster, In Her Individual Capacity, Must Be Dismissed As A Defendant Because She Was Not The Plan Administrator Of The Union Plan

Plaintiffs mistakenly assert that Arlyn Kaster, in her individual capacity, is a proper Defendant because she signed the Union Plan Form 5500s and was a member of the JAB.[8] (Opp. at 9-10).

"Administrator" is a specifically defined term under ERISA, *see* 29 U.S.C. § 1002(16)(A). "[I]f a plan specifically designates a plan administrator, then that individual or entity is *the* plan administrator for purposes of ERISA." *Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998) (quoting *McKinksey v. Sentry Ins.*, 986 F.2d 401, 404 (10th Cir. 1993)) (emphasis in original). Therefore, when a plan "unambiguously designates [a] Committee as the plan administrator, [other] named defendants cannot be considered the proper defendants" in the action, and must be dismissed. *Fenwick v. Merrill Lynch & Co.*, No. 3:06cv880, 2007 WL 703613, at *2 (D. Conn.

---

[7] Other provisions in the Plan further reinforce the duties and responsibilities of the Plan Administrator, such as the administration of the participant loan program (1998 Plan § 6.15), the processing of benefit payments (1998 Plan § 7.03), determining participant qualification for hardship withdrawals (1998 Plan § 8.05), processing qualified domestic relations orders (1998 Plan § 10.01), and other traditional acts of plan administration.

[8] The SCAC alleges that Arlyn Kaster is a defendant in two capacities: in her individual capacity as "Plan Administrator" of the Union Plan, *see* SCAC ¶ 19, and in her capacity as a member of the Joint Administrative Board of the Union Plan, *see* SCAC ¶ 20. This Motion seeks only to dismiss her from the Complaint in her individual capacity as "Plan Administrator" of the Union Plan, *i.e.*, the allegation in SCAC ¶ 19.

March 5, 2007); *see also Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385-387 (E.D.N.Y. 2005) (collecting cases).

Here, the Union Plan clearly provides that the Joint Administrative Board is the sole "Plan Administrator." *See* Dkt. No. 45, Union Plan § 2.01. Arlyn Kaster's signature on the Form 5500 does not alter this plain plan language.[9] Accordingly, Arlyn Kaster *qua* Arlyn Kaster "Plan Administrator" is not a proper defendant in this action and must be dismissed.

### C. THE SCAC FAILS TO ADEQUATELY ALLEGE CO-FIDUCIARY LIABILITY

In their Opposition, Plaintiffs admit that their allegations of co-fiduciary liability in each count of the SCAC apply only to "the Defendants *named in that Count,*" and "only for the plan of which they are a fiduciary."[10] (Opp. at 11-12 & n.8) (emphasis in original). However, even with this concession of intra-Count and intra-plan delineation of allegations, Plaintiffs still do not plead plausible claims for co-fiduciary liability under *Twombly*.

To properly plead co-fiduciary liability, Plaintiffs must plead sufficient facts to make out the claim, *i.e.* "identify the breaches of fiduciary duty, identify the defendants with knowledge of the breaches, identify . . . how each defendant failed to take reasonable efforts to remedy the breach, and identify what acts the specific defendants took to conceal information [of the fiduciary breach.]" *In re McKesson HBOC, Inc. ERISA Litig.*, No. 02 C 8257, 2002 WL 31431588, at *17 (N.D. Cal. Sept. 30, 2002) (dismissing co-fiduciary claim that consisted of the allegation "The facts outlined in this Complaint demonstrate that the various fiduciaries who are Defendants in this action either had knowledge of the fiduciary breaches committed and failed to

---

[9] The form requires a signature. Ms. Kaster was a member of the Joint Administrative Board, which was the plan administrator of the Union Plan. The "Annual Report" to which Plaintiffs refer, the Form 5500, has a separate entry that clearly identifies the "plan administrator" without regard to the signature line. Ms. Kaster signed on behalf of the JAB. That act did not make her plan administrator of the Union Plan in her individual capacity.

