IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE XEROX CORPORATION<br>ERISA LITIGATION<br><br>This Document Relates To:<br>    ALL ACTIONS | Master File No. 02-CV-1138 (AWT)<br><br>CLASS ACTION<br><br>December 6, 2007 |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE PARTY
DEFENDANTS IN PLACE OF DECEASED DEFENDANTS
EUNICE M. FILTER AND WILLIAM ROSCOE OR, IN THE ALTERNATIVE, TO
EXTEND THE TIME FOR FILING A MOTION TO SUBSTITUTE IN RELATION
TO SUCH DECEASED DEFENDANTS**

Plaintiffs submit this brief in support of their Motion to Substitute Party Defendants in Place of Deceased Defendants Eunice M. Filter and William Roscoe or, in the Alternative, to Extend the Time for Filing a Motion to Substitute in Relation to Such Deceased Defendants. For the reasons herein, the motion should be granted.

## ARGUMENT

Eunice M. Filter and William Roscoe have been named as Defendants in this action since its inception. Without detailing the allegations in the Second Consolidated Amended Complaint that pertain to them, in sum, both are alleged to have been employed by Defendant Xerox Corp., both are alleged to have been fiduciaries of retirement Plans involved in this suit, and both are alleged to have breached their fiduciary duties under ERISA, 29 U.S.C. § 1001 *et seq*.

On September 10, 2007, Defendants served Plaintiffs with Suggestions of Death in regard to both Mr. Roscoe and Ms. Filter pursuant to Rule 25, Fed. R. Civ. P. (Docket Nos. 232 & 233, respectively). These filings provided Plaintiffs with ninety days to move to substitute parties defendant in place of Ms. Filter and Mr. Roscoe. Plaintiffs have now filed their motion, and for the reasons set forth below, it should be granted.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides in relevant part:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party.... If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a)(3) of the Federal Rules of Civil Procedure provides in relevant part:

A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4…. Service may be made in any judicial district.

In sum, to substitute a deceased party defendant, four simple requirements must be met: (1) a timely motion for substitution must be filed; (2) the claim must not be extinguished by the death of the deceased party; (3) the substituted parties must be "proper parties"; and (4) the motion must be served. *See* 7C C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure:* §§ 1951-1956 (2d ed. 1986).[1] Each of these requirements is met with respect to the substitutions requested.

A.   **The Motion to Substitute Should be Granted With Respect to Defendants Filter and Roscoe**

   1.   **Plaintiffs' Motion is Timely**

The instant motion, filed less than 90 days after Plaintiffs were served with the suggestions of Ms. Filter and Mr. Roscoe's deaths, is timely under Rule 25(a), Fed. R. Civ. P.

   2.   **The ERISA Claims in this Action Survive the Death of Ms. Filter and Mr. Roscoe**

It is well-settled that claims for breach of fiduciary duty under ERISA survive the death of the defendant. *Hardy v. Kaszycki & Sons Contractors Inc.*, 842 F. Supp. 713, 718 (S.D.N.Y. 1993); *see also Khan v. Grotnes Metalforming Sys., Inc.*, 679 F. Supp. 751, 757 (N.D. Ill. 1988);

---

[1] Rule 25 was amended as of December 1, 2007. According to the Advisory Committee Notes for the amendments, however, "[T]he language of Rule 25 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the Rules." The changes do not modify the substance of the rule.

*see generally,* 7C C. Wright, A. Miller & M. Kane, § 1954, at 539-40 (2d ed. 1986). Accordingly, Plaintiffs' claims against Ms. Filter and Mr. Roscoe were not extinguished by their deaths.

### 3. The Plaintiffs' Motion Names the Proper Parties

Although the Defendants' suggestions of Ms. Filter and Mr. Roscoe's deaths contained no information other than a simple statement of death, Plaintiffs' subsequent investigation disclosed that Ms. Filter's estate was probated in the Court of Probate in Westport, Connecticut, and that the estate is now closed. ("Closing number" 13964.) Plaintiffs learned from counsel to the Roscoe estate that Mr. Roscoe's estate remains open in the Surrogate's Court of Monroe County, New York. (No. 2007-1684.)

