**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
IN RE XEROX CORPORATION ERISA :
LITIGATION                    :    Civ. No. 3:02CV01138(AWT)
                              :
                              :
------------------------------x
```

**RULING ON DEFENDANTS' (EXCEPT MYRA DRUCKER) PARTIAL MOTION TO**
<u>**DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT**</u>

The plaintiffs, who are participants in two Xerox Corporation 401(k) retirement income plans, filed a consolidated amended complaint against defendants Xerox Corporation ("Xerox") and certain of its present and former directors, officers, and employees, alleging that they breached fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in connection with investments in Xerox common stock. On April 17, 2007, this court granted in part and denied in part the Defendant's Motion to Dismiss the Consolidated Amended Complaint (Doc. No. 44), but granted leave to file a second amended consolidated complaint. (<u>See</u> Ruling on Motion to Dismiss Consolidated Amended Complaint (Doc. No. 175) (the "Ruling")). On May 17, 2007, the plaintiffs filed a Second Consolidated Amended Complaint (Doc. No. 179) (the "Complaint") that sets forth three causes of action: Count I (Imprudent Investment of Plans' Assets); Count II (Failure to Monitor the Plans'

Fiduciaries); and Count III (Providing Incomplete and Inaccurate Information to Participants).  All defendants except Myra Drucker (the "defendants") have filed a Partial Motion to Dismiss the Second Amended Consolidated Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), and 65.  Specifically, the defendants have moved to dismiss Count I for failure to adequately plead a claim against the alleged "Plan Administrator Defendants" for breach of fiduciary duty in connection with investment and asset management; Counts I through III for failure to adequately plead co-fiduciary liability against all defendants; and the plaintiffs' request for injunctive relief against all defendants.  For the reasons set forth below, the defendants' motion to dismiss is being granted in part, with leave to replead, and denied in part.

**I.   LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See also Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  "The

function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

To comply with Rule 8, a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "A complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 343 (2d Cir. 2006) (citations omitted). "[A] complaint is sufficient if it gives 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Phelps v. Kapnolas, 308 F.3d 180, 186 (2d Cir. 2002) (quoting Swierkiewicz v. Sorema N.A., 534 U.S.

506, 512 (2002)) (citation omitted).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Id. at 1974.

**II.  DISCUSSION**

    A.   Notice to the Defendants

The defendants argue, as they did with respect to the consolidated amended complaint, that the Complaint should be dismissed because the plaintiffs have lumped together all defendants under all counts, alleging that all of them violated all of the asserted fiduciary duties, with the result being that the Complaint fails to put the various defendants on notice of the allegations against them.  Therefore, the defendants maintain that the Complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a).

In the Ruling, the court concluded that "under Fed. R. Civ.

P. 8(a), each defendant or group of defendants is entitled to know which claims are being asserted against him, her or it at this time." (Ruling at 9). The Ruling further stated that "by simply making blanket references to 'Defendants,' the plaintiffs fail to give adequate notice to each defendant." (Id. at 14). Therefore, the court required the plaintiffs to "clarify which of the remaining counts are asserted against which defendants or groups of defendants." (Id. at 9).

In the Complaint, the plaintiffs have cured the deficiency noted in the Ruling. The plaintiffs have included a header at the beginning of each count which lists the defendants against whom the count is asserted. The reference to "Defendants" in each count now clearly refers to the defendants named in that count. Therefore, the defendants have been given adequate notice of the claims asserted against them. See, e.g., In re CMS Energy ERISA Litigation, 312 F.Supp.2d 898, 909 (E.D. Mich. 2004) (holding that the defendants had sufficient notice of the claims made against them under Fed. R. Civ. P. 8 when "each heading in the complaint identifie[d] which defendants the claim is levied against").

