IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master File No. 02-CV-1138 (AWT)<br><br>**[PROPOSED]<br>ORDER GRANTING<br>PLAINTIFFS' MOTION FOR<br>CLASS CERTIFICATION**<br><br>July 1, 2008 |

   This matter having come on for hearing this ___ day of _____, 2008, and the Court having considered each written submission presented, the arguments of counsel, and being fully advised in the premises;

   The Court makes the following findings of fact, conclusions of law and determinations of mixed fact/law questions:

   1.  The proposed Salaried Plan Class, defined as "all persons who were participants in or beneficiaries of the Salaried Plan, excluding the Defendants, at any time between May 12, 1997 and June 28, 2002, and who made or maintained investments in the Xerox Stock Fund," satisfies each of the requirements of Fed. R. Civ. P. 23(a) and the requirements of Fed. R. Civ. P. 23(b)(1)(A) and (B); and

   2.  The proposed Union Plan Class, defined as "all persons who were participants in or beneficiaries of the Union Plan, excluding the Defendants, at any time between May 12, 1997 and June 28, 2002, and who made or maintained investments in the Xerox Stock Fund," satisfies each of the requirements of Fed. R. Civ. P. 23(a) and the requirements of Fed. R. Civ. P. 23(b)(1)(A) and (B).

3. Both the Salaried Class and the Union Class are so numerous that it is impractical to bring all class members before the Court individually. Class counsel have reasonably estimated, based on the IRS Forms 5500 filed by the Plans, that the Salaried Class contains more than 55,000 members and that the Union Class contains more than 5,000 members. The sheer size of these groups satisfies the Rule 23(a)(1) impracticability of joinder requirement.

4. Both Classes present common questions of law or fact in satisfaction of Rule 23(a)(2). Defendants' alleged violations of ERISA arise from a common nucleus of operative facts -- Defendants' alleged imprudence with respect to the Plans' investment in Xerox stock -- and the class members have all been similarly affected by the same alleged breaches of fiduciary duty. Plaintiffs have alleged numerous additional questions of law and fact that are common to the Classes, including:

- Whether Defendants took adequate steps to prudently manage the Plans' assets solely in the interest of the participants and beneficiaries;
- Whether Defendants' communications to participants provided "complete and accurate" information concerning the risks of investing in Xerox stock as part of their retirement;
- Whether Defendants provided false and misleading information, or failed to disclose material information, concerning the financial health of the Company;
- Whether Defendants took sufficient steps to investigate and monitor whether it was appropriate to continue to offer Company stock as a retirement vehicle for participants;
- Whether Defendants failed to provide appointees with the information necessary for the effective discharge of the appointees' fiduciary obligations; and

- Whether Defendants took adequate steps to protect the Plans' assets and recover the Plans' damages.

5.  These common issues satisfy Rule 23(a)(2).

6.  Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the Class.  That requirement is satisfied where the claims of the representative plaintiffs arise from the same course of conduct that gives rise to the claims of the other class members, and where the claims are based on the same legal theory.  In the present case, the class representatives allege, among other things, that they were participants or beneficiaries of their respective Plans during the Class Period, and that Plan-wide relief is necessary and appropriate under ERISA law.  Under these circumstances, the claims asserted by the Class representatives are sufficiently typical of the claims asserted by the Classes as a whole, in satisfaction of Rule 23(a)(3).

7.  The requirements of Rule 23(a)(4) are also satisfied.  The Class representatives have no interests that are antagonistic or conflict with the interests of absent Class members.  On the contrary, these Plaintiffs appear to be strongly motivated to establish liability on the part of the Defendants and to obtain maximum Plan-wide relief for the benefit of all Class members. The Court is satisfied that Class counsel are qualified, experienced, and prepared to represent the Classes to the best of their abilities.

8.  The Court further finds that the case may be maintained as a class action under Fed R. Civ. P. 23(b)(1).

9.  ERISA imposes a uniform standard of conduct on ERISA fiduciaries.  Under the circumstances, the prosecution of separate actions by individual class members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for the

Defendants with respect to their obligations under the Plans within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

10. Given the similarities between the types of claims that could be asserted by Plan participants or beneficiaries, the Court finds that the prosecution of separate actions by class members would create a risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests within the meaning of Fed. R. Civ. P. 23(b)(1)(B).

11. As indicated by the prior recitation of common questions, the Court concludes that there exist questions of law and fact that are common to class members and that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The requirements of Fed. R. Civ. P. 23(b)(3) are thus satisfied in this case, although, as noted above, certification is granted pursuant to Fed. R. Civ. P. 23(b)(1).

