# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re XEROX CORPORATION ERISA LITIGATION, | ) ) ) | Master File No. 02-CV-1138 (AWT) |
| This Document Relates to: | ) ) ) | July 15, 2008 |
| ALL ACTIONS | ) ) | CLASS ACTION |
|  | ) ) ) ) ) | ANSWER TO THE THIRD CONSOLIDATED AMENDED COMPLAINT |

The Xerox Defendants[1] file this Answer to the Third Consolidated Amended Complaint (the "Complaint"). The Xerox Defendants answer the specific allegations of the Complaint as follows:

1.    No response is required to the legal characterization of this action. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiffs purport to bring this action under § 502 of ERISA, 29 U.S.C. § 1132.

2.    No response is required to the legal conclusions and factual characterizations contained in Paragraph 2 of the Complaint. To the extent that Paragraph 2 of the Complaint characterizes the Xerox Corporation Profit Sharing and Savings Plan as the "Plan" and the Profit Sharing Plan of Xerox Corporation and the Xerographic Division, Union of Needletrades, Industrial and Textile Employees, A.F.L. - C.I.O. - C.L.C. as the "UNITE Plan", and collectively the "Plans", no response is required. To the extent that a response is required, the Xerox

---

[1] The Xerox Defendants are all Defendants named in the Complaint except Myra R. Drucker.

Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that Xerox maintains the Plans pursuant to its personnel policy, that the UNITE Plan covers "certain unionized employees," that the Plans provide tax advantaged savings for retirement and other purposes and, to the extent that Paragraph 2 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

3.     The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, except admit Plaintiffs David Alliet and William Saba are participants in the Plan and Plaintiff Linda Willis is no longer a participant in the Plan.

4.     No response is required to the legal conclusions contained in Paragraph 4 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.     No response is required to the legal conclusions contained in Paragraph 5 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiffs purport to bring this action as a class on behalf of all the participants and beneficiaries of the Plan.[2]

6.     No response is required to the legal conclusions contained in Paragraph 6 of the Complaint. To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff Thomas Patti is a participant in the UNITE Plan.

---

[2] To simplify the Answer, the Xerox Defendants may admit certain statements in the Complaint that includes the phrase or statement "class period". The Xerox Defendants, however, deny each and every allegation in the Complaint asserting that there is a class period.

7.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 7 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 7 of the Complaint, except admit that Plaintiff Patti purports to bring this action as a class action on behalf of all the participants and beneficiaries of the UNITE Plan.

8.     No response is required to the legal conclusions contained in Paragraph 8 of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 8 of the Complaint, except admit that Plaintiffs allege the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

9.     No response is required to the legal conclusions contained in Paragraph 9 of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 9 of the Complaint, except admit that Plaintiffs allege the existence of personal jurisdiction over Defendants pursuant to the alleged existence of subject matter jurisdiction under ERISA.

10.     No response is required to the legal conclusions contained in Paragraph 10 of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit, that the Plans were administered in this district, that some of the Xerox Defendants reside in this district and that Xerox's principal executive offices are located in Stamford, Connecticut.

11.     The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, except admit that Plaintiff Patti is a current employee of Xerox and a participant in the UNITE Plan.

12.     The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint, except admit that Plaintiff Alliet is a former employee of Xerox and a participant in the Plan.

13.     The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, except admit that Plaintiff Willis is a former employee of Xerox and is no longer a participant in the Plan.

14.     The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, except admit that Plaintiff Saba is a former employee of Xerox and a participant in the Plan.

15.     The Xerox Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     The Xerox Defendants deny the allegations contained in Paragraph 16 of the Complaint, except admit that Defendant Lawrence Becker served as a "Plan Administrator" for the Plan from 2/1/00 to present.

17.     The Xerox Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that Defendant Sally Conkright served as a "Plan Administrator" for the Plan from 3/1/99 through 2/1/00.

18.     The Xerox Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that Defendant Patricia Nazemetz served as a "Plan Administrator" for the Plan from at least 5/12/97 through 3/1/99.

19.     The Xerox Defendants deny the allegations contained in Paragraph 19 of the Complaint and state that the Joint Administrative Board was the Plan Administrator of the UNITE Plan.

20.     The Xerox Defendants deny the allegations contained in Paragraph 20 of the Complaint, except (i) admit that the parties identified in the first sentence of this paragraph were at certain respective times members of the Joint Administrative Board for the UNITE Plan and that Plaintiffs refer to the Joint Administrative Board as "JAB," and (ii) admit that the order identified in the second sentence of this paragraph substituted Ms. Barbara D. Roscoe as beneficiary of property passing pursuant to the Last Will and Testament of William C. Roscoe, dated December 30, 2005, in place of deceased Defendant William Roscoe, and that Plaintiffs purport to name, in this lawsuit, Ms. Barbara D. Roscoe as the party substituted for deceased Defendant William C. Roscoe.

21.     The Xerox Defendants deny the allegations contained in Paragraph 21 of the Complaint, except admit that the parties identified in this paragraph were at certain respective times, members of the Fiduciary Investment Committee.

