**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION<br><br>This Document Relates To:<br>    ALL ACTIONS | Master File No. 02-CV-1138 (AWT)<br><br><u>CLASS ACTION</u><br><br>August 25, 2008 |

## <u>DECLARATION OF ELIZABETH A. LELAND</u>

Elizabeth A. Leland, under penalty of perjury, states based upon personal knowledge that the following facts are true and correct:

1.      I am a partner of the law firm of Keller Rohrback L.L.P., Co-Lead Counsel for the Plaintiffs in the above-captioned matter and am one of the attorneys personally involved in the litigation of this matter.  I am familiar with the facts relating to Plaintiffs' subpoena served on Hewitt Associates, L.L.C. ("Hewitt") and, if called upon, I could and would competently testify thereto.

2.      This Declaration is made in support of plaintiffs' motion to compel Hewitt to produce certain documents in compliance with plaintiffs' subpoena *duces tecum*, a copy of which is attached as Exhibit A.

3.      In accordance with D. Conn. Local Civ. R. 37(a), I have conferred with counsel for Hewitt in an effort in good faith to resolve by agreement the issues raised by this motion without the intervention of the Court.  Hewitt continues to refuse compliance with the subpoena issued by this Court *last September* and served *last October*.

4.      The following chronology of events leads Plaintiffs to file this motion:

**September 27, 2007** – Subpoena duces tecum is issued [Exh. A].

**October 3, 2007** – Subpoena duly served on Hewitt's registered agent with return date of November 2, 2007.  A copy of the affidavit of service is attached hereto as Exhibit B.

**November 2, 2007** –  Hewitt ignores the subpoena.  It does not file an objection or seek a protective order.

**November 14, 2007** – I spoke with Ilene Grant, counsel for Hewitt.  Hewitt says it will produce hard-copy documents on a "rolling basis."  Hewitt agrees to produce e-mails as requested in the subpoena.  Hewitt asks Plaintiffs' counsel to provide a copy of the Second Amended Complaint and a list of "search terms" to facilitate the production of responsive emails.  Hewitt also agrees to investigate the logistics involved in producing plan-wide transactional data, which it purportedly maintains in a database.

**November 15, 2007** – I sent Ilene Grant, counsel for Hewitt, a copy of the Second Amended Complaint and a list of "search terms" to facilitate the production of responsive emails.  I also sent her some technical specifications to further facilitate the production of responsive emails.

**November 30, 2007** – After several unsuccessful attempts to reach Ilene Grant, I spoke to Jamie Melhorn, another member of Hewitt's legal department.  Ms. Melhorn told me that hard-copy documents would be produced "next week" (i.e., *the first week of December 2007*).

**December 11, 2007** – The promised hard-copy documents had not been produced and there was no report concerning Hewitt's promised production of emails or database information, so I called Ms. Grant and Ms. Melhorn.

**December 13, 2007** – I spoke to Ms. Grant concerning Hewitt's failure to respond to the subpoena.  Ms. Grant asked for additional "search terms" to facilitate the production of responsive emails.

**December 19, 2007** – Per her request, I sent Ms. Grant additional "search terms" to facilitate the production of responsive emails.  Furthermore, Plaintiffs agreed to a protocol that would simplify Hewitt's production effort:  Hewitt would electronically search its servers for a list of agreed upon names and terms, review the documents that contained those terms to (double) check for responsiveness, and withhold those documents that were privileged, work product or otherwise protected from discovery.  A copy of my December 19, 2007 email to Ilene Grant and attachments containing a list of names and ERISA search terms, is attached hereto as Exhibit C.

**January 4, 2008** – I called Ms. Grant to inquire concerning Hewitt's compliance with the subpoena.  No documents had been received, although the subpoena return date was (then) two months ago.  I left a message, which was never returned.

**January 14, 2008** – I sent a letter to Ms. Grant and Ms. Melhorn noting that Grant had ignored several phone messages, and demanding that Hewitt immediately produce all responsive documents.  A copy of that letter is attached hereto as Exhibit D.

**January 15, 2008** – I left a phone message for Ms. Melhorn reiterating my letter dated January 14, 2008.

**January 30, 2008** – Ms. Melhorn informed me that Hewitt would produce hard-copy documents no later than *February 1, 2008*.  She was unable to confirm whether this production would include emails.

**February 1, 2008** – The promised documents were not produced.

**February 15, 2008** – I spoke with Ms. Grant again. After this conversation, Hewitt finally produced the *first responsive documents* (more than 4 months after the subpoena was served, and more than 3 months after the subpoena's return date). ***This production did not include any emails or documents or information concerning the database in which Hewitt maintains the Plans' Xerox stock transactional information.***

**June 10, 2008** – Hewitt still had not produced any of the promised responsive emails or stock transaction information, so I contacted Ms. Grant and Ms. Melhorn again, and left detailed messages for each of them. They ignored my call.

**June 12, 2008** – I called Ms. Melhorn again and left a message requesting a return call. She ignored my call.

**June 17, 2008** – I called Ms. Grant and Ms. Melhorn again and left a message for each requesting a return call. They ignored my call.

**June 20, 2008** – I sent a letter to Ms. Grant and Ms. Melhorn noting that they had ignored several phone messages, and requesting that Hewitt immediately produce all responsive documents. A copy of that letter is attached hereto as Exhibit E. I noted that Hewitt's production of emails and other responsive correspondence was ***more than 7 months overdue.*** In view of Hewitt's passive-aggressive stance, I closed my letter stating: "Absent a response, we will be forced to submit the matter to the Court." Hewitt ignored this letter, too.

**June 27, 2008** – I left messages for Ms. Grant and Ms. Melhorn informing them that Plaintiffs intended to move to compel, and asking them to contact me immediately to meet and confer concerning Hewitt's non-compliance with the subpoena to the extent it

calls for emails and other responsive correspondence.  They ignored these messages, and refused to further meet and confer.

5.    Plaintiffs have learned through other discovery that Hewitt, as an administrator to the Plans, corresponded with defendants, Xerox and other individuals concerning the Plans.  Indeed, Hewitt admits that responsive emails and other non-privileged correspondence exist.

6.    Discovery, likewise, indicates that Hewitt maintained records and provided reports pertaining to the Plans' purchase, sale, and holding of Xerox stock – a fact also admitted by Hewitt.

Dated:  August 25, 2008

s/ Elizabeth A. Leland
Elizabeth A. Leland

EXHIBIT A

## United States District Court

DISTRICT OF _____ CONNECTICUT _____

| | |
|---|---|
| In re XEROX CORPORATION ERISA LITIGATION | SUBPOENA IN A CIVIL CASE<br>Master File No. 02-CV-1138 (AWT) |
| This Document Relates To: All Actions | |

To:    Hewitt Associates L.L.C.
One Reservoir Corporate Center, Ste 101
Shelton, CT  06484

c/o Registered Agent
CT Corporation System
One Corporate Center, Floor 11
Hartford, CT 06103-3220

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Goodman, Rosenthal & McKenna, PC<br>977 Farmington Avenue, Suite 200<br>West Hartford, CT 06107 | November 2, 2007<br>10:00 a.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elizabeth A. Leland
Keller Rohrback L.L.P.
1201 Third Ave., Suite 3200, Seattle WA 98101  (206) 623-1900

DATE
September 27, 2007

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

_____

Signature of Server

_____

Address of Server

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena it if

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to ,a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**
**(SUBPOENA DUCES TECUM)**

**HEWITT ASSOCIATES L.L.C.**

## I. INSTRUCTIONS

1.      In responding to these requests, you shall produce all responsive documents that are in your possession, custody, or control, or the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions, affiliates, or any of their respective officers, managing agents, employees, attorneys, accountants, or other representatives.   A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2.      The document requests are continuing in nature so as to require supplemental responses to the extent required under the Federal Rules of Civil Procedure.