[10] For example, as Defendant Tayler is identified as a defendant only in Count I, he cannot have co-fiduciary liability for the alleged breach of fiduciary duty directed at Defendant Allaire in Count III. Similarly, a member of the Joint Administrative Board (alleged fiduciary of the Union Plan, SCAC ¶ 46) cannot have co-fiduciary liability for the alleged fiduciary breaches of members of the Board's Finance Committee (alleged fiduciary of the Plan, SCAC ¶ 44) because the Joint Administrative Board has no role whatsoever under the Plan, while the Finance Committee has no role whatsoever under the Union Plan. Such a limitation comports with the requirements of ERISA.

7

take reasonable efforts to remedy the breaches, or by acts or omissions, concealed relevant information, which constituted breaches of fiduciary duty, in violation of § 1105").

Where a "complaint does not specify which breaches by which putative fiduciaries were known of and/or facilitated by which co-fiduciaries," the claim of co-fiduciary liability must be dismissed. *Stein v. Smith*, 270 F. Supp. 2d 157, 175 (D. Mass. 2003) (co-fiduciary claims dismissed in view of inadequately pleaded allegations respecting defendants' knowledge). *See also In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1230 (D. Kan. 2004) (dismissing co-fiduciary claim as too "conclusory" where plaintiffs "simply parrot[ed] the language of the co-fiduciary liability statute"); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 980 & 988 (C.D. Cal. 2004) (dismissing co-fiduciary claim because plaintiffs did not adequately support their bare allegation that "Defendants knew of the breaches, participated in the breaches, or made no effort to remedy them"); *Herrington v. Household Int'l, Inc.*, No. 02c8257, 2004 WL 719355, at *10 (N.D. Ill. March 30, 2004) (dismissing co-fiduciary claim because the "allegations that all of the Defendants knew of the improper conduct of Household and the Defendants individually acted improperly does not show that co-fiduciary liability is appropriate," and that an allegation that defendants "knowingly undert[ook] to conceal Household's failure to loyally and prudently manage Plan assets" was too "conclusory").

Here, Plaintiffs still fail to allege which Defendant is liable for what conduct. Though Plaintiffs assert that there is a "wealth of detail provided in the SCAC" to support their co-fiduciary duty claims (Opp. at 12), Plaintiffs fail to provide a single reference to any paragraphs in the SCAC that supports such a contention. Plaintiffs' excuse for this deficiency is that co-fiduciary liability is "inherently collective and collaborative [in] nature." (Opp. at 12). This non-sequitur explanation does not save Plaintiffs' insufficiently pled claims for co-fiduciary liability.

### D. THE SCAC FAILS TO ADEQUATELY ALLEGE A CLAIM FOR INJUNCTIVE RELIEF

Plaintiffs concede in their Opposition that the first time around, this Court found their claim for injunctive relief deficient under Rule 65 and thus, as a result, their request for such relief was "delet[ed] from the SCAC." (Opp. at 15).

A comparison of paragraph 4 of the initial Consolidated Amended Complaint's Prayer for Relief to paragraph 4 asserted in the SCAC belies Plaintiffs' assertion. Though Plaintiffs deleted the offending paragraph from the SCAC, Plaintiffs *did not* remove their already rejected request for injunctive relief from the SCAC. Instead, Plaintiffs simply sandwiched the same request into a different paragraph of the Prayer for Relief. *See* comparison at Noble Decl. Ex. 1. By so pleading, Plaintiffs seek to relitigate an issue already decided. Such pleading tactics should not be countenanced.

Because Plaintiffs' request for injunctive relief is, on its face, nothing more than "a simple command," which is even more "generalized" than it was when this Court first found it to be inadequately pled, it fails to state a claim. *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996) (citing *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 748 (2d Cir. 1994)).

### CONCLUSION

For the reasons stated herein, as well as those set forth in their August 9, 2007 Memorandum of Law in Support of their Amended Partial Motion to Dismiss the SCAC, Defendants respectfully request that the Court dismiss: (1) Count I for failure to adequately plead a claim against the alleged "Plan Administrator Defendants" for fiduciary breach in connection with asset management, (2) Counts I-III for failure to adequately plead co-fiduciary liability against all Defendants, and (3) Plaintiffs' prayer for injunctive relief against all Defendants.[11]

---

[11] Though Plaintiffs' Opposition contends that Defendants suggest Plaintiffs ought to have yet another opportunity to replead these claims (Opp. at 12), Plaintiffs are mistaken. Defendants request that these claims be dismissed with prejudice.