In situations where the estate has been distributed, such as in the case of Defendant Filter, the distributees under the deceased's will are proper parties to name as substitute defendants. *Graham v. Henderson,* 224 F.R.D. 59, 64-65 (N.D.N.Y. 2004); *Sinito v. United States Dept. of Justice,* 176 F.3d 512, 516 (D.C. Cir. 1999).

We have been advised by attorney John Musicaro, Jr., of Cummings & Lockwood LLC, in Stamford CT, who represented the Filter estate and also serves as trustee under trusts established in the Filter will, that the distributees under the Filter will are (1) Henry Charles Filter, III, individually; (2) Henry Charles Filter, III and John R. Musicaro, Jr., as trustees of the Trust for the benefit of Henry Charles Filter, III and his descendants under Article II of the Eunice M. Filter Insurance Trust under Agreement dated January 19, 1995; and (3) Jerry W. Hostetter and John R. Musicaro, Jr., as trustees of the Marital Trust under Article IV of the Eunice M. Filter Revocable Trust dated February 25, 2002 (the "Filter Substitute Defendants").

Where an estate is still open, as in the case of Defendant Roscoe, the "legal representative" of the estate is a proper party for substitution. *Sinito*, 176 F.3d at 516; *see also* 7C C. Wright, A. Miller & M. Kane, at § 1956 (citing *Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir. 1952)). Under New York law, one who has received letters testamentary to the estate of a decedent is a legal representative. *Abra Construction Corp. v. Greco*, No. 04 Civ. 0002, 2004 WL 2434969, *1 (Oct. 29, 2004, S.D.N.Y.); N.Y. Est. Powers & Trusts § 1-2.13.

We have been advised by attorney Lisa C. Arrington, of Lacy Katzen LLP, in Rochester, New York, who is representing the Roscoe estate, that Barbara D. Roscoe (the "Roscoe Substitute Defendant"), received letters testamentary and is the court-appointed legal representative of Mr. Roscoe's estate. Therefore, Barbara D. Roscoe is the proper party to substitute as a defendant for the late Mr. Roscoe.

**4.     This Motion is Properly Served Under Rule 25(a)**

Under Rule 25(a), a motion to substitute should be served on "the parties as provided in Rule 5 and upon persons not parties in the manner provided for in Rule 4 for the service of a summons." The motion is being properly served on both the parties and affected non-parties. Counsel for Defendants Roscoe and Filter at Jones Day has agreed to accept service of this motion on behalf of the Filter Substitute Defendants and the Roscoe Substitute Defendant.

**B.     Plaintiffs' Request for Additional Time, if Necessary, to Effect a Substitution for Defendants Filter and Roscoe Should be Granted**

We have been advised by members of the bar – *i.e.*, Mr. Musicaro and Ms. Arrington – regarding the identity of the proper substitute defendants for the late Ms. Filter and Mr. Roscoe, respectively. Plaintiffs have no reason to doubt the information provided by Mr. Musicaro and Ms. Arrington. Accordingly, Plaintiffs believe in good faith that, by this motion, they seek substitution of the proper persons.

The information provided by attorneys Musicaro and Arrington is, however, as yet unconfirmed by Defendants. Plaintiffs request, therefore, to guard against the very unlikely possibility that the information provided to Plaintiffs proves to have been inaccurate or incomplete, that their time for filing a revised motion to substitute naming the correct parties be extended until 60 days after the date on which it is determined and Plaintiffs are advised that the information previously provided to Plaintiffs is incorrect and are advised of the correct substitute party information.

Plaintiffs' request for additional time is in all respects proper, and ample cause exists for granting it. Rule 6(b)(1)(A), Fed. R. Civ. P., provides for extensions of time as follows:

> (1) In General. When an act may or must be done within a specified time, the Court may, for good cause, extend the time:
>
>> (A) with or without motion or notice if the Court acts, or if a request is made, before the original time or its extension expires[.][2]

Since being notified of the deaths of Defendants Filter and Roscoe, Plaintiffs have worked diligently to identify the proper parties to be substituted as defendants in their stead. Plaintiffs believe they seek to substitute the correct persons, but if they are in error, it will be through no fault of their own. Defendants Filter's and Roscoe's suggestions of death contained no information regarding where or when they died, where they lived at the time of their demise, where or if their estates had been probated, and who (if anyone) the proper heirs or parties to substitute might be. Plaintiffs nonetheless discovered the identity of the proper persons to substitute through their independent research.