    B.    Alleged Breach of Fiduciary Duty by the Plan Administrator Defendants in Count I

The defendants have moved to dismiss Count I with respect to the Plan Administrator defendants. Defendants Lawrence Becker, Sally Conkright, and Patricia Nazemetz allegedly served as Plan

Administrators of the Xerox Corporation Profit Sharing and Savings Plan (the "Plan"), and defendant Arlyn B. Kaster allegedly served as the Plan Administrator of the Profit Sharing Plan of Xerox Corporation and Xerographic Division of Needletrades, Industrial and Textile Employees, A.F.L.-C.I.O.-C.L.C. (the "UNITE Plan").

Count I alleges that the Plan Administrator defendants, among others, breached their fiduciary duties by maintaining the Xerox Stock Fund as an investment option and by investing in that Fund. (See Compl. (Doc. 179) ¶ 147) ("Under ERISA, Defendants were responsible for the prudence of the Plans' investments.... This included the responsibility for evaluating, on an ongoing basis, the prudence of continuing to offer the Xerox Stock Fund as an investment alternative.")  The defendants argue that the plaintiffs have failed to state a claim for breach of fiduciary duty against the Plan Administrator defendants because those defendants had no authority or control over investment of the Plan's assets, which included the Xerox Stock Fund.

Under ERISA, an individual or entity can become a fiduciary by being named as a fiduciary in the plan instrument or by being identified as a fiduciary pursuant to a procedure specified in the plan.  29 U.S.C. § 1102(a).  An individual is also a fiduciary with respect to a plan "to the extent (i) he exercises any discretionary authority or discretionary control respecting

management of such plan or exercises any authority or control respecting management or disposition of its assets...or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. 1002(21)(A). Thus, one can be a fiduciary under ERISA because one is named as a fiduciary or because one functions as a fiduciary. However, the Second Circuit has noted that "a person may be an ERISA fiduciary with respect to certain matters but not others, for he has that status only 'to the extent' that he has or exercises the described authority or responsibility." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1259 (2d Cir. 1987).

In the Complaint, the plaintiffs have alleged that "[d]uring the Class Period, Xerox designated the Plan Administrator Defendants in one or more of the Plans' Annual Reports, thereby rendering them named fiduciaries of the Plans under ERISA." (Compl. ¶ 42). In addition, the Plan provides the Plan Administrator defendants with "full authority to control and manage the operation and administration of the Plan." (Pl.'s Opp. (Doc. No. 230) at 6). Although the Plan documents do not specifically mention that the Plan Administrators have authority over investment or asset management, the authority given to the Plan Administrators to control and manage the operation and administration of the Plan would include responsibility for the investments with respect to the Xerox Stock Fund, which was part

of the Plan, when the pertinent language in those documents is construed in a light most favorable to the plaintiff.

The defendants maintain that the allegations of the Complaint indicate that investment and asset management functions were explicitly assigned to individuals and entities other than the Plan Administrator defendants. The defendants point to the allegation that investment decisions "were managed and directed by the Plan fiduciaries, including Xerox, the Treasurer of Xerox, and the Finance Committee of the Xerox Board of Directors." (Compl. ¶ 35). They also point to the fact that the Treasurers of Xerox were designated "to direct investment management" (Compl. ¶ 43), that the Finance Committee was "responsible for establishing Plan investment objectives and policies" and reviewing investments (Compl. ¶ 44), and that the Fiduciary Investment Review Committee "had the obligation to oversee the management of the Plan funds on a regular basis" (Compl. ¶ 45). Although these allegations in the Complaint suggest that other entities and individuals were fiduciaries with respect to investment functions, they do not suggest that the Plan Administrator defendants were not fiduciaries with respect to such functions in addition. In fact, the allegation in paragraph 35 indicates that investment decisions were managed and directed by the Plan fiduciaries and then provides a list of Plan fiduciaries that does not purport to be all-inclusive. The Plan

Administrator defendants were named fiduciaries of the Plan with "full authority to control and manage the operation and administration of the Plan." As noted above, this language supports the conclusion that the authority of the Plan Administrator defendants extended to authority over investments that were part of the Plan, when viewing the language of the Complaint, and drawing all reasonable inferences, in the light most favorable to the plaintiffs.[1]

The cases cited by the defendants in support of their contention that the Plan Administrator defendants did not have fiduciary duties with respect to investment functions are inapposite because the plan documents in those cases lack the broad language of the Plan documents here, cited above. In <u>Agway Inc., Employees' 401(k) Thrift Investment Plan v. Magnuson</u>, 2006 WL 2934391, *13-14 (N.D.N.Y 2006), the plaintiffs alleged that the administrative committee defendants breached their fiduciary duties when they authorized or acquiesced in the plan's investment in overvalued securities. The plan placed with the administrative committee defendants "[t]he responsibility for carrying out all phases of the administration of the Plan, <u>except those phases connected with the management of assets</u>." <u>Id</u>. at

---

[1] The plaintiffs also allege that the Plan Administrator defendants acted as co-fiduciaries of other fiduciary defendants, and therefore, are liable under 29 U.S.C. § 1105(a). <u>See</u> Part II.C., <u>infra</u>.