12. The Court finds that proposed Class Counsel is capable of fairly and adequately representing the interests of the Classes, in that proposed Class Counsel has done extensive work identifying or investigating potential claims in the action, and has litigated the validity of those claims at the motion to dismiss stage of this case; proposed Class Counsel is experienced in handling class actions, other complex litigation and claims of the type asserted in this Action; proposed Class Counsel is knowledgeable of the applicable law; and proposed Class Counsel has committed the necessary resources to represent the Classes. Rule 23(g) is satisfied.

For all these reasons and the entire record presented herein,

NOW THEREFORE, IT IS HEREBY ORDERED DECREED AND ADJUDGED that

1.  Pursuant to Fed. R. Civ. P. 23(a), (b)(1)(A), and (b)(1)(B), the Court certifies the Salaried Plan Class, defined as "all persons who were participants in or beneficiaries of the Salaried Plan, excluding the Defendants, at any time between May 12, 1997 and June 28, 2002, and who made or maintained investments in the Xerox Stock Fund."

2.  The Court appoints David Alliet and Linda Willis as Class Representatives for the Salaried Plan Class.

3.  Pursuant to Fed. R. Civ. P. 23(a), (b)(1)(A), and (b)(1)(B), the Court certifies the Union Plan Class, defined as "all persons who were participants in or beneficiaries of the Union Plan, excluding the Defendants, at any time between May 12, 1997 and June 28, 2002, and who made or maintained investments in the Xerox Stock Fund."

4.  The Court appoints Thomas Patti and Cheryl Wright as Class representatives for the Union Plan Class.

5.  In accordance with its previous orders appointing counsel, the Court appoints the following Class Counsel: Keller Rohrback L.L.P. and Futterman Howard Watkins Wylie & Ashley, Chtd. as Co-Lead Counsel for the Salaried and Union Plan Classes; Goodman, Rosenthal & McKenna, P.C. as Liaison Counsel for the Salaried and Union Plan Classes; Berger & Montague, P.C., Law Offices of Daniel M. Harris, and Schiffrin Barroway Topaz & Kessler,

LLP as Steering Committee Counsel for the Salaried and Union Plan Classes; and Stember Feinstein Doyle & Payne LLC and McTigue & Porter LLP as Steering Committee Counsel for the Union Plan Classes.

    Dated: _____

                                                  The Honorable Alvin W. Thompson
                                                  United States District Judge

Presented by:

/s/_____

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
lsarko@kellerrohrback.com
Gary A. Gotto
ggotto@kellerrohback.com
Elizabeth A. Leland
eleland@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone: (206) 623-1900
Facsimile:  (206) 623-3384
**Co-Lead Counsel**

FUTTERMAN HOWARD WATKINS WYLIE &
ASHLEY, CHTD.
Charles R. Watkins
cwatkins@futtermanhoward.com
John R. Wylie
jwylie@futtermanhoward.com
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois  60603
Telephone: (312) 427-3600
Facsimile: (312) 427-1850
**Co-Lead Counsel**

LAW OFFICES OF DANIEL M. HARRIS
Daniel M. Harris
lawofficedh@yahoo.com
150 North Wacker Drive, Suite 3000

Chicago, Illinois 60606
Telephone: (312) 960-1802
Facsimile:  (312) 960-1936
**Steering Committee Counsel**

BERGER & MONTAGUE, P.C.
Sherrie R. Savett
ssavett@bm.net
Joy Clairmont
jclairmont@bm.net
1622 Locust Street
Philadelphia, PA 19103-6365
Telephone: (215) 875-3000
Facsimile: (215) 875-4503
**Steering Committee Counsel**

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Marc A. Topaz
mtopaz@sbclasslaw.com
Joseph H. Meltzer
jmeltzer@sbclasslaw.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056
**Steering Committee Counsel**

STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
edoyle@stemberfeinstein.com
The Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh  PA  15219
Telephone: (412) 281-8400
Facsimile:  (412) 232-3730
**Steering Committee Counsel for the Union Plan**

MCTIGUE & PORTER LLC
Brian McTigue
bmctigue@mctiguelaw.com
Jennifer H. Strouf
jstrouf@mctiguelaw.com
5301 Wisconsin Avenue, N.W.
Ste. 350
Washington, DC  20015
Telephone: (202) 364-6900

Facsimile:  (202) 364-9960
**Steering Committee Counsel for the Union Plan**

GOODMAN, ROSENTHAL & MCKENNA, PC
John F. McKenna, Esq. - ct00104
jmckenna@grmattorneys.com
977 Farmington Avenue, Suite 200
West Hartford, Connecticut  06107
Telephone:  (860) 231-2800
Facsimile:  (860) 523-9235
**Liaison Counsel**