22.     The Xerox Defendants deny the allegations contained in Paragraph 22 of the Complaint, except (i) admit that Eunice M. Filter was the Treasurer of Xerox from 5/1/90 to 10/31/01 and (ii) admit that the order identified in the second sentence of this paragraph substituted

> (a) Henry Charles Filter, III, as beneficiary of property passing pursuant to the Will of Eunice M. Filter dated February 25, 2002 to the Eunice M. Filter Revocable Trust dated February 25, 2002;
>
> (b) Henry Charles Filter, III, and John Musicaro, Jr., as Trustees of the Trust for the benefit of Henry Charles Filter, III and his descendants under Article II of the Eunice M. Filter Insurance Trust under Agreement dated January 19, 1995, as beneficiary of

property passing pursuant to the Will of Eunice M. Filter dated February 25, 2002 to the Eunice M. Filter Revocable Trust dated February 25, 2002, c/o John Musicaro, Jr., Cummings & Lockwood LLC, Six Landmark Square, Stamford, CT 06901; and

(c) Jerry W. Hostetter and John Musicaro, Jr., as Trustees of the Marital Trust under Article IV of the Eunice M. Filter Revocable Trust dated February 25, 2002, as beneficiary of property passing pursuant to the Will of Eunice M. Filter dated February 25, 2002 to the Eunice M. Filter Revocable Trust dated February 25, 2002, c/o John Musicaro, Jr., Cummings & Lockwood LLC, Six Landmark Square, Stamford, CT 06901

and that Plaintiffs purport to name, in this lawsuit, Messrs. Henry Charles Filter, III, John Musicaro, Jr., and Jerry W. Hostetter as the parties substituted for deceased Defendant Eunice M. Filter.

23.    The Xerox Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit that Defendant Gregory Tayler was the Treasurer of Xerox from 11/1/01 to 9/27/02.

24.    The Xerox Defendants deny the allegations contained in Paragraph 24 of the Complaint, except admit that Defendants Paul A. Allaire, Anne M. Mulcahy, William F. Buehler, Barry D. Romeril, B.R. Inman, Vernon E. Jordan, Jr., Hilmar Kopper, George J. Mitchell, N.J. Nicholas, Jr., Patricia F. Russo, Martha R. Seger, Thomas C. Theobald and G. Richard Thoman were members of Xerox's Board of Directors at certain respective times and admit that Plaintiffs refer to the parties in this paragraph as "Director Defendants" and purport to name, in this lawsuit, the Director Defendants both individually and in their capacity as members of the Xerox Board of Directors.

25.    The Xerox Defendants deny the allegations contained in Paragraph 25 of the Complaint, except admit that Defendants B.R. Inman, Vernon E. Jordan, Jr., George J. Mitchell,

26.     No response is required to the legal conclusions contained in Paragraph 26 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     No response is required to the legal conclusions contained in Paragraph 27 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 28 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     No response is required to the legal conclusions and factual characterizations contained in Paragraphs 29 and 29 (1)-(4) of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraphs 29 and 29 (1)-(4) of the Complaint.

30.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 30 of the Complaint. To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 30 of the Complaint, except admit that some of them are defendants in two putative or certified class action lawsuits in which Plaintiffs assert securities-related claims.

31.     No response is required to the legal conclusions contained in Paragraph 31 of the Complaint. To the extent a response is required, the Xerox Defendants deny the allegations

contained in Paragraph 31 of the Complaint, except admit the allegations in the first and second sentences.

32.     The Xerox Defendants deny the allegations contained in Paragraph 32 of the Complaint, except admit the allegations in the first, second, fourth and fifth sentences, and state that the Plan and the UNITE Plan became effective on January 1, 1945 and January 1, 1964, respectively.

33.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 33 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 33 of the Complaint, except admit that subject to the Internal Revenue Code, implementing regulations of the Internal Revenue Service and the Plans' terms, eligible Plan Participants could contribute a certain portion of their compensation to the Plans, and that Plan Participants themselves directed their investments in the Plans and, to the extent that Paragraph 33 of the Complaint refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

34.     No response is required to the factual characterizations of the Plans contained in Paragraph 34 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 34 of the Complaint, except admit that one of the Plans' investment options included the Xerox Stock Fund, which invested virtually all of its assets in Xerox stock while holding a small amount in cash or other liquid investments for administrative purposes in that Fund.  The Xerox Defendants specifically note that the terms of the Plans themselves required that the Xerox Stock Fund be an investment option under the Plans, and to the extent that Paragraph 34 of the Complaint refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

35.     No response is required to the factual characterizations and selective quotation contained in Paragraph 35 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 35 of the Complaint and, to the extent that Paragraph 35 refers to writings, the Xerox Defendants refer to and those writings for a true and complete portrayal of their contents.

36.     No response is required to the legal conclusions contained in Paragraph 36 of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 36 of the Complaint, except admit that some of the Xerox Defendants acted in fiduciary capacities but none exercised authority or control over investments in the Xerox Stock Fund.