3.      You are to produce, for inspection and copying, original responsive documents in the order they are kept in the usual course of business (including any original folders, binders, covers, or containers) or you shall organize and label such responsive documents to correspond with the categories in these requests.  You shall Bates stamp the documents.

4.      Without in any way limiting the definition of "document" contained in the Federal Rules of Civil Procedure or herein, you are specifically instructed to search all document management systems, computer archives, and/or backup tapes or disks for documents responsive to the following requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form.  Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.

5.      If any requested documents are maintained in digital, electronic, and/or imaged form, production of both a tangible or "hard" copy and a copy of the document in digital, electronic, and/or imaged form is hereby requested, along with any information needed to access, search or sort electronic data or documents.

6.    If the requested documents are maintained in a file, please produce the electronic or tangible file folder or container with the documents.

7.    If the requested documents are stored electronically or in a computer, please identify the location of each document, the computer program by which the document was created, the computer software program, if any, that compresses the document, and the configuration of the computer on which the document is found.  As used herein, the term "configuration," when used in reference to any computer, includes, but is not limited to, the following information: (a) computer type, brand, model and serial number; (b) brand and version of all software, including operating system, private and custom developed applications, commercial applications, shareware and/or work-in-progress; and (c) communications capability, including asynchronous and/or synchronous, and including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem, and/or direct connect.

8.    If any responsive document was at any time, but is no longer, in your possession or subject to your control:

      (a)    State whether the document is missing or lost;

      (b)    State whether the document has been destroyed;

      (c)    State whether the document has been transferred voluntarily or involuntarily to others and, if so, at whose request;

      (d)    State whether the document has been otherwise disposed of;

      (e)    Provide a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition; and

      (f)    Identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

9.    If any document responsive to these requests is withheld under a claim of privilege or upon any other ground, as to each such document, provide the following information in sufficient detail to permit the Court to rule on your claim:

      (a)    The nature of the privilege being asserted or other rule relied upon, and the facts supporting your assertion thereof;

      (b)    The party who is asserting the privilege; and

      (c)    The following information about the purportedly privileged document:

            (1)    The author, primary addressee, and secondary addressees or persons copied, including the relationship of those persons to any party in this litigation and/or author of the document;

            (2)    A brief description sufficient to identify the type, subject matter, and purpose of the document;

            (3)    All persons to whom its contents have been disclosed;

            (4)    The date the document was prepared, the date the document bears, the date the document was sent, and the date the document was received; and

            (5)    A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

10.    If a portion of any document responsive to these requests is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

11.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by the preceding two instructions), regardless of whether you consider the entire document to be relevant or responsive to the requests.

12.    Whenever a document is not produced in its entirety, including all attachments, or is produced in redacted form:

(a)     so indicate on the document;

(b)     state with particularity the reason or reasons it is not being produced in its entirety; and

(c)     describe to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document that are not being produced.

13.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.  In construing the inquiry and request herein: (a) the singular shall include the plural and the plural shall include the singular; (b) a masculine, feminine, or neuter pronoun shall not exclude the other genders; (c) the terms "any" and "all" shall be understood to mean "any and all;" and (d) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

## II. <u>DEFINITIONS</u>

1.     The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.     The term "**Defendants**" means the Defendants in this lawsuit, including Xerox, Paul A. Allaire, Lawrence Becker, William V. Buehler, Christina Clayton, Sally Conkright, Lance Davis, Myra R. Drucker, Eunice M. Filter, B.R. Inman, Vernon E. Jordan, Gary Kabureck, Arlyn B. Kaster, Hilmar Kopper, George J. Mitchell, Anne M. Mulcahy, Patricia M. Nazemetz, N.J. Nicholas, Jr., Barry D. Romeril, William Roscoe, Kathleen Russell, Patricia F. Russo, Martha R. Seger, William Strusz, Gregory B. Tayler, Thomas C. Theobald, G. Richard Thoman, and Lawrence Zimmerman.

3.    "**Document**" has the broadest possible meaning accorded to it under Federal Rule of Civil Procedure 34 and means any medium upon which data, facts or information has been or can be recorded or retrieved, including without limitation any electronic data stored on any computer, network, or electronic media, including, but not limited to, active files, deleted files, or fragmentary files, and also includes, without limitation, the original and each copy regardless of origin and location, or any book, pamphlet, periodical, letter, memorandum, diary, calendar, telex, electronic mail message, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, record, drawing, sketch, graph, index, list, tape, stenographic recording, tape recording, computer diskette and/or data, photograph, microfilm, invoice, bill, order form, receipt, financial statement, accounting entry sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced, reproduced, or stored, which is in your possession, custody, or control or which was, but is no longer in your possession, custody, or control. The term "document" also means an authentic copy where the original is not in your possession or control and every copy of a document that is not an identical copy of the original, as well as any and all electronic data.

4.    "**General Motors Asset Management**" means General Motors Asset Management and includes, but is not limited to: General Motors Investment Management Corp.; any and all predecessors or successors in interest; local, regional, national, and/or executive offices, divisions, or affiliates (foreign and domestic), and any segments or divisions thereof; any of its subsidiaries, special purpose entities, divisions, or affiliates and all of their present and former officers, directors, employees, agents, directors, attorneys, accountants, or advisors; and all other persons acting or purporting to act on their behalf.

5.    The term "**Hewitt**" or "you" or "your" means Hewitt Associates L.L.C. and includes, but is not limited to, any and all predecessors or successors in interest; local, regional, national, and/or executive offices, divisions, or affiliates (foreign and domestic), and any segments or divisions thereof; any of its subsidiaries, special purpose entities, divisions, or

affiliates and all of their present and former officers, directors, employees, agents, directors, attorneys, accountants, or advisors; and all other persons acting or purporting to act on their behalf.

6.     The term "**meeting**" refers to the contemporaneous presence of any natural persons (including by telephone) for any purpose, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

7.     The terms "**participant**" or "**beneficiary**" refer to any employee or former employee of Xerox who was, is or may be or become entitled to receive a benefit of any type from the Plans, as well as to any person designated by a participant, or by the terms of any of the Plans, who was, is or may be or become entitled to a benefit under any of the Plans.

8.     The term "**person**" is defined as any natural person or any business, legal, or governmental entity or association.