Respectfully Submitted,

ALL DEFENDANTS
(except Myra Drucker, William Roscoe and Eunice Filter)

By: _/s/ Steven J. Sacher__
Steven J. Sacher (ct24024)
Evan Miller (phv01958)
Kevin R. Noble (phv01959)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Jayant W. Tambe (ct15992)
Aviva Warter Sisitsky (phv01990)
Michael F. Stoer (phv02063)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Benjamin Green (ct05166)
Frances Codd Slusarz (ct24442)
DREIER LLP
One Landmark Square, 20th Floor
Telephone: (203) 425-9500
Facsimile: (203) 425-9595

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 21, 2007, I caused a copy of the foregoing to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

**Attorneys for Defendants:**

| | |
|---|---|
| Steven J. Sacher, Esq.<br>sjsacher@jonesday.com<br>Evan Miller, Esq.<br>Kevin Noble, Esq.<br>**Jones Day**<br>51 Louisiana Avenue, N.W.<br>Washington, DC  20001-2113<br>Tel:  202-879-3939 | Michael T. Hannafan, Esq.<br>mth@hannafanlaw.com<br>Blake T. Hannafan, Esq.<br>**Hannafan & Hannafan, Ltd.**<br>One East Wacker Drive, Suite 1208<br>Chicago, IL  60601<br>Tel:  312-527-0055 |
| Jayant W. Tambe, Esq.<br>jtambe@jonesday.com<br>Aviva Warter Sisitsky, Esq.<br>Michael F. Stoer, Esq.<br>**Jones Day**<br>222 East 41st Street<br>New York, NY  10017-6702<br>Tel:  212-326-3939 | Benjamin H. Green, Esq.<br>bgreen@dreierllp.com<br>**Dreier LLP**<br>One Landmark Square, 20th Floor<br>Stamford, CT  06901<br>Tel: 203 425 9500 |

**Attorneys for Plaintiffs:**

| | |
|---|---|
| John F. McKenna, Esq.<br>jmckenna@grmattorneys.com<br>**Goodman, Rosenthal & McKenna, PC**<br>977 Farmington Avenue, Suite 200<br>West Hartford, CT  06107<br>Tel:  860-231-2800 | Brian McTigue, Esq.<br>bmctigue@mctiguelaw.com<br>**McTigue & Porter LLC**<br>5301 Wisconsin Avenue, NW, Suite 350<br>Washington, DC  20015<br>Tel:  202-364-6900 |
| Charles R. Watkins, Esq.<br>cwatkins@futtermanhoward.com<br>John R. Wylie, Esq.<br>**Futterman Howard Watkins Wylie**<br>  **& Ashley**<br>122 S. Michigan Avenue, Suite 1850<br>Chicago, IL  60603<br>Tel:  312-427-3600 | Lynn Lincoln Sarko, Esq.<br>lsarko@kellerrohrback.com<br>Elizabeth A. Leland, Esq.<br>**Keller Rohrback L.L.P.**<br>1201 Third Avenue, Suite 3200<br>Seattle, WA  98101<br>Tel:  206-623-1900 |

Sherrie R. Savett, Esq.
srs@bm.net
Joy Clairmont, Esq.
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
Tel: 215-875-3000

Joseph H. Meltzer, Esq.
jmeltzer@sbclasslaw.com
**Schiffrin Barroway Topaz & Kessler, LLP**
280 King of Prussia Road
Radnor, PA 19087

Ellen Doyle, Esq.
edoyle@stemberfeinstein.com
**Stember Feinstein Doyle & Payne, LLC**
Suite 1700 Allegheny Building
429 Forbes Avenue
Pittsburg, PA 15219
Tel: 412 281 8400

Gary A. Gotto, Esq.
ggotto@kellerrohrback.com
**Keller Rohrback P.L.C.**
3101 North Central Avenue
Suite 1400
Phoenix, AZ 85012
Tel: 602-248-0088

Daniel M. Harris, Esq.
lawofficedh@yahoo.com
**Law Offices of Daniel M. Harris**
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312-960-1802

                                                /s/ Joanne J. Rapuano
                                                Joanne J. Rapuano