Rule 6(b), Fed. R. Civ. P., allows for enlargement of the time for a party to file a Rule 25 motion to substitute, and indeed was amended in 1963 for this express purpose. *See* Fed. R. Civ. P. 25, Advisory Committee Note (1963); *Kernisant v. City of New York*, 225 F.R.D. 422, 426-27

---

[2] Rule 6(b), Fed. R. Civ. P., was also revised effective December 1, 2007, for stylistic purposes only.

5

(E.D.N.Y. 2005) ("The Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b)"). This Court has good cause to extend their time in light of Plaintiffs' continued and diligent efforts to locate proper substitute parties and the lack of prejudice to Defendants. Courts have been liberal in extending the time in which to move for substitution under Rule 25(a)(1) where, as here, there have been delays ascertaining the identity of a proper substitute. *See, e.g., Kernisant,* 225 F.R.D. at 432.

Plaintiffs' motion for additional time cannot result in any prejudice to the affected parties. *Yonofsky v. Wernick,* 362 F. Supp. 1005, 1015 (S.D.N.Y. 1973) (granting motion for enlargement of time in which to substitute party pursuant to Rule 6(b)(2)); *see also Staggers v. Otto Gerdau Inc.,* 359 F.2d 292, 296 (2d Cir. 1966). They, as well as Defendants, are, and have been, aware of Plaintiffs' intent to seek substitution and cannot dispute Plaintiffs' diligence in researching the identity of the proper parties to substitute.

## CONCLUSION

For the reasons stated above, Plaintiffs request that the Court substitute the Filter and Roscoe Substitute Defendants in place of Defendants Filter and Roscoe as party defendants in this matter, or, in the alternative, grant Plaintiffs the requested additional time to file a revised motion to substitute with respect to Defendants Filter and Roscoe if needed.

Dated this 6th day of December, 2007.

Respectfully submitted,

By: */s/ Charles R. Watkins*
FUTTERMAN HOWARD WATKINS WYLIE &
ASHLEY, CHTD.
Charles R. Watkins (ct23936)
*cwatkins@futtermanhoward.com*
John R. Wylie (ct23937)
*jwylie@futtermanhoward.com*
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Telephone: (312) 427-3600
Facsimile: (312) 427-1850
**Co-Lead Counsel**

KELLER ROHRBACK L.L.P.
Elizabeth A. Leland (ct01338)
*eleland@kellerrohrback.com*
Erin M. Riley
*eriley@kellerrohrback.com*
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
**Co-Lead Counsel**

KELLER ROHRBACK L.L.P.
Gary A. Gotto (ct23952)
*ggotto@kellerrohback.com*
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: 602-248-0088
Fax: 602-248-2822
**Co-Lead Counsel**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
*lawofficedh@yahoo.com*
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802
Facsimile: (312) 960-1936
**Steering Committee Counsel**

7

BERGER & MONTAGUE, P.C.
Sherrie R. Savett
*ssavett@bm.net*
Joy Clairmont
*jclairmont@bm.net*
1622 Locust Street
Philadelphia, PA 19103-6365
Telephone: (215) 875-3000
Facsimile: (215) 875-4503
**Steering Committee Counsel**

SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
Marc A. Topaz
*mtopaz@sbclasslaw.com*
Joseph H. Meltzer
*jmeltzer@sbclasslaw.com*
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
**Steering Committee Counsel**

STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
*edoyle@stemberfeinstein.com*
The Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 232-3730
**Steering Committee Counsel for the Union Plan**

MCTIGUE & PORTER LLP
Brian McTigue
*bmctigue@mctiguelaw.com*
Jennifer H. Strouf
*jstrouf@mctiguelaw.com*
5301 Wisconsin Avenue, N.W., Suite 350
Washington, DC 20015
Telephone: (202) 364-6900
Facsimile: (202) 364-9960
**Steering Committee Counsel for the Union Plan**

          GOODMAN ROSENTHAL & MCKENNA PC
          John F. McKenna (ct00104)
          *jmckenna@grmattorneys.com*
          977 Farmington Avenue, Suite 200
          West Hartford, CT  06107
          Telephone:  (860) 231-2800
          Facsimile:  (860) 523-9235
          **Liaison Counsel**

G:\KATE\Xerox\Pleadings\Brief re substitution (4).doc