*14 (emphasis added). Therefore, the court in Aqway held that decisions relating to investment and asset management did not fall within the ambit of the administrative committee defendants' fiduciary duties. Here, by contrast, the Plan documents contain no such exclusion of activities relating to investment or asset management from the discretionary authority of the Plan Administrator defendants. In Crowley v. Corning, Inc., 234 F.Supp.2d 222, 229-30 (W.D.N.Y. 2002), the plaintiffs alleged that the board of directors breached its fiduciary duties by mismanaging plan assets and by continuing to offer imprudent investment options to plan participants. Because the board of directors only had authority under the plan to appoint, retain, or remove members of the advisory committee, and its fiduciary obligations could extend only to those acts, the court dismissed the causes of action against the board of directors. Here, by contrast, the scope of the authority of the Plan Administrator defendants was far broader than the authority given to the board of directors in Crowley.[2]

Finally, the defendants argue that defendant Kaster cannot

---

[2] The other cases cited by the defendants merely stand for the principle, discussed above, that the plaintiff must show that the defendants breached a fiduciary duty to the Plan that was related to matters within their discretion and control. See Blatt v. Marshall & Lassman, 812 F.2d 810, 812 (2d Cir. 1987); Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 61 (4th Cir. 1992); Amato v. Western Union Int'l, 773 F.2d 1402, 1416 (2d Cir. 1985).

be sued as a UNITE Plan Administrator in her individual capacity because the UNITE Plan designated the Joint Administrative Board ("JAB") as the Plan Administrator.  Although the defendants cite no authority for the proposition that a member of the JAB cannot be held personally liable for breach of fiduciary duties, they presumably rely on the Third Circuit decision in Confer v. Custom Engineering Co., 952 F.2d 34, 37 (3d Cir. 1991).  In Confer, the court held that "when an ERISA plan names a corporation as a fiduciary, the officers who exercise discretion on behalf of the corporation are not fiduciaries...unless it can be shown that these officers have individual discretionary roles as to plan administration."  952 F.2d at 37.  However, the Ninth Circuit has "rejected the Third Circuit's interpretation in Confer that an officer who acts on behalf of a named fiduciary corporation cannot be a fiduciary if he acts within his official capacity and if no fiduciary duties are delegated to him individually."  Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1459-61 (9th Cir. 1995); see also Stewart v. Thorpe Holding Co. Profit Sharing Plan, 207 F.3d 1143, 1156 (9th Cir. 2000)("where, as here, a committee or entity is named as the plan fiduciary, the corporate officers or trustees who carry out the fiduciary functions are themselves fiduciaries and cannot be shielded from liability by the company").  The Ninth Circuit explicitly relied upon the functional approach adopted by the Supreme Court in Mertens v.