37.     No response is required to the legal conclusions and selective quotation contained in Paragraph 37 of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 37 of the Complaint and, to the extent that Paragraph 37 refers to a statute, the Xerox Defendants refer to that statute for a true and complete portrayal of its content.

38.     No response is required to the legal conclusions and selective quotation contained in Paragraph 38 of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 38 of the Complaint, and to the extent that Paragraph 38 refers to a statute, the Xerox Defendants refer to that statute for a true and complete portrayal of its content.

39.     No response is required to the legal conclusions contained in Paragraph 39 of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 40 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 41 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     No response is required to the legal conclusions contained in Paragraph 42 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 42 of the Complaint, except admit that the individuals referred to in the Complaint as "Plan Administrator Defendants" are/were employees of Xerox and, to the extent that Paragraph 42 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

43.     No response is required to the legal conclusions contained in Paragraph 43 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 43 of the Complaint, except admit that Defendants Filter and Tayler held the title of Treasurer of Xerox at certain respective times.

44.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 44 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 44 of the Complaint, except admit that, subject to the Plan terms and limitations therein, the Finance Committee was responsible for selecting Plan investment options other than the Xerox Stock Fund and, to the extent that allegations contained in Paragraph 44 of the Complaint refer to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

45.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 45 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 45 of the Complaint, except admit that, pursuant to the terms of the Plans, Xerox's Board of Directors had the power to appoint the members of the Finance Committee and to appoint the Treasurer, and that certain members of the Fiduciary Investment Review Committee ("FIRC") were officers of Xerox and that the Treasurer of Xerox was the FIRC chair and that, pursuant to the terms of the Plans, the FIRC had certain defined authority concerning the Plans' Funds – not including the Xerox Stock Fund.

46.     The Xerox Defendants deny the allegations contained in Paragraph 46 of the Complaint, except admit that, pursuant to the terms of the UNITE Plan, the Joint Administrative Board was Plan Administrator of the UNITE Plan.

47.     No response is required to the legal conclusions contained in Paragraph 47 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 47 of the Complaint and, to the extent Paragraph 47 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

48.     The Xerox Defendants deny the allegations contained in Paragraphs 48 and 48 (a)-(c) of the Complaint.

49.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 49 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 49 of the Complaint, except admit that Xerox restated and revised certain financial results in a Form 10-K for the year-end 2001 filed with the SEC on June 28, 2002, and further admit that in April 2002 Xerox entered into a

50.     The Xerox Defendants deny the allegations contained in Paragraph 50 of the Complaint and note that this Court ruled on April 17, 2007 that there is no ERISA fiduciary duty to avoid conflicts of interest.

51.     No response is required to the factual characterizations contained in Paragraph 51 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 51 of the Complaint and, to the extent that Paragraph 51 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

52.     No response is required to the factual characterizations contained in Paragraph 52 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 52 of the Complaint and, to the extent that Paragraph 52 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

53.     The Xerox Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     The Xerox Defendants deny the allegations contained in Paragraphs 54 and 54 (a)-(h) of the Complaint.

55.     No response is required to the factual characterization and selective quotation contained in Paragraph 55 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 55 of the Complaint and, to the extent

that Paragraph 55 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

56.     No response is required to the factual characterization and selective quotation contained in Paragraph 56 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 56 of the Complaint and, to the extent that Paragraph 56 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

57.     No response is required to the factual characterization and selective quotation contained in Paragraph 57 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 57 of the Complaint and, to the extent that Paragraph 57 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

58.     No response is required to the factual characterization and selective quotation contained in Paragraph 58 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 58 of the Complaint and, to the extent that Paragraph 58 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

59.     No response is required to the factual characterization and selective quotation contained in Paragraph 59 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 59 of the Complaint and, to the extent that Paragraph 59 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

60.    No response is required to the legal conclusions and factual characterizations contained in Paragraph 60 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 60 of the Complaint and, to the extent that Paragraph 60 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

61.    No response is required to the factual characterizations contained in Paragraph 61 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 61 and, to the extent that Paragraph 61 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

62.    No response is required to the factual characterization and selective quotation contained in Paragraph 62 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 62 of the Complaint and, to the extent Paragraph 62 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

63.    No response is required to the legal conclusions and factual characterizations contained in Paragraph 63 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 63 of the Complaint and, to the extent that Paragraph 63 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

64.    No response is required to the factual characterization and selective quotation contained in Paragraph 64 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 64 of the Complaint and, to the extent

that Paragraph 64 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

65.　No response is required to the factual characterization and selective quotation contained in Paragraph 65 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 65 of the Complaint and, to the extent that Paragraph 65 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

66.　No response is required to the factual characterization and selective quotation contained in Paragraph 66 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 66 of the Complaint and, to the extent that Paragraph 66 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

67.　No response is required to the factual characterization and selective quotation contained in Paragraph 67 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 67 of the Complaint and, to the extent that Paragraph 67 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