9.     The term "**Plan Administrator**" refers to Lawrence Becker, Sally Conkright, Arlyn B. Kaster, Patricia M. Nazemetz, members of the  Joint Administrative Board for the UNITE Plan (Lawrence Becker, Sally Conkright, Lance Davis, Myra R. Drucker, Arlyn B. Kaster, William Roscoe, Kathleen Russell, and William Strusz), and/or anyone else administering one or both of the Plans.  This definition may include a financial institution designated and appointed by Xerox, or one of the individuals listed previously in this paragraph, or any committee associated with administering the Plans.

10.     The terms "**Plan investment manager**" or "**investment manager**" refer to any person(s) or entity(ies) serving as investment manager, for one or more of the Plans, within the meaning of ERISA § 3(38); 29 U.S.C. § 1002(38).

11.     The "**Plans**," means the XEROX Corporation Savings Plan (the "Savings Plan") and the Savings Plan of XEROX Corporation and the Xerographic Division, Union of Needletrades, Industrial and Textile Employees, AFL-CIO-CLC (the "Union Plan"), as well as any predecessor or successor plans.

12.    "**Relating to**" means concerning, referring to, received from, addressed to, sent to, alluding to, responding to, announcing, explaining, evaluating, discussing, showing, describing, studying, reflecting, analyzing, or consulting.

13.    The term "**State Street**" means State Street Bank and Trust Company and includes, but is not limited to, any and all predecessors or successors in interest; local, regional, national, and/or executive offices, divisions, or affiliates (foreign and domestic), and any segments or divisions thereof; any of its subsidiaries, special purpose entities, divisions, or affiliates and all of their present and former officers, directors, employees, agents, directors, attorneys, accountants, or advisors; and all other persons acting or purporting to act on their behalf.

14.    When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s); and, if applicable, (v) the Bates number of the document.

15.    When referring to a person or entity, "**to identify**" means to give, to the extent known, the person's full name and present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

16.    The term "**Xerox**" refers to the Xerox Corporation and includes, but is not limited to, any and all predecessors or successors in interest; local, regional, national, and/or executive offices, divisions, or affiliates (foreign and domestic), and any segments or divisions thereof; any of its subsidiaries, special purpose entities, divisions, or affiliates and all of their present and former officers, directors, employees, agents, directors, attorneys, accountants, or advisors; and all other persons acting or purporting to act on their behalf.

17.    The term "**Xerox stock**" refers to any debt, equity, derivative, or investment contract issued or sold by Xerox.

- 7 -

## III.  RELEVANT TIME PERIOD

All requests herein refer to the period from January 1, 1997 to the present and include all documents and information that relate to that period, even though prepared or published outside of that period.

## IV.  DOCUMENT REQUESTS

1.      All documents in your possession relating to the Plans, including, but not limited to, all predecessor and successor Plans, and any documents relating to a Defendant, Xerox officer or director, Plan investment manager, State Street, General Motors Asset Management, or any other person involved in administering the Plans.

2.      All documents consisting of or relating to any proposals or services performed or to be performed by you for any Defendant, any of the Plans, Xerox officer or director, State Street, General Motors Asset Management, Plan investment manager, or any other person or entity acting on behalf of the Plans, including, but not limited to, any contracts, trusts, or other agreements entered into by you with respect to the Plans or Plan assets.

3.      All documents consisting of or relating to any policies or procedures relating to any services provided by you to any Defendant, either Plan, Xerox officer or director, State Street, General Motors Asset Management, or any other person or entity acting on behalf of the Plans.

4.      All documents consisting of or relating to any professional advice or opinions given in connection with Xerox or one of more of the Plans.

5.      All documents consisting of or relating to any review, analysis, evaluation, or monitoring of the performance of any Plan investment, including, but not limited to, Xerox stock, or regarding selection or deselection of any investment options for any of the Plans.

6.     All documents consisting of or relating to any communications by you with any Defendant, Xerox officer or director, State Street, General Motors Asset Management, Plan investment manager, any other person acting on behalf of the Plans, or any Plan participant relating to any Plan investment option or the performance of any Plan investment, including, but not limited to, Xerox stock.

7.     All documents relating to any meeting between you and any Defendant, Xerox officer or director, State Street, General Motors Asset Management, Plan investment manager, or any other person acting on behalf of the Plans in which Plan investment options or the performance of any Plan investment, including, but not limited to, Xerox stock, were discussed.

8.     All documents consisting of or relating to any investigation, study, analysis, or inquiry regarding the value, risk, or prudence of acquiring or holding Xerox stock in the Plans and the suitability of Xerox stock as a Plan investment.

9.     All documents consisting of or relating to communications between Hewitt and any Defendant, Xerox officer or director, State Street, General Motors Asset Management, Plan investment manager, or any other person acting on behalf of the Plans regarding any investigation, study, analysis, or inquiry regarding the value, risk, or prudence of acquiring Xerox stock in the Plans and the suitability of Xerox stock as an investment for the Plans.

10.     All documents prepared or reviewed by Hewitt relating to the financial condition of Xerox, any concerns regarding the accuracy or truthfulness of Xerox's financial statements, other public disclosures, the lawfulness of any of its business or other practices, and any risks to the Plans as a result of such concerns.

11.     All documents consisting of or relating to presentations to any Defendant, Xerox officer or director, State Street, General Motors Asset Management, Plan investment manager, or

any other person acting on behalf of the Plans, or any Xerox employees where Xerox stock was discussed.

12.     All documents consisting of or relating to public filings for the Plans, including, but not limited to, filings with the Internal Revenue Service, the Department of Labor, the Department of the Treasury, or the Securities and Exchange Commission, including, but not limited to, Forms 5500, 11-K, and S-8.

13.     All documents pursuant to which the Plans were established and maintained, including, but not limited to, summary plan descriptions, trust agreements, Plan documents, investment management agreements, and for all of the preceding, all amendments, riders, descriptions, schedules, attachments, and exhibits thereto.

14.     All documents consisting of or relating to schedules of purchases, sales, and holdings of shares of Xerox stock by the Plans.

15.     All documents provided by you to any governmental agency or committee investigating Xerox.

16.     Transcriptions of depositions, if any, taken of any Hewitt employee, agent, or representative by any federal agency investigating Hewitt with respect to its role, duties, or obligations as trustee of any of the Plans.

17.     All documents that explain in any way how to read and interpret any computer-readable data produced in response to any of the requests set forth above.

18.     All documents concerning your policy regarding the preservation, retention, or destruction of documents or computer accessible data that is responsive to these requests, including records reflecting the destruction, purging, or deletion of any documents or data.

19.    All documents regarding communications with your employees and agents regarding retention and preservation of evidence in light of this lawsuit.

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2007, the foregoing Subpoena Duces Tecum to Hewitt Associates L.L.C. was served on counsel of record listed below via regular U.S. Mail.