Hewitt Assocs., 508 U.S. 248 (1993), a case decided after Confer, when determining whether an individual or entity is a fiduciary under ERISA. In Mertens, the Supreme Court held that ERISA "defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan, see 29 U.S.C. § 1002(21)(A), thus expanding the universe of persons subject to fiduciary duties-and to damages-under § 409(a)." 508 U.S. at 262. Under this functional approach, a fact-sensitive inquiry into the extent of responsibility and control exercised by defendant Kaster with respect to the UNITE Plan must be undertaken to determine whether she exercised sufficient discretionary authority and control to be deemed a fiduciary who can be held personally liable for a breach of fiduciary duties. Whether defendant Kaster actually possessed such authority and control is a factual issue not properly resolved pursuant to a motion to dismiss.

For these reasons, the court concludes that the plaintiffs have pled sufficient facts to state a claim against the Plan Administrator defendants for breach of fiduciary duty in Count I.

    C.    Allegations of Co-Fiduciary Liability
           in Counts I Through III

The defendants argue that the plaintiffs have not provided adequate notice under Fed. R. Civ. P. 8(a) as to which defendants are liable as co-fiduciaries under Counts I through III. As discussed above, the plaintiffs have now included in the

Complaint a header at the beginning of each count which identifies the defendants alleged to be liable under that count. With respect to the allegations of co-fiduciary liability, Count I alleges that each defendant "was and acted as a co-fiduciary of the other Defendants and the other Plan and UNITE Plan fiduciaries, as applicable, within the meaning of ERISA." (Compl. ¶ 146). Count II alleges that "each defendant in this Count also was, and acted as, a co-fiduciary of the other Defendants and the other Plan and UNITE Plan fiduciaries, respectively." (Compl. ¶ 156). Count III alleges that "[d]efendants breached their fiduciary and co-fiduciary duties" by failing to provide participants and beneficiaries with complete and accurate information. (Compl. ¶ 166). These paragraphs indicate that all defendants named in the count are liable as co-fiduciaries of the other defendants named in the count, provided they were fiduciaries with respect to the same plan, for the breach of fiduciary duty alleged in that count. Thus, the court concludes that these allegations satisfy the requirements of Fed. R. Civ. P. 8(a) in terms of informing the defendants as to which defendants are alleged to be liable as co-fiduciaries under each of Counts I through III.

    The defendants also argue that the plaintiffs have failed to make specific factual allegations in support of their claims of co-fiduciary liability in Counts I through III. Under ERISA, a

fiduciary with respect to a plan is liable for a breach of fiduciary duty by another fiduciary with respect to the same plan:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). In paragraph 157 of the Complaint, the plaintiffs have sufficiently alleged co-fiduciary liability. Specifically, the plaintiffs allege that the defendants breached the fiduciary and co-fiduciary duties owed to the plaintiffs by:

> (a) failing to adequately monitor the investing fiduciaries' investment of the Plans' assets;
>
> (b) failing to adequately monitor the Plans' other fiduciaries' implementation of the terms of the Plans, including but not limited to the investment of the Plans' assets;
>
> (c) failing to disclose to the investing fiduciaries material facts concerning the financial condition of Xerox that they knew or should have known were material to loyal and prudent investment decisions concerning the use of Xerox stock in the Plan or UNITE Plan and/or with respect to the implementation of the terms of the Plan or UNITE Plan.
>
> (d) failing to remove fiduciaries who they knew or should have known were not qualified to loyally and prudently manage the Plans' assets;

>   (e) failing to conduct an independent investigation
>   into and continually to monitor the merits of investing
>   the Plans' assets in Xerox stock;
>
>   (f) knowingly participating in the investing
>   fiduciaries' breaches by knowingly accepting the
>   benefits of those breaches, both personally and on
>   behalf of the Company; and
>
>   (g) failing to remedy those fiduciaries' breaches,
>   having knowledge of them.