68.　No response is required to the factual characterization and selective quotation contained in Paragraph 68 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 68 of the Complaint and, to the extent that Paragraph 68 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

69.    No response is required to the factual characterization and selective quotation contained in Paragraph 69 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 69 of the Complaint and, to the extent that Paragraph 69 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

70.    No response is required to the legal conclusions and factual characterizations contained in Paragraph 70 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 70 of the Complaint and, to the extent that Paragraph 70 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

71.    No response is required to the factual characterization and selective quotation contained in Paragraph 71 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 71 of the Complaint and, to the extent that Paragraph 71 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

72.    No response is required to the factual characterization and selective quotation contained in Paragraph 72 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 72 of the Complaint and, to the extent that Paragraph 72 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

73.    The Xerox Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     No response is required to the factual characterization and selective quotation contained in Paragraph 74 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 74 of the Complaint and, to the extent that Paragraph 74 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

75.     No response is required to the factual characterization and selective quotation contained in Paragraph 75 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 75 of the Complaint and, to the extent that Paragraph 75 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

76.     No response is required to the factual characterization and selective quotation contained in Paragraph 76 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 76 of the Complaint and, to the extent that Paragraph 76 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

77.     No response is required to the factual characterization and selective quotation contained in Paragraph 77 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 77 of the Complaint and, to the extent that Paragraph 77 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

78.     No response is required to the factual characterization and selective quotation contained in Paragraph 78 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 78 of the Complaint and, to the extent

that Paragraph 78 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

79.    No response is required to the legal conclusions and factual characterizations contained in Paragraph 79 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 79 of the Complaint and, to the extent that Paragraph 79 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

80.    No response is required to the factual characterizations contained in Paragraph 80 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 80 of the Complaint and, to the extent that Paragraph 80 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

81.    No response is required to the factual characterization and selective quotation contained in Paragraph 81 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 81 of the Complaint and, to the extent that Paragraph 81 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

82.    No response is required to the factual characterization and selective quotation contained in Paragraph 82 of the Complaint. To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 82 of the Complaint and, to the extent that Paragraph 82 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

83.     No response is required to the factual characterization and selective quotation contained in Paragraph 83 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 83 of the Complaint and, to the extent that Paragraph 83 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

84.     No response is required to the factual characterization and selective quotation contained in Paragraph 84 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 84 of the Complaint and, to the extent that Paragraph 84 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

85.     No response is required to the factual characterization and selective quotation contained in Paragraph 85 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 85 of the Complaint and, to the extent that Paragraph 85 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

86.     No response is required to the factual characterization and selective quotation contained in Paragraph 86 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 86 of the Complaint and, to the extent that Paragraph 86 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

87.     No response is required to the factual characterization and selective quotation contained in Paragraph 87 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 87 of the Complaint and, to the extent

that Paragraph 87 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

88.    The Xerox Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.    The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Complaint.

90.    The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Complaint and, to the extent that Paragraph 90 of the Complaint selectively quotes and characterizes a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

91.    No response is required to the factual characterization and selective quotation contained in Paragraph 91 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 91 of the Complaint and, to the extent that Paragraph 91 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

92.    No response is required to the factual characterization and selective quotation contained in Paragraph 92 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 92 of the Complaint and, to the extent that Paragraph 92 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

93.    No response is required to the factual characterization and selective quotation contained in Paragraph 93 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 93 of the Complaint and, to the extent

that Paragraph 93 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

94.    The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of the Complaint and, to the extent that Paragraph 94 of the Complaint refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

95.    No response is required to the factual characterization and selective quotation contained in Paragraph 95 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 95 of the Complaint and, to the extent that Paragraph 95 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

96.    No response is required to the factual characterization and selective quotation contained in Paragraph 96 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 96 of the Complaint and, to the extent that Paragraph 96 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

97.    No response is required to the factual characterization and selective quotation contained in Paragraph 97 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 97 of the Complaint and, to the extent that Paragraph 97 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

98.    No response is required to the selective quotation contained in Paragraph 98 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the

allegations contained in Paragraph 98 of the Complaint and, to the extent that Paragraph 98 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

99.     No response is required to the factual characterization contained in Paragraph 99 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 99 of the Complaint and, to the extent that Paragraph 99 refers to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

100.    The Xerox Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 100 of the Complaint and, to the extent that Paragraph 100 of the Complaint refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

101.    No response is required to the factual characterization and selective quotation contained in Paragraph 101 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 101 of the Complaint and, to the extent Paragraph 101 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

102.    No response is required to the factual characterization contained in Paragraph 102 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 102 of the Complaint and, to the extent Paragraph 102 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

103.    No response is required to the factual characterization and selective quotation contained in Paragraphs 103 and 103 (a)-(c) of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraphs 103 and 103 (a)-(c) of the Complaint and, to the extent that Paragraphs 103 and 103 (a)-(c) refer to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

104.    No response is required to the factual characterization contained in Paragraph 104 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 104 of the Complaint and, to the extent Paragraph 104 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

105.    No response is required to the factual characterization and selective quotation contained in Paragraph 105 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 105 of the Complaint and, to the extent that Paragraph 105 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

106.    No response is required to the factual characterization and selective quotation contained in Paragraph 106 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 106 of the Complaint and, to the extent that Paragraph 106 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

107.    No response is required to the factual characterization contained in Paragraph 107 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 107 of the Complaint and, to the extent Paragraph 107 refers

to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

108.    No response is required to the factual characterization and selective quotation contained in Paragraph 108 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 108 of the Complaint and, to the extent that Paragraph 108 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

109.    No response is required to the factual characterization and selective quotation contained in Paragraph 109 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 109 of the Complaint and, to the extent that Paragraph 109 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

110.    No response is required to the factual characterization and selective quotation contained in Paragraph 110 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 110 of the Complaint and, to the extent that Paragraph 110 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

111.    No response is required to the factual characterization and selective quotation contained in Paragraph 111 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 111 of the Complaint and, to the extent that Paragraph 111 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

112.     No response is required to the factual characterization contained in Paragraph 112 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 112 of the Complaint and, to the extent Paragraph 112 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

113.     No response is required to the factual characterization contained in Paragraph 113 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 113 of the Complaint and, to the extent Paragraph 113 of the Complaint refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

114.     No response is required to the factual characterization and selective quotation contained in Paragraph 114 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 114 of the Complaint and, to the extent that Paragraph 114 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

115.     No response is required to the factual characterization and selective quotation contained in Paragraph 115 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 115 of the Complaint and, to the extent that Paragraph 115 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

116.     No response is required to the factual characterization and selective quotation contained in Paragraph 116 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 116 of the Complaint and, to the

extent that Paragraph 116 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

117.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 117 and 117 (a)-(f) of the Complaint.  To the extent a response is required, the Xerox Defendants deny the allegations contained in Paragraphs 117 and 117 (a)-(f) of the Complaint, and to the extent that Paragraphs 117 and 117 (a)-(f) of the Complaint refer to writings, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

118.     No response is required to the legal conclusions contained in Paragraph 118 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 119 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.     The Xerox Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 121 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.     No response is required to the legal conclusions and factual characterizations contained in Paragraph 122 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    No response is required to the legal conclusions and factual characterizations contained in Paragraph 123 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 123 and, to the extent that Paragraph 123 refers to written communications, the Xerox Defendants refer to those writings for a true and complete portrayal of their contents.

124.    No response is required to the factual characterizations contained in Paragraph 124 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    No response is required to the factual characterizations contained in Paragraph 125 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 125, except admit that at times certain senior management at Xerox hosted meetings and, to the extent that Paragraph 125 refers to writings and/or videotapes, the Xerox Defendants refer to those writings and/or videotapes for a true and complete portrayal of their contents.

126.    No response is required to the factual characterizations and selective quotation contained in Paragraph 126 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 126, except admit that Trust Investments, a department of Xerox's Treasury, issued a quarterly newsletter entitled *Investing for your Future*, and, to the extent that Paragraph 126 refers to a writing, the Xerox Defendants refer to the writing for a true and complete portrayal of its content.

127.    No response is required to the factual characterizations contained in Paragraph 127 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 127, except admit that *Today at Xerox* is an email

communication that was utilized to communicate with Xerox employees from time to time and, to the extent that Paragraph 127 refers to a website and/or publications, the Xerox Defendants refer to the website and/or publications for a true and complete portrayal of their contents.

128.    No response is required to the factual characterizations and selective quotation contained in Paragraph 128 of the Complaint.  To the that extent a response is required, the Xerox Defendants deny the allegations contained in Paragraph 128 of the Complaint, except admit that http://www.internal.xerox.com was the name of Xerox's intranet website and to the extent that Paragraph 128 refers to a website and/or publications, the Xerox Defendants refer to the website and/or publications for a true and complete portrayal of their contents.

129.    No response is required to the factual characterization and selective quotation contained in Paragraph 129 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 129, except admit that "Xen Broadcast" was accessible to Xerox Corporation's employees via telephone or the internet and, to the extent that Paragraph 129 refers to presentations, the Xerox Defendants refer to the transcripts for a true and complete portrayal of their contents.

130.    No response is required to the factual characterization and selective quotation contained in Paragraph 130 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 130 of the Complaint and, to the extent that Paragraph 130 refers to a presentation and/or broadcast, the Xerox Defendants refer to the transcript for a true and complete portrayal of its content.

131.    No response is required to the factual characterization and selective quotation contained in Paragraph 131 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 131 and, to the extent that

Paragraph 131 refers to a presentation, the Xerox Defendants refer to the transcript for a true and complete portrayal of its content.

132.    No response is required to the factual characterizations contained in Paragraph 132 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 132 of the Complaint, except admit that "Message from the CEO" is a voice-mail message and, to the extent that Paragraph 132 of the Complaint refers to broadcast messages, the Xerox Defendants refer to those broadcasts for true and complete portrayals of their contents.

133.    The Xerox Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    The Xerox Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    No response is required to the factual characterizations and selective quotation contained in Paragraph 135 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 135 of the Complaint and, to the extent that Paragraph 135 refers to a writing and/or broadcast, the Xerox Defendants refer to that writing and/or broadcast for a true and complete portrayal of its content.

136.    No response is required to the factual characterizations contained in Paragraph 136 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 136 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last three sentences of Paragraph 136 of the Complaint, and admit that meetings were held at Xerox from time to time, including  regional and local office meetings.

137.    The Xerox Defendants deny the allegations contained in Paragraph 137 of the Complaint and, to the extent that Paragraph 137 refers to a writing, the Xerox Defendants refer to that writing for a true and complete portrayal of its content.

138.    The Xerox Defendants deny the allegations contained in Paragraph 138 of the Complaint, and specifically deny knowledge or information sufficient to form a belief as to what information each Xerox employee received or what that purported information led them to believe.

139.    The Xerox Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    The Xerox Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    The Xerox Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    The Xerox Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    The Xerox Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    The Xerox Defendants incorporate their answers to the preceding Paragraphs of the Complaint as if fully set forth herein.

145.    No response is required to the legal conclusions contained in Paragraph 145 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    No response is required to the legal conclusions contained in Paragraph 146 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    No response is required to the legal conclusions contained in Paragraph 147 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    No response is required to the legal conclusions contained in Paragraph 148 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    No response is required to the legal conclusions contained in Paragraph 149 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    No response is required to the legal conclusions contained in Paragraphs 150 and 150(a)-(g) of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraphs 150 and 50(a)-(g) of the Complaint.

151.    No response is required to the legal conclusions contained in Paragraph 151 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    No response is required to the legal conclusions contained in Paragraph 152 of the Complaint.  To the extent that a response is required, the Xerox Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants Xerox, the "Finance Committee" and "Director Defendants" incorporate their answers to the preceding Paragraphs of the Complaint as if fully set forth herein.[3]

154.    No response is required to the legal conclusions contained in Paragraph 154 of the Complaint.   To the extent that a response is required, Defendant Xerox, the "Finance Committee" Defendants and the "Director Defendants" deny the allegations contained in Paragraph 154 of the Complaint.

155.    No response is required to the legal conclusions contained in Paragraph 155 of the Complaint.   To the extent that a response is required, Defendant Xerox, the "Finance Committee" Defendants and the "Director Defendants" deny the allegations contained in Paragraph 155 of the Complaint.

156.    No response is required to the legal conclusions contained in Paragraph 156 of the Complaint.   To the extent that a response is required, Defendant Xerox, the "Finance Committee" Defendants and the "Director Defendants" deny the allegations contained in Paragraph 156 of the Complaint.

157.    No response is required to the legal conclusions contained in Paragraph 157 of the Complaint.   To the extent that a response is required, Defendant Xerox, the "Finance Committee" Defendants and the "Director Defendants" deny the allegations contained in Paragraph 157 of the Complaint.

---

[3] Only Xerox, the "Finance Committee" Defendants and the "Director Defendants" are named in Count II of the Complaint.  Thus, no response from the remaining Defendants is required, and the responses to Count II are therefore made only on behalf of the Xerox Defendants named in Count II.

158.    No response is required to the legal conclusions contained in Paragraphs 158 and 158(a)-(g) of the Complaint.  To the extent that a response is required, Defendant Xerox, the "Finance Committee" Defendants and the "Director Defendants" deny the allegations contained in Paragraphs 158 and 158(a)-(g) of the Complaint.

159.    No response is required to the legal conclusions contained in Paragraph 159 of the Complaint.  To the extent that a response is required, Defendant Xerox, the "Finance Committee" Defendants and the "Director Defendants" deny the allegations contained in Paragraph 159 of the Complaint.

160.    No response is required to the legal conclusions contained in Paragraph 160 of the Complaint.  To the extent that a response is required, Defendant Xerox, the "Finance Committee" Defendants and the "Director Defendants" deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants Xerox, Allaire, Mulcahy and Thoman incorporate their answers to the preceding Paragraphs of the Complaint as if fully set forth herein.[4]

162.    No response is required to the legal conclusions contained in Paragraph 162 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 162 of the Complaint.

163.    No response is required to the legal conclusions contained in Paragraph 163 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 163 of the Complaint.

---

[4] Only Xerox, Paul A. Allaire ("Allaire"), Anne M. Mulcahy ("Mulcahy") and G. Richard Thoman ("Thoman") are named in Count III of the Complaint.  Thus, no response from the remaining Defendants is required and the responses to Count III are therefore made only on behalf of the Xerox Defendants named in Count III.

164.    No response is required to the legal conclusions contained in Paragraph 164 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 164 of the Complaint.

165.    No response is required to the legal conclusions contained in Paragraph 165 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 165 of the Complaint.

166.    No response is required to the legal conclusions contained in Paragraph 166 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 166 of the Complaint.

167.    No response is required to the legal conclusions contained in Paragraph 167 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 167 of the Complaint.

168.    No response is required to the legal conclusions contained in Paragraph 168 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 168 of the Complaint.

169.    No response is required to the legal conclusions contained in Paragraph 169 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 169 of the Complaint.

170.    No response is required to the legal conclusions contained in Paragraph 170 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 170 of the Complaint.

171.    No response is required to the legal conclusions contained in Paragraph 171 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 171 of the Complaint.

172.    No response is required to the legal conclusions contained in Paragraph 172 of the Complaint.  To the extent that a response is required, Defendants Xerox, Allaire, Mulcahy and Thoman deny the allegations contained in Paragraph 172 of the Complaint.

## PRAYER FOR RELIEF

The Xerox Defendants deny that Plaintiffs are entitled to any of the relief they seek in this action and decline to respond to so much of Plaintiffs' Prayer for Relief as constitutes legal conclusions on the grounds that no response is required thereto.

## AFFIRMATIVE DEFENSES

173.    The Xerox Defendants assert the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs.  The Xerox Defendants reserve the right to assert additional defenses, counterclaims, and third-party claims as may be revealed to be appropriate through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

174.    Plaintiffs' claims are barred in whole or part because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

175.    Plaintiffs' claims are barred in whole or part by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

176.    Plaintiffs' claims are barred in whole or part by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

177.    Plaintiffs' claims are barred in whole or part by the doctrine of release.

## FIFTH AFFIRMATIVE DEFENSE

178.    Plaintiffs' claims are barred in whole or part by their lack of standing.

## SIXTH AFFIRMATIVE DEFENSE

179.    Plaintiffs' claims are barred in whole or part because Plaintiffs ratified all of the conduct at issue.

## SEVENTH AFFIRMATIVE DEFENSE

180.    Plaintiffs' claims are barred in whole or part because the alleged actions of the Xerox Defendants were not the direct or proximate cause of Plaintiffs' alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

181.    Plaintiffs' purported damages were caused in whole or part by an independent intervening cause.  Plaintiffs' alleged losses were not caused by any breach of fiduciary duty on the part of the Xerox Defendants, but resulted from economic causes and events not related to any alleged breaches of fiduciary duty and from matters over which the Xerox Defendants had no control.

## NINTH AFFIRMATIVE DEFENSE

182.    Plaintiffs' claims are barred in whole or part by their assumption of risk.

## TENTH AFFIRMATIVE DEFENSE

183.    Plaintiffs' claims are barred in whole or part by their contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

184.    Any alleged injury or damage suffered by Plaintiffs was in no way caused by, or a result of, any fault, act or omission by the Xerox Defendants, but was caused in whole or in

part by persons or entities for which the Xerox Defendants are not responsible and for which the Xerox Defendants cannot be held liable.

## TWELFTH AFFIRMATIVE DEFENSE

185.    Plaintiffs' claims are barred in whole or part by their failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

186.    Without admitting any wrongful conduct by the Xerox Defendants, Plaintiffs' claims are barred in whole or part by the doctrine of *in pari delicto*.

## FOURTEENTH AFFIRMATIVE DEFENSE

187.    Plaintiffs' claims are barred in whole or part because any transactions the Xerox Defendants executed at Plaintiffs' discretion or on Plaintiffs' behalf were lawful transactions.

## FIFTEENTH AFFIRMATIVE DEFENSE

188.    Plaintiffs' claims are barred in whole or part by the doctrine of unclean hands, unjust enrichment, laches and other equitable doctrines.

## SIXTEENTH AFFIRMATIVE DEFENSE

189.    Plaintiffs' claims are barred by estoppel, acquiescence and/or ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

190.    Alternatively, in the event that Plaintiffs have otherwise stated any claim or cause of action, which is specifically denied, the Xerox Defendants aver that Plaintiffs have proximately caused, or alternatively, contributed to, or alternatively, failed to mitigate, any and all losses or damages claimed by them.

## EIGHTEENTH AFFIRMATIVE DEFENSE

191.    The Xerox Defendants are exculpated, in whole or in part, from the liability asserted in the Complaint by § 404(c) of ERISA, 29 U.S.C. § 1104(c).

## NINETEENTH AFFIRMATIVE DEFENSE

192.    The alleged statements or omissions at issue in the Complaint were not made in a fiduciary capacity.

## TWENTIETH AFFIRMATIVE DEFENSE

193.    Individual ERISA defendants are protected from liability by § 409(b) of ERISA, 29 U.S.C. § 1109(b), to the extent that the alleged fiduciary breaches in the Complaint occurred before or after they were alleged fiduciaries.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

194.    Plaintiffs' attempt to use ERISA fiduciary duties to expand the disclosure obligations under the federal securities law and/or to impose liability arising out of or related to disclosures made or disseminated under the federal securities laws is barred by § 514(d) of ERISA, 29 U.S.C. § 1144(d).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

195.    Some or all of Plaintiffs' claims should be dismissed because Plaintiffs have failed to exhaust administrative remedies provided by the Plan.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

196.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, § 413 of ERISA, 29 U.S.C. § 1113.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

197.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not and cannot overcome the presumption of reasonableness regarding investments in Xerox stock.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

198.    Plaintiffs' claims are barred, in whole or in part, because Xerox stock has at all times been a reasonable and prudent investment option for the Plans.  It was therefore appropriate to maintain the Xerox Stock Fund as an investment option for the Plans.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

199.    Plaintiffs' claims are barred to the extent that they seek damages or other monetary relief that is not available under ERISA, including, without limitation, individual recovery of monetary damages that is prohibited under Section 502 of ERISA.

Respectfully submitted by,

*/s/ Steven J. Sacher*
Steven J. Sacher (ct24024)
Evan Miller (phv01958)
Kevin R. Noble (phv01959)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939

Jayant W. Tambe (ct15992)
Aviva Warter Sisitsky (phv01990)
Arthur J. Margulies (phv02256)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939

*Counsel for All Defendants except Paul A. Allaire, William F. Buehler, Barry D. Romeril, Gregory Tayler, and Myra R. Drucker*

/s/ John A. Valentine
John A. Valentine (ct25941)
Elizabeth Canizares (phv02306)
Felipe Mendoza (phv02242)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6000

*Counsel for Defendants Paul A. Allaire,*
*William F. Buehler, Barry D. Romeril and*
*Gregory B. Tayler*

/s/ Benjamin H. Green
Benjamin H. Green (ct05166)
DREIER LLP
One Landmark Square, 20th Floor
Stamford, CT 06901
Telephone: (203) 425-9500

*Counsel for the Xerox Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2008, I caused a copy of the foregoing to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

**<u>Attorneys for Defendants</u>:**

Steven J. Sacher (ct24024)
sjsacher@jonesday.com
Evan Miller (phv01958)
emiller@jonesday.com
Kevin Noble (phv01959)
krnoble@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Tel:  202-879-3939

Michael T. Hannafan (ct11859)
mth@hannafanlaw.com
Blake T. Hannafan (ct24594)
bth@hannafanlaw.com
HANNAFAN & HANNAFAN, LTD.
One East Wacker Drive, Suite 2800
Chicago, IL  60601
Tel:  312-527-0055

Jayant W. Tambe (ct15992)
jtambe@jonesday.com
Aviva Warter Sisitsky (phv01990)
aswarter@jonesday.com
Arthur J. Margulies (phv02256)
ajmargulies@jonesday.com
JONES DAY
222 East 41st Street
New York, NY  10017-6702
Tel:  212-326-3939

John A. Valentine (ct25941)
john.valentine@wilmerhale.com
Elizabeth Canizares
elizabeth.canizares@wilmerhale.com
Felipe Mendoza
felipe.mendoza@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel:  202-663-6399

Benjamin H. Green (ct05166)
bgreen@dreierllp.com
DREIER LLP
One Landmark Square, 20th Floor
Stamford, CT  06901
Tel: 203-425-9500

**Attorneys for Plaintiffs:**

Charles R. Watkins (ct23936)
cwatkins@futtermanhoward.com
John R. Wylie (ct23927)
FUTTERMAN HOWARD WATKINS WYLIE &
ASHLEY
122 S. Michigan Avenue, Suite 1850
Chicago, IL  60603
Tel:  312-427-3600

Sherrie R. Savett
ssavett@bm.net
Joy Clairmont
jclairmont@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103-6365
Tel:  215-875-3000

Joseph H. Meltzer
jmeltzer@sbclasslaw.com
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, PA  19087
Tel:  610-667-7706

Brian McTigue
bmctigue@mctiguelaw.com
Jennifer H. Strouf
jstrouf@mctiguelaw.com
Patrick P. de Gravelles
pdegravelles@mctiguelaw.com
MCTIGUE & PORTER LLC
5301 Wisconsin Avenue, NW, Suite 350
Washington, DC  20015
Tel:  202-364-6900

Ellen Doyle
edoyle@stemberfeinstein.com
STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Suite 1700 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Tel: 412 281 8400

Lynn Lincoln Sarko (ct23927)
lsarko@kellerrohrback.com
Elizabeth A. Leland (phv01338)
bleland@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel:  206-623-1900

Gary A. Gotto (ct23952)
ggotto@kellerrohrback.com
KELLER ROHRBACK P.L.C.
3101 North Central Avenue
Suite 1400
Phoenix, AZ  85012
Tel:  602-248-0088

Daniel M. Harris
lawofficedh@yahoo.com
LAW OFFICES OF DANIEL M. HARRIS
150 North Wacker Drive, Suite 3000
Chicago, IL  60606
Tel:  312-960-1802

John F. McKenna (ct00104)
jmckenna@grmattorneys.com
GOODMAN, ROSENTHAL & MCKENNA, PC
977 Farmington Avenue, Suite 200
West Hartford, CT  06107
Tel:  860-231-2800

*/s/ Joanne J. Rapuano*
Joanne J. Rapuano