Elizabeth A. Leland
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900 / Fax (206) 623-3384

**Attorneys for Plaintiffs:**

John F. McKenna
jmckenna@grmattorneys.com
Goodman, Rosenthal & McKenna, PC
977 Farmington Avenue, Suite 200
West Hartford, CT 06107
Tel: 860-231-2800

Charles R. Watkins
John R. Wylie
cwatkins@futtermanhoward.com
jwylie@futtermanhoward.com
Futterman Howard Watkins Wylie
 & Ashley
122 S. Michigan Ave., Ste 1850
Chicago IL 60603
Tel: 312-427-3600

Sherrie R. Savett
srs@bm.net
Joy Clairmont
jclairmont@bm.net
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365
Tel: 215-875-3000

Ellen M. Doyle
edoyle@stemberfeinstein.com
STEMBER FEINSTEIN DOYLE &
PAYNE, LLC
The Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh PA 15219
Tel: 412.281.8400

- 11 -

Daniel M. Harris
lawofficedh@yahoo.com
Law Offices of Daniel M. Harris
150 North Wacker Drive, Ste. 3000
Chicago, IL 60606
Tel: 312-960-1802

Joseph H. Meltzer
jmeltzer@sbclasslaw.com
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: 610-667-7706

Brian McTigue
bmctigue@mctiguelaw.com
McTigue & Porter LLP
5301 Wisconsin Avenue, N.W., Ste. 350
Washington, DC 20015
Tel: (202) 364-6900

Gary A. Gotto
ggotto@kellerrohrback.com
Keller Rohrback P.L.C.
3101 North Central Avenue
Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088

**Attorneys for Defendants:**

Benjamin H. Green
bgreen@dreierllp.com
Frances Codd Slusarz
fslusarz@dreierllp.com
Joanne Rapuano
jrapuano@dreierllp.com
Dreier LLP
One Landmark Square
20th Floor
Stamford, CT 06901
Tel: 203-425-9500

Steven J. Sacher (ct24024)
sjsacher@jonesday.com
Kevin R. Noble
krnoble@jonesday.com
Evan Miller
emiller@jonesday.com
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel: 202-879-5402

Michael T. Hannafan, Esq.
Blake T. Hannafan, Esq.
Nicholas Pavich, Esq.
Hannafan & Hannafan
One East Wacker Drive, Suite 2710
Chicago, IL 60601
Tel: 312-527-0055
mth@hannafanlaw.com
bth@hannafanlaw.com
nap@hannafanlaw.com
**Counsel for Myra Drucker**

Jayant W. Tambe
Aviva Warter Sisitsky
Gary D. Shapiro
Jones Day Reavis & Pogue
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3939
jtambe@jonesday.com
aswarter@jonesday.com
gshapiro@jonesday.com

Michael D. Ryan
Senior Counsel
Xerox Corporation
800 Long Ridge Road
Stamford, CT  06904

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION<br><br>This Document Relates To:<br>     ALL ACTIONS | MASTER FILE NO. 02-CV-1138 (AWT)<br><br>**AFFIDAVIT OF SERVICE OF SUBPOENA IN A CIVIL CASE**<br><br>**November 5, 2007** |

Attached hereto as Exhibit A is the Affidavit of Service of Process of Subpoena in a Civil

Case on Hewitt & Associates.

DATED this 5th day of November, 2007.

KELLER ROHRBACK L.L.P.


By:/s/ Elizabeth A. Leland        .
    Lynn Lincoln Sarko (ct23927)
    Gary Gotto (ct23952)
    Elizabeth A. Leland (phv01338)
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, Washington 98101
    206-623-1900(Seattle)
    602-248-0088 (Phoenix)
    206-623-3384 (Seattle fax)
    602-248-2822(Phoenix fax)
    **Co-Lead Counsel for Plaintiffs**

    Charles R. Watkins (ct23936)
    John Wylie (ct23937)
    FUTTERMAN HOWARD WATKINS
    WYLIE & ASHLEY, CHTD.
    122 South Michigan Avenue, Suite 1850
    Chicago, Illinois 60603
    Tel: 312-427-3600
    Fax: 312-427-1850
    **Co-Lead Counsel for Plaintiffs**

1

John F. McKenna, Esq. (ct00104)
GOODMAN, ROSENTHAL & MCKENNA, PC
977 Farmington Avenue, Suite 200
West Hartford, Connecticut 06107
Tel: 860-231-2800
Fax: 860-523-9235
**Liaison Counsel**

**Steering Committee Counsel:**
Daniel M. Harris
LAW OFFICES OF DANIEL M. HARRIS
150 North Wacker Drive, Suite 3000
Chicago, Illinois  60606
Tel: 312-960-1802
Fax: 312-960-1936

Sherrie Savett
Joy Clairmont
BERGER & MONTAGUE, P.C.
1622 Locus Street
Philadelphia, Pennsylvania  19103-6365
Tel: 215-875-3040
Fax: 215-875-4604

Marc A. Topaz
Joseph H. Meltzer
SCHIFFRIN & BARROWAY
280 King of Prussia Road
Radnor, PA 19087
Tel: 610-667-7706
Fax: 610-667-7056

Ellen M. Doyle
MALAKOFF DOYLE
  & FINBERG, P.C.
437 Grant Street, Suite 200
Pittsburgh, Pennsylvania  15219
Tel: 412-481-8400
Fax: 412-281-3262

Brian McTigue
MCTIGUE & PORTER LLP
5513 Connecticut Ave., Suite 2200
Washington, D.C.  20015
Tel: 202-364-6900
Fax: 202-364-9960)

2

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

In re XEROX CORPORATION ERISA
LITIGATION,

This Document Relates to:


ALL ACTIONS

Master File No. 02-CV-1138 (AWT)

CLASS ACTION

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document, entitled **AFFIDAVIT OF SERVICE OF SUBPOENA IN A CIVIL CASE** was served this 5th day of November, 2007 on the following counsel of record:

**Attorneys for Plaintiffs:**
**VIA ELECTRONIC MAIL**

John F. McKenna, Esq. (ct00104)
GOODMAN, ROSENTHAL &
MCKENNA, PC
977 Farmington Avenue, Suite 200
West Hartford, Connecticut 06107
Tel: 860-231-2800
Fax: 860-523-9235
jmckenna@grmattorneys.com
**Liaison Counsel**

Charles R. Watkins (ct23936)
John Wylie (ct23937)
FUTTERMAN HOWARD WATKINS
WYLIE & ASHLEY, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Tel: 312-427-3600
Fax: 312-427-1850
cwatkins@futtermanhoward.com
jwylie@futtermanhoward.com
**Co-Lead Counsel for Plaintiffs**

Sherrie R. Savett
Joy Clairmont
BERGER & MONTAGUE, P.C.
1622 Locus Street
Philadelphia, Pennsylvania 19103-6365
Tel: 215-875-3040
Fax: 215-875-4604
srs@bm.net
jclairmont@bm.net
**Steering Committee Counsel**

Ellen M. Doyle
STEMBER FEINSTEIN DOYLE &
PAYNE, LLC
The Allegheny Building, 17th floor
429 Forbes Avenue
Pittsburgh PA 15219
Tel: 412.281.8400
Fax: 412.232.3730
edoyle@stemberfeinstein.com
**Steering Committee Counsel**

3

Daniel M. Harris
LAW OFFICES OF DANIEL M. HARRIS
150 North Wacker Drive, Suite 3000
Chicago, Illinois  60606
Tel: 312-960-1802
Fax: 312-960-1936
lawofficedh@yahoo.com
**Steering Committee Counsel**

Joseph H. Meltzer
SCHIFFRIN BARROWAY TOPAZ &
 KESSLER, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel:  610-667-7706
Fax: 610-667-7056
jmeltzer@sbclasslaw.com
**Steering Committee Counsel**

Brian McTigue
MCTIGUE & PORTER LLP
5301 Wisconsin Avenue, N.W., Ste. 350
Washington, DC  20015
Tel: 202-364-6900
Fax: 202-364-9960
bmctigue@mctiguelaw.com
**Steering Committee Counsel**

Gary A. Gotto (ct23952)
KELLER ROHRBACK P.L.C.
3101 North Central Avenue
Suite 1400
Phoenix, AZ  85012
Tel:  602-248-0088
Fax: 602-248-2822
ggotto@kellerrohrback.com
**Co-Lead Counsel for Plaintiffs**

**Attorneys for Defendants:**
**VIA ELECTRONIC MAIL**

Benjamin H. Green (ct05166)
Frances Codd Slusarz (ct24442)
Joanne Rapuano (ct27102)
DREIER LLP
One Landmark Square
20th Floor
Stamford, CT  06901
Tel:  203-425-9500
Fax: 203-425-9595
bgreen@dreierllp.com
fslusarz@dreierllp.com
jrapuano@dreierllp.com
**Local Counsel for Defendants**

Steven J. Sacher (ct24024)
Kevin R. Noble (phv01959)
Evan Miller (phv01958)
JONES DAY REAVIS & POGUE
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel:  202-879-5402
Fax: 202-626-1700
sjsacher@jonesday.com
krnoble@jonesday.com
emiller@jonesday.com
**Counsel for Defendants**

Michael T. Hannafan, Esq.
Blake T. Hannafan, Esq.
Nicholas Pavich, Esq.
HANNAFAN & HANNAFAN
One East Wacker Drive, Suite 2710
Chicago, IL  60601
Tel: 312-527-0055
Fax: 312-527-0220
mth@hannafanlaw.com
bth@hannafanlaw.com
nap@hannafanlaw.com

Jayant W. Tambe (ct15992)
Aviva Warter Sisistky (phv01990)
Gary D. Shapiro (phv01991)
Michael F. Stoer (phv02063)
JONES DAY REAVIS & POGUE
222 East 41st Street
New York, NY  10017
Tel: 212-326-3939
Fax: 212-755-7306
jtambe@jonesday.com
aswarter@jonesday.com

4

**Counsel for Defendant Myra Drucker**

gshapiro@jonesday.com
mfstoer@jonesday.com
**Counsel for Defendants**

<u>**VIA U.S. MAIL**</u>

Michael D. Ryan
Senior Counsel
XEROX CORPORATION
800 Long Ridge Road
Stamford, CT  06904
**In-House Counsel for Xerox**

/s/Elizabeth A. Leland
Elizabeth A. Leland (phv01338)
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
(206) 623-1900 / Fax (206) 623-3384

<u>EXHIBIT A</u>

IN THE
UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE XEROX CORPORATION ERISA LITIGATION<br><br>Plaintiff/Petitioner<br><br>vs.<br><br>Defendant/Respondent | Hearing Date: **11/02/2007**<br><br>CAUSE NO:<br>**02-CV-1138 (AWT)**<br><br>AFFIDAVIT OF SERVICE OF:<br>**SUBPOENA IN A CIVIL CASE** |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **3rd day of October, 2007, at 10:11 AM**, at the address of **ONE CORPORATE CENTER FLOOR 11, HARTFORD**, Hartford County, **CT 06103**; this affiant served the above described documents upon **HEWITT ASSOCIATES, L.L.C.,**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **ANGELA FARINEAU, Fullfillment Specialist, A white female approx. 35-40 years of age 5'4"-5'6" in height weighing 120-140 lbs with brown hair.**

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this 3rd day of October, 2007.

_____
**CHRISTINE FORAN**, Hartford, CT

SUBSCRIBED AND SWORN to before me this 3rd day of October, 2007

_____
NOTARY PUBLIC in and for the State of **Connecticut**
Residing at: _____
My Commission Expires: _____

FOR: **Keller, Rohrback L.L.P.**
REF: **25769**

ORIGINAL PROOF OF
SERVICE

Tracking #: **4925119** SEA



EXHIBIT C

## Beth Leland

| | |
|---|---|
| **From:** | Beth Leland |
| **Sent:** | Wednesday, December 19, 2007 4:12 PM |
| **To:** | 'ilene.grant@hewitt.com' |
| **Cc:** | Eric Fierro |
| **Subject:** | Xerox -- Hewitt subpoena |

**Attachments:** DiscoveryIndividuals-Final List Only- 121307.pdf; ERISATermSearchList.pdf

Ilene,

Pursuant to our last conversation, attached please find a list of names and ERISA terms that are relevant to the Hewitt email search and production.  Please let me know when you or your tech person are available to discuss the lists and items we discussed during our call, as well as the status and timing on each component of the production.


DiscoveryIndividual
s-Final Lis...


ERISATermSearchLi
st.pdf (11 KB...

Thanks, and happy holidays.

***Elizabeth A. Leland***
**Keller Rohrback L.L.P.**
(206) 623-1900
(206) 623-3384 fax
bleland@kellerrohrback.com
http://www.seattleclassaction.com

*******************************

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. This information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited.

Final List

| Standardized Name | Common Witnesses (ExA) | NonCommon Witnesses (ExB) | Alleged Fiduciaries (ExC) | Defendant Init Discl | Drucker Init Discl | Plaintiff Init Discl | Defendant |
|---|---|---|---|---|---|---|---|
| Adams, Scott | | X | | | | | |
| Allaire, Paul | X | | X | X | X | X | X |
| Alliet, David | | | | X | | X | |
| Ammer, Thomas | X | | | | | | |
| Arps, Skadden | | X | | | | | |
| Barnes, Derek | | X | | | | | |
| Bayless, Robert | | X | | | | | |
| Becker, Lawrence | | | | X | X | X | X |
| Beeth, Harry | | | | | | X | |
| Bingham, Jim | X | | | | | | |
| Boateng, Joseph | | | | X | X | | |
| Bonadonna, Gary | | | | X | | X | |
| Boyle, Joseph | | X | | | | | |
| Brongers, Peter Maria | | X | | | | | |
| Brown, Peter | | | | | | X | |
| Buehler, William F. | X | | X | X | X | X | X |
| Bullwinkle, David | | X | | | | | |
| Burns, Ursula M. | | | | | | X | |
| Cahill, Mary | | | | X | X | | |
| Canizares, Jorge | | X | | | | | |
| Citibank, N.A. | | X | | | | | |
| Clayton, Christina | | | | X | X | X | X |
| Clement, Sherry | | | | X | X | | |
| Colburn, Kevin | X | | | | | | |
| Colman, Vincent | X | | | | | | |
| Conkright, Sally | | | | X | X | X | X |
| Conway, Michael | X | | | | | | |
| Coolidge, Leslie | | X | | | | | |
| Daly, Terry J. | | X | | | | | |
| Danon, Pierre | | X | | | | | |
| Davies, Vic | X | | | | | | |
| Davis, Lance H. | | | | X | X | X | X |
| Dawson, Dave | | | | | | X | |
| Devon, Phil | X | | | | | | |
| Diggins, John | | X | | | | | |
| Dolan, Thomas | X | | | | | X | |
| Dolanski, Anthony | X | | | | | | |
| Dooley, Dan | X | | | | | | |
| Drucker, Myra | | | | X | | X | X |
| Dugan, Allan E. | | | | | | X | |
| Egan, Tim | | X | | | | | |
| England, Timothy | | X | | | | | |
| Ferlazzo, Al | | | | X | X | | |
| Fernandez, Mario | | X | | | | | |
| Festa, Mike | X | | | | | | |
| Filter, Eunice M., (Deceased) | | | | X | | X | X |
| Financial, Heller | | X | | | | | |
| Firestone, James A. | | | | | | X | |

Final List

| Standardized Name | Common Witnesses (ExA) | NonCommon Witnesses (ExB) | Alleged Fiduciaries (ExC) | Defendant Init Discl | Drucker Init Discl | Plaintiff Init Discl | Defendant |
|---|---|---|---|---|---|---|---|
| Fishbach, Philip | X | | | | | X | |
| Fleming, Paula | | | | X | X | | |
| Florez, Rafael | | X | | | | | |
| Flowers, Al | | | | X | | | |
| Fulford, Patrick | | X | | | | | |
| Gallagher, Peter | | X | | | | | |
| Gallaire, Herve J. | | | | | | X | |
| General Motors Investment Management Corporation | | | | | | X | |
| Ginn, Christine | | | | | | X | |
| Gump, Akin | | X | | | | | |
| Gutierrez, Marco | | X | | | | | |
| Hall, Charles | | X | | | | | |
| Hamill, Joanne | | | | | | X | |
| Harren, Michael | | | | X | | | |
| Hatch, Gilbert J. | | | | | | X | |
| Hewitt Associates LLC | | | | | | X | |
| Hickman, Rupert | | X | | | | | |
| Hopkins, John | | | | X | | | |
| Hsu, Albert | | | | X | X | X | |
| Htun, MaDoe | | | | X | X | | |
| Independent Member of Xerox's Board of Directors | X | | X | | | | |
| Inman, B.R. | | | | X | X | X | X |
| Johnson, Albert E., Jr. | | | | | | X | |
| Johnson, Antonia Ax:son | | | | X | | X | |
| Jordan, Vernon E., Jr., Esq. | | | | X | X | X | X |
| Kabureck, Gary | X | | X | X | X | X | X |
| Kaster, Arlyn B. | | | | X | X | X | X |
| Katsihtis, James | | X | | | | | |
| Kelly, Harvey | X | | | | | | |
| Knopp, Paul | X | | | | | | |
| Kobayashi, Yotaro | | | | X | | X | |
| Kopper, Hilmar | | | | X | | X | X |
| KPMG LLP | | | | | | X | |
| Ladue, Roger | | | | X | | | |
| Lane, Verdel | | | | X | | | |
| Larsen, Ralph S. | | | | X | | X | |
| Lawless, Steven | | | | | | X | |
| Liberatore, Frank | | | | X | | | |
| Librach, Miriam C. | | | | | | X | |
| Lill, Richard | X | | | | | | |

Final List

| Standardized Name | Common Witnesses (ExA) | NonCommon Witnesses (ExB) | Alleged Fiduciaries (ExC) | Defendant Init Discl | Drucker Init Discl | Plaintiff Init Discl | Defendant |
|---|---|---|---|---|---|---|---|
| Locke, Leonard G. | | | | | | X | |
| London, Sheri | | | | X | X | X | |
| Lopiano, John A | | | | | | X | |
| Loutfy, Rafik O. | | | | | | X | |
| MacDonald, Michael C. | | | | | | X | |
| Machan, Jean-Noel | | | | | | X | |
| Macomber, John D. | | | | X | | X | |
| Mancini, Joseph | | X | | | | | |
| Marchibroda, Dan | X | | | | | | |
| Martin, Patrick | X | | | | | X | |
| Maw, David | | X | | | | | |
| McReynolds, Cynthia | | | | X | X | | |
| McWilton, Chris | | X | | | | | |
| Miller, James J. | | | | | | X | |
| Miron, Michael | | | | | | X | |
| Mitchell, George J. | | | | X | X | X | X |
| Morace, Christine | | | | X | X | | |
| Morrison, Todd | | X | | | | | |
| Morrissey, John | | X | | | | | |
| Motroni, Hector | | X | | | | X | |
| Mulcahy, Anne M. | X | | X | X | X | X | X |
| Myers, Mark B. | | | | | | X | |
| Myerscough, David R. | | | | | | X | |
| Nazemetz, Patricia | | | | X | X | X | X |
| Newark, Ricardo | | X | | | | | |
| Nicholas, N.J., Jr. | | | | X | X | X | X |
| Nicolau, Jose Matos | | X | | | | | |
| Okasako, Russell | | X | | | | | |
| Osborne, Joanna | | X | | | | | |
| Pascual, Carlos | X | | | | | X | |
| Patti, Thomas | | | | X | | X | |
| Paul, Richard S. | | | | | | X | |
| Pepper, John E. | | | | X | | X | |
| Pettrone, Ann | | X | | | | | |
| Pollner, Jessica | | X | | | | | |
| Ponchon, Patrick | | X | | | | | |
| Price Waterhouse Coopers LLP | | | | | | X | |
| Pritchard, Janet | | | | X | X | | |
| Rand, Barry | X | | | | | X | |
| Rasch, Peter | | X | | | | | |
| Reed, W. Allen | | | | | | X | |
| Retiz, Jeanne | | | | X | | | |
| Robles, Antonio | | X | | | | | |
| Rocchi, Robin | | | | X | | | |
| Romeril, Barry D. | X | | X | X | X | X | X |
| Roscoe, William | | | | X | X | X | X |
| Ross, Stuart B. | | | | | | X | |

Final List

| Standardized Name | Common Witnesses (ExA) | NonCommon Witnesses (ExB) | Alleged Fiduciaries (ExC) | Defendant Init Discl | Drucker Init Discl | Plaintiff Init Discl | Defendant |
|---|---|---|---|---|---|---|---|
| Ross-Parker, Chris | | X | | | | | |
| Rubeis, Mike | | | | X | | | |
| Russell, Kathleen | | | | X | X | X | X |
| Russo, Patricia F. | | | | X | X | X | X |
| Saba, William | | | | X | | X | |
| Safran, Ron | X | | | | | | |
| Salles, Carlos | | X | | | | | |
| Sawicki, Nestor | | X | | | | | |
| Schlissel, David | | X | | | | | |
| Scumaci, J. | | | | X | | | |
| Seger, Martha R. | | | | X | X | X | X |
| Sokoloff, Pauline | | | | X | X | X | |
| State Street Bank & Trust Co. | | | | | | X | |
| Stern, Brian E. | | | | | | X | |
| Strusz, William | | | | X | X | X | X |
| Taddonio, Michael | | | | X | | | |
| Tayler, Gregory | X | | X | X | X | X | X |
| Thakore, Sandeep | | X | | | | | |
| The Gartner Group | | X | | | | | |
| Theobald, Thomas C. | X | | X | X | X | X | X |
| Thoman, G. Richard | X | | X | X | X | X | X |
| Ullman, Lisa | | | | | | X | |
| United States Department of Labor | | | | | | X | |
| United States Securities and Exchange Commission | | | | | | X | |
| Van Tassel, Christina | | X | | | | | |
| Varon, Leslie | X | | | | | X | |
| Villafana, Erasmo | | X | | | | | |
| Weber, Don | | X | | | | | |
| Weiss, Paul | | X | | | | | |
| Wells Fargo Institutional Trust Company | | | | | | X | |
| White, Timothy | | X | | | | | |
| Willis, Linda | | | | X | | X | |
| Wright, Cheryl | | | | | | X | |
| Xerox | | | | | | X | |
| Yoho, Thomas | | X | | | | | |
| Yoshida, Haruhiko | | X | | | | | |
| Young, Timothy | | X | | | | | |
| Yura, Satoshi | | X | | | | | |
| Zimmerman, Lawrence | | | | X | X | X | X |

| |
|---|
| 404(c) |
| Administrator |
| Amend or amendment |
| Co-fiduciary |
| Committee |
| Company stock |
| Concentration or overconcentration |
| Danger or dangerous |
| Direct, directed or direction |
| Diversify or diversification |
| Duty or duties |
| Employee Stock Option Plan or "ESOP" |
| ERISA |
| Fiduciary |
| Fiduciary Investment Review Committee or "FIRC" |
| Finance Committee |
| General Motors Investment Management Corp., "GMIMCo," General Motors Asset Management, or "GMAM" |
| Investment alternative, investment advisor, investment fund, investment manager, investment management, investment option, or investment policy, or investment advice |
| Joint Administrative Board or "JAB" |
| Legal, legal advice, legal issue |
| Match or matching or matches |

| |
|---|
| Monitor, monitoring, monitors, or monitored |
| Plan document |
| Problem, concern |
| Prudence or prudent |
| Risk or risky |
| State Street |
| Stock fund |
| Stock price or stock value |
| Summary Plan Description or "SPD" |
| Treasurer |
| Xerox stock |

# EXHIBIT D

LAW OFFICES OF

# KELLER ROHRBACK L.L.P.

| | | | |
|---|---|---|---|
| LAURIE B. ASHTON ① ④ ⑥ ❾ | RAYMOND J. FARROW | THOMAS E. LOESER ③ ❾ | MARGARET E. WETHERALD ❿ |
| IAN S. BIRK | DANIEL S. FRIEDBERG ❾ | JOHN MELLEN ❿ | AMY WILLIAMS-DERRY |
| STEPHEN R. BOATWRIGHT ① ❾ ❶ | GLEN P. GARRISON ⑤ | GRETCHEN S. OBRIST | MICHAEL WOERNER |
| KAREN E. BOXX ❶ | LAURA R. GERBER | ROBERT S. OVER ⑦ ❶ | BENSON D. WONG |
| JOHN H. BRIGHT | GARY A. GOTTO ④ ❶ | AMY PHILLIPS | |
| GRETCHEN FREEMAN CAPPIO | MARK A. GRIFFIN | LORRAINE LEWIS PHILLIPS | ① ADMITTED IN ARIZONA |
| JASON P. CHUKAS | GARY D. GREENWALD ❾ ❶ | ERIN M. RILEY ❾ | ② ALSO ADMITTED IN ARIZONA |
| DAVID Y. CHEN ③ ❶ | AMY N.L. HANSON ❾ | DAVID J. RUSSELL | ③ ALSO ADMITTED IN CALIFORNIA |
| T. DAVID COPLEY ② | IRENE M. HECHT | MARK D. SAMSON ① ❾ ❶ | ④ ALSO ADMITTED IN COLORADO |
| ALICIA M. CORBETT ① ❾ ❶ | SCOTT C. HENDERSON | LYNN LINCOLN SARKO ❷ ③ | ⑤ ALSO ADMITTED IN IDAHO |
| CLAIRE CORDON ❶ | RON KILGARD ① ❾ ❶ | FREDERICK W. SCHOEPFLIN | ⑥ ALSO ADMITTED IN ILLINOIS |
| SHANE P. CRAMER ② | BENJAMIN J. LANTZ | WILLIAM C. SMART | ⑦ ALSO ADMITTED IN MARYLAND |
| ROB J. CRICHTON ❿ | HEIDI LANTZ | THOMAS A. STERKEN | ⑧ ALSO ADMITTED IN MICHIGAN |
| CHLOETHIEL W. DEWEESE | CARI CAMPEN LAUFENBERG | RYAN J. STRAUS | ⑨ ALSO ADMITTED IN NEW YORK |
| MAUREEN M. FALECKI ③ | ELIZABETH A. LELAND | KARIN B. SWOPE | ❿ ALSO ADMITTED IN OREGON |
| JULI FARRIS ③ ❶ | TANA LIN ❾ ❶ ❶ | BRITT L. TINGLUM ❾ | ❶ ALSO ADMITTED IN OHIO |
| TYLER L. FARMER ③ ❾ ❶ | DEREK W. LOESER | LAURENCE R. WEATHERLY | ❶ ALSO ADMITTED IN WASHINGTON, D.C. |
| | | | ❶ ALSO ADMITTED IN WISCONSIN |
| | | | ❶ NOT ADMITTED IN WASHINGTON |
| | | | ❶ OF COUNSEL |

January 14, 2008

*VIA ELECTRONIC MAIL TO*
*ilene.grant@hewitt.com*
*AND BY U.S. MAIL*

Ilene Grant
Hewitt Associates L.L.C.
One Reservoir Corporate Center, Suite 101
Shelton, CT 06484

      Re:    *In re Xerox Corp. ERISA Litig.*, No. 02-1138 (D. Conn.)

Dear Ms. Grant:

      On October 3, 2007, Hewitt Associates, L.L.C. was served with Plaintiffs' Subpoena Duces Tecum in the above-referenced matter, dated September 27, 2007. Hewitt's response was due on November 2, 2007. To date, we have spoken with you on several occasions, during which conversations you assured us, on behalf of Hewitt, that the requested responsive documents would be forthcoming. We have yet to receive either a written response or the requested documents and my recent phone messages to you have gone unreturned. Please contact me by Wednesday, January 17, 2008, to confirm whether we will receive immediate production of documents responsive to the subpoena or whether we will need to seek the Court's involvement.

      Sincerely,

      Elizabeth A. Leland

EAL:dw

REPLY TO: 1201 THIRD AVENUE  SUITE 3200  SEATTLE, WASHINGTON 98101-3052  TELEPHONE: (206) 623-1900  FAX: (206) 623-3384

WWW.KELLERROHRBACK.COM

AFFILIATED OFFICE: KELLER ROHRBACK PLC 3101 N. CENTRAL AVENUE, SUITE 1400 PHOENIX, ARIZONA 85012  (602) 248-0088  FAX (602) 248-2822

Ilene Grant
January 14, 2008
Page 2

KELLER ROHRBACK L.L.P.

cc:    Gary A. Gotto
       Erin M. Riley
       Charles R. Watkins
       John R. Wylie

**Debra Wilcher**

| | |
|---|---|
| **From:** | Debra Wilcher |
| **Sent:** | Monday, January 14, 2008 3:13 PM |
| **To:** | 'ilene.grant@hewitt.com' |
| **Cc:** | Beth Leland; Gary Gotto; Erin Riley; 'cwatkins@futtermanhoward.com'; 'jwylie@futtermanhoward.com' |
| **Subject:** | In re Xerox Corp. ERISA Litigation - Subpoena Duces Tecum to Hewitt Associates |
| | |
| **Attachments:** | LelandGrant011408.pdf |



LelandGrant0114
08.pdf (95 KB)

Please find attached in pdf format this firm's correspondence to you dated January 14, 2008.

----------------------------------------
Debra Wilcher
Legal Assistant - Complex Litigation
Keller Rohrback L.L.P.
Direct Dial: (206) 224-7596
Main (206) 623-1900 ■ Fax (206) 623-3384
Email:  dwilcher@kellerrohrback.com

CONFIDENTIALITY NOTE:  This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure.  The information is intended only for the use of the individual entity named above.  If you think that you have received this message in error, please e-mail the sender.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

EXHIBIT E

LAW OFFICES OF

# KELLER ROHRBACK L.L.P.

| | | | |
|---|---|---|---|
| LAURIE B. ASHTON ① ④ ❷ ❻ ❺ | LAURA R. GERBER | GRETCHEN S. OBRIST ⑩ | AMY WILLIAMS-DERRY |
| IAN S. BIRK | MICHELLE GONZALEZ | ROBERT S. OVER ⑦ ❷ | MICHAEL WOERNER |
| STEPHEN R. BOATWRIGHT ⑨ ❻ ❺ | GARY A. GOTTO ① ❻ | AMY PHILLIPS | BENSON D. WONG |
| KAREN E. BOXX ❻ | MARK A. GRIFFIN | LORRAINE LEWIS PHILLIPS | DIANA M. ZOTTMAN |
| JOHN H. BRIGHT | GARY D. GREENWALD ③ ⑩ ❹ ❺ | ERIN M. RILEY ❺ | |
| GRETCHEN FREEMAN CAPPIO | AMY N.L. HANSON ⑩ | ISAAC RUIZ | ① ADMITTED IN ARIZONA |
| JASON P. CHUKAS | IRENE M. HECHT | DAVID J. RUSSELL | ② ALSO ADMITTED IN ARIZONA |
| T. DAVID COPLEY ② | SCOTT C. HENDERSON | MARK D. SAMSON ③ ❻ ❺ | ③ ALSO ADMITTED IN CALIFORNIA |
| ALICIA M. CORBETT ⑨ ❻ ❺ | SARAH H. KIMBERLY | LYNN LINCOLN SARKO ❷ ❺ | ④ ALSO ADMITTED IN COLORADO |
| CLAIRE CORDON ❻ | RON KILGARD ① ❻ | FREDERICK W. SCHOEPFLIN | ⑤ ALSO ADMITTED IN IDAHO |
| SHANE P. CRAMER ② | MERCEDES J. LABAT | WILLIAM C. SMART | ⑥ ALSO ADMITTED IN ILLINOIS |
| ROB J. CRICHTON ⑩ | BENJAMIN J. LANTZ | THOMAS A. STERKEN | ⑦ ALSO ADMITTED IN MARYLAND |
| CHLOETHIEL W. DEWEESE | HEIDI LANTZ | RYAN J. STRAUS | ⑧ ALSO ADMITTED IN MICHIGAN |
| MAUREEN M. FALECKI ③ | CARI CAMPEN LAUFENBERG | KARIN B. SWOPE | ⑨ ALSO ADMITTED IN NEW YORK |
| JULI FARRIS ⑨ ❺ | ELIZABETH A. LELAND | BRITT L. TINGLUM ❺ | ⑩ ALSO ADMITTED IN OREGON |
| RAYMOND J. FARROW | TANA LIN ③ ❻ | LAURENCE R. WEATHERLY | ❶ ALSO ADMITTED IN OHIO |
| DANIEL S. FRIEDBERG ❺ | DEREK W. LOESER | MARGARET E. WETHERALD ⑩ | ❷ ALSO ADMITTED IN WASHINGTON, D.C. |
| GLEN P. GARRISON ⑩ | JOHN MELLEN | JULIE L. WILCHINS | ❸ ALSO ADMITTED IN WISCONSIN |
| | | | ❹ NOT ADMITTED IN WASHINGTON |
| | | | ❺ OF COUNSEL |

June 20, 2008

*VIA ELECTRONIC MAIL TO*
ilene.grant@hewitt.com
jamie.melhorn@hewitt.com
*AND BY U.S. MAIL*

Ilene Grant
Hewitt Associates L.L.C.
100 Half Day Road
Lincolnshire, IL 60069

Re:    *In re Xerox Corp. ERISA Litig.*, No. 02-1138 (D. Conn.)

Dear Ms. Grant:

As you know, on October 3, 2007, Hewitt Associates, L.L.C. was served with Plaintiffs'
Subpoena Duces Tecum in the above-referenced matter, dated September 27, 2007. Hewitt's
response was due November 2, 2007. To date, we have had several discussions concerning the
production, and on February 15, 2008, Hewitt produced 6166 pages of documents, which we
understand constitutes production of the "contract" documents.

Production of the remaining responsive documents, including emails and other communications,
remains outstanding. I tried to reach both you and Jamie Melhorn, to discuss this matter by
phone on June 10 and June 17, 2008, without success, and to date, neither of you have responded

Ilene Grant
June 20, 2008
Page 2

KELLER ROHRBACK L.L.P.

to my messages.  Please contact me by close of business Friday, June 20, 2008, to discuss the remaining production.  Absent a response, we will be forced to submit the matter to the Court.

Sincerely,

*Elizabeth A. Leland*

Elizabeth A. Leland

EAL:dw
cc:   Gary A. Gotto
       Erin M. Riley
       Charles R. Watkins
       John R. Wylie
       Jamie Melhorn

**Debra Wilcher**

| | |
|---|---|
| **From:** | Debra Wilcher |
| **Sent:** | Friday, June 20, 2008 11:42 AM |
| **To:** | 'ilene.grant@hewitt.com'; 'jamie.melhorn@hewitt.com' |
| **Cc:** | Beth Leland; 'cwatkins@futtermanhoward.com'; 'jwylie@futtermanhoward.com' |
| **Subject:** | In re Xerox Corp. ERISA Litigation - Subpoena Duces Tecum to Hewitt Associates L.L.C. |

**Attachments:** LelandGrantreHewitt062008.pdf



LelandGrantreHe
witt062008.pdf ..

Please find attached in pdf format this firm's correspondence dated June 20, 2008.

----------------------------------------
Debra Wilcher
Legal Assistant - Complex Litigation
Keller Rohrback L.L.P.
Direct Dial: (206) 224-7596
Main (206) 623-1900 ■ Fax (206) 623-3384
Email:   dwilcher@kellerrohrback.com

CONFIDENTIALITY NOTE:  This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure.  The information is intended only for the use of the individual entity named above.  If you think that you have received this message in error, please e-mail the sender.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.