(Compl. ¶ 157). As the plaintiffs note, this argument was rejected in the Ruling with respect to what is now Count II of the Complaint, based on the allegations in what is now paragraph 157 of the Complaint. This argument was not previously raised with respect to what are now Counts I and III of the Complaint. The court finds this argument unpersuasive with respect to Count III because the allegations in paragraph 157 are incorporated by reference into Count III. However, the allegations of paragraph 157 are not incorporated by reference into Count I, although they easily could have been, and the motion is being granted as to Count I, with leave to replead.

Finally, the defendants argue that the plaintiffs do not limit their allegations of co-fiduciary liability to fiduciaries of each respective plan. See 29 U.S.C. § 1105 ("a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan"). Specifically, the defendants point to paragraph 146 of the Complaint, which alleges, "[a]t all relevant times, each

-15-

Defendant also was and acted as a co-fiduciary of the other Defendants and the other Plan and UNITE Plan fiduciaries, as applicable, within the meaning of ERISA, § 405, 29 U.S.C. § 1105." (Compl. ¶ 146). The qualifying phrase, "as applicable, within the meaning of ERISA, § 405, 29 U.S.C. § 1105," indicates that defendants will have co-fiduciary liability only with respect to the plan for which they were a fiduciary. Therefore, the court concludes that this allegation is not deficient.

    D.   Request for Injunctive Relief

The defendants argue that the plaintiffs' request for injunctive relief should be dismissed because it is too generalized to satisfy the requirements of Fed. R. Civ. P. 65. In Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 51 (2d Cir. 1996), the Second Circuit noted that "under Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." In the Ruling, this court granted the defendants' motion to dismiss with respect to paragraph 4 of the consolidated amended complaint's prayer for relief because it failed to satisfy the standards set forth in Peregrine. (See Ruling at 28-29). Paragraph 4 sought "[i]njunctive relief enjoining Defendants from continuing to violate their fiduciary duties under ERISA and the plan documents, pursuant to ERISA §§ 409(a) and 502(a)(2) & (3), 29 U.S.C. §§ 1109(a), and 1132(a)(2) & (3)." (Id. at 28). The plaintiffs have now revised the prayer

for relief in the Complaint.  However, the defendants argue that the revised prayer for relief should be dismissed for the same reasons set forth in the Ruling.  They contend that the plaintiffs' request for injunctive relief remains unchanged and that the plaintiffs again fail to identify the injunctive relief being sought.

Paragraph 4 of the Complaint's prayer for relief now requests "[i]njunctive and equitable relief as appropriate to remedy the breaches alleged above, pursuant to ERISA §§ 409(a) and 502(a)(2) & (3), 29 U.S.C. §§ 1109(a), and 1132(a)(2) & (3)." (Compl., Part VII., ¶ 4).  The plaintiffs have removed the language that requested relief "enjoining Defendants from continuing to violate their fiduciary duties under ERISA and the plan documents."  Therefore, contrary to the defendants' assertion, paragraph 4 has been changed.  It no longer contains "a simple command that the defendant obey the law."  It requests that the court exercise its equitable powers to remedy the alleged breaches of fiduciary duty pursuant to specific provisions of ERISA.  Under 29 U.S.C. § 1109(a), a fiduciary who breaches his or her duties under ERISA "shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."  In addition, 29 U.S.C. § 1132(a)(3) allows participants or beneficiaries to bring a civil action to obtain "appropriate equitable relief" to

-17-

redress violations of ERISA or the terms of the plan. The court concludes that the revisions to paragraph 4 have cured the deficiency noted in the Ruling, and therefore, the court is denying the defendants' motion to dismiss this portion of the plaintiffs' prayer for relief.

### III. CONCLUSION

For the reasons set forth above, the Defendants' (Except Myra Drucker) Partial Motion to Dismiss the Second Amended Consolidated Complaint (Doc. No. 203) is hereby GRANTED in part, with leave to replead Count I within 30 days, and DENIED in part.

It is so ordered.

Dated this 31st day of March 2008 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge